# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

DIOCESE OF WINONA-ROCHESTER;

     Plaintiff,

v.

UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation; CERTAIN UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; NATIONAL SURETY CORPORATION, a Delaware corporation; 21ST CENTURY CENTENNIAL INSURANCE COMPANY (f/k/a COLONIAL PENN INSURANCE COMPANY), a Pennsylvania corporation; ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Delaware corporation; NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, a Wisconsin corporation, formerly BELLEFONTE INSURANCE COMPANY, a Kentucky corporation; MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company; CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company; SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE

Case No. _____

Hon. _____

## NOTICE OF REMOVAL

LIMITED), a U.K. public limited company; ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation.

Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452 and § 1334(b), Plaintiff Diocese of Winona-Rochester, through its counsel, Restovich Braun & Associates and Bodman PLC, hereby gives notice of its removal of this action from the State of Minnesota, County of Winona, Third Judicial District Court, Case No. 85-CV-18-1439 ("State Court Action") where it is currently pending, to the United States Bankruptcy Court for the District of Minnesota. This case is removed pursuant to 28 U.S.C. § 1452 and § 1334(b) because Plaintiff filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the District of Minnesota on November 30, 2018, Case No. 18-33707 ("Bankruptcy Case").  In support of this Notice of Removal, the Diocese of Winona-Rochester respectfully states:

### BACKGROUND, STATE COURT ACTION,
### AND RELATED BANKRUPTCY CASE

1.      Effective May 25, 2013, the Minnesota Legislature enacted the Minnesota Child Victims Act, Minn. Stat. § 541.073, which allowed for previously time-barred claims alleging sexual abuse to be filed until May 25, 2016.

Detroit_15783170_1

2.     As a result of that legislation, multiple claims and lawsuits have been received by Plaintiff, including actions that involve allegations against Plaintiff (the "Underlying Actions").

3.     Plaintiff has sought coverage under its insurance contracts with the Defendant Insurers related to the Underlying Actions, but the Defendant Insurers have failed to acknowledge their full coverage obligations in connection with those actions.

4.     On July 18, 2018, Plaintiff instituted this declaratory judgment action, seeking (1) an adjudication of the rights, duties, and liabilities of the parties regarding certain insurance policies and certificates sold by the Defendant Insurers or for which the Defendant Insurers otherwise acquired responsibility and (2) declaratory relief to determine the extent of the rights of the Diocese in said insurance policies and certificates, in the State of Minnesota, County of Winona, in the Third Judicial District Court.  An amended complaint was filed on August 3, 2018.  All Defendants have filed answers to the Amended Complaint.

5.     Plaintiff later filed for Chapter 11 Bankruptcy on November 30, 2018 in the United States Bankruptcy Court for the District of Minnesota.

## JURISDICTION

6.     This action is removable under 28 U.S.C. § 1452, which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

Detroit_15783170_1

7.     This Court has jurisdiction over the causes of action in this case under 28 U.S.C. § 1334(b), which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" because the Diocese of Winona-Rochester filed a bankruptcy petition under Title 11 of the United States Code (the "Bankruptcy Code") and the insurance contracts are the principal assets of the bankruptcy estate of the Diocese.

8.     This Court also has jurisdiction over this matter under 28 U.S.C. § 1332 because, exclusive of interest and costs, the value exceeds $75,000 and is between citizens of different states and foreign citizens.  Plaintiff Diocese of Winona-Rochester is located in Minnesota, and none of the Defendant Insurers have their principle place of business in or are incorporated in Minnesota or could otherwise be deemed citizens of Minnesota.

9.     Venue is proper in the United States Bankruptcy Court for the District of Minnesota because this is the district embracing the place where the state court action is pending, i.e., the State of Minnesota, County of Winona, Third Judicial District Court. 28 U.S.C. § 103(1), § 1452(a).

10.     Upon removal of the State Court Action, Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

## PROCEDURAL REQUIREMENTS

11.     Pursuant to Federal Rule of Bankruptcy Procedure 9027, because Plaintiff filed this Notice of Removal on the same day that it filed for bankruptcy under Chapter 11 of the Bankruptcy Code, this Notice of Removal is timely under any of enumerated

Detroit_15783170_1

time periods under the rule—"(A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief."

12.     **Exhibit A** contains copies of all process and pleadings of the State Court Action in accordance with Federal Rule of Bankruptcy Procedure 9027(a)(1).

13.     Pursuant to Federal Rule of Bankruptcy Procedure 9027(b), separate copies of this Notice are being served on all parties to the removed State Court Action.

14.     Pursuant to Federal Rule of Bankruptcy Procedure 9027(c), Plaintiff will promptly give notice to the State of Minnesota, County of Winona, Third Judicial District Court by filing in that court a Notice of Filing of Notice of Removal and a copy of this Notice of Removal.  See **Exhibit B**.

15.     This matter, having been removed under 28 U.S.C. § 1452, §1334(b), and Federal Rule of Bankruptcy Procedure 9027, is referred to the bankruptcy judges in the United States Bankruptcy Court for the District of Minnesota.  United States Bankruptcy Court for the District of Minnesota Local Rule 1070-1.

16.      The undersigned has read this Notice of Removal and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact, is warranted by existing law or by nonfrivolous argument,  and is not interposed for any improper purpose.  This Notice of Removal is signed pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure.

Detroit_15783170_1

**WHEREFORE**, Plaintiff Diocese of Winona-Rochester, by and through its counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Defendants, and the filing of a copy of this Notice of Removal with the clerk of the State of Minnesota, County of Winona, Third Judicial District Court, effects the removal of said civil action to this Honorable Court.

Respectfully submitted,

RESTOVICH  BRAUN & ASSOCIATES

By: /e/Christopher W. Coon
Thomas R. Braun (#350631)
Christopher W. Coon (#390083)
117 East Center Street
Rochester, MN 55904
(507) 216-8652
thomas@restovichlaw.com
christopher@restovichlaw.com

and

BODMAN PLC

By: /e/Michelle Thurber Czapski
Michelle Thurber Czapski (P47267)
Donovan S. Asmar (P77951)
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
mczapski@bodmanlaw.com
dasmar@bodmanlaw.com
*(Pro Hac Vice admissions pending)*

*Attorneys for Plaintiff Diocese of Winona-Rochester*

Dated:  November 30, 2018

Detroit_15783170_1

## CERTIFICATE OF SERVICE

The undersigned, under penalty of perjury, hereby states that he is counsel of record for Plaintiff Diocese of Winona-Rochester, and that on the 3rd day of December, 2018, he served a copy of Notice of Filing Notice of Removal and this Certificate of Service, upon:

Gerald H. Bren
Fisher Bren & Sheridan, LLP
920 Second Avenue South, Suite 975
Minneapolis, MN 55402
Counsel for Certain Underwriters at Lloyd's, Catalina Holdings U.K. Limited, Assicurazioni Generali SPA, CX Reinsurance Company, Dominion Ins. Co. Ltd., Markel International Ins. Co. Ltd., Sompo Japan Nipponkoa Ins. Co. of Europe Ltd., and Sphere Drake Ins. Ltd.

Catalina J. Sugayan
Robert E. Sweeney, Jr.
Clyde & Co. US LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603
Counsel for Certain Underwriters at Lloyd's, Catalina Holdings U.K. Limited, Assicurazioni Generali SPA, CX Reinsurance Company, Dominion Ins. Co. Ltd., Markel International Ins. Co. Ltd., Sompo Japan Nipponkoa Insurance Company of Europe Ltd., and Sphere Drake Ins. Ltd.

Charles E. Jones
Moss & Barnett
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Counsel for Interstate Fire & Casualty Company, and National Surety Company

Keith A. Dotseth
Bradley R. Prowant
Larmon King LLP
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN 55101
Counsel for Northwestern National Insurance Company of Milwaukee, Wisconsin, and Bellefonte Insurance Company.

Stephen D. Straus
Eric D. Suben
Traub Lieberman Straus & Shrewsberry LLP
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10532
Counsel for Northwestern National Insurance Company of Milwaukee, Wisconsin, and Bellefonte Insurance Company.


Dale O. Thornsjo
Lance D. Meyer
O'Meara, Leer, Wagner & Kohl, P.A.
7401 Metro Boulevard, Suite 600
Minneapolis, MN 55439-3034
Counsel for St. Paul Fire and Marine Insurance Company, and St. Paul Surplus Lines Insurance Company

Amy J. Woodworth
Meagher & Geer, PLLC
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Counsel for United States Fire Insurance Company

Michael J. Cohen
Pamela J. Tillman
Meissner Tierney Fisher & Nichols S.C.
111 E. Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202
Counsel for United States Fire Insurance Company

Eric E. Caugh
Rolf E. Gilbertson
Zelle LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
Counsel for 21st Century Centennial Insurance Company

via the State of Minnesota' Judicial Branch's eFile and eServe (eFS) system.

/s/Christopher W. Coon
Christopher W. Coon

Detroit_15783170_1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

DIOCESE OF WINONA-ROCHESTER;

      Plaintiff,

v.

UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation; CERTAIN UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; NATIONAL SURETY CORPORATION, a Delaware corporation; 21ST CENTURY CENTENNIAL INSURANCE COMPANY (f/k/a COLONIAL PENN INSURANCE COMPANY), a Pennsylvania corporation; ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Delaware corporation; NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, a Wisconsin corporation, formerly BELLEFONTE INSURANCE COMPANY, a Kentucky corporation; MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company; CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company; SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE

Case No. _____
Hon. _____

Detroit_15783170_1

LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation.

       Defendants.

---

## INDEX OF EXHIBITS

---

**Exhibit**              **Description**

A                        State Court Action Process and Pleadings

B                        Notice of Filing of Notice of Removal

2

# EXHIBIT A
## STATE COURT ACTION PROCESS AND PLEADINGS

Detroit_15783170_1

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 12 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**STATE OF MINNESOTA**                                    **DISTRICT COURT**

**COUNTY OF WINONA**                          **THIRD JUDICIAL DISTRICT COURT**
                                                                    Civil Action

---

DIOCESE OF WINONA-ROCHESTER;

      Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation; CERTAIN
UNDERWRITERS AT LLOYD'S, a foreign
insurance syndicate; INTERSTATE FIRE &
CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; COLONIAL PENN
INSURANCE COMPANY, a Pennsylvania
corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL
INTERNATIONAL INSURANCE COMPANY
LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company; SOMPO
JAPAN NIPPONKOA INSURANCE COMPANY
OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO. LTD., a U.K. private limited
company; CX REINSURANCE COMPANY LTD.,

Court File No.:_____

Judge _____

1

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 13 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation.

Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff the Diocese of Winona-Rochester (f/k/a the Diocese of Winona) (the "Diocese"), by and through its attorneys, states as follows for its complaint against Defendants United States Fire Insurance Company ("U.S. Fire"), Certain Underwriters at Lloyd's ("Lloyd's"), Interstate Fire & Casualty Company ("Interstate Fire"), National Surety Corporation ("National Surety"), Colonial Penn Insurance Company ("Colonial Penn"), St. Paul Surplus Lines Insurance Company ("St. Paul Surplus"), Northwestern National Insurance Company (formerly Bellefonte Insurance Company) ("Northwestern"), Markel International Insurance Company Limited, (formerly Terra Nova Insurance Co. Ltd.) ("Markel"), Catalina Holdings UK Limited (formerly Excess Insurance Co. Ltd.) ("Catalina Holdings"), Sompo Japan Nipponkoa Insurance Company of Europe Limited (formerly Yasuda Fire And Marine Insurance Co. (U.K.) Ltd.) ("Sompo"), Dominion Insurance Co. Ltd. ("Dominion"), CX Reinsurance Company Ltd. (formerly CNA Reinsurance of London Ltd.) ("CX Reinsurance"), Strong Hold Insurance Co. Ltd. ("Strong Hold"), Sphere Drake Insurance PLC (N/K/A Sphere Drake Insurance Limited) ("Sphere

2

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 14 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

Drake"), St. Paul Fire and Marine (formerly St. Katherine Insurance Co. PLC) ("St. Paul Fire"),

and Assicurazioni Generali SpA (collectively, the "Insurers"):

## BACKGROUND

1.      This is an action for declaratory judgment, seeking an adjudication of the rights,

duties and liabilities of the parties regarding certain insurance policies and certificates sold by the

Insurers or for which the Insurers otherwise acquired responsibility.   Further, this is an action

seeking declaratory relief to determine the extent of the rights of the Diocese in said insurance

policies and certificates.

2.      Effective May 25, 2013, the Minnesota Legislature enacted the Minnesota Child

Victims Act, Minn. Stat. § 541.073, which allowed for previously time-barred claims alleging

sexual abuse to be filed until May 25, 2016.

3.      As a result of that legislation, multiple claims and lawsuits have been received by

the Diocese (the "Underlying Actions and Claims").

## THE PARTIES

4.      The Diocese is a Roman Catholic Diocese in Minnesota, with the episcopal see in

the County of Winona, Minnesota.  The Diocese was established on November 26, 1889 by Pope

Leo XIII and encompasses twenty counties in southern Minnesota.

5.      Upon information and belief, U.S. Fire is a corporation organized under the laws

of Delaware with its principal place of business in Morristown, New Jersey.  Upon further

information and belief, U.S. Fire operates in the State of Minnesota and sold insurance policies

providing coverage to the Diocese for certain time periods during which the underlying

claimants allege abuse.

3

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 15 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

6.     Upon information and belief, Lloyd's is a foreign insurance syndicate with its principal place of business in London, England.  Upon further information and belief, Lloyd's operates in the State of Minnesota and sold insurance policies underwritten by its syndicates providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

7.     Upon information and belief, Interstate Fire is a corporation organized under the laws of Illinois with its principal place of business in Chicago, Illinois.  Upon further information and belief, Interstate Fire operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

8.     Upon information and belief, National Surety is a corporation organized under the laws of Delaware with its principal place of business in Chicago, Illinois.   Upon further information and belief, National Surety operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

9.     Upon information and belief, Colonial Penn is a corporation organized under the laws of Pennsylvania with its principal place of business in Wilmington, Delaware.  Upon further information and belief, Colonial Penn operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

10.     Upon information and belief, St. Paul Surplus is a corporation organized under the laws of Delaware with its principal place of business in Hartford, Connecticut.  Upon further information and belief, St. Paul Surplus operates in the State of Minnesota and sold insurance

85-CV-18-1439

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 16 of 430

policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

11.    Upon information and belief, Northwestern is a corporation organized under the laws of Wisconsin with its principal place of business in West Chester, Ohio.  Upon further information and belief, Northwestern operates in the State of Minnesota and, through a corporate transaction between Bellefonte Insurance Company and Northwestern, acquired responsibility for insurance policies issued to the Diocese by Bellefonte Insurance Company for certain time periods during which the underlying claimants allege abuse.

12.    Upon information and belief, Markel is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.  Upon further information and belief, Markel operates in the State of Minnesota and, through a corporate transaction with Terra Nova Insurance Co. Ltd., it acquired responsibility for insurance policies issued to the Diocese by Terra Nova Insurance Co. Ltd. for certain time periods during which the underlying claimants allege abuse.

13.    Upon information and belief, Catalina Holdings is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.  Upon further information and belief, Catalina Holdings operates in the State of Minnesota and, through a corporate transaction with The Hartford Financial Services Group, acquired responsibility for insurance policies issued to the Diocese by Excess Insurance Co. Ltd. for certain time periods during which the underlying claimants allege abuse.

14.    Upon information and belief, Sompo is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.  Upon further information and belief, Sompo operates in the State of Minnesota and,

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 17 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

through a corporate transaction between with Yasuda Fire and Marine Insurance Co. (U.K.) Ltd., it acquired responsibility for insurance policies issued to the Diocese by Yasuda Fire and Marine Insurance Co. (U.K.) Ltd. for certain time periods during which the underlying claimants allege abuse.

15.    Upon information and belief, Dominion is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.  Upon further information and belief, Dominion operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

16.    Upon information and belief, CX Reinsurance is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.  Upon further information and belief, CX Reinsurance operates in the State of Minnesota and, through a corporate transaction between Tawa Associates Limited and CNA Reinsurance of London Ltd., it acquired responsibility for insurance policies issued to the Diocese by CNA Reinsurance of London Ltd. for certain time periods during which the underlying claimants allege abuse.

17.    Upon information and belief, Strong Hold is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.  Upon further information and belief, Strong Hold operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

18.    Upon information and belief, Sphere Drake is a private limited company organized under the laws of the United Kingdom with its principal place of business in the

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 18 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

United Kingdom.  Upon further information and belief, Sphere Drake Insurance PLC operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

19.    Upon information and belief, St. Paul Fire is a corporation organized under the laws of Connecticut, with its principal place of business in Hartford, Connecticut.  Upon further information and belief, St. Paul Fire operates in the State of Minnesota and, through a corporate transaction with St. Katherine Insurance Co. PLC, it acquired responsibility for insurance policies issued to the Diocese by St. Katherine Insurance Co. PLC for certain time periods during which the underlying claimants allege abuse.

20.    Upon information and belief, Assicurazioni Generali SpA is a corporation organized under the laws of Italy with its principal place of business in Italy.  Upon further information and belief, Assicurazioni Generali SpA operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

## JURISDICTION AND VENUE

21.    This Court has jurisdiction over all parties and claims set forth herein pursuant to Minn. Stat. § 484.01.

22.    This Court has personal jurisdiction over each Defendant pursuant to Minn. Stat. § 543.19 because, upon information and belief, each Defendant has and/or is transacting business within the state.

23.    Venue in this Court is proper pursuant to Minn. Stat. § 542.09 because this cause of action arises in the County of Winona, Minnesota.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 19 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

## THE INSURANCE POLICIES AND CERTIFICATES PURCHASED BY THE DIOCESE

24.     Upon information and belief, on various dates from at least 1967 to the present, in consideration of premiums paid by the Diocese, the Insurers sold insurance policies and certificates to the Diocese, as well as certain umbrella and/or excess liability policies and certificates (the "Insurance Policies and Certificates").

25.     Upon information and belief, each of the Insurance Policies and Certificates requires the Insurers to pay to or on behalf of the Diocese all sums that the Diocese becomes legally obligated to pay as a result of covered claims, as long as any part of the alleged injury took place during the applicable policy period.

26.     Upon information and belief, each of the Insurance Policies and Certificates also requires the Insurers to pay all defense costs and expenses, including attorney's fees, incurred by the Diocese in its investigation and defense of the Underlying Actions and Claims.   This obligation applies even if the allegations against the Diocese are ultimately determined to be groundless, false, or fraudulent.

27.     The Diocese timely and fully paid all premiums due under the Insurance Policies and Certificates.

## THE UNDERLYING ACTIONS

28.     The Underlying Actions and Claims include allegations against the Diocese.   The claimants in the Underlying Actions and Claims allege that they suffered injuries resulting from alleged sexual abuse, and that such injuries were caused by negligence of the Diocese.

29.     The Diocese timely notified Defendants of the Underlying Actions and Claims and at all times has fully cooperated with the Insurers' reasonable requests.

8

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main    Filed in Third Judicial District Court
Document    Page 20 of 430    7/18/2018 5:04 PM
Winona County, MN

30.    The Diocese has fulfilled all of its duties and conditions under each of the Insurance Policies and Certificates with respect to the Underlying Actions and Claims.

31.    The Underlying Actions and Claims are covered by the Insurance Policies and Certificates, and the Diocese is entitled to all benefits thereunder.

32.    The Insurers have failed to acknowledge their full coverage obligations in connection with the Underlying Actions and Claims.

33.    By failing to acknowledge their full coverage obligations in connection with the Underlying Actions and Claims, an actual and justiciable claim exists as to all Insurers named as Defendants herein.

## COUNT I – DECLARATORY JUDGMENT AGAINST ALL INSURERS

34.    The Diocese repeats each allegation contained in paragraphs 1 through 33.

35.    The Diocese seeks an adjudication of the rights and duties of the Diocese and the Insurers related to the Underlying Actions and Claims and the Insurance Policies and Certificates.

36.    Pursuant to the terms of the Insurance Policies and Certificates, each of the Insurers is obligated to cover the expenditures made by the Diocese to defend itself against the Underlying Actions and Claims, as well as any amounts incurred to settle or satisfy any judgment in connection with the Underlying Actions and Claims.

37.    The Insurers have refused to accept their legal obligations with respect to the Underlying Actions and Claims.

38.    Specifically, certain Insurers dispute coverage as demanded by the Diocese, on grounds including but not limited to the following:

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 21 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

a.  That the conduct alleged in the Underlying Actions and Claims does not constitute an "occurrence" under various insurance policies issued by the Insurers.

b.  That the injuries alleged in the Underlying Actions and Claims do not constitute "bodily injury" under various insurance policies issued by the Insurers.

c.  That the injuries alleged in the Underlying Actions and Claims do not constitute "personal injuries" under various insurance policies issued by the Insurers.

d.  That the conduct alleged in the Underlying Actions and Claims was not within the periods of coverage of the various insurance policies.

e.  That the Diocese did not provide timely and adequate notice of the Underlying Actions and Claims to the Insurers.

f.  That the Diocese's claims with respect to Father Thomas Adamson are barred by collateral estoppel.

39.  Certain Insurers have also asserted defenses to coverage related to the aggregation of claims and policy periods, allocation of liability across insurers and policies, calculation of the exhaustion of policy limits, and self-insured retentions.

40.  The Diocese objects to actions taken by the Insurers in refusing to fully cover the Underlying Actions and Claims, and seeks a declaration that the Insurers are liable for the Underlying Actions and Claims ae required by the terms of the Insurance Policies and Certificates.

## **PRAYER FOR RELIEF**

WHEREFORE, the Diocese requests judgment as follows:

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document       Page 22 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

1.    Declaratory judgment in favor of the Diocese against each of the Insurers, including, but not limited to, an adjudication of the issues delineated above in paragraphs 38 and 39;

2.    Judgment in favor of the Diocese against each of the Insurers for all costs incurred in bringing this action, including attorney's fees; and

3.    The Diocese requests such other and further relief as this Court may deem just and proper.

## JURY DEMAND

The Diocese requests a trial by jury on any issue so triable.

Respectfully submitted,

RESTOVICH  BRAUN & ASSOCIATES

By:   /s/ Thomas R. Braun
      Thomas R. Braun (#350631)
      Christopher W. Coon (#390083)
117 East Center Street
Rochester, MN 55904
(507) 216-8652
thomas@restovichlaw.com
christopher@restovichlaw.com

BODMAN PLC

      Thomas Van Dusen (P30602)
      Michelle Thurber Czapski (P47267)
      Amanda J. Frank (P76741)
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
tvandusen@bodmanlaw.com
mczapski@bodmanlaw.com
afrank@bodmanlaw.com

*Attorneys for Plaintiff Diocese of Winona-Rochester*

Dated:  June 27, 2018

11

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document       Page 23 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**SUMMONS**

| | |
|---|---|
| **State of Minnesota** | **District Court** |
| **County of Winona** | **Third Judicial District** |

Diocese of Winona-Rochester,

                      Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL SURETY
CORPORATION, a Delaware
corporation; COLONIAL PENN
INSURANCE COMPANY, a
Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a
Wisconsin corporation, formerly
BELLEFONTE INSURANCE
COMPANY, a Kentucky corporation;
MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA HOLDINGS U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

Court File Number: _____

    Case Type: _____

**Summons**

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document       Page 24 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE
CO. LTD., a U.K. private limited
company; CX REINSURANCE
COMPANY LTD., a private limited
company, formerly CNA
REINSURANCE OF LONDON LTD., a
U.K. private limited company;  STRONG
HOLD INSURANCE CO. LTD., a U.K.
private limited company; SPHERE
DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited
company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a
Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a
U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an
Italy corporation,

                              Defendants.

THIS SUMMONS IS DIRECTED TO

Assicurazioni Generali SPA, Piazza Duca degli Abruzzi, 2 P.O. Box 538 34132, Trieste, Italy;

Assicurazioni Generali SPA, c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**.  You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
                Document      Page 25 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated:  June 27, 2018

**RESTOVICH BRAUN & ASSOCIATES**

By

Thomas R. Braun, #350631
Christopher W. Coon, #0390083
Attorneys for Plaintiff Diocese of Winona-
 Rochester
117 East Center Street
Rochester, Minnesota  55904
Telephone:  (507) 288-4840
Tom@restovichlaw.com
Christopher@restovichlaw.com

Detroit_15515834_1

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 26 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**SUMMONS**

**State of Minnesota**                                    **District Court**

**County of Winona**                               **Third Judicial District**

---

Diocese of Winona-Rochester,

                              Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL             SURETY
CORPORATION, a       Delaware
corporation; COLONIAL     PENN
INSURANCE     COMPANY, a
Pennsylvania corporation; ST. PAUL
SURPLUS    LINES    INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN         NATIONAL
INSURANCE    COMPANY    OF
MILWAUKEE,      WISCONSIN, a
Wisconsin corporation, formerly
BELLEFONTE        INSURANCE
COMPANY, a Kentucky corporation;
MARKEL      INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA      HOLDINGS    U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO    JAPAN    NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

Court File Number: _____

   Case Type: _____

**Summons**

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main          Filed in Third Judicial District Court
                   Document        Page 27 of 430                                       7/18/2018 5:04 PM
                                                                                        Winona County, MN

company; DOMINION INSURANCE
CO. LTD., a U.K. private limited
company; CX REINSURANCE
COMPANY LTD., a private limited
company, formerly CNA
REINSURANCE OF LONDON LTD., a
U.K. private limited company; STRONG
HOLD INSURANCE CO. LTD., a U.K.
private limited company; SPHERE
DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited
company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a
Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a
U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an
Italy corporation,

                              Defendants.

THIS SUMMONS IS DIRECTED TO

Interstate Fire & Casualty Company, 33 West Monroe Street, Chicago IL 60603;

Interstate Fire Insurance Company, c/o Department of Commerce, Office of the Commissioner
of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint
Paul, MN 55101.

   1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The
Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away.
They are official papers that affect your rights. You must respond to this lawsuit even though it
may not yet be filed with the Court and there may be no court file number on this summons.

   2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You
must give or mail to the person who signed this summons **a written response** called an Answer
within 20 days of the date on which you received this Summons. You must send a copy of your
Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

   3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response
to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with
each paragraph of the Complaint. If you believe the Plaintiff should not be given everything
asked for in the Complaint, you must say so in your Answer.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 28 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018

**RESTOVICH BRAUN & ASSOCIATES**

By _____
    Thomas R. Braun, #350631
    Christopher W. Coon, #0390083
    Attorneys for Plaintiff Diocese of Winona-
    Rochester
    117 East Center Street
    Rochester, Minnesota  55904
    Telephone: (507) 288-4840
    Tom@restovichlaw.com
    Christopher@restovichlaw.com

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 29 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**SUMMONS**

**State of Minnesota**                                    **District Court**

**County of Winona**                              **Third Judicial District**

Diocese of Winona-Rochester,              Court File Number: _____

                    Plaintiff,                   Case Type: _____

vs.

                                                    **Summons**

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN    UNDERWRITERS    AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL                SURETY
CORPORATION,    a    Delaware
corporation; COLONIAL    PENN
INSURANCE    COMPANY,    a
Pennsylvania corporation; ST. PAUL
SURPLUS   LINES   INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN        NATIONAL
INSURANCE    COMPANY    OF
MILWAUKEE,    WISCONSIN,    a
Wisconsin   corporation,   formerly
BELLEFONTE        INSURANCE
COMPANY, a Kentucky corporation;
MARKEL        INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA    HOLDINGS    U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO    JAPAN    NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document       Page 30 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE
CO. LTD., a U.K. private limited
company; CX REINSURANCE
COMPANY LTD., a private limited
company, formerly CNA
REINSURANCE OF LONDON LTD., a
U.K. private limited company; STRONG
HOLD INSURANCE CO. LTD., a U.K.
private limited company; SPHERE
DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited
company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a
Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a
U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an
Italy corporation,

                    Defendants.

THIS SUMMONS IS DIRECTED TO

Certain Underwriters at Lloyd's, Mendes & Mount, 750 Seventh Avenue, New York, NY 10019;

Certain Underwriters at Lloyd's, c/o Department of Commerce, Office of the Commissioner of
Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint
Paul, MN 55101.

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The
Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away.
They are official papers that affect your rights. You must respond to this lawsuit even though it
may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You
must give or mail to the person who signed this summons **a written response** called an Answer
within 20 days of the date on which you received this Summons. You must send a copy of your
Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response
to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with
each paragraph of the Complaint. If you believe the Plaintiff should not be given everything
asked for in the Complaint, you must say so in your Answer.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document       Page 31 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018

**RESTOVICH BRAUN & ASSOCIATES**

By _____

Thomas R. Braun, #350631
Christopher W. Coon, #0390083
Attorneys for Plaintiff Diocese of Winona-
Rochester
117 East Center Street
Rochester, Minnesota  55904
Telephone:  (507) 288-4840
Tom@restovichlaw.com
Christopher@restovichlaw.com

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 32 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**SUMMONS**

**State of Minnesota**                                    **District Court**

**County of Winona**                                 **Third Judicial District**

---

Diocese of Winona-Rochester,              Court File Number: _____

                         Plaintiff,              Case Type: _____

vs.                                                **Summons**

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN    UNDERWRITERS    AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE   FIRE  &  CASUALTY
COMPANY, an Illinois corporation;
NATIONAL            SURETY
CORPORATION,     a      Delaware
corporation;    COLONIAL    PENN
INSURANCE     COMPANY,       a
Pennsylvania corporation; ST. PAUL
SURPLUS    LINES    INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN        NATIONAL
INSURANCE     COMPANY      OF
MILWAUKEE,     WISCONSIN,     a
Wisconsin    corporation,    formerly
BELLEFONTE          INSURANCE
COMPANY, a Kentucky corporation;
MARKEL       INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA  NOVA  INSURANCE  CO.
LTD., a U.K. private limited company;
CATALINA      HOLDINGS     U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO     JAPAN    NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND  MARINE  INSURANCE  CO.
(U.K.) LTD., a U.K. private limited

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 33 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation,

Defendants.

THIS SUMMONS IS DIRECTED TO

Colonial Penn Insurance Company, 399 Market Street, Philadelphia, PA 19181;

Colonial Penn Insurance Company, c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 34 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018

**RESTOVICH BRAUN & ASSOCIATES**

By _____

Thomas R. Braun, #350631
Christopher W. Coon, #0390083
Attorneys for Plaintiff Diocese of Winona-
Rochester
117 East Center Street
Rochester, Minnesota 55904
Telephone: (507) 288-4840
Tom@restovichlaw.com
Christopher@restovichlaw.com

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

# SUMMONS

**State of Minnesota**                                    **District Court**

**County of Winona**                                    **Third Judicial District**

---

Diocese of Winona-Rochester,

                              Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN   UNDERWRITERS   AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL            SURETY
CORPORATION,      a      Delaware
corporation;   COLONIAL   PENN
INSURANCE      COMPANY,      a
Pennsylvania corporation; ST. PAUL
SURPLUS   LINES   INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN      NATIONAL
INSURANCE    COMPANY    OF
MILWAUKEE,   WISCONSIN,   a
Wisconsin   corporation,   formerly
BELLEFONTE       INSURANCE
COMPANY, a Kentucky corporation;
MARKEL      INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA   HOLDINGS   U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO   JAPAN   NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

Court File Number: _____
  Case Type: _____

## Summons

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 36 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation,

Defendants.

THIS SUMMONS IS DIRECTED TO

CX Reinsurance Company Ltd., 1 Royal Exchange Avenue, Suite 306, London, EC3V 3LT, United Kingdom;

CX Reinsurance Company Ltd., c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**.  You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 37 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018

**RESTOVICH BRAUN & ASSOCIATES**

By _____

Thomas R. Braun, #350631
Christopher W. Coon, #0390083
Attorneys for Plaintiff Diocese of Winona-
Rochester
117 East Center Street
Rochester, Minnesota 55904
Telephone: (507) 288-4840
Tom@restovichlaw.com
Christopher@restovichlaw.com

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document        Page 38 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**SUMMONS**

**State of Minnesota**                                   **District Court**

**County of Winona**                                **Third Judicial District**

Diocese of Winona-Rochester,                  Court File Number: _____

                                    Plaintiff,            Case Type: _____

vs.

UNITED STATES FIRE INSURANCE                          **Summons**
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL                 SURETY
CORPORATION,      a      Delaware
corporation;   COLONIAL    PENN
INSURANCE      COMPANY,      a
Pennsylvania corporation; ST. PAUL
SURPLUS   LINES   INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN      NATIONAL
INSURANCE      COMPANY      OF
MILWAUKEE,     WISCONSIN,     a
Wisconsin    corporation,    formerly
BELLEFONTE        INSURANCE
COMPANY, a Kentucky corporation;
MARKEL        INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA    HOLDINGS    U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO    JAPAN    NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 39 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE
CO. LTD., a U.K. private limited
company; CX REINSURANCE
COMPANY LTD., a private limited
company, formerly CNA
REINSURANCE OF LONDON LTD., a
U.K. private limited company; STRONG
HOLD INSURANCE CO. LTD., a U.K.
private limited company; SPHERE
DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited
company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a
Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a
U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an
Italy corporation,

Defendants.

---

THIS SUMMONS IS DIRECTED TO

Dominion Insurance Co. Ltd., Midas House, 2 Knoll Rise, Orpington, BR6 0NX, United
Kingdom;

Dominion Insurance Co. Ltd., c/o Department of Commerce, Office of the Commissioner of
Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint
Paul, MN 55101.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The
Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away.
They are official papers that affect your rights.  You must respond to this lawsuit even though it
may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**.  You
must give or mail to the person who signed this summons **a written response** called an Answer
within 20 days of the date on which you received this Summons. You must send a copy of your
Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response
to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 40 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018                    **RESTOVICH BRAUN & ASSOCIATES**

By _____
    Thomas R. Braun, #350631
    Christopher W. Coon, #0390083
    Attorneys for Plaintiff Diocese of Winona-
    Rochester
    117 East Center Street
    Rochester, Minnesota  55904
    Telephone:  (507) 288-4840
    Tom@restovichlaw.com
    Christopher@restovichlaw.com

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

# SUMMONS

**State of Minnesota**                    **District Court**

**County of Winona**                    **Third Judicial District**

Diocese of Winona-Rochester,

Court File Number: _____

Case Type: _____

                    Plaintiff,

vs.

**Summons**

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL SURETY
CORPORATION, a Delaware
corporation; COLONIAL PENN
INSURANCE COMPANY, a
Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a
Wisconsin corporation, formerly
BELLEFONTE INSURANCE
COMPANY, a Kentucky corporation;
MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA HOLDINGS U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 42 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation,

Defendants.

---

THIS SUMMONS IS DIRECTED TO

Markel International Insurance Company Limited, 20 Fenchurch Street, London, EC3M 3AZ, UK;

Markel International Insurance Company Limited, c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 43 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018                    **RESTOVICH BRAUN & ASSOCIATES**

By _____

Thomas R. Braun, #350631
Christopher W. Coon, #0390083
Attorneys for Plaintiff Diocese of Winona-Rochester
117 East Center Street
Rochester, Minnesota 55904
Telephone: (507) 288-4840
Tom@restovichlaw.com
Christopher@restovichlaw.com

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 44 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**SUMMONS**

**State of Minnesota**                                          **District Court**

**County of Winona**                                    **Third Judicial District**

Diocese of Winona-Rochester,                     Court File Number: _____

                              Plaintiff,           Case Type: _____

vs.

                                      **Summons**

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL SURETY
CORPORATION, a Delaware
corporation; COLONIAL PENN
INSURANCE COMPANY, a
Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a
Wisconsin corporation, formerly
BELLEFONTE INSURANCE
COMPANY, a Kentucky corporation;
MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA HOLDINGS U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 45 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation,

                                        Defendants.

---

THIS SUMMONS IS DIRECTED TO

National Surety Corporation, 225 W. Washington Street, Suite 1800, Chicago, IL 60606-3458;

National Surety Corporation, c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 46 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated:  June 27, 2018                    **RESTOVICH BRAUN & ASSOCIATES**

By _____
    Thomas R. Braun, #350631
    Christopher W. Coon, #0390083
    Attorneys for Plaintiff Diocese of Winona-
    Rochester
    117 East Center Street
    Rochester, Minnesota  55904
    Telephone:  (507) 288-4840
    Tom@restovichlaw.com
    Christopher@restovichlaw.com

85-CV-18-1439

Case 18-03094  Doc 1  Filed 12/03/18  Entered 12/03/18 12:26:01  Desc Main
Document  Page 47 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**SUMMONS**

| | |
|---|---|
| **State of Minnesota** | **District Court** |
| **County of Winona** | **Third Judicial District** |

---

Diocese of Winona-Rochester,

Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL SURETY
CORPORATION, a Delaware
corporation; COLONIAL PENN
INSURANCE COMPANY, a
Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a
Wisconsin corporation, formerly
BELLEFONTE INSURANCE
COMPANY, a Kentucky corporation;
MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA HOLDINGS U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

Court File Number: _____
Case Type: _____

**Summons**

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 48 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation,

Defendants.

THIS SUMMONS IS DIRECTED TO

Northwestern National Insurance Company of Milwaukee, Wisconsin, 8200 Beckett Park Drive, Suite 201, West Chester, OH 45069;

Northwestern National Insurance Company of Milwaukee, Wisconsin, c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**.   You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 49 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated:  June 27, 2018                           **RESTOVICH BRAUN & ASSOCIATES**

By _____
    Thomas R. Braun, #350631
    Christopher W. Coon, #0390083
    Attorneys for Plaintiff Diocese of Winona-
     Rochester
    117 East Center Street
    Rochester, Minnesota  55904
    Telephone:  (507) 288-4840
    Tom@restovichlaw.com
    Christopher@restovichlaw.com

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 50 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

# SUMMONS

**State of Minnesota**                                    **District Court**

**County of Winona**                                    **Third Judicial District**

---

Diocese of Winona-Rochester,

                              Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL SURETY
CORPORATION, a Delaware
corporation; COLONIAL PENN
INSURANCE COMPANY, a
Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a
Wisconsin corporation, formerly
BELLEFONTE INSURANCE
COMPANY, a Kentucky corporation;
MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA HOLDINGS U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

Court File Number: _____

    Case Type: _____

# **Summons**

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 51 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE
CO. LTD., a U.K. private limited
company; CX REINSURANCE
COMPANY LTD., a private limited
company, formerly CNA
REINSURANCE OF LONDON LTD., a
U.K. private limited company; STRONG
HOLD INSURANCE CO. LTD., a U.K.
private limited company; SPHERE
DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited
company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a
Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a
U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an
Italy corporation,

Defendants.

THIS SUMMONS IS DIRECTED TO

Sompo Japan Nipponkoa Insurance Company of Europe Limited, 1st Floor, 6 Devonshire Square, London, EC2M 4YE, United Kingdom;

Sompo Japan Nipponkoa Insurance Company of Europe Limited, 1st Floor, 2 Minister Court Mincing Lane, London, EC3R 7BB, United Kingdom;

Sompo Japan Nipponkoa Insurance Company of Europe Limited, c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**.  You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 52 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated:  June 27, 2018                    **RESTOVICH BRAUN & ASSOCIATES**

By _____
    Thomas R. Braun, #350631
    Christopher W. Coon, #0390083
    Attorneys for Plaintiff Diocese of Winona-
    Rochester
    117 East Center Street
    Rochester, Minnesota  55904
    Telephone:  (507) 288-4840
    Tom@restovichlaw.com
    Christopher@restovichlaw.com

Detroit_15515807_1

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

# SUMMONS

**State of Minnesota**                    **District Court**

**County of Winona**                    **Third Judicial District**

Diocese of Winona-Rochester,

                             Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL            SURETY
CORPORATION,       a      Delaware
corporation; COLONIAL       PENN
INSURANCE      COMPANY,      a
Pennsylvania corporation; ST. PAUL
SURPLUS   LINES   INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN        NATIONAL
INSURANCE     COMPANY      OF
MILWAUKEE,      WISCONSIN,     a
Wisconsin   corporation,     formerly
BELLEFONTE        INSURANCE
COMPANY, a Kentucky corporation;
MARKEL        INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA      HOLDINGS     U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO    JAPAN   NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

Court File Number: _____
   Case Type: _____

# Summons

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 54 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation,

Defendants.

---

THIS SUMMONS IS DIRECTED TO

Sphere Drake Insurance Limited, Park Gate, Brighton, BN1 6AU, United Kingdom;

Sphere Drake Insurance Limited, c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 55 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018

**RESTOVICH BRAUN & ASSOCIATES**

By _____
Thomas R. Braun, #350631
Christopher W. Coon, #0390083
Attorneys for Plaintiff Diocese of Winona-
 Rochester
117 East Center Street
Rochester, Minnesota 55904
Telephone: (507) 288-4840
Tom@restovichlaw.com
Christopher@restovichlaw.com

Detroit_15515827_1

85-CV-18-1439

Case 18-03094     Doc 1     Filed 12/03/18     Entered 12/03/18 12:26:01     Desc Main
Document          Page 56 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**SUMMONS**

| | |
|---|---|
| **State of Minnesota** | **District Court** |
| **County of Winona** | **Third Judicial District** |

---

Diocese of Winona-Rochester,

                                    Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL            SURETY
CORPORATION, a Delaware
corporation; COLONIAL PENN
INSURANCE COMPANY, a
Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a
Wisconsin corporation, formerly
BELLEFONTE INSURANCE
COMPANY, a Kentucky corporation;
MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA HOLDINGS U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

Court File Number: _____
  Case Type: _____

**Summons**

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 57 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE
CO. LTD., a U.K. private limited
company; CX REINSURANCE
COMPANY LTD., a private limited
company, formerly CNA
REINSURANCE OF LONDON LTD., a
U.K. private limited company; STRONG
HOLD INSURANCE CO. LTD., a U.K.
private limited company; SPHERE
DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited
company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a
Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a
U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an
Italy corporation,

Defendants.

THIS SUMMONS IS DIRECTED TO

St. Paul Fire and Marine Insurance Company, One Tower Square, Hartford, CT 06183;

St. Paul Fire and Marine Insurance Company, c/o Department of Commerce, Office of the
Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East,
Suite 500, Saint Paul, MN 55101.

　　　1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The
Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away.
They are official papers that affect your rights. You must respond to this lawsuit even though it
may not yet be filed with the Court and there may be no court file number on this summons.

　　　2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You
must give or mail to the person who signed this summons **a written response** called an Answer
within 20 days of the date on which you received this Summons. You must send a copy of your
Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

　　　3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response
to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with
each paragraph of the Complaint. If you believe the Plaintiff should not be given everything
asked for in the Complaint, you must say so in your Answer.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 58 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018

**RESTOVICH BRAUN & ASSOCIATES**

By

Thomas R. Braun, #350631
Christopher W. Coon, #0390083
Attorneys for Plaintiff Diocese of Winona-Rochester
117 East Center Street
Rochester, Minnesota 55904
Telephone: (507) 288-4840
Tom@restovichlaw.com
Christopher@restovichlaw.com

Detroit_15515829_1

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 59 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

# SUMMONS

| | |
|---|---|
| **State of Minnesota** | **District Court** |
| **County of Winona** | **Third Judicial District** |

---

Diocese of Winona-Rochester,

Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL SURETY
CORPORATION, a Delaware
corporation; COLONIAL PENN
INSURANCE COMPANY, a
Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a
Wisconsin corporation, formerly
BELLEFONTE INSURANCE
COMPANY, a Kentucky corporation;
MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA HOLDINGS U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

Court File Number: _____

Case Type: _____

# **Summons**

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 60 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation,

Defendants.

---

THIS SUMMONS IS DIRECTED TO

St. Paul Surplus Lines Insurance Company, One Tower Square, Hartford, CT 06183;

St. Paul Surplus Lines Insurance Company, c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 61 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.


Dated: June 27, 2018                    **RESTOVICH BRAUN & ASSOCIATES**

By _____
   Thomas R. Braun, #350631
   Christopher W. Coon, #0390083
   Attorneys for Plaintiff Diocese of Winona-
   Rochester
   117 East Center Street
   Rochester, Minnesota  55904
   Telephone:  (507) 288-4840
   Tom@restovichlaw.com
   Christopher@restovichlaw.com

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 62 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**SUMMONS**

**State of Minnesota**                                          **District Court**

**County of Winona**                                    **Third Judicial District**

---

Diocese of Winona-Rochester,                    Court File Number: _____

                                  Plaintiff,              Case Type: _____

vs.

                                                                    **Summons**

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL                      SURETY
CORPORATION,         a         Delaware
corporation; COLONIAL           PENN
INSURANCE         COMPANY,           a
Pennsylvania corporation; ST. PAUL
SURPLUS     LINES     INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN          NATIONAL
INSURANCE       COMPANY        OF
MILWAUKEE,        WISCONSIN,        a
Wisconsin     corporation,     formerly
BELLEFONTE            INSURANCE
COMPANY, a Kentucky corporation;
MARKEL        INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA      HOLDINGS       U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO      JAPAN     NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

---

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 63 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation,

Defendants.

THIS SUMMONS IS DIRECTED TO

Strong Hold Insurance Co. Ltd., Norwich Winterthur House, Rose Lane, Norwich, NR1 1JY, United Kingdom;

Strong Hold Insurance Co. Ltd.., c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**.  You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with

Detroit_15515817_1

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 64 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018                    **RESTOVICH BRAUN & ASSOCIATES**

By _____
      Thomas R. Braun, #350631
      Christopher W. Coon, #0390083
      Attorneys for Plaintiff Diocese of Winona-
      Rochester
      117 East Center Street
      Rochester, Minnesota  55904
      Telephone:  (507) 288-4840
      Tom@restovichlaw.com
      Christopher@restovichlaw.com

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 65 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

# SUMMONS

**State of Minnesota**                                    **District Court**

**County of Winona**                              **Third Judicial District**

Diocese of Winona-Rochester,                   Court File Number: _____

                              Plaintiff,              Case Type: _____

vs.

UNITED STATES FIRE INSURANCE                      **Summons**
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL SURETY
CORPORATION, a Delaware
corporation; COLONIAL PENN
INSURANCE COMPANY, a
Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a
Wisconsin corporation, formerly
BELLEFONTE INSURANCE
COMPANY, a Kentucky corporation;
MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA HOLDINGS U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 66 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation,

Defendants.

THIS SUMMONS IS DIRECTED TO

United States Fire Insurance Company, 305 Madison Avenue, Morristown, NJ 07962;

United States Fire Insurance Company, c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**.  You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 67 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018                **RESTOVICH BRAUN & ASSOCIATES**

By _____
   Thomas R. Braun, #350631
   Christopher W. Coon, #0390083
   Attorneys for Plaintiff Diocese of Winona-
    Rochester
   117 East Center Street
   Rochester, Minnesota  55904
   Telephone:  (507) 288-4840
   Tom@restovichlaw.com
   Christopher@restovichlaw.com

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**SUMMONS**

**State of Minnesota**                                    **District Court**

**County of Winona**                                 **Third Judicial District**

Diocese of Winona-Rochester,                Court File Number: _____

                            Plaintiff,          Case Type: _____

vs.

UNITED STATES FIRE INSURANCE                **Summons**
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL            SURETY
CORPORATION, a Delaware
corporation; COLONIAL PENN
INSURANCE COMPANY, a
Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN     NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a
Wisconsin corporation, formerly
BELLEFONTE      INSURANCE
COMPANY, a Kentucky corporation;
MARKEL     INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO.
LTD., a U.K. private limited company;
CATALINA HOLDINGS U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited
company, formerly YASUDA FIRE
AND MARINE INSURANCE CO.
(U.K.) LTD., a U.K. private limited

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 69 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE
CO. LTD., a U.K. private limited
company; CX REINSURANCE
COMPANY LTD., a private limited
company, formerly CNA
REINSURANCE OF LONDON LTD., a
U.K. private limited company; STRONG
HOLD INSURANCE CO. LTD., a U.K.
private limited company; SPHERE
DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited
company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a
Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a
U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an
Italy corporation,

                    Defendants.

THIS SUMMONS IS DIRECTED TO

Catalina Holdings U.K. Limited, 1 Alie Street, London E1 8DE, UK;

Catalina Holdings U.K. Limited, c/o Department of Commerce, Office of the Commissioner of
Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint
Paul, MN 55101.

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The
Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away.
They are official papers that affect your rights. You must respond to this lawsuit even though it
may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You
must give or mail to the person who signed this summons **a written response** called an Answer
within 20 days of the date on which you received this Summons. You must send a copy of your
Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response
to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with
each paragraph of the Complaint. If you believe the Plaintiff should not be given everything
asked for in the Complaint, you must say so in your Answer.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 70 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018

**RESTOVICH BRAUN & ASSOCIATES**

By _____

Thomas R. Braun, #350631
Christopher W. Coon, #0390083
Attorneys for Plaintiff Diocese of Winona-Rochester
117 East Center Street
Rochester, Minnesota  55904
Telephone:  (507) 288-4840
Tom@restovichlaw.com
Christopher@restovichlaw.com

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 71 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

# SUMMONS

**State of Minnesota**                          **District Court**

**County of Winona**                    **Third Judicial District**

---

Diocese of Winona-Rochester,

                              Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN   UNDERWRITERS   AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE  FIRE  &  CASUALTY
COMPANY, an Illinois corporation;
NATIONAL               SURETY
CORPORATION,      a      Delaware
corporation;   COLONIAL   PENN
INSURANCE      COMPANY,      a
Pennsylvania corporation; ST. PAUL
SURPLUS   LINES   INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN        NATIONAL
INSURANCE     COMPANY     OF
MILWAUKEE,    WISCONSIN,    a
Wisconsin   corporation,   formerly
BELLEFONTE         INSURANCE
COMPANY, a Kentucky corporation;
MARKEL      INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA  NOVA  INSURANCE  CO.
LTD., a U.K. private limited company;
CATALINA     HOLDINGS     U.K.
LIMITED, a private limited company,
formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company;
SOMPO    JAPAN    NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED,  a  U.K.  private  limited
company,   formerly   YASUDA   FIRE
AND  MARINE  INSURANCE  CO.
(U.K.) LTD., a U.K. private limited

Court File Number: _____
    Case Type: _____

## Summons

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 72 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation,

Defendants.

THIS SUMMONS IS DIRECTED TO

Interstate Fire & Casualty Company, 33 West Monroe Street, Chicago IL 60603;

Interstate Fire Insurance Company, c/o Department of Commerce, Office of the Commissioner of Commerce, Consumer Protection and Education Division, 85 7th Place East, Suite 500, Saint Paul, MN 55101.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Thomas R. Bruan, Restovich Braun & Associates, 117 E. Center Street, Rochester, MN 55904

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 73 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 27, 2018

**RESTOVICH BRAUN & ASSOCIATES**

By _____
Thomas R. Braun, #350631
Christopher W. Coon, #0390083
Attorneys for Plaintiff Diocese of Winona-
Rochester
117 East Center Street
Rochester, Minnesota 55904
Telephone: (507) 288-4840
Tom@restovichlaw.com
Christopher@restovichlaw.com

Detroit_15515766_1

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 74 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

**STATE OF MINNESOTA**                     **DISTRICT COURT**

**COUNTY OF WINONA**                **THIRD JUDICIAL DISTRICT COURT**
                                                    Civil Action

---

DIOCESE OF WINONA-ROCHESTER;

     Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation; CERTAIN
UNDERWRITERS AT LLOYD'S, a foreign
insurance syndicate; INTERSTATE FIRE &
CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; COLONIAL PENN
INSURANCE COMPANY, a Pennsylvania
corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL
INTERNATIONAL INSURANCE COMPANY
LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company; SOMPO
JAPAN NIPPONKOA INSURANCE COMPANY
OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO. LTD., a U.K. private limited
company; CX REINSURANCE COMPANY LTD.,

Court File No.:_____

Judge _____

1

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 75 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation.

      Defendants.

## AFFIDAVIT OF COMPLIANCE

I, Christopher W. Coon, being first duly sworn upon oath, state and depose as follows:

1.     I am an attorney licensed to practice law in the State of Minnesota, the State of Iowa, and the Federal District of Minnesota.

2.     I am one of the attorneys for Plaintiff Diocese of Winona-Rochester and represent the Diocese of Winona-Rochester in the above captioned matter.

3.     Pursuant to Minn. Stat. § 45.028 subd. 2 (2017), I submit this Affidavit of Compliance in support of Plaintiff, Diocese of Winona-Rochester's Complaint for Declaratory Judgment

4.     On June 28, 2018 I caused to be served by certified mail the Diocese of Winona-Rochester's Summons and Complaint in this matter upon the Minnesota Commissioner of Commerce at the following address:

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 76 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

Minnesota Commissioner of Commerce
Consumer Protection and Education Division
85 7th Place East, Suite 280
Saint Paul, MN 55101

5.    On June 28, 2018 I caused to be served by certified mail the Diocese of Winona-Rochester's Summons and Complaint upon each Defendant herein named at their last known address according to the service list attached herewith as Exhibit A.

6.    By doing the acts above described, Plaintiff the Diocese of Winona-Rochester has met the service requirements set forth under Minn. Stat. § 45.028 (2017).

7.    Pursuant to Minn. Stat. § 358.116, I declare, on this 10th day of July, 2018 in Olmsted County, Minnesota, under penalty of perjury, that everything stated in this document is true and correct.

Dated:  July 10, 2018

_____
Christopher W. Coon

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

# EXHIBIT A

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 78 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

## Service List

| | |
|---|---|
| United States Fire Insurance Company<br>305 Madison Avenue<br>Morristown, NJ 07962; | Catalina Holdings U.K. Limited<br>1 Alie Street,<br>London, E1 8DE<br>United Kingdom |
| Certain Underwriters at Lloyd's, Mendes &<br>Mount<br>750 Seventh Avenue<br>New York, NY 10019 | Sompo Japan Nipponkoa Insurance Company<br>of Europe Limited<br>1st Floor, 6 Devonshire Square,<br>London, EC2M 4YE<br>United Kingdom |
| Interstate Fire & Casualty Company<br>33 West Monroe Street<br>Chicago IL 60603 | Dominion Insurance Co. Ltd.<br>Midas House, 2 Knoll Rise,<br>Orpington, BR6 0NX<br>United Kingdom |
| National Surety Corporation<br>225 W. Washington Street, Suite 1800<br>Chicago, IL 60606-3458 | CX Reinsurance Company Ltd.<br>1 Royal Exchange Avenue, Suite 306<br>London, EC3V 3LT<br>United Kingdom |
| Colonial Penn Insurance Company<br>399 Market Street<br>Philadelphia, PA 19181 | Strong Hold Insurance Co. Ltd.<br>Norwich Winterthur House, Rose Lane<br>Norwich, NR1 1JY<br>United Kingdom |
| St. Paul Surplus Lines Insurance Company<br>One Tower Square<br>Hartford, CT 06183 | Sphere Drake Insurance Limited<br>Park Gate,<br>Brighton BN1 6AU<br>United Kingdom |
| Northwestern National Insurance Company of<br>Milwaukee, Wisconsin<br>8200 Beckett Park Drive, Suite 201<br>West Chester, OH 45069 | St. Paul Fire and Marine Insurance Company<br>One Tower Square<br>Hartford, CT 06183 |
| Markel International Insurance Company<br>Limited<br>20 Fenchurch Street<br>London EC3M 3AZ<br>United Kingdom | Assicurazioni Generali SPA,<br>Piazza Duca degli Abruzzi,<br>2 P.O. Box 538 34132<br>Trieste, Italy |

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 79 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

# State of Minnesota

| | |
|---|---|
| County of WINONA | |

# District Court

| | |
|---|---|
| Judicial District: | THIRD |
| Court File Number: | |
| Case Type: | 14-Other Civil |

DIOCESE OF WINONA-ROCHESTER;

    Plaintiff,

vs

UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation; CERTAIN UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; NATIONAL SURETY CORPORATION, a Delaware corporation; COLONIAL PENN INSURANCE COMPANY, a Pennsylvania corporation; ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Delaware corporation; NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, a Wisconsin corporation, formerly BELLEFONTE INSURANCE COMPANY, a Kentucky corporation; MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company; CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company; SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited

Court File No.:_____

Judge _____

# Civil Cover Sheet
## (Non-Family Case Type)
Minn. R. Gen. Prac. 104

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 80 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

company; SPHERE DRAKE INSURANCE PLC
(N/K/A SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited company; ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation.

Defendants.

This civil cover sheet must be filed by the initial filing lawyer or party, if unrepresented by legal counsel, unless the court orders all parties or their legal counsel to complete this form.  Once the initial civil cover sheet is filed, opposing lawyers or unrepresented parties who have not already been ordered to complete this form may submit their own cover sheet within ten days after being served with the initial cover sheet. See  Rule 104 of the General Rules of Practice for the District Courts.

**If information is not known to the filing party at the time of filing, it shall be provided to the Court Administrator in writing by the filing party within seven (7) days of learning the information.**  Any party impleading additional parties shall provide the same information to the Court Administrator.  The Court Administrator shall, upon receipt of the completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of filing the action and the file number assigned.

ATTORNEYS FOR PLAINTIFF DIOCESE OF WINONA-ROCHESTER

**RESTOVICH  BRAUN & ASSOCIATES**
Thomas R. Braun (#350631)
Christopher W. Coon (#390083)
117 East Center Street
Rochester, MN 55904
(507) 216-8652
thomas@restovichlaw.com
christopher@restovichlaw.com

**BODMAN PLC**
Thomas Van Dusen (P30602)
Michelle Thurber Czapski (P47267)
Amanda J. Frank (P76741)
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
tvandusen@bodmanlaw.com
mczapski@bodmanlaw.com
afrank@bodmanlaw.com

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document       Page 81 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

## DEFENDANTS

| | |
|---|---|
| United States Fire Insurance Company<br>305 Madison Avenue<br>Morristown, NJ 07962; | Catalina Holdings U.K. Limited<br>1 Alie Street,<br>London, E1 8DE<br>United Kingdom |
| Certain Underwriters at Lloyd's, Mendes & Mount<br>750 Seventh Avenue<br>New York, NY 10019 | Sompo Japan Nipponkoa Insurance Company of Europe Limited<br>1st Floor, 6 Devonshire Square,<br>London, EC2M 4YE<br>United Kingdom |
| Interstate Fire & Casualty Company<br>33 West Monroe Street<br>Chicago IL 60603 | Dominion Insurance Co. Ltd.<br>Midas House, 2 Knoll Rise,<br>Orpington, BR6 0NX<br>United Kingdom |
| National Surety Corporation<br>225 W. Washington Street, Suite 1800<br>Chicago, IL 60606-3458 | CX Reinsurance Company Ltd.<br>1 Royal Exchange Avenue, Suite 306<br>London, EC3V 3LT<br>United Kingdom |
| Colonial Penn Insurance Company<br>399 Market Street<br>Philadelphia, PA 19181 | Strong Hold Insurance Co. Ltd.<br>Norwich Winterthur House, Rose Lane<br>Norwich, NR1 1JY<br>United Kingdom |
| St. Paul Surplus Lines Insurance Company<br>One Tower Square<br>Hartford, CT 06183 | Sphere Drake Insurance Limited<br>Park Gate,<br>Brighton BN1 6AU<br>United Kingdom |
| Northwestern National Insurance Company of Milwaukee, Wisconsin<br>8200 Beckett Park Drive, Suite 201<br>West Chester, OH 45069 | St. Paul Fire and Marine Insurance Company<br>One Tower Square<br>Hartford, CT 06183 |
| Markel International Insurance Company Limited<br>20 Fenchurch Street<br>London EC3M 3AZ<br>United Kingdom | Assicurazioni Generali SPA,<br>Piazza Duca degli Abruzzi,<br>2 P.O. Box 538 34132<br>Trieste, Italy |

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 82 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

Note:  If either Plaintiff or Defendant gets an attorney, the attorney's name, address, telephone number and attorney ID number must be given in writing to the Court Administrator immediately.

1.      Provide a concise statement of the case including facts and legal basis:

In this Declaratory Judgment action Plaintiff Diocese of Winona-Rochester seeks an adjudication of the rights and duties of the Plaintiff and the Insurer Defendants related to the underlying claims against the Plaintiff and the insurance policies and Certificates issued by Defendants.

2.      Date Complaint was served:  June 28, 2018 via certified mail to Commissioner of Commerce and certified mail to each Defendant pursuant to Minn. Stat. § 45.028.

3.      For Expedited Litigation Track (ELT) Pilot Courts only:

a.   ☐  the parties jointly and voluntarily agree that this case shall be governed by the Special Rules for ELT Pilot.  Date of agreement: _____

b.   ☐ The court is requested to consider excluding this case from ELT for the following reasons: _____

Note:  ELT is mandatory in certain cases, and where mandatory, exclusion may also be sought by timely motion under the Special Rules for ELT Pilot.

c.   Anticipated number of trial witnesses: _____

d.   Amount of medical expenses to date: _____

e.   Amount of lost wages to date: _____

f.   Identify any known subrogation interests: _____

4.      Estimated discovery completion within _____9_____ months from the date of this form.

5.      Disclosure / discovery of electronically stored information discussed with other party?

☒No  ☐   Yes, date of discussion: _____

If Yes, list agreements, plans, and disputes: _____

6.      Proposed trial start date: July, 2019

7.      Estimated trial time: __10_____ days _____ hours (estimates less than a day must be stated in hours).

8.      Jury trial is:

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 83 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

☐ waived by consent of _____ pursuant to Minn. R. Civ. P. 38.02.

(specify party)

☒ requested by <u>Plaintiff Diocese of Winona-Rochester</u> (NOTE: Applicable fee must be enclosed)

(specify party)

9.    Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested:

     ☐ Yes       ☒ No

10.    Identify any party or witness who will require interpreter services, and describe the services needed (specifying language, and if known, particular dialect): ___none.___

_____

11.    Issues in dispute: <u>The rights and duties of the Diocese and the Insurer Defendants related to the underlying Child Victims Act claims against the Plaintiff and the insurance policies and Certificates issued by Defendants.</u>

12.    Case Type / Category: <u>14-Other Civil; Declaratory Judgment</u> (NOTE:  select case type from Form 23, Subject Matter Index for Civil Cases, appended to the Minnesota Rules of Civil Procedure).

13.    Recommended Alternative Dispute Resolution (ADR) mechanism: <u>Mediation</u>

    (See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a))

    Recommended ADR provider (known as a "neutral"): <u>TBD</u>

    Recommended ADR completion date: <u>Date of Pre-Trial Conference</u>

    If applicable, reasons why ADR not appropriate for this case: _____

By signing below, the attorney or party submitting this form certifies that the above information is true and correct.

Submitted by:

**RESTOVICH BRAUN & ASSOCIATES**     Date: <u>July 18, 2018</u>

_____
Thomas R. Braun, #350631
Christopher W. Coon, #0390083
Attorneys for Defendant Diocese of Winona
117 East Center Street
Rochester, MN  55904-3757
(507) 288-4840
Thomas@restovichlaw.com
Christopher@restovichlaw.con

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main   Filed in Third Judicial District Court
Document     Page 84 of 430                                              7/18/2018 5:04 PM
                                                                         Winona County, MN

STATE OF MINNESOTA                     DISTRICT COURT - CIVIL DISTRICT

COUNTY OF WINONA                       THIRD JUDICIAL DISTRICT

## CERTIFICATE OF REPRESENTATION AND PARTIES

<u>Court File No.</u>

 This certificate must be filed pursuant to Rule 104 of the General Rules of Practice of the District Courts, which states: "A party filing a civil case shall, at the time of filing, notify the court administrator in writing of the name, address, and telephone number of all counsel and unrepresented parties. If known (see form 104 appended to these rules). If that information is not then known to the filing party, it shall be provided to the court administrator in writing by the filing party within seven days of learning it. Any party impleading additional parties shall provide the same information to the court administrator. The court administrator shall, upon receipt of the completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of filing the action and the file number assigned."

LIST ALL LAWYERS/PRO SE PARTIES INVOLVED IN THIS CASE.

## **LAWYERS FOR PLAINTIFF**

### *NAME OF PARTY*
Diocese of Winona- Rochester

### *ATTORNEY NAME (Not firm name)*
Thomas R. Braun                    Thomas Van Dusen (P30602)
Christopher W. Coon                Michelle Thurber Czapski (P47267)
                                   Amanda J. Frank (P76741)

### *ADDRESS*
Restovich Braun & Associates       Bodman PLC
117 East Center Street             201 West Big Beaver Road, Suite 500
Rochester, Minnesota  55904        Troy, MI 48084

### *PHONE NUMBER*
(507) 288-4840                     (248) 743-6000

### *MN Atty ID No.*
350631
0390083

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 85 of 430

Filed in Third Judicial District Court
7/18/2018 5:04 PM
Winona County, MN

## DEFENDANTS

| | |
|---|---|
| United States Fire Insurance Company<br>305 Madison Avenue<br>Morristown, NJ 07962; | Catalina Holdings U.K. Limited<br>1 Alie Street,<br>London, E1 8DE<br>United Kingdom |
| Certain Underwriters at Lloyd's, Mendes &<br>Mount<br>750 Seventh Avenue<br>New York, NY 10019 | Sompo Japan Nipponkoa Insurance Company<br>of Europe Limited<br>1st Floor, 6 Devonshire Square,<br>London, EC2M 4YE<br>United Kingdom |
| Interstate Fire & Casualty Company<br>33 West Monroe Street<br>Chicago IL 60603 | Dominion Insurance Co. Ltd.<br>Midas House, 2 Knoll Rise,<br>Orpington, BR6 0NX<br>United Kingdom |
| National Surety Corporation<br>225 W. Washington Street, Suite 1800<br>Chicago, IL 60606-3458 | CX Reinsurance Company Ltd.<br>1 Royal Exchange Avenue, Suite 306<br>London, EC3V 3LT<br>United Kingdom |
| Colonial Penn Insurance Company<br>399 Market Street<br>Philadelphia, PA 19181 | Strong Hold Insurance Co. Ltd.<br>Norwich Winterthur House, Rose Lane<br>Norwich, NR1 1JY<br>United Kingdom |
| St. Paul Surplus Lines Insurance Company<br>One Tower Square<br>Hartford, CT 06183 | Sphere Drake Insurance Limited<br>Park Gate,<br>Brighton BN1 6AU<br>United Kingdom |
| Northwestern National Insurance Company of<br>Milwaukee, Wisconsin<br>8200 Beckett Park Drive, Suite 201<br>West Chester, OH 45069 | St. Paul Fire and Marine Insurance Company<br>One Tower Square<br>Hartford, CT 06183 |
| Markel International Insurance Company<br>Limited<br>20 Fenchurch Street<br>London EC3M 3AZ<br>United Kingdom | Assicurazioni Generali SPA,<br>Piazza Duca degli Abruzzi,<br>2 P.O. Box 538 34132<br>Trieste, Italy |

2018.07.19 15:50:01
-05'00'

Filed Winona County District Court

State of Minnesota                                                    District Court
Winona County                                                        Third District

| Court File Number: **85-CV-18-1439** |
|---|

Case Type: Civil Other/Misc.

FILE COPY

**Notice of Case Filing and
Assignment**

---

**The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY,
Catalina Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount,
Sompo Japan Nipponkoa Insurance Company of Europe Limited, Interstate Fire &
Casualty Company et. al.**

Date Case Filed: **July 18, 2018**

Court file number **85-CV-18-1439** has been assigned to this matter. All future correspondence
must include this file number, the attorney identification number, and must otherwise conform to
format requirements or they WILL BE RETURNED. Correspondence and communication on
this matter should be directed to the following court address:

> **Winona County Court Administration
> 171 West Third Street
> Winona MN  55987**

Assigned to: **J Nancy L. Buytendorp**

If ADR applies, a list of neutrals is available at www.mncourts.gov (go to Alternative Dispute
Resolution) or at any court facility. Please direct all scheduling inquiries on this matter to
Assignment at (507)457-6386.

Dated: July 19, 2018                          Karrie Espinoza
                                              Court Administrator
                                              Winona County District Court

cc:  The Diocese of Winona-Rochester
     UNITED STATES FIRE INSURANCE COMPANY
     THOMAS RAYMOND BRAUN
     Catalina Holdings U.K. Limited
     Certain Underwriters at Lloyd's, Mendes & Mount

*85-CV-18-1439*

Sompo Japan Nipponkoa Insurance Company of Europe Limited
Interstate Fire & Casualty Company
Dominion Insurance CO LTD
National Surety Corporation
CX Reinsurance Company LTD
COLONIAL PENN INSURANCE COMPANY
Strong Hold Insurance CO LTD
ST Paul Surplus Lines Insurance Company
Sphere Drake Insurance Limited
Northwestern National Insurance Company of Milwaukee Wisconsin
ST Paul Fire and Marine Insurance Company
Markel International Insurance Company Limited
Assicurazioni Generali SPA

*85-CV-18-1439*

**FILED**

JUL 3 1 2018

DISTRICT COURT
WINONA COUNTY, MN



**COLONIAL PENN®**

---

Colonial Penn Life Insurance Company ● 399 Market Street ● Philadelphia, Pennsylvania 19181

Barbara Angelus                                    Telephone:  (215) 928-6428
Administrative Assistant                          Facsimile   (215) 928-6431
                                                  Email:      bangelus@colpenn.com

July 28, 2018                          *VIA FEDERAL EXPRESS MAIL*
                                       **Tracking No.:  7728 3423 7067**

Winona County Court Administration
171 West Third Street
Winona, Minnesota  55987

Attn:  J. Nancy L. Butytendorp

Re:    Diocese of Winona-Rochester v. United States Fire Insurance Company, et al.
       **Court File Number: 85-CV-18-1439**

Dear Ms. Buytendorp:

Colonial Penn Life Insurance Company is in receipt of your Notice of Case Filing and
Assignment filed on July 18, 2018 addressed to Colonial Penn Insurance Company regarding the
above-captioned matter.  Please be advised that there is no relationship between Colonial Penn
Insurance Company and Colonial Penn Life Insurance Company.  To the best of my knowledge,
**Colonial Penn Insurance Company** is now known as 21st Century Centennial Insurance
Company.  You may re-direct the attached to them located currently located at:

       **21st Century Centennial Insurance Company**
       **Legal Department**
       **3 Beaver Valley Road**
       **4th Floor**
       **Wilmington DE 19803**

Please be advised that Colonial Penn Life Insurance Company is not a party to the attached
Notice of Case Filing.

Very truly yours,

*Barbara Angelus*

Barbara Angelus

MyColonialPenn.com

Filed Winona County District Court

2018.07.31 10:15:42
-05'00'

| | |
|---|---|
| State of Minnesota | District Court |
| Winona County | Third District |

Court File Number: **85-CV-18-1439**

Case Type: Civil Other/Misc.

**FILE COPY**

**Notice of Case Filing and Assignment**

---

**The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY, Catalina Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount, Sompo Japan Nipponkoa Insurance Company of Europe Limited, Interstate Fire & Casualty Company et. al.**

Date Case Filed: **July 18, 2018**

Court file number **85-CV-18-1439** has been assigned to this matter. All future correspondence must include this file number, the attorney identification number, and must otherwise conform to format requirements or they WILL BE RETURNED. Correspondence and communication on this matter should be directed to the following court address:

> **Winona County Court Administration**
> **171 West Third Street**
> **Winona MN  55987**

Assigned to: **Judge Nancy L. Buytendorp**

If ADR applies, a list of neutrals is available at www.mncourts.gov (go to Alternative Dispute Resolution) or at any court facility. Please direct all scheduling inquiries on this matter to Assignment at 507-457-6386.

Dated: July 31, 2018

Karrie Espinoza
Court Administrator
Winona County District Court

cc:   21st Century Centennial Insurance Company

Filed in Third Judicial District Court
7/31/2018 2:05 PM
Winona County, MN

**STATE OF MINNESOTA**                           **DISTRICT COURT**

**COUNTY OF WINONA**                       **THIRD JUDICIAL DISTRICT**

Diocese of Winona-Rochester,                          Case Type: Other Civil
                                              Court File No.: 85-CV-18-1439
            Plaintiff,                             Judge: Nancy L. Buytendorp

        v.

                                          **DEFENDANT UNITED STATES FIRE**
United States Fire Insurance Company, a    **INSURANCE COMPANY'S NOTICE OF**
Delaware corporation; Certain Underwriters  **APPEARANCE OF AMY J.**
at Lloyd's, a foreign insurance syndicate;  **WOODWORTH**
Interstate Fire & Casualty Company, an
Illinois corporation; National Surety
Corporation, a Delaware corporation,
Colonial Penn Insurance Company, a
Pennsylvania corporation; St. Paul Surplus
Liens Insurance Company, a Delaware
corporation; Northwestern National
Insurance Company of Milwaukee,
Wisconsin, a Wisconsin corporation,
formerly Bellefonte Insurance Company, a
Kentucky corporation; Markel International
Insurance Company Limited, a U.K. Private
limited company, formerly Terra Nova
Insurance Co. Ltd., a U. K. private limited
company; Catalina Holdings U.K. Limited, a
private limited company, formerly Excess
Insurance Co. Ltd., a U. K. private limited
company; Sompo Japan Nipponkoa Insurance
Company of Europe Limited, a U. K. private
limited company, formerly Yasuda Fire and
Marine Insurance Co. (U.K.) Ltd., a U. K.
private limited company, Dominion
Insurance Co. Ltd., a U. K. private limited
company; CX Reinsurance Company Ltd., a
private limited company, formerly CNA
Reinsurance of London Ltd., a U.K. private
limited company; Strong Hold Insurance Co.
Ltd., a U. K. private limited company; Sphere
Drake Insurance PLC (N/K/A Sphere Drake
Insurance Limited), a U. K. public limited
company; St. Paul Fire and Marine Insurance
Company, a Minnesota corporation, formerly
St. Katherine Insurance Co. PLC, a U. K.

Filed in Third Judicial District Court
7/31/2018 2:05 PM
Winona County, MN

public limited company; Assicurazioni
Generali Spa, an Italy corporation,

             Defendants.

---

      The undersigned attorney hereby notifies the Court and counsel that Amy J.
Woodworth of Meagher & Geer, PLLP shall appear as counsel of record for Defendant
United States Fire Insurance Company.

Dated  July 31, 2018             By:   s/Amy J. Woodworth

                                         Amy J. Woodworth (#026166X)
                                         awoodworth@meagher.com
                                       Meagher & Geer, P.L.L.P.
                                       33 South Sixth Street, Suite 4400
                                       Minneapolis, MN  55402
                                       (612) 338-0661

                                       **Attorneys for United States Fire
                                       Insurance Company**

Filed in Third Judicial District Court
8/7/2018 1:39 PM
Winona County, MN

STATE OF MINNESOTA

COUNTY OF WINONA

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Diocese of Winona-Rochester,

Plaintiff,

v.

UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation; CERTAIN UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; NATIONAL SURETY CORPORATION, a Delaware corporation; COLONIAL PENN INSURANCE COMPANY, a Pennsylvania corporation; ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Delaware corporation; NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, a Wisconsin corporation, formerly BELLEFONTE INSURANCE COMPANY, a Kentucky corporation; MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company; CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company; SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company; DOMINION INSURANCE CO., LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE

Court File No. 85-CV-18-1439
Case Type: Civil Other/Misc.
Judge Nancy L. Buytendorp

**MOTION FOR ADMISSION OF PETER HORST *PRO HAC VICE***

Filed in Third Judicial District Court
8/7/2018 1:39 PM
Winona County, MN

CO. LTD., a U.K. private limited company;
SPHERE DRAKE INSURANCE PLC
(N/K/A SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited company;
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, a Minnesota
corporation, formerly ST. KATHERINE
INSURANCE CO. PLC, a U.K. public
limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation,

                    Defendants.

I, Gerald H. Bren, being sworn/affirmed under oath, states:

I, Gerald H. Bren, an active member in good standing of the bar of the State of

Minnesota, move that this Court admit *pro hac vice*, Peter Horst, an attorney admitted to practice

in the trial courts of the State of Illinois, but not admitted to the bar of this Court, who will be

counsel for the ( ) Plaintiffs (X) Defendants: Certain Underwriters at Lloyd's, London,

subscribing to Policies SL 3402, SL 3703, ISL 3087, ISL 3520, ISL 3822, ISL 4060, ISL 4282,

SL 3403, GHV 147/194, and ISL 4282 (incorrectly named in the Complaint as "CERTAIN

UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate"); RiverStone Insurance (UK)

Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston

Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own

behalf and as successor in interest to Markel International Insurance Company Limited

("Markel") (formerly Terra Nova Insurance Company Limited) under the terms of a transfer

under Part VII Financial Services and Markets Act 2000 with effect from 31 March 2017

(incorrectly named in the Complaint as "MARKEL INTERNATIONAL INSURANCE

COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA

INSURANCE CO. LTD., a U.K. private limited company"); Catalina Worthing Insurance Ltd

f/k/a HFPI (as Part VII transferee of (Excess Insurance Company Ltd and/or London &

Filed in Third Judicial District Court
8/7/2018 1:39 PM
Winona County, MN

Edinburgh Insurance Company Ltd as successor to London & Edinburgh General Insurance Company Ltd)) (incorrectly named in the Complaint as "CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company"); RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Sphere Drake Insurance Limited ("SDI") (formerly known as Odyssey Re (London) Limited, Sphere Drake Insurance Plc, Sphere Insurance Plc, Sphere Insurance Company Limited, The Sterling Insurance Company Limited and The Drake Insurance Company Limited ) in respect of business transferred by SDI to RIUK under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 31 December 2004 and 1 October 2005 (incorrectly named in the Complaint as "SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company"); Sompo Japan Nipponkoa Insurance Company of Europe Limited (formerly known as The Yasuda Fire & Marine Insurance Company of Europe Ltd. and also known as Yasuda Fire & Marine Insurance Company (U.K.)) (incorrectly named in the Complaint as "SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company"); Dominion Insurance Company Ltd. (incorrectly named in the Complaint as "DOMINION INSURANCE CO., LTD., a U.K. private limited company"); CX Reinsurance Company Ltd. (formerly known as CNA Reinsurance of London Ltd.) (incorrectly named in the Complaint as "CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company"); Stronghold

Filed in Third Judicial District Court
8/7/2018 1:39 PM
Winona County, MN

Insurance Company Limited (incorrectly named in the Complaint as "STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company"); and, Assicurazioni Generali S.p.A. (incorrectly named in the Complaint as "ASSICURAZIONI GENERALI SPA, an Italy corporation"), in this case.  I am aware that Rule 5 of the Minnesota General Rules of Practice requires me to (1) sign all pleadings in this case, (2) be present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

**FISHER BREN & SHERIDAN, LLP**

Dated: 8/7/18

By: _____
Gerald H. Bren (#174737)
920 Second Avenue South, Suite 975
Minneapolis, MN 55402
Telephone:  612-332-0100
Facsimile:  612-332-9951
gbren@fisherbren.com

ATTORNEY FOR DEFENDANTS AS SET
FORTH HEREIN

Filed in Third Judicial District Court
8/7/2018 1:39 PM
Winona County, MN

**Affidavit of Proposed Admittee**

STATE OF ILLINOIS          )
                           ) ss
COUNTY OF COOK             )

Peter Horst, being duly sworn, states the following under oath:

I am currently admitted to practice and in good standing in the trial courts of the following jurisdiction(s), but not admitted to the bar of this Court:

| State | License # | Status | Admission Date |
|-------|-----------|--------|----------------|
| Illinois | 6296762 | Active | Nov. 6, 2008 |

I understand that if this Court grants me admission pro hac vice, Rule 5 of the Minnesota General Rules of Practice requires the Minnesota lawyer bringing this Motion to (1) sign all pleadings in this case, (2) be present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

I also understand that Rule 5 of the Minnesota General Rules of Practice specifies that by appearing pursuant to that rule I am subject to the disciplinary rules and regulations governing Minnesota lawyers and that by applying to appear or appearing in any action I am subject to the jurisdiction of the Minnesota courts.

Dated:  8/3/18

Peter Horst (IL # 6296762)
Clyde & Co US LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603
Telephone:  312-635-7000
peter.horst@clydeco.us

Subscribed and sworn to before me this
3rd day of August, 2018.

_____
Notary Public

"OFFICIAL SEAL"
Va'Londa Richardson
Notary Public, State of Illinois
My Commission Expires 5/15/20

STATE OF MINNESOTA

COUNTY OF WINONA

Diocese of Winona-Rochester,

Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT LLOYD'S,
a foreign insurance syndicate; INTERSTATE
FIRE & CASUALTY COMPANY, an Illinois
corporation; NATIONAL SURETY
CORPORATION, a Delaware corporation;
COLONIAL PENN INSURANCE
COMPANY, a Pennsylvania corporation; ST.
PAUL SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a Wisconsin
corporation, formerly BELLEFONTE
INSURANCE COMPANY, a Kentucky
corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K.
private limited company, formerly TERRA
NOVA INSURANCE CO. LTD., a U.K.
private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE
CO. LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited company,
formerly YASUDA FIRE AND MARINE
INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO., LTD., a U.K. private
limited company; CX REINSURANCE
COMPANY LTD., a private limited company,
formerly CNA REINSURANCE OF
LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Court File No. 85-CV-18-1439
Case Type: Civil Other/Misc.
Judge Nancy L. Buytendorp

**PROPOSED ORDER**

CO. LTD., a U.K. private limited company;
SPHERE DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE LIMITED),
a U.K. public limited company; ST. PAUL
FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation,
formerly ST. KATHERINE INSURANCE
CO. PLC, a U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an Italy
corporation,

Defendants.

The foregoing Motion for Admission of Peter Horst *Pro Hac Vice* is hereby GRANTED.

Dated: _____          By: _____
                                   Judge of District Court

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF WINONA

THIRD JUDICIAL DISTRICT

Diocese of Winona-Rochester,

Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; COLONIAL PENN
INSURANCE COMPANY, a Pennsylvania
corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN
NATIONAL INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a Wisconsin
corporation, formerly BELLEFONTE
INSURANCE COMPANY, a Kentucky
corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K.
private limited company, formerly TERRA
NOVA INSURANCE CO. LTD., a U.K.
private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private
limited company, formerly EXCESS
INSURANCE CO. LTD., a U.K. private
limited company; SOMPO JAPAN
NIPPONKOA INSURANCE COMPANY OF
EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a
U.K. private limited company; DOMINION
INSURANCE CO., LTD., a U.K. private
limited company; CX REINSURANCE
COMPANY LTD., a private limited
company, formerly CNA REINSURANCE
OF LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE

Court File No. 85-CV-18-1439
Case Type: Civil Other/Misc.
Judge Nancy L. Buytendorp

**MOTION FOR ADMISSION OF
CATALINA J. SUGAYAN
*PRO HAC VICE***

CO. LTD., a U.K. private limited company;
SPHERE DRAKE INSURANCE PLC
(N/K/A SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited company;
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, a Minnesota
corporation, formerly ST. KATHERINE
INSURANCE CO. PLC, a U.K. public
limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation,

Defendants.

I, Gerald H. Bren, being sworn/affirmed under oath, states:

I, Gerald H. Bren, an active member in good standing of the bar of the State of

Minnesota, move that this Court admit pro hac vice, Catalina J. Sugayan, an attorney admitted to

practice in the trial courts of the State of Illinois, but not admitted to the bar of this Court, who

will be counsel for the ( ) Plaintiffs (X) Defendants: Certain Underwriters at Lloyd's, London,

subscribing to Policies SL 3402, SL 3703, ISL 3087, ISL 3520, ISL 3822, ISL 4060, ISL 4282,

SL 3403, GHV 147/194, and ISL 4282 (incorrectly named in the Complaint as "CERTAIN

UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate"); RiverStone Insurance (UK)

Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston

Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own

behalf and as successor in interest to Markel International Insurance Company Limited

("Markel") (formerly Terra Nova Insurance Company Limited) under the terms of a transfer

under Part VII Financial Services and Markets Act 2000 with effect from 31 March 2017

(incorrectly named in the Complaint as "MARKEL INTERNATIONAL INSURANCE

COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA

INSURANCE CO. LTD., a U.K. private limited company"); Catalina Worthing Insurance Ltd

f/k/a HFPI (as Part VII transferee of (Excess Insurance Company Ltd and/or London &

Edinburgh Insurance Company Ltd as successor to London & Edinburgh General Insurance Company Ltd)) (incorrectly named in the Complaint as "CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company"); RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Sphere Drake Insurance Limited ("SDI") (formerly known as Odyssey Re (London) Limited, Sphere Drake Insurance Plc, Sphere Insurance Plc, Sphere Insurance Company Limited, The Sterling Insurance Company Limited and The Drake Insurance Company Limited ) in respect of business transferred by SDI to RIUK under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 31 December 2004 and 1 October 2005 (incorrectly named in the Complaint as "SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company"); Sompo Japan Nipponkoa Insurance Company of Europe Limited (formerly known as The Yasuda Fire & Marine Insurance Company of Europe Ltd. and also known as Yasuda Fire & Marine Insurance Company (U.K.)) (incorrectly named in the Complaint as "SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company"); Dominion Insurance Company Ltd. (incorrectly named in the Complaint as "DOMINION INSURANCE CO., LTD., a U.K. private limited company"); CX Reinsurance Company Ltd. (formerly known as CNA Reinsurance of London Ltd.) (incorrectly named in the Complaint as "CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company"); Stronghold

Insurance Company Limited (incorrectly named in the Complaint as "STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company"); and, Assicurazioni Generali S.p.A. (incorrectly named in the Complaint as "ASSICURAZIONI GENERALI SPA, an Italy corporation"), in this case.  I am aware that Rule 5 of the Minnesota General Rules of Practice requires me to (1) sign all pleadings in this case, (2) be present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

FISHER BREN & SHERIDAN, LLP

Dated: 8/7/18

By: _____
Gerald H. Bren (#174737)
920 Second Avenue South, Suite 975
Minneapolis, MN 55402
Telephone: 612-332-0100
Facsimile: 612-332-9951
gbren@fisherbren.com

ATTORNEY FOR DEFENDANTS AS SET
FORTH HEREIN

4364962

**Affidavit of Proposed Admittee**

STATE OF ILLINOIS      )
                       ) ss
COUNTY OF COOK         )

Catalina J. Sugayan, being duly sworn, states the following under oath:

I am currently admitted to practice and in good standing in the trial courts of the following jurisdiction(s), but not admitted to the bar of this Court:

| State | License # | Status | Admission Date |
|-------|-----------|--------|----------------|
| Illinois | 6191764 | Active | November 7, 1985 |

I understand that if this Court grants me admission pro hac vice, Rule 5 of the Minnesota General Rules of Practice requires the Minnesota lawyer bringing this Motion to (1) sign all pleadings in this case, (2) be present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

I also understand that Rule 5 of the Minnesota General Rules of Practice specifies that by appearing pursuant to that rule I am subject to the disciplinary rules and regulations governing Minnesota lawyers and that by applying to appear or appearing in any action I am subject to the jurisdiction of the Minnesota courts.

Dated: August 7, 2018

Catalina J. Sugayan (IL ID # 6191764)
Clyde & Co US LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603
Telephone: 312-635-7000
Catalina.Sugayan@clydeco.us

Subscribed and sworn to before me this
7ᵗʰ day of August, 2018.

Notary Public

"OFFICIAL SEAL"
Va'Londa Richardson
Notary Public, State of Illinois
My Commission Expires 5/15/20

STATE OF MINNESOTA

COUNTY OF WINONA

Diocese of Winona-Rochester,

        Plaintiff,

v.

UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation; CERTAIN UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; NATIONAL SURETY CORPORATION, a Delaware corporation; COLONIAL PENN INSURANCE COMPANY, a Pennsylvania corporation; ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Delaware corporation; NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, a Wisconsin corporation, formerly BELLEFONTE INSURANCE COMPANY, a Kentucky corporation; MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company; CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company; SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company; DOMINION INSURANCE CO., LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Court File No. 85-CV-18-1439
Case Type: Civil Other/Misc.
Judge Nancy L. Buytendorp

**PROPOSED ORDER**

CO. LTD., a U.K. private limited company;
SPHERE DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE LIMITED),
a U.K. public limited company; ST. PAUL
FIRE    AND    MARINE    INSURANCE
COMPANY,    a    Minnesota    corporation,
formerly ST. KATHERINE INSURANCE
CO. PLC, a U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an Italy
corporation,

           Defendants.

The foregoing Motion for Admission of Catalina J. Sugayan *Pro Hac Vice* is hereby

GRANTED.

Dated: _____

By: _____
Judge of District Court

STATE OF MINNESOTA

COUNTY OF WINONA

Diocese of Winona-Rochester,

        Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; COLONIAL PENN
INSURANCE COMPANY, a Pennsylvania
corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN
NATIONAL INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a Wisconsin
corporation, formerly BELLEFONTE
INSURANCE COMPANY, a Kentucky
corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K.
private limited company, formerly TERRA
NOVA INSURANCE CO. LTD., a U.K.
private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private
limited company, formerly EXCESS
INSURANCE CO. LTD., a U.K. private
limited company; SOMPO JAPAN
NIPPONKOA INSURANCE COMPANY OF
EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a
U.K. private limited company; DOMINION
INSURANCE CO., LTD., a U.K. private
limited company; CX REINSURANCE
COMPANY LTD., a private limited
company, formerly CNA REINSURANCE
OF LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Court File No. 85-CV-18-1439
Case Type: Civil Other/Misc.
Judge Nancy L. Buytendorp

**MOTION FOR ADMISSION OF
ROBERT E. SWEENEY, JR.
*PRO HAC VICE***

CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation,

Defendants.

I, Gerald H. Bren, being sworn/affirmed under oath, states:

I, Gerald H. Bren, an active member in good standing of the bar of the State of Minnesota, move that this Court admit *pro hac vice*, Robert E. Sweeney, Jr., an attorney admitted to practice in the trial courts of the State of Illinois, but not admitted to the bar of this Court, who will be counsel for the ( ) Plaintiffs (X) Defendants: Certain Underwriters at Lloyd's, London, subscribing to Policies SL 3402, SL 3703, ISL 3087, ISL 3520, ISL 3822, ISL 4060, ISL 4282, SL 3403, GHV 147/194, and ISL 4282 (incorrectly named in the Complaint as "CERTAIN UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate"); RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Markel International Insurance Company Limited ("Markel") (formerly Terra Nova Insurance Company Limited) under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 31 March 2017 (incorrectly named in the Complaint as "MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company"); Catalina Worthing Insurance Ltd f/k/a HFPI (as Part VII transferee of (Excess Insurance Company Ltd and/or

London & Edinburgh Insurance Company Ltd as successor to London & Edinburgh General Insurance Company Ltd)) (incorrectly named in the Complaint as "CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company"); RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Sphere Drake Insurance Limited ("SDI") (formerly known as Odyssey Re (London) Limited, Sphere Drake Insurance Plc, Sphere Insurance Plc, Sphere Insurance Company Limited, The Sterling Insurance Company Limited and The Drake Insurance Company Limited ) in respect of business transferred by SDI to RIUK under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 31 December 2004 and 1 October 2005 (incorrectly named in the Complaint as "SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company"); Sompo Japan Nipponkoa Insurance Company of Europe Limited (formerly known as The Yasuda Fire & Marine Insurance Company of Europe Ltd. and also known as Yasuda Fire & Marine Insurance Company (U.K.)) (incorrectly named in the Complaint as "SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company"); Dominion Insurance Company Ltd. (incorrectly named in the Complaint as "DOMINION INSURANCE CO., LTD., a U.K. private limited company"); CX Reinsurance Company Ltd. (formerly known as CNA Reinsurance of London Ltd.) (incorrectly named in the Complaint as "CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company"); Stronghold

Insurance Company Limited (incorrectly named in the Complaint as "STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company"); and, Assicurazioni Generali S.p.A. (incorrectly named in the Complaint as "ASSICURAZIONI GENERALI SPA, an Italy corporation"), in this case. I am aware that Rule 5 of the Minnesota General Rules of Practice requires me to (1) sign all pleadings in this case, (2) be present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

**FISHER BREN & SHERIDAN, LLP**

Dated: 8 | 7 | 18

By: _____
Gerald H. Bren (#174737)
920 Second Avenue South, Suite 975
Minneapolis, MN 55402
Telephone: 612-332-0100
Facsimile: 612-332-9951
gbren@fisherbren.com

ATTORNEY FOR DEFENDANTS AS SET FORTH HEREIN

**Affidavit of Proposed Admittee**

STATE OF ILLINOIS     )
                            ) ss

COUNTY OF COOK     )

Robert E. Sweeney, Jr., being duly sworn, states the following under oath:

I am currently admitted to practice and in good standing in the trial courts of the following jurisdiction(s), but not admitted to the bar of this Court:

| State | License # | Status | Admission Date |
|-------|-----------|--------|----------------|
| Illinois | 3128528 | Active | October 29, 1980 |

I understand that if this Court grants me admission pro hac vice, Rule 5 of the Minnesota General Rules of Practice requires the Minnesota lawyer bringing this Motion to (1) sign all pleadings in this case, (2) be present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

I also understand that Rule 5 of the Minnesota General Rules of Practice specifies that by appearing pursuant to that rule I am subject to the disciplinary rules and regulations governing Minnesota lawyers and that by applying to appear or appearing in any action I am subject to the jurisdiction of the Minnesota courts.

Dated: August 7, 2018

Robert E. Sweeney, Jr. (IL ID # 3128528)
Clyde & Co US LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603
Telephone: 312-635-7000
Catalina.Sugayan@clydeco.us

Subscribed and sworn to before me this
7th day of August, 2018.

Notary Public

OFFICIAL SEAL
CONSTANCE J WEST
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 08/20/20

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF WINONA

THIRD JUDICIAL DISTRICT

Diocese of Winona-Rochester,

Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT LLOYD'S,
a foreign insurance syndicate; INTERSTATE
FIRE & CASUALTY COMPANY, an Illinois
corporation; NATIONAL SURETY
CORPORATION, a Delaware corporation;
COLONIAL PENN INSURANCE
COMPANY, a Pennsylvania corporation; ST.
PAUL SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a Wisconsin
corporation, formerly BELLEFONTE
INSURANCE COMPANY, a Kentucky
corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K.
private limited company, formerly TERRA
NOVA INSURANCE CO. LTD., a U.K.
private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE
CO. LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited company,
formerly YASUDA FIRE AND MARINE
INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO., LTD., a U.K. private
limited company; CX REINSURANCE
COMPANY LTD., a private limited company,
formerly CNA REINSURANCE OF
LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE

Court File No. 85-CV-18-1439
Case Type: Civil Other/Misc.
Judge Nancy L. Buytendorp

**PROPOSED ORDER**

CO. LTD., a U.K. private limited company;
SPHERE DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE LIMITED),
a U.K. public limited company; ST. PAUL
FIRE    AND    MARINE    INSURANCE
COMPANY,   a   Minnesota   corporation,
formerly ST. KATHERINE INSURANCE
CO. PLC, a U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an Italy
corporation,

              Defendants.

      The foregoing Motion for Admission of Robert E. Sweeney, Jr. *Pro Hac Vice* is hereby

GRANTED.


Dated: _____          By: _____
                                        Judge of District Court

Electronically Served
8/8/2018 1:25 PM
Winona County, MN

**2018.08.08
13:22:58 -05'00'**

Filed Winona County District Court

State of Minnesota                                          District Court
Winona County                                              Third District

| Court File Number: **85-CV-18-1439** |
| --- |

Case Type: Civil Other/Misc.

FILE COPY

**Notice of:**

| X | **Filing of Order** |
| --- | --- |
|   | **Entry of Judgment** |
|   | **Docketing of Judgment** |

---

The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY, Catalina
Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount, Sompo Japan Nipponkoa
Insurance Company of Europe Limited, Interstate Fire & Casualty Company et. al.

You are hereby notified that the following occurred regarding the above-entitled matter:

| X | An Order was filed on August 08, 2018. |
| --- | --- |
|   | Judgment was entered on . |
|   | You are notified that judgment was docketed on |

at  in the amount of $. Costs and interest will accrue on this amount from the
date of entry until the judgment is satisfied in full.

Dated: August 8, 2018                    Karrie Espinoza
                                         Court Administrator
                                         Winona County District Court
                                         171 West Third Street
                                         Winona MN  55987
                                         507-457-6385

cc:   THOMAS RAYMOND BRAUN
      AMY J WOODWORTH
      GERALD H BREN

A true and correct copy of this Notice has been served pursuant to Minnesota Rules of Civil Procedure,
Rule 77.04.

STATE OF MINNESOTA

COUNTY OF WINONA

Diocese of Winona-Rochester,

Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT LLOYD'S,
a foreign insurance syndicate; INTERSTATE
FIRE & CASUALTY COMPANY, an Illinois
corporation; NATIONAL SURETY
CORPORATION, a Delaware corporation;
COLONIAL PENN INSURANCE
COMPANY, a Pennsylvania corporation; ST.
PAUL SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a Wisconsin
corporation, formerly BELLEFONTE
INSURANCE COMPANY, a Kentucky
corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K.
private limited company, formerly TERRA
NOVA INSURANCE CO. LTD., a U.K.
private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE
CO. LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited company,
formerly YASUDA FIRE AND MARINE
INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO., LTD., a U.K. private
limited company; CX REINSURANCE
COMPANY LTD., a private limited company,
formerly CNA REINSURANCE OF
LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Court File No. 85-CV-18-1439
Case Type: Civil Other/Misc.
Judge Nancy L. Buytendorp

**PROPOSED ORDER**

CO. LTD., a U.K. private limited company;
SPHERE DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE LIMITED),
a U.K. public limited company; ST. PAUL
FIRE    AND    MARINE    INSURANCE
COMPANY,    a    Minnesota    corporation,
formerly ST. KATHERINE INSURANCE
CO. PLC, a U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an Italy
corporation,

                  Defendants.

      The foregoing Motion for Admission of Robert E. Sweeney, Jr. *Pro Hac Vice* is hereby

GRANTED.

08/08/2018 09:24:29 AM

Dated: _____

By: _____
Judge of District Court

Electronically Served
8/8/2018 12:36 PM
Winona County, MN

Filed in Winona County District Court

**2018.08.08
12:34:26 -05'00'**

State of Minnesota                                        District Court
Winona County                                            Third District

| Court File Number: **85-CV-18-1439** |
| --- |

Case Type: Civil Other/Misc.

FILE COPY

**Notice of:**

| X | **Filing of Order** |
| --- | --- |
|  | **Entry of Judgment** |
|  | **Docketing of Judgment** |

The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY, Catalina Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount, Sompo Japan Nipponkoa Insurance Company of Europe Limited, Interstate Fire & Casualty Company et. al.

You are hereby notified that the following occurred regarding the above-entitled matter:

| X | An Order was filed on August 08, 2018. |
| --- | --- |
|  | Judgment was entered on . |
|  | You are notified that judgment was docketed on |

at  in the amount of $. Costs and interest will accrue on this amount from the date of entry until the judgment is satisfied in full.

Dated: August 8, 2018                    Karrie Espinoza
                                          Court Administrator
                                          Winona County District Court
                                          171 West Third Street
                                          Winona MN  55987
                                          507-457-6385

cc:   THOMAS RAYMOND BRAUN
       AMY J WOODWORTH
       GERALD H BREN

A true and correct copy of this Notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

STATE OF MINNESOTA

COUNTY OF WINONA

Diocese of Winona-Rochester,

Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT LLOYD'S,
a foreign insurance syndicate; INTERSTATE
FIRE & CASUALTY COMPANY, an Illinois
corporation; NATIONAL SURETY
CORPORATION, a Delaware corporation;
COLONIAL PENN INSURANCE
COMPANY, a Pennsylvania corporation; ST.
PAUL SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a Wisconsin
corporation, formerly BELLEFONTE
INSURANCE COMPANY, a Kentucky
corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K.
private limited company, formerly TERRA
NOVA INSURANCE CO. LTD., a U.K.
private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE
CO. LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited company,
formerly YASUDA FIRE AND MARINE
INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO., LTD., a U.K. private
limited company; CX REINSURANCE
COMPANY LTD., a private limited company,
formerly CNA REINSURANCE OF
LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Court File No. 85-CV-18-1439
Case Type: Civil Other/Misc.
Judge Nancy L. Buytendorp

**PROPOSED ORDER**

CO. LTD., a U.K. private limited company;
SPHERE DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE LIMITED),
a U.K. public limited company; ST. PAUL
FIRE   AND   MARINE   INSURANCE
COMPANY,   a   Minnesota   corporation,
formerly ST. KATHERINE INSURANCE
CO. PLC, a U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an Italy
corporation,

        Defendants.

The foregoing Motion for Admission of Catalina J. Sugayan *Pro Hac Vice* is hereby

GRANTED.

08/08/2018 09:17:29 AM

Dated: _____     By: _____

                                  Judge of District Court

Electronically Served
8/9/2018 1:25 PM
Winona County, MN

85-CV-18-1439

**2018.08.08**

**13:22:58 -05'00'**

Filed Winona County District Court

State of Minnesota
Winona County

District Court
Third District

Court File Number: **85-CV-18-1439**

Case Type: Civil Other/Misc.

**Notice of:**

| X | **Filing of Order** |
| | **Entry of Judgment** |
| | **Docketing of Judgment** |

FILE COPY

The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY, Catalina
Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount, Sompo Japan Nipponkoa
Insurance Company of Europe Limited, Interstate Fire & Casualty Company et. al.

You are hereby notified that the following occurred regarding the above-entitled matter:

| X | An Order was filed on August 08, 2018. |
| | Judgment was entered on . |
| | You are notified that judgment was docketed on |

at in the amount of $. Costs and interest will accrue on this amount from the
date of entry until the judgment is satisfied in full.

Dated: August 8, 2018

Karrie Espinoza
Court Administrator
Winona County District Court
171 West Third Street
Winona MN -55987
507-457-6385

cc:   THOMAS RAYMOND BRAUN
      AMY J WOODWORTH
      GERALD H BREN

A true and correct copy of this Notice has been served pursuant to Minnesota Rules of Civil Procedure,
Rule 77.04.

MNCIS-CIV-142        STATE        Notice        Rev. 09/2013

Electronically Served
8/9/2018 12:36 PM
Winona County, MN

85-CV-18-1439

Filed in Third Judicial District Court
August 8, 2018
Winona County, MN

STATE OF MINNESOTA

COUNTY OF WINONA

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Diocese of Winona-Rochester,

Plaintiff,

v.

Court File No. 85-CV-18-1439
Case Type: Civil Other/Misc.
Judge Nancy L. Buytendorp

PROPOSED ORDER

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT LLOYDS,
a foreign insurance syndicate; INTERSTATE
FIRE & CASUALTY COMPANY, an Illinois
corporation; NATIONAL SURETY
CORPORATION, a Delaware corporation;
COLONIAL PENN INSURANCE
COMPANY, a Pennsylvania corporation; ST.
PAUL SURPLUS LINES INSURANCE
COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL
INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a Wisconsin
corporation, formerly BELLEFONTE
INSURANCE COMPANY, a Kentucky
corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K.
private limited company, formerly TERRA
NOVA INSURANCE CO. LTD., a U.K.
private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE
CO. LTD., a U.K. private limited company;
SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE
LIMITED, a U.K. private limited company,
formerly YASUDA FIRE AND MARINE
INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO., LTD., a U.K. private
limited company; CX REINSURANCE
COMPANY LTD., a private limited company,
formerly CNA REINSURANCE OF
LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE

85-CV-18-1439

CO. LTD., a U.K. private limited company;
SPHERE DRAKE INSURANCE PLC (N/K/A
SPHERE DRAKE INSURANCE LIMITED),
a U.K. public limited company; ST. PAUL
FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation,
formerly ST. KATHERINE INSURANCE
CO. PLC, a U.K. public limited company;
ASSICURAZIONI GENERALI SPA, an Italy
corporation,

Defendants.

The foregoing Motion for Admission of Peter Horst *Pro Hac Vice* is hereby GRANTED.
08/06/2018 08:23:41 AM

By: _____
Judge of District Court

Dated: _____

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document       Page 122 of 430

Filed in Third Judicial District Court
8/10/2018 12:24 PM
Winona County, MN

STATE OF MINNESOTA

COUNTY OF WINONA

DISTRICT COURT

THIRD JUDICIAL DISTRICT

CASE TYPE: Civil Other/Misc.

---

Diocese of Winona-Rochester,

        Plaintiff,

v.

United States Fire Insurance, et al.,

        Defendants.

---

COURT FILE NO.: 85-CV-18-1439
Honorable Nancy L. Buytendorp

**NOTICE OF APPEARANCE**

---

Charles E. Jones, Esq., of Moss & Barnett, A Professional Association, hereby enters his appearance in this case for Defendant National Surety Corporation.

MOSS & BARNETT
A Professional Association

Dated: August 10, 2018

By *s/Charles E. Jones*
    Charles E. Jones (WI #1100262)
150 South Fifth Street, Suite 1200
Minneapolis  MN  55402
Telephone:  (612) 877-5000
Charles.Jones@lawmoss.com
ATTORNEYS FOR DEFENDANTS

4161698v1

Electronically Served
8/20/2018 12:19 PM
Winona County, MN

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 123 of 430

Filed in Third Judicial District Court
8/16/2018 11:53 AM
Winona County, MN

STATE OF MINNESOTA

COUNTY OF WINONA

Diocese of Winona-Rochester,

    Plaintiff,

v.

United States Fire Insurance Company, a
Delaware corporation; Certain Underwriters
at Lloyd's, a foreign insurance syndicate;
Interstate Fire & Casualty Company, an
Illinois corporation; National Surety
Corporation, a Delaware corporation;
21st Century Centennial Insurance Company
(f/k/a Colonial Penn Insurance Company), a
Pennsylvania corporation; St. Paul Surplus
Liens Insurance Company, a Delaware
corporation; Northwestern National Insurance
Company of Milwaukee, Wisconsin, a
Wisconsin corporation, formerly Bellefonte
Insurance Company, a Kentucky corporation;
Markel International Insurance Company
Limited, a U.K. Private limited company,
formerly Terra Nova Insurance Co. Ltd., a U.
K. private limited company; Catalina
Holdings U.K. Limited, a private limited
company, formerly Excess Insurance Co.
Ltd., a U. K. private limited company; Sompo
Japan Nipponkoa Insurance Company of
Europe Limited, a U. K. private limited
company, formerly Yasuda Fire and Marine
Insurance Co. (U.K.) Ltd., a U. K. private
limited company, Dominion Insurance Co.
Ltd., a U. K. private limited company; CX
Reinsurance Company Ltd., a private limited
company, formerly CNA Reinsurance of
London Ltd., a U.K. private limited
company; Strong Hold Insurance Co. Ltd., a
U. K. private limited company; Sphere Drake
Insurance PLC (N/K/A Sphere Drake
Insurance Limited), a U. K. public limited
company; St. Paul Fire and Marine Insurance
Company, a Minnesota corporation, formerly
St. Katherine Insurance Co. PLC, a U. K.
public limited company; Assicurazioni
Generali Spa, an Italy corporation,

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Case Type:  Other Civil
Court File No.:  85-CV-18-1439
Judge:  Nancy L. Buytendorp

MOTION FOR ADMISSION OF
PAMELA J. TILLMAN PRO HAC VICE

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
                Document        Page 124 of 430

Filed in Third Judicial District Court
8/16/2018 11:53 AM
Winona County, MN

Defendants.

I, Amy J. Woodworth, an active member in good standing of the bar of the State of

Minnesota, move that this Court admit pro hac vice Pamela J. Tillman, an attorney admitted to

practice in the trial courts of Wisconsin, but not admitted to the bar of this Court, who will be

counsel for the Defendant United States Fire Insurance Company in this case.  I am aware that

Rule 5 of the Minnesota General Rules of Practice requires me to (1) sign all pleadings in this

case, (2) be present in person or by telephone at the proceeding at which this Motion is heard,

and (3) be present in person or by telephone at all subsequent proceedings in this case unless the

Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

I declare under penalty of perjury that everything I have stated in this document is true and

correct.  Minn. Stat. § 358.116.

Dated: August ___16___, 2018          By: _____

Amy J. Woodworth (#026166X)
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis MN 55402
(612)-338-0661
awoodworth@meagher.com

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 125 of 430

Filed in Third Judicial District Court
8/16/2018 11:53 AM
Winona County, MN

### Affidavit of Proposed Admittee

I, Pamela J. Tillman, am currently admitted to practice and in good standing in the trial courts of the following jurisdictions, but not admitted to the bar of this Court:

| State | License # | Status | Admission Date |
|-------|-----------|--------|----------------|
| Wisconsin | 1030518 | Good Standing | May 2000 |

I understand that if this Court grants me admission pro hac vice, Rule 5 of the Minnesota General Rules of Practice requires the Minnesota lawyer bringing this Motion to (1) sign all pleadings in this case, (2) be present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

I also understand that Rule 5 of the Minnesota General Rules of Practice specifies that by appearing pursuant to that rule I am subject to the disciplinary rules and regulations governing Minnesota lawyers and that by applying to appear or appearing in any action I am subject to the jurisdiction of the Minnesota courts.

I declare under penalty of perjury that everything I have stated in this document is true and correct.  Minn. Stat. § 358.116.

Dated:  August 15, 2018

By:  _____
Pamela J Tillman (WI # 1030518)
Meissner Tierney Fisher & Nichols S.C.
111 East Kilbourn Avenue, 19th Floor
Milwaukee WI 53202
(414) 273-1300
pjt@mtfn.com

Subscribed and sworn to before me
this 15th day of August, 2018.

_____
Notary Public, State of Wisconsin
My commission expires 8/22/2020

YVONNE M.
DETERT
NOTARY PUBLIC
STATE OF WISCONSIN

85-CV-18-1439

Electronically Served
8/20/2018 12:19 PM
Winona County, MN

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 126 of 430

Filed in Third Judicial District Court
8/16/2018 11:53 AM
Winona County, MN

STATE OF MINNESOTA

COUNTY OF WINONA

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Diocese of Winona-Rochester,

Plaintiff,

v.

United States Fire Insurance Company, a
Delaware corporation; Certain Underwriters
at Lloyd's, a foreign insurance syndicate;
Interstate Fire & Casualty Company, an
Illinois corporation; National Surety
Corporation, a Delaware corporation;
21st Century Centennial Insurance Company
(f/k/a Colonial Penn Insurance Company), a
Pennsylvania corporation; St. Paul Surplus
Liens Insurance Company, a Delaware
corporation; Northwestern National Insurance
Company of Milwaukee, Wisconsin, a
Wisconsin corporation, formerly Bellefonte
Insurance Company, a Kentucky corporation;
Markel International Insurance Company
Limited, a U.K. Private limited company,
formerly Terra Nova Insurance Co. Ltd., a U.
K. private limited company; Catalina
Holdings U.K. Limited, a private limited
company, formerly Excess Insurance Co.
Ltd., a U. K. private limited company; Sompo
Japan Nipponkoa Insurance Company of
Europe Limited, a U. K. private limited
company, formerly Yasuda Fire and Marine
Insurance Co. (U.K.) Ltd., a U. K. private
limited company, Dominion Insurance Co.
Ltd., a U. K. private limited company; CX
Reinsurance Company Ltd., a private limited
company, formerly CNA Reinsurance of
London Ltd., a U.K. private limited
company; Strong Hold Insurance Co. Ltd., a
U. K. private limited company; Sphere Drake
Insurance PLC (N/K/A Sphere Drake
Insurance Limited), a U. K. public limited
company; St. Paul Fire and Marine Insurance
Company, a Minnesota corporation, formerly

Case Type: Other Civil
Court File No.: 85-CV-18-1439
Judge: Nancy L. Buytendorp

MOTION FOR ADMISSION OF
MICHAEL J. COHEN PRO HAC VICE

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
                Document       Page 127 of 430

Filed in Third Judicial District Court
8/16/2018 11:53 AM
Winona County, MN

St. Katherine Insurance Co. PLC, a U. K.
public limited company; Assicurazioni
Generali Spa, an Italy corporation,

      Defendants.

---

I, Amy J. Woodworth, an active member in good standing of the bar of the State of

Minnesota, move that this Court admit pro hac vice Michael J. Cohen, an attorney admitted to

practice in the trial courts of Wisconsin, but not admitted to the bar of this Court, who will be

counsel for the Defendant United States Fire Insurance Company in this case. I am aware that

Rule 5 of the Minnesota General Rules of Practice requires me to (1) sign all pleadings in this

case, (2) be present in person or by telephone at the proceeding at which this Motion is heard,

and (3) be present in person or by telephone at all subsequent proceedings in this case unless the

Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

I declare under penalty of perjury that everything I have stated in this document is true and

correct. Minn. Stat. § 358.116.

Dated  8/16/18

By: _____
    Amy J. Woodworth (#026166X)
    Meagher & Geer, PLLP
    33 South Sixth Street, Suite 4400
    Minneapolis MN 55402
    (612)-338-0661
    awoodworth@meagher.com

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
                    Document        Page 128 of 430

Filed in Third Judicial District Court
8/16/2018 11:53 AM
Winona County, MN

### Affidavit of Proposed Admittee

I, Michael J. Cohen, am currently admitted to practice and in good standing in the trial

courts of the following jurisdictions, but not admitted to the bar of this Court:

| State | License # | Status | Admission Date |
|-------|-----------|--------|----------------|
| Wisconsin | 1017787 | Good Standing | May 1986 |

I understand that if this Court grants me admission pro hac vice, Rule 5 of the Minnesota

General Rules of Practice requires the Minnesota lawyer bringing this Motion to (1) sign all

pleadings in this case, (2) be present in person or by telephone at the proceeding at which this

Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this

case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota

counsel.

I also understand that Rule 5 of the Minnesota General Rules of Practice specifies that by

appearing pursuant to that rule I am subject to the disciplinary rules and regulations governing

Minnesota lawyers and that by applying to appear or appearing in any action I am subject to the

jurisdiction of the Minnesota courts.

I declare under penalty of perjury that everything I have stated in this document is true and

correct.  Minn. Stat. § 358.116.

Dated:  August 15, 2018

By: _____

Michael J. Cohen (WI #1017787)
Meissner Tierney Fisher & Nichols S.C.
111 East Kilbourn Avenue, 19th Floor
Milwaukee WI 53202
(414) 273-1300
mjc@mtfn.com

Subscribed and sworn to before me
this 15th day of August, 2018.

_____
Notary Public, State of Wisconsin
My commission expires 8/22/2020

YVONNE M. DETERT
NOTARY PUBLIC
STATE OF WISC

**STATE OF MINNESOTA**                           **DISTRICT COURT**

**COUNTY OF WINONA**                    **THIRD JUDICIAL DISTRICT**

Diocese of Winona-Rochester,                    Case Type:  Other Civil
                                        Court File No.:  85-CV-18-1439
            Plaintiff,                    Judge:  Nancy L. Buytendorp

        v.                              **PROPOSED ORDER**

United States Fire Insurance Company, a
Delaware corporation; Certain Underwriters
at Lloyd's, a foreign insurance syndicate;
Interstate Fire & Casualty Company, an
Illinois corporation; National Surety
Corporation, a Delaware corporation,
Colonial Penn Insurance Company, a
Pennsylvania corporation; St. Paul Surplus
Liens Insurance Company, a Delaware
corporation; Northwestern National Insurance
Company of Milwaukee, Wisconsin, a
Wisconsin corporation, formerly Bellefonte
Insurance Company, a Kentucky corporation;
Markel International Insurance Company
Limited, a U.K. Private limited company,
formerly Terra Nova Insurance Co. Ltd., a U.
K. private limited company; Catalina
Holdings U.K. Limited, a private limited
company, formerly Excess Insurance Co.
Ltd., a U. K. private limited company; Sompo
Japan Nipponkoa Insurance Company of
Europe Limited, a U. K. private limited
company, formerly Yasuda Fire and Marine
Insurance Co. (U.K.) Ltd., a U. K. private
limited company, Dominion Insurance Co.
Ltd., a U. K. private limited company; CX
Reinsurance Company Ltd., a private limited
company, formerly CNA Reinsurance of
London Ltd., a U.K. private limited
company; Strong Hold Insurance Co. Ltd., a
U. K. private limited company; Sphere Drake
Insurance PLC (N/K/A Sphere Drake
Insurance Limited), a U. K. public limited
company; St. Paul Fire and Marine Insurance
Company, a Minnesota corporation, formerly
St. Katherine Insurance Co. PLC, a U. K.

public limited company; Assicurazioni
Generali Spa, an Italy corporation,

             Defendants.

---

The Motion for Admission of Michael J. Cohen Pro Hac Vice is hereby GRANTED.

Dated                                           By: _____
                                                     Judge of District Court

**STATE OF MINNESOTA**                              **DISTRICT COURT**

**COUNTY OF WINONA**                        **THIRD JUDICIAL DISTRICT**

Diocese of Winona-Rochester,                          Case Type:  Other Civil

                                                Court File No.:  85-CV-18-1439

              Plaintiff,                          Judge:  Nancy L. Buytendorp

      v.                                         **PROPOSED ORDER**

United States Fire Insurance Company, a
Delaware corporation; Certain Underwriters
at Lloyd's, a foreign insurance syndicate;
Interstate Fire & Casualty Company, an
Illinois corporation; National Surety
Corporation, a Delaware corporation,
Colonial Penn Insurance Company, a
Pennsylvania corporation; St. Paul Surplus
Liens Insurance Company, a Delaware
corporation; Northwestern National Insurance
Company of Milwaukee, Wisconsin, a
Wisconsin corporation, formerly Bellefonte
Insurance Company, a Kentucky corporation;
Markel International Insurance Company
Limited, a U.K. Private limited company,
formerly Terra Nova Insurance Co. Ltd., a U.
K. private limited company; Catalina
Holdings U.K. Limited, a private limited
company, formerly Excess Insurance Co.
Ltd., a U. K. private limited company; Sompo
Japan Nipponkoa Insurance Company of
Europe Limited, a U. K. private limited
company, formerly Yasuda Fire and Marine
Insurance Co. (U.K.) Ltd., a U. K. private
limited company, Dominion Insurance Co.
Ltd., a U. K. private limited company; CX
Reinsurance Company Ltd., a private limited
company, formerly CNA Reinsurance of
London Ltd., a U.K. private limited
company; Strong Hold Insurance Co. Ltd., a
U. K. private limited company; Sphere Drake
Insurance PLC (N/K/A Sphere Drake
Insurance Limited), a U. K. public limited
company; St. Paul Fire and Marine Insurance
Company, a Minnesota corporation, formerly
St. Katherine Insurance Co. PLC, a U. K.

public limited company; Assicurazioni
Generali Spa, an Italy corporation,

        Defendants.

---

     The Motion for Admission of Pamela J. Tillman Pro Hac Vice is hereby GRANTED.

Dated                        By:  _____

                               Judge of District Court

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 133 of 430

Filed in Third Judicial District Court
8/21/2018 8:00 AM
Winona County, MN

STATE OF MINNESOTA            DISTRICT COURT

COUNTY OF WINONA         THIRD JUDICIAL DISTRICT

_____

CASE TYPE: Civil Other/Misc.

Diocese of Winona-Rochester,

COURT FILE NO.: 85-CV-18-1439
         Plaintiff,           Honorable Nancy L. Buytendorp

v.                        **NOTICE OF APPEARANCE**

United States Fire Insurance, et al.,

         Defendants.

_____

Charles E. Jones, Esq., of Moss & Barnett, A Professional Association, hereby enters his

appearance in this case for Defendant Interstate Fire & Casualty Company.

MOSS & BARNETT
A Professional Association

Dated: August 21, 2018          By _s/Charles E. Jones_____
                              Charles E. Jones (WI #1100262)
                        150 South Fifth Street, Suite 1200
                        Minneapolis  MN  55402
                        Telephone:  (612) 877-5000
                        Charles.Jones@lawmoss.com
                        ATTORNEYS FOR DEFENDANT
                        Interstate Fire & Casualty Company

4169984v1

**STATE OF MINNESOTA**                    **DISTRICT COURT**

**COUNTY OF WINONA**                  **THIRD JUDICIAL DISTRICT**

Diocese of Winona-Rochester,                    Case Type:  Other Civil
                                        Court File No.:  85-CV-18-1439
           Plaintiff,                        Judge:  Nancy L. Buytendorp

       v.                              **PROPOSED ORDER**

United States Fire Insurance Company, a
Delaware corporation; Certain Underwriters
at Lloyd's, a foreign insurance syndicate;
Interstate Fire & Casualty Company, an
Illinois corporation; National Surety
Corporation, a Delaware corporation,
Colonial Penn Insurance Company, a
Pennsylvania corporation; St. Paul Surplus
Liens Insurance Company, a Delaware
corporation; Northwestern National Insurance
Company of Milwaukee, Wisconsin, a
Wisconsin corporation, formerly Bellefonte
Insurance Company, a Kentucky corporation;
Markel International Insurance Company
Limited, a U.K. Private limited company,
formerly Terra Nova Insurance Co. Ltd., a U.
K. private limited company; Catalina
Holdings U.K. Limited, a private limited
company, formerly Excess Insurance Co.
Ltd., a U. K. private limited company; Sompo
Japan Nipponkoa Insurance Company of
Europe Limited, a U. K. private limited
company, formerly Yasuda Fire and Marine
Insurance Co. (U.K.) Ltd., a U. K. private
limited company, Dominion Insurance Co.
Ltd., a U. K. private limited company; CX
Reinsurance Company Ltd., a private limited
company, formerly CNA Reinsurance of
London Ltd., a U.K. private limited
company; Strong Hold Insurance Co. Ltd., a
U. K. private limited company; Sphere Drake
Insurance PLC (N/K/A Sphere Drake
Insurance Limited), a U. K. public limited
company; St. Paul Fire and Marine Insurance
Company, a Minnesota corporation, formerly
St. Katherine Insurance Co. PLC, a U. K.

public limited company; Assicurazioni
Generali Spa, an Italy corporation,

             Defendants.

---

    The Motion for Admission of Michael J. Cohen Pro Hac Vice is hereby GRANTED.

                                                          08/21/2018 01:33:26 PM

Dated                              By:   _____

                                      Judge of District Court

Filed: Winona County District Court

2018.08.22 10:43:26 -05'00'

| State of Minnesota | District Court |
|---|---|
| Winona County | Third District |

Court File Number: **85-CV-18-1439**

Case Type: Civil Other/Misc.

FILE COPY

**Notice of:**

| X | **Filing of Order** |
|---|---|
|   | **Entry of Judgment** |
|   | **Docketing of Judgment** |

---

The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY, Catalina Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount, Sompo Japan Nipponkoa Insurance Company of Europe Limited, Interstate Fire & Casualty Company et. al.

You are hereby notified that the following occurred regarding the above-entitled matter:

| X | An Order was filed on August 21, 2018. |
|---|---|
|   | Judgment was entered on . |
|   | You are notified that judgment was docketed on at in the amount of $. Costs and interest will accrue on this amount from the date of entry until the judgment is satisfied in full. |

Dated: August 22, 2018

Karrie Espinoza
Court Administrator
Winona County District Court
171 West Third Street
Winona MN  55987
507-457-6385

cc:   THOMAS RAYMOND BRAUN
Catalina Holdings U.K. Limited
COLONIAL PENN INSURANCE COMPANY
ST Paul Surplus Lines Insurance Company
Sphere Drake Insurance Limited
Northwestern National Insurance Company of Milwaukee Wisconsin
ST Paul Fire and Marine Insurance Company
Markel International Insurance Company Limited
Assicurazioni Generali SPA
21st Century Centennial Insurance Company
AMY J WOODWORTH
GERALD H BREN

CHARLES EDWIN JONES

A true and correct copy of this Notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

**STATE OF MINNESOTA**

**DISTRICT COURT**

**COUNTY OF WINONA**

**THIRD JUDICIAL DISTRICT**

Diocese of Winona-Rochester,

Case Type:  Other Civil
Court File No.:  85-CV-18-1439

Plaintiff,

Judge:  Nancy L. Buytendorp

v.

**PROPOSED ORDER**

United States Fire Insurance Company, a
Delaware corporation; Certain Underwriters
at Lloyd's, a foreign insurance syndicate;
Interstate Fire & Casualty Company, an
Illinois corporation; National Surety
Corporation, a Delaware corporation,
Colonial Penn Insurance Company, a
Pennsylvania corporation; St. Paul Surplus
Liens Insurance Company, a Delaware
corporation; Northwestern National Insurance
Company of Milwaukee, Wisconsin, a
Wisconsin corporation, formerly Bellefonte
Insurance Company, a Kentucky corporation;
Markel International Insurance Company
Limited, a U.K. Private limited company,
formerly Terra Nova Insurance Co. Ltd., a U.
K. private limited company; Catalina
Holdings U.K. Limited, a private limited
company, formerly Excess Insurance Co.
Ltd., a U. K. private limited company; Sompo
Japan Nipponkoa Insurance Company of
Europe Limited, a U. K. private limited
company, formerly Yasuda Fire and Marine
Insurance Co. (U.K.) Ltd., a U. K. private
limited company, Dominion Insurance Co.
Ltd., a U. K. private limited company; CX
Reinsurance Company Ltd., a private limited
company, formerly CNA Reinsurance of
London Ltd., a U.K. private limited
company; Strong Hold Insurance Co. Ltd., a
U. K. private limited company; Sphere Drake
Insurance PLC (N/K/A Sphere Drake
Insurance Limited), a U. K. public limited
company; St. Paul Fire and Marine Insurance
Company, a Minnesota corporation, formerly
St. Katherine Insurance Co. PLC, a U. K.

public limited company; Assicurazioni
Generali Spa, an Italy corporation,

        Defendants.

---

The Motion for Admission of Pamela J. Tillman Pro Hac Vice is hereby GRANTED.

08/21/2018 01:33:08 PM

Dated                  By: _____

                         Judge of District Court

Filed: Winona County District Court                    2018.08.22 10:43:26 -05'00'

| | |
|---|---|
| State of Minnesota | District Court |
| Winona County | Third District |

Court File Number: **85-CV-18-1439**
Case Type: Civil Other/Misc.

FILE COPY

**Notice of:**

| | |
|---|---|
| X | **Filing of Order** |
| | **Entry of Judgment** |
| | **Docketing of Judgment** |

---

The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY, Catalina
Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount, Sompo Japan Nipponkoa
Insurance Company of Europe Limited, Interstate Fire & Casualty Company et. al.

You are hereby notified that the following occurred regarding the above-entitled matter:

| | |
|---|---|
| X | An Order was filed on August 21, 2018. |
| | Judgment was entered on . |
| | You are notified that judgment was docketed on |

at  in the amount of $. Costs and interest will accrue on this amount from the
date of entry until the judgment is satisfied in full.

Dated: August 22, 2018              Karrie Espinoza
                                    Court Administrator
                                    Winona County District Court
                                    171 West Third Street
                                    Winona MN  55987
                                    507-457-6385

cc:   THOMAS RAYMOND BRAUN
      Catalina Holdings U.K. Limited
      COLONIAL PENN INSURANCE COMPANY
      ST Paul Surplus Lines Insurance Company
      Sphere Drake Insurance Limited
      Northwestern National Insurance Company of Milwaukee Wisconsin
      ST Paul Fire and Marine Insurance Company
      Markel International Insurance Company Limited
      Assicurazioni Generali SPA
      21st Century Centennial Insurance Company
      AMY J WOODWORTH
      GERALD H BREN

MNCIS-CIV-142        STATE          Notice                    Rev. 09/2013

CHARLES EDWIN JONES

A true and correct copy of this Notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

Filed in Third Judicial District Court
8/24/2018 10:54 AM
Winona County, MN

**STATE OF MINNESOTA**

**COUNTY OF WINONA**

**DISTRICT COURT**

**THIRD JUDICIAL DISTRICT**
Civil Action

DIOCESE OF WINONA-ROCHESTER;

      Plaintiff,

v.

UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation; CERTAIN UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; NATIONAL SURETY CORPORATION, a Delaware corporation; 21ST CENTURY CENTENNIAL INSURANCE COMPANY (f/k/a COLONIAL PENN INSURANCE COMPANY), a Pennsylvania corporation; ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Delaware corporation; NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, a Wisconsin corporation, formerly BELLEFONTE INSURANCE COMPANY, a Kentucky corporation; MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company; CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company; SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE

Court File No.: 85-CV-18-1439
Judge Nancy L. Buytendorp

Filed in Third Judicial District Court
8/24/2018 10:54 AM
Winona County, MN

LIMITED), a U.K. public limited company; ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation.
    Defendants.

## ACCEPTANCE OF SERVICE

The undersigned, on behalf of Defendants herein identified, accepts service of process in this action and acknowledges receipt of the Amended Complaint upon this date, as though the same had been served by the Sheriff or other person authorized by law. Signing this Acknowledgment of Receipt is only an admission that I have received the Amended Complaint, and does not waive any other defenses. Defendants herein identified retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on the service of the Amended Complaint. Said Defendants include:

- Certain Underwriters at Lloyd's, London, subscribing to Policies SL 3402, SL 3703, ISL 3087, ISL 3520, ISL 3822, ISL 4060, ISL 4282, SL 3403, GHV 147/194, and ISL 4282 (incorrectly named in the Amended Complaint as "CERTAIN UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate").

- RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Markel International Insurance Company Limited ("Markel") (formerly Terra Nova Insurance Company Limited) under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 31 March 2017 (incorrectly named in the

2

Filed in Third Judicial District Court
8/24/2018 10:54 AM
Winona County, MN

Amended Complaint as "MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company").

- Catalina Worthing Insurance Ltd f/k/a HFPI (as Part VII transferee of (Excess Insurance Company Ltd and/or London & Edinburgh Insurance Company Ltd as successor to London & Edinburgh General Insurance Company Ltd)) (incorrectly named in the Amended Complaint as "CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company").

- RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Sphere Drake Insurance Limited ("SDI") (formerly known as Odyssey Re (London) Limited, Sphere Drake Insurance Plc, Sphere Insurance Plc, Sphere Insurance Company Limited, The Sterling Insurance Company Limited and The Drake Insurance Company Limited ) in respect of business transferred by SDI to RIUK under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 31 December 2004 and 1 October 2005 (incorrectly named in the Amended Complaint as "SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company").

- Sompo Japan Nipponkoa Insurance Company of Europe Limited (formerly known as The Yasuda Fire & Marine Insurance Company of Europe Ltd. and also known as Yasuda Fire & Marine Insurance Company (U.K.)) (incorrectly named in the Amended

3

Filed in Third Judicial District Court
8/24/2018 10:54 AM
Winona County, MN

Complaint as "SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE

LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE

INSURANCE CO. (U.K.) LTD., a U.K. private limited company").

- Dominion Insurance Company Ltd. (incorrectly named in the Amended Complaint as
  "DOMINION INSURANCE CO., LTD., a U.K. private limited company").

- CX Reinsurance Company Ltd. (formerly known as CNA Reinsurance of London Ltd.)
  (incorrectly named in the Amended Complaint as "CX REINSURANCE COMPANY
  LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD.,
  a U.K. private limited company").

- Stronghold Insurance Company Limited (incorrectly named in the Amended Complaint
  as "STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company").

- Assicurazioni Generali S.p.A. (incorrectly named in the Amended Complaint as
  "ASSICURAZIONI GENERALI SPA, an Italy corporation").

Date: ___8/24/18___

_____
Gerald H. Bren
Fisher, Bren, & Sheridan LLP
920 Second Avenue South
Suite 975
Minneapolis, MN 55402
Telephone: (612) 332-0100

Catalina J. Sugayan
catalina.sugayan@clydeco.us
Robert E. Sweeney, Jr.
robert.sweeney@clydeco.us
Clyde & CO. US LLP
55 W. Monroe St., Suite 3000
Chicago, IL 60603
312-635-7000
Attorneys for the Above Named Defendants

4

4397298

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

STATE OF MINNESOTA

COUNTY OF WINONA

DISTRICT COURT

THIRD JUDICIAL DISTRICT

---

DIOCESE OF WINONA-ROCHESTER,

        Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, et al.,

        Defendants.

---

Court File No. 85-CV-18-1439
Judge Nancy L. Buytendorp

**ANSWER AND AFFIRMATIVE
DEFENSES OF SWISS REINSURANCE
AMERICA CORPORATION AS
ADMINISTRATOR FOR 21st CENTURY
CENTENNIAL INSURANCE COMPANY
f/k/a COLONIAL PENN INSURANCE
COMPANY**

Swiss Reinsurance America Corporation ("SRAC"), as an administrator for 21st

Centennial Insurance Company, formerly known as Colonial Penn Insurance Company, in

answer to the Complaint of Plaintiff Diocese of Winona-Rochester, denies each and every

allegation, matter and thing set forth in the First Amended Complaint for Declaratory Judgment

except as otherwise expressly admitted, qualified or answered below.

## BACKGROUND

1.      SRAC states that the allegations contained in Paragraph 1 constitute conclusions

of law or statements about the general nature of this action to which no response is required.  To

the extent that a response by SRAC is deemed required, SRAC admits that the Diocese seeks

declaratory relief through this action. SRAC denies any remaining allegations contained in

Paragraph 1 of the First Amended Complaint.

2.      On information and belief, SRAC admits that the Minnesota legislature enacted

the Minnesota Child Victims Act, Minn. Stat. § 541.073. SRAC states that the language of the

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 147 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

Minnesota Child Victims Act speaks for itself and denies any allegations inconsistent with that language.

3.      SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 and therefore denies them.

## THE PARTIES

4.      SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 and therefore denies them.

5.      SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 and therefore denies them.

6.       SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 and therefore denies them.

7.      SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 and therefore denies them.

8.      SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 and therefore denies them.

9.      SRAC admits that 21st Century Centennial Insurance Company is a Pennsylvania Corporation with its principal place of business in Delaware. SRAC states that 21st Century Centennial Insurance Company was formerly known as Colonial Penn Insurance Company. SRAC further admits that Colonial Penn Insurance Company issued certain excess liability insurance policies to the Diocese of Winona (the "Colonial Penn policies"). SRAC further states

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 148 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

that the terms of the Colonial Penn policies speak for themselves and SRAC denies any allegations inconsistent with those terms. SRAC denies any remaining allegations in paragraph 9.

10.     SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 and therefore denies them.

11.     SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 and therefore denies them.

12.     SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 and therefore denies them.

13.     SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 and therefore denies them.

14.     SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 and therefore denies them.

15.     SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 and therefore denies them.

16.     SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 and therefore denies them.

17.     SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 and therefore denies them.

18.     SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and therefore denies them.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 149 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

19.      SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 and therefore denies them.

20.      SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 and therefore denies them.

## JURISDICTION AND VENUE

21.      SRAC states that the allegations contained in Paragraph 21 constitute conclusions of law to which no response is required.  To the extent that a response by SRAC is deemed required, SRAC states that, as to the Diocese of Winona's claims relating to at least one of the Colonial Penn policies, the Court lacks jurisdiction because that policy contains a contractual arbitration clause requiring the Diocese of Winona and SRAC to arbitrate any dispute between them. SRAC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 21 and therefore denies them.

22.      SRAC states that the allegations contained in Paragraph 22 constitute conclusions of law to which no response is required.  To the extent a response by SRAC is deemed required, SRAC admits that Colonial Penn transacted business in Minnesota. SRAC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 21 and therefore denies them.

23.      SRAC states that the allegations contained in Paragraph 23 constitute conclusions of law to which no response is required.  To the extent that a response by SRAC is deemed required, SRAC states that it lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 and therefore denies them.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document        Page 150 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

## THE INSURANCE POLICIES AND CERTIFICATES PURCHASED BY THE DIOCESE

24.     SRAC admits that it issued the Colonial Penn policies to the Diocese of Winona. SRAC further states that the terms of the Colonial Penn policies speak for themselves and SRAC denies any allegations inconsistent with those terms. SRAC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 24 and therefore denies them.

25.     Denied as to the Colonial Penn policies. SRAC states that the terms of the Colonial Penn policies speak for themselves and denies any allegations inconsistent with those terms. SRAC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25 and therefore denies them.

26.     Denied as to the Colonial Penn policies. SRAC states that the terms of the Colonial Penn policies speak for themselves and denies any allegations inconsistent with those terms. SRAC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 26 and therefore denies them.

27.     SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 and therefore denies them.

## THE UNDERLYING ACTIONS

28.     SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 and therefore denies them.

29.     Denied as to SRAC. SRAC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 29 and therefore denies them.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 151 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

30.    Denied as to the Colonial Penn policies. SRAC further states that the terms of the Colonial Penn policies speak for themselves and denies any allegations inconsistent with those terms. SRAC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30 and therefore denies them.

31.    Denied as to the Colonial Penn policies. SRAC further states that the terms of the Colonial Penn policies speak for themselves and denies any allegations inconsistent with those terms. SRAC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31 and therefore denies them.

32.    Denied as to SRAC. SRAC further states that the terms of the Colonial Penn policies speak for themselves and denies any allegations inconsistent with those terms. SRAC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 32 and therefore denies them.

33.    Whether an actual and justiciable claim exists between the Diocese of Winona and SRAC is a question of law to which no response by SRAC is required. To the extent a response by SRAC is deemed required, SRAC states that it currently lacks sufficient information to form a belief as to the truth or falsity of the statement and therefore denies it. SRAC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33 and therefore denies them.

## COUNT I – DECLARATORY JUDGMENT AGAINST ALL INSURERS

34.    In response to Paragraph 34, SRAC repeats and realleges the above answers to Paragraphs 1 through 33 of the First Amended Complaint.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 152 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

35.    SRAC states that the allegations contained in Paragraph 35 constitute conclusions of law or statements about the general nature of this action to which no response is required. To the extent that a response by SRAC is deemed required, SRAC admits that the Diocese seeks declaratory relief through this action. SRAC denies any remaining allegations contained in Paragraph 35 of the First Amended Complaint.

36.    Denied as to the Colonial Penn policies. SRAC further states that the terms of the Colonial Penn policies speak for themselves and denies any allegations inconsistent therewith. SRAC states that it lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 36 and therefore denies them.

37.    Denied as to SRAC and the Colonial Penn policies. SRAC further states that the terms of the Colonial Penn policies speak for themselves and denies any allegations inconsistent therewith. SRAC states that it lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 36 and therefore denies them.

38.    SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 and therefore denies them.

39.    SRAC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 and therefore denies them.

40.    SRAC states that the allegations contained in Paragraph 40 constitute conclusions of law or statements about the general nature of this action to which no response is required. To the extent that a response by SRAC is deemed required, SRAC admits that the Diocese seeks

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 153 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

declaratory relief through this action. SRAC denies any remaining allegations contained in Paragraph 40 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

Based upon the Diocese of Winona's First Amended Complaint and the limited information currently available, and subject to SRAC's rights to amend and supplement its pleadings, any claims against SRAC in this action may be additionally barred as follows:

### First Affirmative Defense

The Diocese of Winona's First Amended Complaint fails to state a claim against SRAC upon which relief may be granted.

### Second Affirmative Defense

The Diocese of Winona's claims, in whole or in part, are barred by an agreement in the Colonial Penn policies to arbitrate certain disputes.

### Third Affirmative Defense

The is no coverage for the underlying claims under the Colonial Penn policies because none of the underlying claims were first made or reported during the policy period of the Colonial Penn policies.

### Fourth Affirmative Defense

On information and belief, the Diocese of Winona's claims are or may be barred in whole or in part to the extent Century has failed to join necessary and indispensable parties to this litigation.

### Fifth Affirmative Defense

The Colonial Penn policies do not provide insurance coverage to any entity which is not a named insured, a person insured or an additional insured under the Colonial Penn policies.  To

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 154 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

the extent the underlying claims involve claims made against or obligations imposed upon persons who are not a named insured, a person insured or an additional insured under the Colonial Penn policies, SRAC has no obligation for the defense or indemnity of the Diocese of Winona in connection with any such alleged claims.

### Sixth Affirmative Defense

SRAC has no obligation to provide a defense to the Diocese of Winona under the Colonial Penn policies in connection with the underlying claims.

### Seventh Affirmative Defense

SRAC has no obligation to pay defense, investigative, settlement or legal expenses incurred or paid by or on behalf of the Diocese of Winona for the underlying claims under certain of the Colonial Penn policies.

### Eighth Affirmative Defense

There is no coverage under the Colonial Penn policies to the extent the alleged underlying claims set forth in the Complaint are outside of the scope of the insuring agreements of the Colonial Penn policies and the policy or policies which underlie the Colonial Penn policies and the underlying claims are excluded by the terms, conditions, exclusions and limitations in the Colonial Penn policies and the policy or policies which underlie the Colonial Penn policies.

### Ninth Affirmative Defense

There is no coverage under the Colonial Penn policies to the extent the underlying claims do not arise out of an "occurrence," "accident," or "event" as those terms are defined and used in the Colonial Penn policies and the policy or policies which underlie the Colonial Penn policies.

### Tenth Affirmative Defense

If the underlying claims did arise out of an "occurrence," "accident," or "event" as those terms are defined and are used in the Colonial Penn policies and the policy or policies which

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 155 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

underlie the Colonial Penn policies, there is no coverage under the Colonial Penn policies to the extent some or all of such alleged "occurrences," "accidents," or "events" did not take place during the policy periods during which the Colonial Penn policies were in effect.

### Eleventh Affirmative Defense

There is no coverage under the Colonial Penn policies to the extent some or all of the underlying claims do not involve allegations of "personal injury" "bodily injury" or "property damage" as some or all of those terms are defined and used in the Colonial Penn policies and the policy or policies which underlie the Colonial Penn policies.

### Twelfth Affirmative Defense

SRAC has no obligation to pay on the Diocese of Winona's behalf any amount that does not constitute "ultimate net loss" as that term is defined and used in the Colonial Penn policies and the policy or policies which underlie the Colonial Penn policies.

### Thirteenth Affirmative Defense

If the underlying claims do involve allegations of "personal injury" "bodily injury" or "property damage" as some or all of those terms are defined and used in the Colonial Penn policies and the policy or policies which underlie the Colonial Penn policies, there is no coverage under the Colonial Penn policies to the extent some or all of such alleged "personal injury" "bodily injury" or "property damage" did not take place during the policy periods during which the Colonial Penn policies were in effect.

### Fourteenth Affirmative Defense

If the underlying claims do involve allegations of "personal injury" "bodily injury" or "property damage" as some or all of those terms are defined and used in the Colonial Penn policies and the policy or policies which underlie the Colonial Penn policies, there is no coverage

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 156 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

under the Colonial Penn policies because some or all of such alleged "personal injury" "bodily injury" or "property damage" was expected or intended from the standpoint of the insured.

### Fifteenth Affirmative Defense

On information and belief, claims for insurance coverage under the Colonial Penn policies with respect to the underlying claims are barred by breach of the provision of one or more of the Colonial Penn policies that no action shall lie against SRAC unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of the policies.

### Sixteenth Affirmative Defense

The Diocese of Winona has breached the conditions precedent of the Colonial Penn policies and the policy or policies which underlie the Colonial Penn policies pertaining to the insured's duties in the event of an accident, occurrence, event, legal proceeding, claim or suit, including those conditions that require the insured to give proper and timely notice to SRAC and those conditions requiring the insured, in the event of a legal proceeding, claim or suit, to forward to SRAC every demand, notice, summons or other process received by the insured.

### Seventeenth Affirmative Defense

To the extent that the Diocese of Winona has breached the condition of the Colonial Penn policies and the policy or policies which underlie the Colonial Penn policies that the insured shall cooperate with SRAC, there is no coverage under the Colonial Penn policies.

### Eighteenth Affirmative Defense

To the extent that the Diocese of Winona has made or agreed to make any settlement for any sum in excess of the insurance underlying the Colonial Penn policies without SRAC's consent and has voluntarily made payments, assumed obligations or incurred expenses in connection with the underlying claims, in violation of the Colonial Penn policies, or the policy or

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document       Page 157 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

policies which underlie the Colonial Penn policies, there is no coverage under the Colonial Penn policies.

### Nineteenth Affirmative Defense

To the extent that the Diocese of Winona failed to disclose, concealed or misrepresented material facts, including but not limited to facts relating to the underlying claims, at the time insurance coverage was applied for with SRAC, any such concealment bars coverage, constitutes material misrepresentation and is grounds for rescission of some or all of the Colonial Penn policies.

### Twentieth Affirmative Defense

The Diocese of Winona's claims, in whole or in part, are barred because the insurance underlying the Colonial Penn policies has not been exhausted and the Diocese of Winona has not been ordered to pay any amount in excess of the insurance underlying the Colonial Penn policies.

### Twenty-first Affirmative Defense

Coverage for the underlying claims is or may be barred to the extent the hazards or conditions that gave rise to the underlying claims were or should have been known by the Diocese of Winona prior to the inception date of some or all of the Colonial Penn policies.

### Twenty-second Affirmative Defense

Coverage for the underlying claims is or may be barred to the extent that the underlying claims were or should have been known to have taken place, in whole or in part, prior to the inception of some or all of the Colonial Penn policies.

### Twenty-third Affirmative Defense

Coverage for the underlying claims is or may be barred to the extent that the alleged damage or injury giving rise to the underlying claims was or should have been known to have

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 158 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

taken place, in whole or in part, prior to the inception of some or all of the Colonial Penn policies.

### Twenty-fourth Affirmative Defense

There is no coverage under the Colonial Penn policies for the underlying claims to the extent coverage is prohibited by public policy.

### Twenty-fifth Affirmative Defense

On information and belief, there is no coverage under the Colonial Penn policies for penalties, fines, punitive damages, attorneys' fees, costs and expenses other than those amounts expressly authorized under applicable statute or law.

### Twenty-sixth Affirmative Defense

To the extent the Diocese of Winona's liability in connection with the underlying claims arises from willful or intentional, there is no coverage under the Colonial Penn policies.

### Twenty-seventh Affirmative Defense

The Diocese of Winona's claims are barred by the doctrine of res judicata and collateral estoppel.

### Twenty-eighth Affirmative Defense

Upon information and belief, the Colonial Penn policies and the policy or policies which underlie the SRAC policy or policies provide that if collectible insurance with any other insurer is available to the insured covering a loss also covered under the Colonial Penn policies, certain limitations on any insurance provided by the Colonial Penn policies apply.  On information and belief, if any coverage exists for the Diocese of Winona under the Colonial Penn policies, the Diocese of Winona also has collectible insurance with other insurance companies and the extent

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 159 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

of said coverage with such insurers must be determined in order to determine the extent of any coverage under the Colonial Penn policies.

### Twenty-ninth Affirmative Defense

If any coverage exists under the Colonial Penn policies, any coverage provided under the Colonial Penn policies is limited by various provisions in the Colonial Penn policies and, upon information and belief, the policy or policies which underlie the Colonial Penn policies, including, without limitation, the following provisions: (i) limits of liability; (ii) per accident or occurrence and aggregate limits; (iii) ultimate net loss provisions; and (iv) other insurance provisions; and (v) deductibles and retention provisions.

### Thirtieth Affirmative Defense

In the event that SRAC is adjudicated liable to any extent to the Diocese of Winona, SRAC is entitled to a declaration and adjudication as to the extent and amount of any such liability, taking into account all of the applicable insurance policies which the Diocese of Winona has or had with any other insurance company, any self-insurance provided by the Diocese of Winona, and all other such factors as may bear on this issue.

### Thirty-first Affirmative Defense

To the extent any applicable limits of liability of any applicable self-insured retentions, underlying policies, deductibles, and other available insurance have not been exhausted, there is no coverage under the Colonial Penn policies.

### Thirty-second Affirmative Defense

Coverage for the underlying claims is or may be barred in whole or in part, and, in any event, any possible relief is limited by the terms, conditions, exclusions, and limitations

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 160 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

contained in the Colonial Penn policies and the policies of insurance that underlie the Colonial Penn policies.

### Thirty-third Affirmative Defense

There is no coverage under the Colonial Penn policies for the underlying claims because the Colonial Penn policies contain an exclusion that exclude coverage for claims arising out of the sexual or physical abuse, or molestation, of any person.

### Thirty-fourth Affirmative Defense

The Diocese of Winona has failed to plead its allegations with sufficient particularity to permit SRAC to determine all applicable defenses. Therefore, SRAC reserves its rights to assert additional defenses once all information is obtained through discovery and investigation.

**WHEREFORE**, Defendant SRAC requests the Court enter a judgment:

a.    Ordering the Diocese of Winona to arbitrate its dispute with SRAC;

b.    Dismissing the Diocese of Winona's First Amended Complaint with prejudice;

c.    Declaring the respective rights and obligations of SRAC under the Colonial Penn policies;

d.    Declaring the respective rights of all parties with respect to all insurance policies potentially implicated by the underlying claims;

e.    Awarding SRAC its attorneys' fees, costs and disbursements; and

f.    Awarding such other and further relief to SRAC as the Court deems just, equitable and proper.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 161 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

**DATED**: September 5, 2018

Respectfully submitted,

**ZELLE LLP**

By:

Eric E. Caugh, Esq. (026703X)
Rolf E. Gilbertson, Esq. (34769)
500 Washington Avenue South
Suite 4000
Minneapolis, Minnesota 55415
(612) 339-2020
(612) 336-9100 fax

**ATTORNEYS FOR DEFENDANT
SWISS REINSURANCE AMERICA
CORPORATION AS
ADMINISTRATOR FOR 21st
CENTURY CENTENNIAL
INSURANCE COMPANY f/k/a
COLONIAL PENN INSURANCE
COMPANY**

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 162 of 430

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

## ACKNOWLEDGMENT REQUIRED BY
## MINNESOTA STATUTE § 549.211

The party represented by the undersigned hereby acknowledges that pursuant to Minn. Stat. §549.211, monetary and non-monetary sanctions may be imposed for claims made in violation of that statute.

**DATED**: September 5, 2018

                                        ZELLE LLP

                        By: _____
                                        Eric E. Caugh, Esq. (026703X)

4846-6025-2017v2

85-CV-18-1439

Filed in District Court
State of Minnesota
9/5/2018 11:15 AM

STATE OF MINNESOTA

COUNTY OF WINONA

DISTRICT COURT

THIRD JUDICIAL DISTRICT

---

DIOCESE OF WINONA-ROCHESTER,

     Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, et al.,

     Defendants.

---

Court File No. 85-CV-18-1439
Judge Nancy L. Buytendorp

**NOTICE OF APPEARANCE**

---

Zelle LLP hereby notifies the Court and counsel of its appearance, through the specific counsel stated below, as counsel of record, for Defendant Swiss Reinsurance America Corporation as Administrator for 21st Century Centennial Insurance Company f/k/a Colonial Penn Insurance Company.

**Dated**: September 5, 2018

**ZELLE LLP**

By: _____
Eric E. Caugh, Esq. (026703X)
Rolf E. Gilbertson, Esq. (34769)
500 Washington Avenue South
Suite 4000
Minneapolis, Minnesota 55415
(612) 339-2020
(612) 336-9100 fax

**ATTORNEYS FOR DEFENDANT
SWISS REINSURANCE AMERICA
CORPORATION AS
ADMINSITRATOR FOR 21st
CENTURY CENTENNIAL
INSURANCE COMPANY f/k/a
COLONIAL PENN INSURANCE
COMPANY**

85-CV-18-1439

Electronically Served
9/17/2018 3:27 PM
Winona County, MN

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
                         Document        Page 164 of 430

**STATE OF MINNESOTA**                                    **DISTRICT COURT**

**COUNTY OF WINONA**                          **THIRD JUDICIAL DISTRICT COURT**

---

Diocese of Winona-Rochester,

      Plaintiff,                                    Case No. 85-CV-18-1439

    v.                                              Judge Nancy L. Buytendorp

United States Fire Insurance Company,
a  Delaware corporation; Certain Underwriters
at Lloyd's, a foreign insurance syndicate;
Interstate Fire & Casualty Company, an Illinois
corporation; National Surety Corporation,
a Delaware corporation; 21st Century Centennial
Insurance Company (f/k/a Colonial Penn Insurance
Company), a Pennsylvania corporation; St. Paul
Surplus Liens Insurance Company, a Delaware
corporation; Northwestern National Insurance
Company of Milwaukee, Wisconsin, a Wisconsin
corporation, formerly Bellefonte Insurance Company,
a Kentucky corporation; Markel International Insurance
Company Limited, a U.K. Private limited company,
formerly Terra Nova Insurance Co. Ltd.,
a U. K. private limited company; Catalina Holdings
U.K. Limited, a private limited company, formerly
Excess Insurance Co. Ltd., a U. K. private limited
company; Sompo Japan Nipponkoa Insurance
Company of Europe Limited, a U. K. private limited
company, formerly Yasuda Fire and Marine
Insurance Co. (U.K.) Ltd., a U. K. private limited
company, Dominion Insurance Co. Ltd., a U. K. private
limited company; CX Reinsurance Company Ltd.,
a private limited company, formerly CNA Reinsurance
of London Ltd., a U.K. private limited company;
Strong Hold Insurance Co. Ltd., a U. K. private limited
company; Sphere Drake Insurance PLC
(N/K/A Sphere Drake Insurance Limited), a U. K.
public limited company; St. Paul Fire and Marine
Insurance Company, a Minnesota corporation,
formerly St. Katherine Insurance Co. PLC, a U. K.
public limited company; Assicurazioni Generali Spa,
an Italy corporation,

      Defendants.

**ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTER-CLAIMS OF UNITED STATES FIRE INSURANCE COMPANY TO THE FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT FILED BY THE DIOCESE OF WINONA-ROCHESTER**

NOW COMES Defendant United States Fire Insurance Company ("U.S. Fire"), by its attorneys, and for its Answer and Affirmative and Other Defenses to the First Amended Complaint of the Plaintiffs ("Complaint"), U.S. Fire denies each and every allegation, matter and thing alleged in the Complaint which is not otherwise expressly admitted, qualified or answered herein, and states, admits, denies and alleges to the Court as follows:

## ANSWER

## BACKGROUND

1.      Paragraph 1 contains characterizations of the relief sought in the Complaint for which no responsive pleading is required.  To the extent a responsive pleading is required, U.S. Fire admits that the Complaint asserts a claim for declaratory judgment with respect to insurance coverage under various insurance policies, including certain insurance policies allegedly issued by U.S. Fire (the "U.S. Fire Policies") to the Diocese of Winona-Rochester (the "Diocese") as the named insured and affirmatively states that U.S. Fire has no obligation to pay any defense costs, indemnification or reimbursement to the Diocese under the U.S. Fire Policies with respect to the claims brought against the Diocese by individuals alleging they were sexually abused by one or more priests, teachers and/or lay personnel allegedly employed by the Diocese (the "Underlying Abuse Claims").

2.      Paragraph 2 contains conclusions of law to which no response is required by U.S. Fire.  To the extent a response is required, U.S. Fire admits and affirmatively alleges that in May

2013, following lobbying by victims' rights groups, such as the National Center for the Victims

of Crime and the Minnesota Coalition Against Sexual Assault, the State of Minnesota enacted

Minn. Stat. § 541.073, also commonly referred to as "the Child Victims Act", which allowed for

certain previously time-barred claims alleging sexual abuse to be filed until May 25, 2016.

3.      In answer to Paragraph 3 of the Complaint, upon information and belief, U.S. Fire

admits that "multiple claims and lawsuits have been received by the Diocese." U.S. Fire denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 3 of the Complaint and, on that basis, denies those allegations.

## THE PARTIES

4.      Upon information and belief, U.S. Fire admits only that the Diocese is a Roman

Catholic Diocese in Minnesota. U.S. Fire denies knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint and, on that

basis, denies those allegations.

5.      In answer to Paragraph 5 of the Complaint, U.S. Fire admits that it is a Delaware

corporation with its principal place of business in Morristown, New Jersey. Responding to the

allegation that "U.S. Fire operates in the State of Minnesota", U.S. Fire denies knowledge or

information sufficient to form a belief as to what the Diocese intends by the term "operates"

which is undefined, in the context of the sentence, and therefore denies the allegation. U.S. Fire

further admits that it issued certain policies of insurance under which the Diocese is a named

insured, but affirmatively states that the Diocese has not provided U.S. Fire with complete copies

of each of these policies. U.S. Fire further responds that the terms, provisions, conditions,

exclusions and limitations in the U.S. Fire Policies speak for themselves and denies any

allegations in Paragraph 5 contrary thereto.

3

6.      In answer to Paragraph 6 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

7.      In answer to Paragraph 7 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

8.      In answer to Paragraph 8 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

9.      In answer to Paragraph 9 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

10.      In answer to Paragraph 10 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

11.      In answer to Paragraph 11 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

12.      In answer to Paragraph 12 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

13.     In answer to Paragraph 13 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

14.     In answer to Paragraph 14 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

15.     In answer to Paragraph 15 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

16.     In answer to Paragraph 16 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

17.     In answer to Paragraph 17 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

18.     In answer to Paragraph 18 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

19.     In answer to Paragraph 19 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

20.    In answer to Paragraph 20 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

## JURISDICTION AND VENUE

21.    The allegations regarding jurisdiction in Paragraph 21 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire admits that this Court has jurisdiction of this matter.

22.    The allegations regarding jurisdiction in Paragraph 22 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire admits that this Court has personal jurisdiction over it.  As to the allegations against the other defendants, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

23.    The allegations regarding venue in Paragraph 23 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

## THE INSURANCE POLICIES AND CERTIFICATES PURCHASED BY THE DIOCESE

24.    In answer to Paragraph 24 of the Complaint, U.S. Fire admits that it issued certain insurance policies to the Diocese of Winona as a named insured, but affirmatively states that the Diocese has neither provided U.S. Fire with complete copies of all of these policies nor demonstrated the essential terms and conditions of coverage under them.  The policy numbers and stated policy periods of the alleged policies are set out in the table below (the "U.S. Fire Policies").  U.S. Fire further responds that the terms, provisions, conditions, exclusions, and

limitations of the U.S. Fire Policies speak for themselves and denies any allegations contrary

thereto.  As to the alleged policies issued by other defendant insurers, U.S. Fire denies

knowledge or information sufficient to form a belief as to the truth of the allegations and, on that

basis, denies those allegations.

| U.S. Fire Policies | | | |
|---|---|---|---|
| Primary Policies | ML | 2768 | 7/1/1967-7/1/1970 |
| | ML | 6766 | 7/1/1970-7/1/1973 |
| | ML | 5245 | 7/1/1973-7/1/1976 |
| | ML | 6050 | 7/1/1976-7/1/1977 |
| | ML | 7409 | 7/1/1977-7/1/1978 |
| Excess Umbrella Policies | | 686 5 | 7/1/1976-7/1/1977 |
| | | 405 4 | 7/1/1977-7/1/1978 |

25.    The allegations in Paragraph 25 of the Complaint are legal conclusions to which

U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire

affirmatively states that the terms, provisions, conditions, exclusions, and limitations in the U.S.

Fire Policies speak for themselves and denies any allegations contrary thereto.  U.S. Fire further

states that the Diocese has neither provided U.S. Fire with complete copies of all of these

policies nor demonstrated the essential terms and conditions of coverage under them.  As to the

policies allegedly issued by other defendant insurers, U.S. Fire denies knowledge or information

sufficient to form a belief as to the truth of the allegations and, on that basis, denies those

allegations.

26.    The allegations in Paragraph 26 of the Complaint are legal conclusions to which

U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire

affirmatively states that the terms, provisions, conditions, exclusions, and limitations in the U.S.

Fire Policies speak for themselves and denies any allegations contrary thereto.  U.S. Fire further

states that the Diocese has neither provided U.S. Fire with complete copies of all of these

policies nor demonstrated the essential terms and conditions of coverage under them.  As to the

policies allegedly issued by other defendant insurers, U.S. Fire denies knowledge or information

sufficient to form a belief as to the truth of the allegations and, on that basis, denies those

allegations.

27.     The allegations in Paragraph 27 of the Complaint are legal conclusions to which

U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire denies

knowledge or information sufficient to form a belief as to the truth of the allegations and, on that

basis, denies those allegations.

## THE UNDERLYING ACTIONS

28.     In answer to Paragraph 28 of the Complaint, U.S. Fire affirmatively states that the

allegations and pleadings in the Underlying Abuse Claims speak for themselves and denies any

allegations contrary thereto.

29.     The allegations in Paragraph 29 of the Complaint are legal conclusions to which

U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire denies the

allegations as they relate to U.S. Fire,.  As to the allegations against other defendants, U.S. Fire

denies knowledge or information sufficient to form a belief as to the truth of the allegations and,

on that basis, denies those allegations.

30.     The allegations in Paragraph 30 of the Complaint are legal conclusions to which

U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire denies the

allegations as they relate to U.S. Fire.  As to the allegations involving policies allegedly issued

by other defendant insurers, U.S. Fire denies knowledge or information sufficient to form a

belief as to the truth of the allegations and, on that basis, denies those allegations.

31.    The allegations in Paragraph 31 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire denies the allegations as they relate to U.S. Fire.  As to the allegations of coverage under other defendant insurers' alleged policies, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

32.    The allegations in Paragraph 32 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire denies the allegations as they relate to U.S. Fire and affirmatively states that it has fully advised the Diocese of its coverage position for the Underlying Abuse Claims tendered to U.S. Fire.  As to the allegations against other defendant insurers, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

33.    The allegations in Paragraph 33 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire admits and affirmatively states that an actual and justiciable controversy exists  between U.S. Fire and the Diocese with respect to the coverage obligations provided under the U.S. Fire Policies.  U.S. Fire denies that the U.S. Fire Policies provide coverage for the Underlying Abuse Claims.  As to the allegations against other defendant insurers, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

## COUNT I — DECLARATORY JUDGMENT AGAINST ALL INSURERS

34.    U.S. Fire incorporates by reference all of its answers in Paragraphs 1 to 33 above as if fully set forth in this paragraph.

35.    The allegations in Paragraph 35 of the Complaint are characterizations of the relief sought by the Diocese for which no responsive pleading is required.  To the extent a

responsive pleading is required, U.S. Fire admits that the Diocese seeks an adjudication of the

parties' rights and duties under the U.S. Fire Policies and other defendant insurers' alleged

policies.  U.S. Fire denies that the U.S. Fire Policies provide coverage for the Underlying Abuse

Claims.

36.     The allegations in Paragraph 36 of the Complaint are legal conclusions to which

U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire

affirmatively states that the terms, provisions, conditions, exclusions, and limitations in the U.S.

Fire Policies speak for themselves and denies any allegations contrary thereto.  U.S. Fire denies

that the U.S. Fire Policies provide coverage for the Underlying Abuse Claims.

37.     In answer to Paragraph 37 of the Complaint, U.S. Fire denies the allegations as

they relate to U.S. Fire and affirmatively states that it has fully advised the Diocese of its

coverage positions for the Underlying Abuse Claims tendered to U.S. Fire.

38.     In answer to Paragraph 38 of the Complaint (including all subparts), and to the

extent the allegations are directed at U.S. Fire, U.S. Fire affirmatively states that the terms,

provisions, conditions, exclusions, and limitations in the U.S. Fire Policies speak for themselves

and denies any allegations contrary thereto.  U.S. Fire further states that it coverage positions

with respect to the Underlying Abuse Claims are set forth in detail in its correspondence with the

Diocese, which speak for themselves and denies any allegations contrary thereto.  As to the

allegations involving other defendant insurers' coverage positions, U.S. Fire denies knowledge

or information sufficient to form a belief as to the truth of the allegations and, on that basis,

denies those allegations.

39.     In answer to Paragraph 39 of the Complaint, and to the extent the allegations are

directed at U.S. Fire, U.S. Fire affirmatively states that the terms, provisions, conditions,

exclusions, and limitations in the U.S. Fire Policies speak for themselves and denies any

allegations contrary thereto.  U.S. Fire further states that it coverage positions with respect to the

Underlying Abuse Claims are set forth in detail in its correspondence with the Diocese, which

speak for themselves and denies any allegations contrary thereto.  As to the allegations involving

other defendant insurers' coverage positions, U.S. Fire denies knowledge or information

sufficient to form a belief as to the truth of the allegations and, on that basis, denies those

allegations

40.     The allegations in Paragraph 40 of the Complaint are characterizations of the

relief sought by the Diocese for which no responsive pleading is required.  To the extent a

responsive pleading is required, U.S. Fire admits that the Diocese contends that it "objects to the

actions taken by the Insurers" and "seeks a declaration" of the parties' rights and duties under the

U.S. Fire Policies and other defendant insurers' alleged policies.  U.S. Fire denies that the U.S.

Fire Policies provide coverage for the Underlying Abuse Claims.

## AFFIRMATIVE OR OTHER DEFENSES

Defendant United States Fire Insurance Company ("U.S. Fire") states the following

affirmative and other defenses, without admitting or implying that it bears the burden of proof on

issues pleaded and while reserving the right to raise additional affirmative defenses and to

supplement those asserted herein upon discovery of further information regarding the Diocese's

claims:

### First Defense
### (Collateral Estoppel/Issue Preclusion)

1.     The Diocese's claims for coverage against U.S. Fire are barred, in whole or in

part, by the doctrines of res judicata, collateral estoppel, issue or claim preclusion and any other

applicable doctrine, including but not limited to, because of earlier coverage litigation between

the Diocese and U.S. Fire in *U.S. Fire v. Diocese of Winona, Inc.,* 503 F.Supp.2d 1129 (D. Minn.

2007), in which the United States District Court held that the Diocese was collaterally estopped

from re-litigating the issue that Fr. Adamson's abuse was "expected" from the standpoint of the

Diocese for purposes of determining whether there was an "occurrence" under the insurance

policies that the Diocese alleges U.S. Fire issued to it (the "U.S. Fire Policies").

## Second Defense
### (Failure to State a Claim)

2.      The Diocese's claims fail because it has failed to state a claim against U.S. Fire

for which relief may be granted.

## Third Defense
### (Estoppel/Waiver/Unclean Hands)

3.      The Diocese's claims may be barred, in whole or in part, by the doctrines of

estoppel, waiver, and/or unclean hands.

## Fourth Defense
### (Other Equitable Defenses)

4.      The Diocese's claims may be barred, in whole or in part, by the doctrine of

laches, judicial estoppel or other equitable defenses.

## Fifth Defense
### (Necessary or Indispensable Parties)

5.      The Diocese's claims are or may be barred, in whole or in part, to the extent that

the Diocese failed to name all necessary, indispensable and/or interested parties to this litigation.

## Sixth Defense
### (Course or Pattern of Conduct and/or Behavior)

6.      The Diocese's claims are or may be barred, in whole or in part, to the extent that

the Underlying Abuse Claims arose out of a course of conduct or pattern of behavior by the

Diocese that is not insurable.

### Seventh Defense
### (Terms and Conditions)

7.      To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations in regard to the underlying sexual abuse claims against the Diocese (the "Underlying

Abuse Cases"), such coverage may be barred, in whole or in part, by the terms, exclusions,

conditions, limitations, and other provisions contained in or incorporated by reference in the U.S.

Fire Policies.

### Eighth Defense
### (No "Occurrence" and/or "Accident")

8.      To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the events giving rise to the Underlying Abuse Cases do not

constitute an "occurrence" or an "accident" within the meaning of those terms in the U.S. Fire

Policies.

### Ninth Defense
### (Expected or Intended Injury or Damage)

9.      To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese expected or intended the injuries or damages alleged in

the Underlying Abuse Cases.

### Tenth Defense
### (Intentional or Willful Conduct)

10.      To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese seeks coverage for damages resulting from its intentional or willful conduct, as alleged in the Underlying Abuse Cases.

### Eleventh Defense
### (Known Loss/Misrepresentation)

11.    To the extent that the Diocese or its agents, representatives or brokers failed to disclose, concealed, misrepresented or omitted material information or facts pertinent to the risks undertaken by U.S. Fire, including but not limited to a known loss that certain priests of the Diocese had sexually molested minors in a manner that could or did result in claims against the Diocese, the U.S. Fire Policies are void *ab initio*.

### Twelfth Defense
### (Loss in Progress/Fortuity)

12.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole or in part, to the extent that the Diocese's claims and alleged damages arise out of conditions that existed, or an occurrence or occurrences that were underway, at the time the U.S. Fire Policies were issued to the Diocese.

### Thirteenth Defense
### (No Bodily Injury/Personal Injury)

13.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole or in part, to the extent that the Diocese fails to prove the Underlying Abuse Cases allege and involve "bodily injury" and/or "personal injury" within the meaning of the U.S. Fire Policies, resulting from acts or omissions of the Diocese.

**Fourteenth Defense**
**(No Bodily Injury or Personal Injury During Policy Period)**

14.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole or in part, to the extent that the Diocese seeks coverage for damages or injury that did not occur during the alleged U.S. Fire policy periods.

**Fifteenth Defense**
**(Violation of Law/Public Policy)**

15.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, coverage may be barred, in whole or in part, to the extent that the Diocese seeks coverage under the U.S. Fire Policies for its acts or failures to act that were in violation of law and/or public policy.

**Sixteenth Defense**
**(Fines/Penalties/Punitive Damages)**

16.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole or in part, to the extent that the Diocese seeks coverage for punitive damages, statutory civil or criminal fines or awards against the Diocese.

**Seventeenth Defense**
**(Failure to Mitigate)**

17.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole or in part, to the extent that the Diocese failed to take reasonable steps or make reasonable efforts to mitigate its claimed damages.

**Eighteenth Defense**
**(Named Insureds)**

18.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole or in part, to the extent that damages in the Underlying Abuse Cases are attributable to entities that were not named insureds or "insureds" as defined in the U.S. Fire Policies.

**Nineteenth Defense**
**(Voluntary Payments)**

19.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole or in part, to the extent that the Diocese seeks coverage for amounts voluntarily paid or assumed, or any obligation incurred without U.S. Fire's approval or consent.

**Twentieth Defense**
**(Excess Umbrella Policy, Attachment Points)**

20.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, to the extent that any underlying policies have not been exhausted by payments of settlements or judgments, U.S. Fire has no current obligation to respond to the Underlying Abuse Claims under its excess/umbrella policies.

**Twenty-First Defense**
**(No Exhaustion, Attachment Points)**

21.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole or in part, because underlying insurance has not been exhausted.

### Twenty-Second Defense
### (Limits of Liability)

22.     Any obligation of U.S. Fire to provide coverage is subject to the limits of liability

provisions set forth in the U.S. Fire Policies.

### Twenty-Third Defense
### (Number of Occurrences)

23.     To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, any such available policy limits may be

limited, in whole or in part, based on the number of occurrences.

### Twenty-Fourth Defense
### (Multi-Year Non-Annualized Limits)

24.     To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, any such available policy limits may be

limited, in whole or in part, to the extent that the accident, occurrence or per person limits in the

applicable U.S. Fire Primary Policies are calculated on a policy-period basis and not an annual

basis.

### Twenty-Fifth Defense
### (Allocation)

25.     In the event the Court finds coverage under the U.S. Fire Policies, whether in

whole or in part, U.S. Fire is entitled to have liability allocated, whether in whole or in part, to

other responsible insurers.

### Twenty-Sixth Defense
### (Failure to Cooperate)

26.     To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese has breached provisions of the U.S. Fire Policies

requiring the insured's assistance and cooperation.

### Twenty-Seventh Defense
### (Other Insurance)

27.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, by the "other insurance" provisions in the U.S. Fire Policies.

### Twenty-Eighth Defense
### (Missing or Incomplete Policies)

28.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese is unable to meet its burden of proving the material and

essential terms and conditions of any U.S. Fire Policy.

### Twenty-Ninth Defense
### (Late Notice of Occurrence/Prejudice)

29.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, by the Diocese's failure to provide timely notice of occurrence as required by the U.S.

Fire Policies.  U.S. Fire has been prejudiced by the Diocese's failure to comply with this

condition precedent to coverage.

### Thirtieth Defense
### (Late Notice of Claim/Prejudice)

30.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, by the Diocese's failure to provide timely notice of claims as required by the U.S. Fire

Policies.  U.S. Fire has been prejudiced by the Diocese's failure to comply with this condition

precedent to coverage.

### Thirty-First Defense
### (Indemnity/Contribution)

31.    The Diocese's claims are or may be barred, in whole or in part, to the extent that

the Diocese has impaired U.S. Fire's rights of subrogation, indemnity or contribution.

### Thirty-Second Defense
### (Release/Accord and Satisfaction)

32.    The Diocese's claims are or may be barred, in whole or in part, to the extent that

the Diocese entered into a settlement agreement with U.S. Fire in prior litigation, in which the

Diocese released its putative claims against U.S. Fire.

### Thirty-Third Defense
### (Statute Of Limitations)

33.    The Diocese's claims against U.S. Fire are or may be barred in whole or in part by

the applicable statute of limitations.

### Thirty-Fourth Defense
### (Insufficient Pleadings)

34.    The Diocese has failed to plead its allegations with sufficient particularity to

permit U.S. Fire to determine all applicable defenses.  Therefore, U.S Fire reserves its right to

assert additional defenses once all such information, including complete copies of all insurance

policies, are obtained through discovery and investigation.

## COUNTERCLAIMS

Defendant and Counter-Plaintiff United States Fire Insurance Company ("U.S. Fire"), for its Counterclaims against Plaintiff and Counter-Defendant the Diocese of Winona-Rochester (the "Diocese"), states as follows:

## NATURE OF THE CASE

1.     The Diocese filed its First Amended Complaint for Declaratory Judgment (the "Complaint") against U.S. Fire and numerous other insurers which seeks a declaration that the insurance policies allegedly issued by the defendant insurers provide coverage for the Underlying Abuse Claims.

2.     U.S. Fire repeats, realleges and incorporates herein by reference as though fully set forth, each of its admissions, denials, statements, allegations and affirmative and other defenses as contained in its foregoing Answer and Affirmative and Other Defenses.

3.     U.S. Fire brings these Counterclaims against the Diocese for declaratory relief pursuant to Minn. Stat. § 555.01, *et seq.*

## PARTIES

4.     U.S. Fire is a Delaware corporation with its principal place of business in Morristown, New Jersey.  U.S. Fire is authorized to, and does, transact business in the State of Minnesota and allegedly issued certain primary and excess umbrella insurance policies to the Diocese for the periods between July 1, 1967 to July 1, 1978 (as further outlined in Paragraphs 12 to 21, *infra*).

5.     Upon information and belief, the Diocese is a not-for-profit corporation organized pursuant to the laws of the State of Minnesota, and at all times relevant hereto was doing business in Winona, Minnesota.  The Diocese has been named as a defendant in the Underlying

Abuse Claims, which involve allegations of sexual abuse by one or more of approximately

eighteen (18) priests, teachers or lay personnel allegedly employed by the Diocese.

## THE UNDERLYING ABUSE CLAIMS

6.      Besides the Diocese, various local parishes, schools and other Catholic entities

have also been named as defendants in most of the Underlying Abuse Claims.

7.      The Underlying Abuse Claims allege the individual claimants were students,

parishioners and/or participants in various church activities or programs and that they met and

came into contact with the perpetrators by virtue of their positions with the Diocese.

8.      The Underlying Abuse Claims assert causes of action against the Diocese for

general negligence, negligent supervision and/or negligent retention.  Specifically, they allege,

*inter alia*, the Diocese learned or should have learned that the priest or perpetrator was not fit to

work with children, and knew or should have known that the priest or perpetrator was a danger to

children before the claimant was abused, but otherwise failed to take necessary action to protect

the children and prevent the abuse.

9.      One of the alleged perpetrators of sexual abuse was Father Thomas Adamson,

who served as a priest in various parishes and schools within the Diocese from approximately

1958 to 1975.  It is alleged that Father Adamson abused numerous children during the time he

served in the Diocese, and that the Diocese learned of his propensity to abuse minors long before

he was transferred out of the Diocese and into the Archdiocese of St. Paul and Minneapolis.

10.      In addition to Father Adamson, the Underlying Abuse Claims name other

perpetrators of sexual abuse including one or more of the following individuals: Tom Borek, Fr.

Sylvester Brown, Fr. Joseph Cashman, Fr. William Curtis, Fr. Thomas Duane, Fr. John Richard

Feiten, Fr. Thomas Fitzgerald, Richard Hokanson, Br. Gene Hubert, Fr. Michael Kuisle, Dennis

Ludwig, Fr. Harold Mountain, Fr. James Nickel, Fr. Raymond Redder, Marvin Rouse, Fr. Leland

Smith, and Fr. Robert Taylor.

11.     The Diocese tendered to U.S. Fire approximately seventy-five (75) of the

Underlying Abuse Claims for coverage under the policies issued or allegedly issued by U.S. Fire.

Currently, U.S. Fire is defending the Diocese under a complete reservation of rights in

approximately forty (40) of the Underlying Abuse Claims.  U.S. Fire has denied coverage to the

Diocese for all claims that allege abuse by Father Thomas Adamson based upon earlier coverage

litigation between the Diocese and U.S. Fire in *U.S. Fire v. Diocese of Winona, Inc.,* 503

F.Supp.2d 1129 (D. Minn. 2007), in which this Court held that the Diocese was collaterally

estopped from re-litigating the issue that Fr. Adamson's abuse was "expected" from the

standpoint of the Diocese for purposes of determining whether there was an "occurrence" under

the U.S. Fire Policies (as further discussed in Paragraphs 22 to 27, *infra*).

## THE U.S. FIRE INSURANCE POLICIES

12.     U.S. Fire issued or is alleged to have issued five (5) primary policies to the

Diocese with the following numbers and policy periods:

| NAMED INSURED | POLICY NUMBER | POLICY PERIOD |
| --- | --- | --- |
| Diocese of Winona | ML █2768 | 7/1/1967-7/1/1970 |
| Diocese of Winona | ML █6766 | 7/1/1970-7/1/1973 |
| Diocese of Winona | ML █5245 | 7/1/1973-7/1/1976 |
| Diocese of Winona | ML █6050 | 7/1/1976-7/1/1977 |
| Diocese of Winona | ML █7409 | 7/1/1977-7/1/1978 |

("U.S. Fire Primary Policies"). The Diocese has not provided U.S. Fire with complete copies of

all of the U.S. Fire Primary Policies.

13.     The U.S. Fire Primary Policies, in general, contain a Comprehensive General Liability Coverage Form that agrees to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence." *See* Form MLB-202 (Ed. 10-66).

14.     The term "occurrence" is defined in the U.S. Fire Primary Policies as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

15.     The term "bodily injury" is defined in the U.S. Fire Primary Policies as "bodily injury, sickness or disease sustained by any person which occurs within the policy period."

16.     One or more of the U.S. Fire Primary Policies contain Specialty Multi-Peril Liability Coverage that agrees, in general, to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises." *See* Form MLB-200 (Ed. 10-66).

17.     One or more of the U.S. Fire Primary Policies also contains, in general, the following Amendment of Limits of Liability provision:

> Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows:
>
> Coverage A—This limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the declarations as applicable to "each occurrence."

\*    \*    \*

> Bodily Injury and Property Damage Liability - For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence."

*See* Form MLB-21 (Ed. 10-66) or CF-21 600.0.207.

18.    One or more of the U.S. Fire Policies also contains a Concealment of Fraud provision that provides "the entire policy shall be void if, whether before a loss, the insured has willfully or after a loss, the insured has willfully and with intent to defraud, concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof, or the interests of the insured therein."

19.    U.S. Fire also issued the following two (2) excess umbrella policies to the Diocese:

| NAMED INSURED | POLICY NUMBER | POLICY PERIOD |
|---|---|---|
| Diocese of Winona | ▮686 5 | 7/1/1976-7/1/1977 |
| Diocese of Winona | ▮405 4 | 7/1/1977-7/1/1978 |

(the U.S. Fire Excess Policies").

20.    Under the U.S. Fire Excess Policies, U.S. Fire agrees to pay the "ultimate net loss" in excess of the "retained limit" (with the "retained limit" being defined to include "the applicable limits of the underlying policies listed in Schedule A hereof, and the applicable limits of any other underlying insurance collectible by the insured.").

21.    The term "Personal Injury" is defined in the U.S. Fire Excess Policies to include "bodily injury, sickness, disease, disability, shock, mental anguish and mental injury…."

### THE UNITED STATES DISTRICT COURT'S HOLDING IN *U.S. FIRE V. DIOCESE OF WINONA*, 503 F. SUPP. 2D 1129 (D. MINN. 2007)

22.     On May 31, 2005, U.S. Fire initiated an action for declaratory judgment against the Diocese entitled *U.S. Fire v. Diocese of Winona, Inc. et al.,* Case No. 05-cv-01043, in this District Court (the "2005 Coverage Action") that sought, *inter alia*, a declaration that U.S. Fire had no duty to defend or indemnify the Diocese in connection with a bodily injury lawsuit filed by a sexual abuse claimant, John Doe 76B (the "John Doe 76B Action").

23.     John Doe 76B brought claims against the Diocese alleging that he was sexually abused by Father Thomas Adamson in the 1970s.   The John Doe 76B Action alleged that Father Adamson had engaged in "unpermitted, harmful and offensive sexual contact" with him and that the Diocese had wrongfully continued to employ Adamson after it knew that he had sexually abused children.  In fact, John Doe 76B alleged that between 1964 and December 1974, the Diocese had knowledge that Father Adamson was sexually abusing other boys on numerous occasions.

24.     In the 2005 Coverage Action, U.S. Fire cited to and relied upon the Eighth Circuit's decision in *Diocese of Winona v. Interstate Fire & Casualty Co.*, 89 F.3d 1386 (8th Cir. 1996), that held there were a number of uncontested facts related to the Diocese's knowledge of Father Adamson's propensity to abuse minors, including but not limited to the following:

    a.   Father Adamson's admitted abuse of minors began in 1961.

    b.   In 1964, the Diocese first learned that Adamson attempted to sexually molest a boy on five or six occasions.  Adamson admitted this to the Vicar General of the Diocese.

    c.   In 1966, the Diocese learned of another incident in which Adamson asked two boys to disrobe.  The boys reported the incident to a priest in the Diocese, and

25

Adamson admitted it.  Diocesan officials placed Adamson in counseling for a

short time and then transferred him to a new parish.

d.   In 1973, Adamson tried to grab a boy's genitals while swimming.  The boy

told a priest, who in turn told the Bishop of the Diocese.  At the same time, the

Bishop received an anonymous phone call about Adamson's association with

boys.  Adamson against admitted the attempted abuse.

e.   In 1974, while sitting in a sauna or swimming pool, Adamson touched another

boy's genitals.  This boy told others and the Diocese's Bishop learned of this

incident.  The Bishop confronted Adamson, and Adamson admitted to the

incident.  The Diocese's Bishop also learned that Adamson had been sexually

abusing a boy for over ten years.  In response to this report by the victim's

brother, Adamson admitted to sexually abusing the youth, and also admitted

there had been another problem with a younger person in the early 1960s.

The Diocese also received additional reports that Adamson had sexually

abused over twenty children since 1964.  The Personnel Board of the Diocese

also noted that Adamson was having a recurring problem and needed in-

patient treatment.

f.   In 1975, the Bishop of the Diocese concluded that there were questions about

Adamson's relationship with boys in each of the communities in which he had

served.

25.    Through the 2005 Coverage Action, U.S. Fire sought a declaration that because of

these facts, the alleged bodily injury was "expected or intended" by the Diocese and, therefore,

there was no "occurrence" under the U.S. Fire Policies and U.S. Fire had no duty to defend or indemnify the Diocese for the John Doe 76B Action.

26.    On January 29, 2007, the District Court granted summary judgment to U.S. Fire and found that the underlying facts regarding the Diocese's knowledge of Adamson's propensity of abuse had previously been litigated, and held that the Diocese was collaterally estopped from re-litigating whether there was an "occurrence" under the U.S. Fire Policies.  Based upon this, the court determined there was no coverage for the Diocese under the U.S. Fire Policies at issue because the alleged bodily injury was "expected or intended" by the Diocese.   *See U.S. Fire v. Diocese of Winona, Inc.,* 503 F.Supp.2d 1129 (D. Minn. 2007).

27.    The Court's holding in *U.S. Fire v. Diocese of Winona* became a final judgment that was fully adjudicated, has not been vacated or overturned and remains good law.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment: Collateral Estoppel/Issue Preclusion)

28.    U.S. Fire incorporates by reference the above allegations as if fully set forth in this paragraph.

29.    Based upon the holdings of the United States District Court in *U.S. Fire v. Diocese of Winona* and the Eighth Circuit in *Diocese of Winona v. Interstate Fire & Casualty Co.*, the Diocese is collaterally estopped from contesting the facts regarding the Diocese's knowledge of Father Adamson's propensity for abuse that it knew prior to the inception of the U.S. Fire Policies.

30.    The present issues are identical to those in the 2005 Coverage Action involving the Diocese's knowledge of Father Adamson's propensity to abuse minors.

31.    There was a final judgment on the merits rendered in *U.S. Fire v. Diocese of Winona, Inc. et al.,* 503 F.Supp.2d 1129 (D. Minn. 2007), which involved the exact same parties, with each given a full and fair opportunity to be heard on the adjudicated issues.

32.    Accordingly, U.S. Fire is entitled to a declaration that it has no obligation to provide coverage to the Diocese for any portion of the Underlying Abuse Claims involving alleged sexual abuse by Father Thomas Adamson, on the grounds that the Diocese's claims for coverage under the U.S. Fire Policies are barred by the doctrines of collateral estoppel/issue preclusion, and/or the law of the case doctrine.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment: Various Coverage Issues Under the U.S. Fire Policies)

33.    U.S. Fire incorporates by reference the above allegations as if fully set forth in this paragraph.

34.    The Underlying Abuse Claims against the Diocese raise a number of coverage issues under the U.S. Fire Policies for which an actual controversy presently exists between U.S. Fire and the Diocese, including but not limited to:

a.    The damages or injuries alleged in the Underlying Abuse Claims were expected and/or intended from the standpoint of the Diocese;

b.    The damages or injuries alleged in the Underlying Abuse Claims were not caused by an "accident" or "occurrence";

c.    The Diocese "willfully and with intent to defraud, concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof" when applying for the U.S. Fire Policies;

d.    There is no coverage for any claim that was known, or in progress, or otherwise not fortuitous at the time any of the U.S. Fire Policies were issued to the Diocese;

e.    There is no coverage for any acts of sexual abuse that occurred outside of the policy periods of the U.S. Fire Policies;

f.     If coverage is available, which is denied, there is no coverage for any damages that do not constitute "bodily injury" caused by an "occurrence";

g.     If coverage is available, which is denied, any obligation is subject to the limits of liability provisions set forth in the U.S. Fire Policies;

h.     If coverage is available, which is denied, the limits of any applicable 3-year U.S Fire Policies are calculated on a single policy-period basis and not an annualized basis;

i.     If coverage is available, which is denied, the available limits are limited based on the number of occurrences;

j.     The Diocese must bear all defense and/or indemnity costs incurred with respect to any of the Underlying Abuse Claims to the extent such costs arise from sexual abuse attributable to periods during which the Diocese was self-insured, uninsured, there is no coverage under the U.S. Fire Policies, or the U.S. Fire Policies are exhausted;

k.     Under Minnesota's pro rata allocation law, U.S. Fire cannot be held to indemnify the Diocese for any portion of the Underlying Abuse Claims in excess of that calculated using a *pro rata* time on the risk approach;

l.     The Diocese failed to provide prompt notice of an accident or occurrence, and that U.S. Fire was prejudiced as a result of said untimely notice;

m.     If coverage is available, which is denied, there is no coverage under the U.S. Fire Umbrella Policies for any damages that do not constitute "personal injury"; and

n.     If coverage is available, which is denied, there is no coverage under the U.S. Fire Umbrella Policies for damages that are not in excess of the underlying limits.

33.     Additionally, to the extent that the Underlying Abuse Claims do not describe any claims at issue with sufficient particularity to enable U.S. Fire to determine all of its applicable bases for non-coverage, or if facts revealed during investigation or in discovery show additional bases for non-coverage, U.S. Fire reserves its rights to amend this pleading after the precise nature of the claims are ascertained.

34.     U.S. Fire is entitled to declaratory judgment because there is an actual justiciable controversy regarding coverage under the U.S. Fire Policies, and U.S. Fire has no adequate remedy other than that requested herein to determine the rights of the parties.

WHEREFORE, Defendant and Counter-Plaintiff United States Fire Insurance Company ("U.S. Fire"), prays for judgment as follows:

1.      A declaration that U.S. Fire has no obligation to provide coverage to the Diocese under the U.S. Fire Policies for any portion of the Underlying Abuse Claims involving the alleged sexual abuse by Father Thomas Adamson, on the grounds that the Diocese's claims for coverage under the U.S. Fire Policies are barred by the doctrines of collateral estoppel/issue preclusion, and/or the law of the case doctrine;

2.      A declaration that U.S. Fire owes no duty to provide insurance coverage to the Diocese under any of the U.S. Fire Policies in relation to the Underlying Abuse Claims;

3.      In the alternative, a declaration of the respective rights and obligations of all parties pursuant to the U.S. Fire Policies, and a declaration of the extent of any obligation of U.S. Fire, if any, for the defense and indemnification of the Underlying Abuse Claims;

4.      An award to U.S. Fire of its attorney's fees, costs and disbursements; and

5.      For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

U.S. Fire hereby demands a trial by jury of all issues so triable.

Dated: September 17, 2018          By:  s/Amy J. Woodworth
                                        Amy J. Woodworth (#026166X)
                                        Meagher & Geer, PLLP
                                        33 South Sixth Street, Suite 4400
                                        Minneapolis MN 55402
                                        (612)-338-0661
                                        awoodworth@meagher.com


                                        Michael J. Cohen
                                        Admitted *pro hac vice*
                                        Pamela J. Tillman
                                        Admitted *pro hac vice*
                                        Meissner Tierney Fisher & Nichols S.C.
                                        111 E. Kilbourn Ave, 19th Floor
                                        Milwaukee, WI 53202
                                        (414) 273-1300
                                        mjc@mtfn.com
                                        pjt@mtfn.com

                                        **Attorneys for United States Fire Insurance Company**

85-CV-18-1439

Electronically Served
9/17/2018 10:29 AM
Winona County, MN

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document       Page 195 of 430

**STATE OF MINNESOTA**                                    **DISTRICT COURT**

**COUNTY OF WINONA**                          **THIRD JUDICIAL DISTRICT COURT**

---

Diocese of Winona-Rochester,

      Plaintiff,                                    Case No. 85-CV-18-1439

      v.                                                 Judge Nancy L. Buytendorp

United States Fire Insurance Company,
a  Delaware corporation; Certain Underwriters
at Lloyd's, a foreign insurance syndicate;
Interstate Fire & Casualty Company, an Illinois
corporation; National Surety Corporation,
a Delaware corporation; 21st Century Centennial
Insurance Company (f/k/a Colonial Penn Insurance
Company), a Pennsylvania corporation; St. Paul
Surplus Liens Insurance Company, a Delaware
corporation; Northwestern National Insurance
Company of Milwaukee, Wisconsin, a Wisconsin
corporation, formerly Bellefonte Insurance Company,
a Kentucky corporation; Markel International Insurance
Company Limited, a U.K. Private limited company,
formerly Terra Nova Insurance Co. Ltd.,
a U. K. private limited company; Catalina Holdings
U.K. Limited, a private limited company, formerly
Excess Insurance Co. Ltd., a U. K. private limited
company; Sompo Japan Nipponkoa Insurance
Company of Europe Limited, a U. K. private limited
company, formerly Yasuda Fire and Marine
Insurance Co. (U.K.) Ltd., a U. K. private limited
company, Dominion Insurance Co. Ltd., a U. K. private
limited company; CX Reinsurance Company Ltd.,
a private limited company, formerly CNA Reinsurance
of London Ltd., a U.K. private limited company;
Strong Hold Insurance Co. Ltd., a U. K. private limited
company; Sphere Drake Insurance PLC
(N/K/A Sphere Drake Insurance Limited), a U. K.
public limited company; St. Paul Fire and Marine
Insurance Company, a Minnesota corporation,
formerly St. Katherine Insurance Co. PLC, a U. K.
public limited company; Assicurazioni Generali Spa,
an Italy corporation,

      Defendants.

---

### ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTER-CLAIMS OF UNITED STATES FIRE INSURANCE COMPANY TO THE FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT FILED BY THE DIOCESE OF WINONA-ROCHESTER

---

NOW COMES Defendant United States Fire Insurance Company ("U.S. Fire"), by its attorneys, and for its Answer and Affirmative and Other Defenses to the First Amended Complaint of the Plaintiffs ("Complaint"), U.S. Fire denies each and every allegation, matter and thing alleged in the Complaint which is not otherwise expressly admitted, qualified or answered herein, and states, admits, denies and alleges to the Court as follows:

## ANSWER

## BACKGROUND

1.      Paragraph 1 contains characterizations of the relief sought in the Complaint for which no responsive pleading is required.  To the extent a responsive pleading is required, U.S. Fire admits that the Complaint asserts a claim for declaratory judgment with respect to insurance coverage under various insurance policies, including certain insurance policies allegedly issued by U.S. Fire (the "U.S. Fire Policies") to the Diocese of Winona-Rochester (the "Diocese") as the named insured and affirmatively states that U.S. Fire has no obligation to pay any defense costs, indemnification or reimbursement to the Diocese under the U.S. Fire Policies with respect to the claims brought against the Diocese by individuals alleging they were sexually abused by one or more priests, teachers and/or lay personnel allegedly employed by the Diocese (the "Underlying Abuse Claims").

2.      Paragraph 2 contains conclusions of law to which no response is required by U.S. Fire.  To the extent a response is required, U.S. Fire admits and affirmatively alleges that in May

2013, following lobbying by victims' rights groups, such as the National Center for the Victims

of Crime and the Minnesota Coalition Against Sexual Assault, the State of Minnesota enacted

Minn. Stat. § 541.073, also commonly referred to as "the Child Victims Act", which allowed for

certain previously time-barred claims alleging sexual abuse to be filed until May 25, 2016.

3.      In answer to Paragraph 3 of the Complaint, upon information and belief, U.S. Fire

admits that "multiple claims and lawsuits have been received by the Diocese."  U.S. Fire denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 3 of the Complaint and, on that basis, denies those allegations.

## THE PARTIES

4.      Upon information and belief, U.S. Fire admits only that the Diocese is a Roman

Catholic Diocese in Minnesota.  U.S. Fire denies knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint and, on that

basis, denies those allegations.

5.      In answer to Paragraph 5 of the Complaint, U.S. Fire admits that it is a Delaware

corporation with its principal place of business in Morristown, New Jersey.  Responding to the

allegation that "U.S. Fire operates in the State of Minnesota", U.S. Fire denies knowledge or

information sufficient to form a belief as to what the Diocese intends by the term "operates"

which is undefined, in the context of the sentence, and therefore denies the allegation.  U.S. Fire

further admits that it issued certain policies of insurance under which the Diocese is a named

insured, but affirmatively states that the Diocese has not provided U.S. Fire with complete copies

of each of these policies.  U.S. Fire further responds that the terms, provisions, conditions,

exclusions and limitations in the U.S. Fire Policies speak for themselves and denies any

allegations in Paragraph 5 contrary thereto.

3

6.      In answer to Paragraph 6 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

7.      In answer to Paragraph 7 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

8.      In answer to Paragraph 8 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

9.      In answer to Paragraph 9 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

10.      In answer to Paragraph 10 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

11.      In answer to Paragraph 11 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

12.      In answer to Paragraph 12 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

13.     In answer to Paragraph 13 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

14.     In answer to Paragraph 14 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

15.     In answer to Paragraph 15 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

16.     In answer to Paragraph 16 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

17.     In answer to Paragraph 17 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

18.     In answer to Paragraph 18 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

19.     In answer to Paragraph 19 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

20.    In answer to Paragraph 20 of the Complaint, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

## JURISDICTION AND VENUE

21.    The allegations regarding jurisdiction in Paragraph 21 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire admits that this Court has jurisdiction of this matter.

22.    The allegations regarding jurisdiction in Paragraph 22 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire admits that this Court has personal jurisdiction over it.  As to the allegations against the other defendants, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

23.    The allegations regarding venue in Paragraph 23 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

## THE INSURANCE POLICIES AND CERTIFICATES PURCHASED BY THE DIOCESE

24.    In answer to Paragraph 24 of the Complaint, U.S. Fire admits that it issued certain insurance policies to the Diocese of Winona as a named insured, but affirmatively states that the Diocese has neither provided U.S. Fire with complete copies of all of these policies nor demonstrated the essential terms and conditions of coverage under them.  The policy numbers and stated policy periods of the alleged policies are set out in the table below (the "U.S. Fire Policies").  U.S. Fire further responds that the terms, provisions, conditions, exclusions, and

limitations of the U.S. Fire Policies speak for themselves and denies any allegations contrary thereto.  As to the alleged policies issued by other defendant insurers, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

| U.S. Fire Policies | | |
|---|---|---|
| Primary Policies | ML 42768 | 7/1/1967-7/1/1970 |
| | ML 76766 | 7/1/1970-7/1/1973 |
| | ML 145245 | 7/1/1973-7/1/1976 |
| | ML 236050 | 7/1/1976-7/1/1977 |
| | ML 237409 | 7/1/1977-7/1/1978 |
| Excess Umbrella Policies | 520-004686 5 | 7/1/1976-7/1/1977 |
| | 520-277405 4 | 7/1/1977-7/1/1978 |

25.    The allegations in Paragraph 25 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire affirmatively states that the terms, provisions, conditions, exclusions, and limitations in the U.S. Fire Policies speak for themselves and denies any allegations contrary thereto.  U.S. Fire further states that the Diocese has neither provided U.S. Fire with complete copies of all of these policies nor demonstrated the essential terms and conditions of coverage under them.  As to the policies allegedly issued by other defendant insurers, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

26.    The allegations in Paragraph 26 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire affirmatively states that the terms, provisions, conditions, exclusions, and limitations in the U.S. Fire Policies speak for themselves and denies any allegations contrary thereto.  U.S. Fire further states that the Diocese has neither provided U.S. Fire with complete copies of all of these

policies nor demonstrated the essential terms and conditions of coverage under them. As to the policies allegedly issued by other defendant insurers, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

27.     The allegations in Paragraph 27 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond. To the extent a response is required, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

## THE UNDERLYING ACTIONS

28.     In answer to Paragraph 28 of the Complaint, U.S. Fire affirmatively states that the allegations and pleadings in the Underlying Abuse Claims speak for themselves and denies any allegations contrary thereto.

29.     The allegations in Paragraph 29 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond. To the extent a response is required, U.S. Fire denies the allegations as they relate to U.S. Fire,. As to the allegations against other defendants, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

30.     The allegations in Paragraph 30 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond. To the extent a response is required, U.S. Fire denies the allegations as they relate to U.S. Fire. As to the allegations involving policies allegedly issued by other defendant insurers, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

31.     The allegations in Paragraph 31 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire denies the allegations as they relate to U.S. Fire.  As to the allegations of coverage under other defendant insurers' alleged policies, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

32.     The allegations in Paragraph 32 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire denies the allegations as they relate to U.S. Fire and affirmatively states that it has fully advised the Diocese of its coverage position for the Underlying Abuse Claims tendered to U.S. Fire.  As to the allegations against other defendant insurers, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

33.     The allegations in Paragraph 33 of the Complaint are legal conclusions to which U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire admits and affirmatively states that an actual and justiciable controversy exists  between U.S. Fire and the Diocese with respect to the coverage obligations provided under the U.S. Fire Policies.  U.S. Fire denies that the U.S. Fire Policies provide coverage for the Underlying Abuse Claims.  As to the allegations against other defendant insurers, U.S. Fire denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

## COUNT I — DECLARATORY JUDGMENT AGAINST ALL INSURERS

34.     U.S. Fire incorporates by reference all of its answers in Paragraphs 1 to 33 above as if fully set forth in this paragraph.

35.     The allegations in Paragraph 35 of the Complaint are characterizations of the relief sought by the Diocese for which no responsive pleading is required.  To the extent a

responsive pleading is required, U.S. Fire admits that the Diocese seeks an adjudication of the

parties' rights and duties under the U.S. Fire Policies and other defendant insurers' alleged

policies.  U.S. Fire denies that the U.S. Fire Policies provide coverage for the Underlying Abuse

Claims.

36.    The allegations in Paragraph 36 of the Complaint are legal conclusions to which

U.S. Fire is not obligated to respond.  To the extent a response is required, U.S. Fire

affirmatively states that the terms, provisions, conditions, exclusions, and limitations in the U.S.

Fire Policies speak for themselves and denies any allegations contrary thereto.  U.S. Fire denies

that the U.S. Fire Policies provide coverage for the Underlying Abuse Claims.

37.    In answer to Paragraph 37 of the Complaint, U.S. Fire denies the allegations as

they relate to U.S. Fire and affirmatively states that it has fully advised the Diocese of its

coverage positions for the Underlying Abuse Claims tendered to U.S. Fire.

38.    In answer to Paragraph 38 of the Complaint (including all subparts), and to the

extent the allegations are directed at U.S. Fire, U.S. Fire affirmatively states that the terms,

provisions, conditions, exclusions, and limitations in the U.S. Fire Policies speak for themselves

and denies any allegations contrary thereto.  U.S. Fire further states that it coverage positions

with respect to the Underlying Abuse Claims are set forth in detail in its correspondence with the

Diocese, which speak for themselves and denies any allegations contrary thereto.  As to the

allegations involving other defendant insurers' coverage positions, U.S. Fire denies knowledge

or information sufficient to form a belief as to the truth of the allegations and, on that basis,

denies those allegations.

39.    In answer to Paragraph 39 of the Complaint, and to the extent the allegations are

directed at U.S. Fire, U.S. Fire affirmatively states that the terms, provisions, conditions,

exclusions, and limitations in the U.S. Fire Policies speak for themselves and denies any

allegations contrary thereto.  U.S. Fire further states that it coverage positions with respect to the

Underlying Abuse Claims are set forth in detail in its correspondence with the Diocese, which

speak for themselves and denies any allegations contrary thereto.  As to the allegations involving

other defendant insurers' coverage positions, U.S. Fire denies knowledge or information

sufficient to form a belief as to the truth of the allegations and, on that basis, denies those

allegations

40.    The allegations in Paragraph 40 of the Complaint are characterizations of the

relief sought by the Diocese for which no responsive pleading is required.  To the extent a

responsive pleading is required, U.S. Fire admits that the Diocese contends that it "objects to the

actions taken by the Insurers" and "seeks a declaration" of the parties' rights and duties under the

U.S. Fire Policies and other defendant insurers' alleged policies.  U.S. Fire denies that the U.S.

Fire Policies provide coverage for the Underlying Abuse Claims.

## **AFFIRMATIVE OR OTHER DEFENSES**

Defendant United States Fire Insurance Company ("U.S. Fire") states the following

affirmative and other defenses, without admitting or implying that it bears the burden of proof on

issues pleaded and while reserving the right to raise additional affirmative defenses and to

supplement those asserted herein upon discovery of further information regarding the Diocese's

claims:

### **First Defense**
**(Collateral Estoppel/Issue Preclusion)**

1.    The Diocese's claims for coverage against U.S. Fire are barred, in whole or in

part, by the doctrines of res judicata, collateral estoppel, issue or claim preclusion and any other

applicable doctrine, including but not limited to, because of earlier coverage litigation between

the Diocese and U.S. Fire in *U.S. Fire v. Diocese of Winona, Inc.,* 503 F.Supp.2d 1129 (D. Minn.

2007), in which the United States District Court held that the Diocese was collaterally estopped

from re-litigating the issue that Fr. Adamson's abuse was "expected" from the standpoint of the

Diocese for purposes of determining whether there was an "occurrence" under the insurance

policies that the Diocese alleges U.S. Fire issued to it (the "U.S. Fire Policies").

### Second Defense
### (Failure to State a Claim)

2.      The Diocese's claims fail because it has failed to state a claim against U.S. Fire

for which relief may be granted.

### Third Defense
### (Estoppel/Waiver/Unclean Hands)

3.      The Diocese's claims may be barred, in whole or in part, by the doctrines of

estoppel, waiver, and/or unclean hands.

### Fourth Defense
### (Other Equitable Defenses)

4.      The Diocese's claims may be barred, in whole or in part, by the doctrine of

laches, judicial estoppel or other equitable defenses.

### Fifth Defense
### (Necessary or Indispensable Parties)

5.      The Diocese's claims are or may be barred, in whole or in part, to the extent that

the Diocese failed to name all necessary, indispensable and/or interested parties to this litigation.

### Sixth Defense
### (Course or Pattern of Conduct and/or Behavior)

6.      The Diocese's claims are or may be barred, in whole or in part, to the extent that

the Underlying Abuse Claims arose out of a course of conduct or pattern of behavior by the

Diocese that is not insurable.

### Seventh Defense
### (Terms and Conditions)

7.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations in regard to the underlying sexual abuse claims against the Diocese (the "Underlying

Abuse Cases"), such coverage may be barred, in whole or in part, by the terms, exclusions,

conditions, limitations, and other provisions contained in or incorporated by reference in the U.S.

Fire Policies.

### Eighth Defense
### (No "Occurrence" and/or "Accident")

8.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the events giving rise to the Underlying Abuse Cases do not

constitute an "occurrence" or an "accident" within the meaning of those terms in the U.S. Fire

Policies.

### Ninth Defense
### (Expected or Intended Injury or Damage)

9.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese expected or intended the injuries or damages alleged in

the Underlying Abuse Cases.

### Tenth Defense
### (Intentional or Willful Conduct)

10.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese seeks coverage for damages resulting from its intentional or willful conduct, as alleged in the Underlying Abuse Cases.

### Eleventh Defense
### (Known Loss/Misrepresentation)

11.  To the extent that the Diocese or its agents, representatives or brokers failed to disclose, concealed, misrepresented or omitted material information or facts pertinent to the risks undertaken by U.S. Fire, including but not limited to a known loss that certain priests of the Diocese had sexually molested minors in a manner that could or did result in claims against the Diocese, the U.S. Fire Policies are void *ab initio*.

### Twelfth Defense
### (Loss in Progress/Fortuity)

12.  To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole or in part, to the extent that the Diocese's claims and alleged damages arise out of conditions that existed, or an occurrence or occurrences that were underway, at the time the U.S. Fire Policies were issued to the Diocese.

### Thirteenth Defense
### (No Bodily Injury/Personal Injury)

13.  To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole or in part, to the extent that the Diocese fails to prove the Underlying Abuse Cases allege and involve "bodily injury" and/or "personal injury" within the meaning of the U.S. Fire Policies, resulting from acts or omissions of the Diocese.

### Fourteenth Defense
### (No Bodily Injury or Personal Injury During Policy Period)

14.　　To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese seeks coverage for damages or injury that did not occur

during the alleged U.S. Fire policy periods.

### Fifteenth Defense
### (Violation of Law/Public Policy)

15.　　To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, coverage may be barred, in whole or in

part, to the extent that the Diocese seeks coverage under the U.S. Fire Policies for its acts or

failures to act that were in violation of law and/or public policy.

### Sixteenth Defense
### (Fines/Penalties/Punitive Damages)

16.　　To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese seeks coverage for punitive damages, statutory civil or

criminal fines or awards against the Diocese.

### Seventeenth Defense
### (Failure to Mitigate)

17.　　To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese failed to take reasonable steps or make reasonable efforts

to mitigate its claimed damages.

### Eighteenth Defense
### (Named Insureds)

18.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that damages in the Underlying Abuse Cases are attributable to entities

that were not named insureds or "insureds" as defined in the U.S. Fire Policies.

### Nineteenth Defense
### (Voluntary Payments)

19.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese seeks coverage for amounts voluntarily paid or assumed,

or any obligation incurred without U.S. Fire's approval or consent.

### Twentieth Defense
### (Excess Umbrella Policy, Attachment Points)

20.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, to the extent that any underlying

policies have not been exhausted by payments of settlements or judgments, U.S. Fire has no

current obligation to respond to the Underlying Abuse Claims under its excess/umbrella policies.

### Twenty-First Defense
### (No Exhaustion, Attachment Points)

21.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, because underlying insurance has not been exhausted.

**Twenty-Second Defense**
**(Limits of Liability)**

22.     Any obligation of U.S. Fire to provide coverage is subject to the limits of liability provisions set forth in the U.S. Fire Policies.

**Twenty-Third Defense**
**(Number of Occurrences)**

23.     To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, any such available policy limits may be limited, in whole or in part, based on the number of occurrences.

**Twenty-Fourth Defense**
**(Multi-Year Non-Annualized Limits)**

24.     To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, any such available policy limits may be limited, in whole or in part, to the extent that the accident, occurrence or per person limits in the applicable U.S. Fire Primary Policies are calculated on a policy-period basis and not an annual basis.

**Twenty-Fifth Defense**
**(Allocation)**

25.     In the event the Court finds coverage under the U.S. Fire Policies, whether in whole or in part, U.S. Fire is entitled to have liability allocated, whether in whole or in part, to other responsible insurers.

**Twenty-Sixth Defense**
**(Failure to Cooperate)**

26.     To the extent that the Complaint seeks a declaration of U.S. Fire's coverage obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese has breached provisions of the U.S. Fire Policies

requiring the insured's assistance and cooperation.

### Twenty-Seventh Defense
**(Other Insurance)**

27.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, by the "other insurance" provisions in the U.S. Fire Policies.

### Twenty-Eighth Defense
**(Missing or Incomplete Policies)**

28.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, to the extent that the Diocese is unable to meet its burden of proving the material and

essential terms and conditions of any U.S. Fire Policy.

### Twenty-Ninth Defense
**(Late Notice of Occurrence/Prejudice)**

29.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, by the Diocese's failure to provide timely notice of occurrence as required by the U.S.

Fire Policies.  U.S. Fire has been prejudiced by the Diocese's failure to comply with this

condition precedent to coverage.

### Thirtieth Defense
**(Late Notice of Claim/Prejudice)**

30.    To the extent that the Complaint seeks a declaration of U.S. Fire's coverage

obligations with respect to the Underlying Abuse Cases, such coverage may be barred, in whole

or in part, by the Diocese's failure to provide timely notice of claims as required by the U.S. Fire

Policies.  U.S. Fire has been prejudiced by the Diocese's failure to comply with this condition

precedent to coverage.

### Thirty-First Defense
### (Indemnity/Contribution)

31.     The Diocese's claims are or may be barred, in whole or in part, to the extent that

the Diocese has impaired U.S. Fire's rights of subrogation, indemnity or contribution.

### Thirty-Second Defense
### (Release/Accord and Satisfaction)

32.     The Diocese's claims are or may be barred, in whole or in part, to the extent that

the Diocese entered into a settlement agreement with U.S. Fire in prior litigation, in which the

Diocese released its putative claims against U.S. Fire.

### Thirty-Third Defense
### (Statute Of Limitations)

33.     The Diocese's claims against U.S. Fire are or may be barred in whole or in part by

the applicable statute of limitations.

### Thirty-Fourth Defense
### (Insufficient Pleadings)

34.     The Diocese has failed to plead its allegations with sufficient particularity to

permit U.S. Fire to determine all applicable defenses.  Therefore, U.S Fire reserves its right to

assert additional defenses once all such information, including complete copies of all insurance

policies, are obtained through discovery and investigation.

## COUNTERCLAIMS

Defendant and Counter-Plaintiff United States Fire Insurance Company ("U.S. Fire"), for its Counterclaims against Plaintiff and Counter-Defendant the Diocese of Winona-Rochester (the "Diocese"), states as follows:

## NATURE OF THE CASE

1.     The Diocese filed its First Amended Complaint for Declaratory Judgment (the "Complaint") against U.S. Fire and numerous other insurers which seeks a declaration that the insurance policies allegedly issued by the defendant insurers provide coverage for the Underlying Abuse Claims.

2.     U.S. Fire repeats, realleges and incorporates herein by reference as though fully set forth, each of its admissions, denials, statements, allegations and affirmative and other defenses as contained in its foregoing Answer and Affirmative and Other Defenses.

3.     U.S. Fire brings these Counterclaims against the Diocese for declaratory relief pursuant to Minn. Stat. § 555.01, *et seq.*

## PARTIES

4.     U.S. Fire is a Delaware corporation with its principal place of business in Morristown, New Jersey.  U.S. Fire is authorized to, and does, transact business in the State of Minnesota and allegedly issued certain primary and excess umbrella insurance policies to the Diocese for the periods between July 1, 1967 to July 1, 1978 (as further outlined in Paragraphs 12 to 21, *infra*).

5.     Upon information and belief, the Diocese is a not-for-profit corporation organized pursuant to the laws of the State of Minnesota, and at all times relevant hereto was doing business in Winona, Minnesota.  The Diocese has been named as a defendant in the Underlying

Abuse Claims, which involve allegations of sexual abuse by one or more of approximately

eighteen (18) priests, teachers or lay personnel allegedly employed by the Diocese.

## THE UNDERLYING ABUSE CLAIMS

6.      Besides the Diocese, various local parishes, schools and other Catholic entities

have also been named as defendants in most of the Underlying Abuse Claims.

7.      The Underlying Abuse Claims allege the individual claimants were students,

parishioners and/or participants in various church activities or programs and that they met and

came into contact with the perpetrators by virtue of their positions with the Diocese.

8.      The Underlying Abuse Claims assert causes of action against the Diocese for

general negligence, negligent supervision and/or negligent retention.  Specifically, they allege,

*inter alia*, the Diocese learned or should have learned that the priest or perpetrator was not fit to

work with children, and knew or should have known that the priest or perpetrator was a danger to

children before the claimant was abused, but otherwise failed to take necessary action to protect

the children and prevent the abuse.

9.      One of the alleged perpetrators of sexual abuse was Father Thomas Adamson,

who served as a priest in various parishes and schools within the Diocese from approximately

1958 to 1975.  It is alleged that Father Adamson abused numerous children during the time he

served in the Diocese, and that the Diocese learned of his propensity to abuse minors long before

he was transferred out of the Diocese and into the Archdiocese of St. Paul and Minneapolis.

10.     In addition to Father Adamson, the Underlying Abuse Claims name other

perpetrators of sexual abuse including one or more of the following individuals: Tom Borek, Fr.

Sylvester Brown, Fr. Joseph Cashman, Fr. William Curtis, Fr. Thomas Duane, Fr. John Richard

Feiten, Fr. Thomas Fitzgerald, Richard Hokanson, Br. Gene Hubert, Fr. Michael Kuisle, Dennis

Ludwig, Fr. Harold Mountain, Fr. James Nickel, Fr. Raymond Redder, Marvin Rouse, Fr. Leland Smith, and Fr. Robert Taylor.

11.    The Diocese tendered to U.S. Fire approximately seventy-five (75) of the Underlying Abuse Claims for coverage under the policies issued or allegedly issued by U.S. Fire. Currently, U.S. Fire is defending the Diocese under a complete reservation of rights in approximately forty (40) of the Underlying Abuse Claims.  U.S. Fire has denied coverage to the Diocese for all claims that allege abuse by Father Thomas Adamson based upon earlier coverage litigation between the Diocese and U.S. Fire in *U.S. Fire v. Diocese of Winona, Inc.,* 503 F.Supp.2d 1129 (D. Minn. 2007), in which this Court held that the Diocese was collaterally estopped from re-litigating the issue that Fr. Adamson's abuse was "expected" from the standpoint of the Diocese for purposes of determining whether there was an "occurrence" under the U.S. Fire Policies (as further discussed in Paragraphs 22 to 27, *infra*).

## THE U.S. FIRE INSURANCE POLICIES

12.    U.S. Fire issued or is alleged to have issued five (5) primary policies to the Diocese with the following numbers and policy periods:

| NAMED INSURED | POLICY NUMBER | POLICY PERIOD |
|---|---|---|
| Diocese of Winona | ML 42768 | 7/1/1967-7/1/1970 |
| Diocese of Winona | ML 76766 | 7/1/1970-7/1/1973 |
| Diocese of Winona | ML 145245 | 7/1/1973-7/1/1976 |
| Diocese of Winona | ML 236050 | 7/1/1976-7/1/1977 |
| Diocese of Winona | ML 237409 | 7/1/1977-7/1/1978 |

("U.S. Fire Primary Policies"). The Diocese has not provided U.S. Fire with complete copies of all of the U.S. Fire Primary Policies.

13.     The U.S. Fire Primary Policies, in general, contain a Comprehensive General Liability Coverage Form that agrees to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence." *See* Form MLB-202 (Ed. 10-66).

14.     The term "occurrence" is defined in the U.S. Fire Primary Policies as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

15.     The term "bodily injury" is defined in the U.S. Fire Primary Policies as "bodily injury, sickness or disease sustained by any person which occurs within the policy period."

16.     One or more of the U.S. Fire Primary Policies contain Specialty Multi-Peril Liability Coverage that agrees, in general, to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises." *See* Form MLB-200 (Ed. 10-66).

17.     One or more of the U.S. Fire Primary Policies also contains, in general, the following Amendment of Limits of Liability provision:

> Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows:
>
> Coverage A—This limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the declarations as applicable to "each occurrence."

\*        \*        \*

> Bodily Injury and Property Damage Liability - For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence."

*See* Form MLB-21 (Ed. 10-66) or CF-21 600.0.207.

18.     One or more of the U.S. Fire Policies also contains a Concealment of Fraud provision that provides "the entire policy shall be void if, whether before a loss, the insured has willfully or after a loss, the insured has willfully and with intent to defraud, concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof, or the interests of the insured therein."

19.     U.S. Fire also issued the following two (2) excess umbrella policies to the Diocese:

| NAMED INSURED | POLICY NUMBER | POLICY PERIOD |
|---|---|---|
| Diocese of Winona | 520-004686 5 | 7/1/1976-7/1/1977 |
| Diocese of Winona | 520-277405 4 | 7/1/1977-7/1/1978 |

(the U.S. Fire Excess Policies").

20.     Under the U.S. Fire Excess Policies, U.S. Fire agrees to pay the "ultimate net loss" in excess of the "retained limit" (with the "retained limit" being defined to include "the applicable limits of the underlying policies listed in Schedule A hereof, and the applicable limits of any other underlying insurance collectible by the insured.").

21.     The term "Personal Injury" is defined in the U.S. Fire Excess Policies to include "bodily injury, sickness, disease, disability, shock, mental anguish and mental injury…."

## THE UNITED STATES DISTRICT COURT'S HOLDING IN *U.S. FIRE V. DIOCESE OF WINONA*, 503 F. SUPP. 2D 1129 (D. MINN. 2007)

22.     On May 31, 2005, U.S. Fire initiated an action for declaratory judgment against the Diocese entitled *U.S. Fire v. Diocese of Winona, Inc. et al.,* Case No. 05-cv-01043, in this District Court (the "2005 Coverage Action") that sought, *inter alia,* a declaration that U.S. Fire had no duty to defend or indemnify the Diocese in connection with a bodily injury lawsuit filed by a sexual abuse claimant, John Doe 76B (the "John Doe 76B Action").

23.     John Doe 76B brought claims against the Diocese alleging that he was sexually abused by Father Thomas Adamson in the 1970s.   The John Doe 76B Action alleged that Father Adamson had engaged in "unpermitted, harmful and offensive sexual contact" with him and that the Diocese had wrongfully continued to employ Adamson after it knew that he had sexually abused children.  In fact, John Doe 76B alleged that between 1964 and December 1974, the Diocese had knowledge that Father Adamson was sexually abusing other boys on numerous occasions.

24.     In the 2005 Coverage Action, U.S. Fire cited to and relied upon the Eighth Circuit's decision in *Diocese of Winona v. Interstate Fire & Casualty Co.*, 89 F.3d 1386 (8th Cir. 1996), that held there were a number of uncontested facts related to the Diocese's knowledge of Father Adamson's propensity to abuse minors, including but not limited to the following:

a.   Father Adamson's admitted abuse of minors began in 1961.

b.   In 1964, the Diocese first learned that Adamson attempted to sexually molest a boy on five or six occasions.  Adamson admitted this to the Vicar General of the Diocese.

c.   In 1966, the Diocese learned of another incident in which Adamson asked two boys to disrobe.  The boys reported the incident to a priest in the Diocese, and

Adamson admitted it.  Diocesan officials placed Adamson in counseling for a short time and then transferred him to a new parish.

d.  In 1973, Adamson tried to grab a boy's genitals while swimming.  The boy told a priest, who in turn told the Bishop of the Diocese.  At the same time, the Bishop received an anonymous phone call about Adamson's association with boys.  Adamson against admitted the attempted abuse.

e.  In 1974, while sitting in a sauna or swimming pool, Adamson touched another boy's genitals.  This boy told others and the Diocese's Bishop learned of this incident.  The Bishop confronted Adamson, and Adamson admitted to the incident.  The Diocese's Bishop also learned that Adamson had been sexually abusing a boy for over ten years.  In response to this report by the victim's brother, Adamson admitted to sexually abusing the youth, and also admitted there had been another problem with a younger person in the early 1960s.  The Diocese also received additional reports that Adamson had sexually abused over twenty children since 1964.  The Personnel Board of the Diocese also noted that Adamson was having a recurring problem and needed in-patient treatment.

f.  In 1975, the Bishop of the Diocese concluded that there were questions about Adamson's relationship with boys in each of the communities in which he had served.

25.    Through the 2005 Coverage Action, U.S. Fire sought a declaration that because of these facts, the alleged bodily injury was "expected or intended" by the Diocese and, therefore,

there was no "occurrence" under the U.S. Fire Policies and U.S. Fire had no duty to defend or indemnify the Diocese for the John Doe 76B Action.

26.     On January 29, 2007, the District Court granted summary judgment to U.S. Fire and found that the underlying facts regarding the Diocese's knowledge of Adamson's propensity of abuse had previously been litigated, and held that the Diocese was collaterally estopped from re-litigating whether there was an "occurrence" under the U.S. Fire Policies. Based upon this, the court determined there was no coverage for the Diocese under the U.S. Fire Policies at issue because the alleged bodily injury was "expected or intended" by the Diocese. *See U.S. Fire v. Diocese of Winona, Inc.,* 503 F.Supp.2d 1129 (D. Minn. 2007).

27.     The Court's holding in *U.S. Fire v. Diocese of Winona* became a final judgment that was fully adjudicated, has not been vacated or overturned and remains good law.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment: Collateral Estoppel/Issue Preclusion)

28.     U.S. Fire incorporates by reference the above allegations as if fully set forth in this paragraph.

29.     Based upon the holdings of the United States District Court in *U.S. Fire v. Diocese of Winona* and the Eighth Circuit in *Diocese of Winona v. Interstate Fire & Casualty Co.*, the Diocese is collaterally estopped from contesting the facts regarding the Diocese's knowledge of Father Adamson's propensity for abuse that it knew prior to the inception of the U.S. Fire Policies.

30.     The present issues are identical to those in the 2005 Coverage Action involving the Diocese's knowledge of Father Adamson's propensity to abuse minors.

31.    There was a final judgment on the merits rendered in *U.S. Fire v. Diocese of Winona, Inc. et al.,* 503 F.Supp.2d 1129 (D. Minn. 2007), which involved the exact same parties, with each given a full and fair opportunity to be heard on the adjudicated issues.

32.    Accordingly, U.S. Fire is entitled to a declaration that it has no obligation to provide coverage to the Diocese for any portion of the Underlying Abuse Claims involving alleged sexual abuse by Father Thomas Adamson, on the grounds that the Diocese's claims for coverage under the U.S. Fire Policies are barred by the doctrines of collateral estoppel/issue preclusion, and/or the law of the case doctrine.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment: Various Coverage Issues Under the U.S. Fire Policies)

33.    U.S. Fire incorporates by reference the above allegations as if fully set forth in this paragraph.

34.    The Underlying Abuse Claims against the Diocese raise a number of coverage issues under the U.S. Fire Policies for which an actual controversy presently exists between U.S. Fire and the Diocese, including but not limited to:

    a.    The damages or injuries alleged in the Underlying Abuse Claims were expected and/or intended from the standpoint of the Diocese;

    b.    The damages or injuries alleged in the Underlying Abuse Claims were not caused by an "accident" or "occurrence";

    c.    The Diocese "willfully and with intent to defraud, concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof" when applying for the U.S. Fire Policies;

    d.    There is no coverage for any claim that was known, or in progress, or otherwise not fortuitous at the time any of the U.S. Fire Policies were issued to the Diocese;

    e.    There is no coverage for any acts of sexual abuse that occurred outside of the policy periods of the U.S. Fire Policies;

f.      If coverage is available, which is denied, there is no coverage for any damages that do not constitute "bodily injury" caused by an "occurrence";

g.      If coverage is available, which is denied, any obligation is subject to the limits of liability provisions set forth in the U.S. Fire Policies;

h.      If coverage is available, which is denied, the limits of any applicable 3-year U.S Fire Policies are calculated on a single policy-period basis and not an annualized basis;

i.      If coverage is available, which is denied, the available limits are limited based on the number of occurrences;

j.      The Diocese must bear all defense and/or indemnity costs incurred with respect to any of the Underlying Abuse Claims to the extent such costs arise from sexual abuse attributable to periods during which the Diocese was self-insured, uninsured, there is no coverage under the U.S. Fire Policies, or the U.S. Fire Policies are exhausted;

k.      Under Minnesota's pro rata allocation law, U.S. Fire cannot be held to indemnify the Diocese for any portion of the Underlying Abuse Claims in excess of that calculated using a *pro rata* time on the risk approach;

l.      The Diocese failed to provide prompt notice of an accident or occurrence, and that U.S. Fire was prejudiced as a result of said untimely notice;

m.      If coverage is available, which is denied, there is no coverage under the U.S. Fire Umbrella Policies for any damages that do not constitute "personal injury"; and

n.      If coverage is available, which is denied, there is no coverage under the U.S. Fire Umbrella Policies for damages that are not in excess of the underlying limits.

33.      Additionally, to the extent that the Underlying Abuse Claims do not describe any claims at issue with sufficient particularity to enable U.S. Fire to determine all of its applicable bases for non-coverage, or if facts revealed during investigation or in discovery show additional bases for non-coverage, U.S. Fire reserves its rights to amend this pleading after the precise nature of the claims are ascertained.

34.      U.S. Fire is entitled to declaratory judgment because there is an actual justiciable controversy regarding coverage under the U.S. Fire Policies, and U.S. Fire has no adequate remedy other than that requested herein to determine the rights of the parties.

WHEREFORE, Defendant and Counter-Plaintiff United States Fire Insurance Company ("U.S. Fire"), prays for judgment as follows:

1.      A declaration that U.S. Fire has no obligation to provide coverage to the Diocese under the U.S. Fire Policies for any portion of the Underlying Abuse Claims involving the alleged sexual abuse by Father Thomas Adamson, on the grounds that the Diocese's claims for coverage under the U.S. Fire Policies are barred by the doctrines of collateral estoppel/issue preclusion, and/or the law of the case doctrine;

2.      A declaration that U.S. Fire owes no duty to provide insurance coverage to the Diocese under any of the U.S. Fire Policies in relation to the Underlying Abuse Claims;

3.      In the alternative, a declaration of the respective rights and obligations of all parties pursuant to the U.S. Fire Policies, and a declaration of the extent of any obligation of U.S. Fire, if any, for the defense and indemnification of the Underlying Abuse Claims;

4.      An award to U.S. Fire of its attorney's fees, costs and disbursements; and

5.      For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

U.S. Fire hereby demands a trial by jury of all issues so triable.

Dated: September 17, 2018                    By:   s/Amy J. Woodworth
                                                  Amy J. Woodworth (#026166X)
                                                  Meagher & Geer, PLLP
                                                  33 South Sixth Street, Suite 4400
                                                  Minneapolis MN 55402
                                                  (612)-338-0661
                                                  awoodworth@meagher.com


                                                  Michael J. Cohen
                                                  Admitted *pro hac vice*
                                                  Pamela J. Tillman
                                                  Admitted *pro hac vice*
                                                  Meissner Tierney Fisher & Nichols S.C.
                                                  111 E. Kilbourn Ave, 19th Floor
                                                  Milwaukee, WI 53202
                                                  (414) 273-1300
                                                  mjc@mtfn.com
                                                  pjt@mtfn.com

                                                  **Attorneys for United States Fire Insurance
                                                  Company**

Filed in District Court
State of Minnesota

**2018.09.17 12:46:48
-05'00'**

State of Minnesota
Winona County

District Court
Third District

| Court File Number: **85-CV-18-1439** |
| --- |

Case Type: Civil Other/Misc.

FILE COPY

**Notice of Noncompliance**
**Minn. Gen. R. Prac. 11.04**

---

**The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY,
Catalina Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount,
Sompo Japan Nipponkoa Insurance Company of Europe Limited, Interstate Fire &
Casualty Company et. al.**

☒    You have submitted document(s) in this case which contain(s) restricted identifiers as defined by
Minn. Gen. R. Prac. 11.01(a) (such as social security numbers, employer identification numbers,
and financial account numbers).  The document(s) submitted is/are: Answer and contains in
pages 7, 22, and 24.
When restricted identifiers are required to be submitted to the court, you must submit restricted
identifiers on a separate Confidential Information Form 11.1.

☐    You have submitted financial source documents as defined by Minn. Gen. R. Prac. 11.01(b) (such
as a W-2, pay stubs, bank statements, and tax returns).  The document(s) submitted is/are:                    .
In order to submit financial source documents to the court, you must attach a Confidential
Financial Source Documents Form 11.2 to the supporting documents as a cover sheet.

Within 21 days of the date of this notice, you must:
1.    Submit Form 11.1 along with the document(s), serve and refile the document(s) *without* including
restricted identifiers, and pay any applicable re-submission fee if required by the court. If the court
does not receive the resubmitted document(s) or your motion for relief **within 21 days of the date
of this notice**, the document(s) will be stricken and the court may take any appropriate action,
including sanctions.
And / Or
2.    Submit Form 11.2 along with the financial source document(s), refile the document(s) with the
court, and pay any applicable re-submission fee if required by the court.
Or
3.    Serve and file a motion for relief with the court, if you believe you have received this notification
in error, along with any applicable motion fee established by Minn. Stat. § 357.021, subd. 2(4).

The resubmitted document will be filed as of the date it is submitted through eFiling where mandatory or
delivered by other means (mail or hand delivery) to court administration. If you wish to have the original
file date applied to the resubmitted document, you must make that request by motion within 21 days of
this notice, and file the motion when you re-file your document, along with any applicable motion  fee
established by Minn. Stat. § 357.021, subd. 2(4).

Dated: 9/17/2018                    Karrie Espinoza
                                             Court Administrator
                                             Winona County District Court
                                             171 West Third Street
                                             Winona MN  55987

507-457-6385

Filed in District C
State of Minnes
9/21/2018 3:04

STATES OF MINNESOTA

COUNTY OF WINONA

DISTRICT COURT

THIRD JUDICIAL DISTRICT

CASE TYPE: Civil Other/Misc.

COURT FILE NO.: 85-CV-18-1439
Honorable Nancy L. Buytendorp

---

Diocese of Winona-Rochester,

Plaintiff,

v.

United States Fire Insurance Company, et al.,

Defendants.

---

**NATIONAL SURETY COMPANY'S
ANSWER TO FIRST AMENDED
COMPLAINT and COUNTERCLAIM**

---

Defendant National Surety Company ("NSC"), for its Answer to Plaintiff's First Amended Complaint ("Complaint"), states as follows:

1.      To the extent the statements in paragraph 1 of the Complaint can be said to require a response, NSC admits only that the Diocese is seeking declaratory relief with respect to the rights and obligations under certain contracts of insurance, and denies that the Diocese is entitled to such relief in its favor with respect to NSC.

2.      NSC admits the allegation in paragraph 2 of the Complaint.

3.      In response to the allegations in paragraph 3 of the Complaint, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

4.      NSC admits the allegations in paragraph 4 of the Complaint.

5.      As the allegations in paragraph 5 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

Filed in District C
State of Minnes
9/21/2018 3:04

6.      As the allegations in paragraph 6 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

7.      As the allegations in paragraph 7 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

8.      NSC admits the allegations in the first sentence of paragraph 8 of the Complaint. In response to the allegations in the second sentence of paragraph 8, NSC admits only that it contracted with the Diocese to provide insurance coverage in a certain year, subject to the terms, provisions, conditions, exclusions, and limitations in the applicable contract of insurance, and NSC denies any allegation in paragraph 8 that is inconsistent with or contradicted by the language of the insurance contracts.

9.      As the allegations in paragraph 9 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

10.     As the allegations in paragraph 10 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

11.     As the allegations in paragraph 11 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states

pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

12.     As the allegations in paragraph 12 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

13.     As the allegations in paragraph 13 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

14.     As the allegations in paragraph 14 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

15.     As the allegations in paragraph 15 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

16.     As the allegations in paragraph 16 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

17.     As the allegations in paragraph 17 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states

pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

18.     As the allegations in paragraph 18 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

19.     As the allegations in paragraph 19 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

20.     As the allegations in paragraph 20 of the Complaint do not pertain to NSC, NSC is not required to respond; to the extent a response may be deemed to be required NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

21.     In response to allegation in paragraph 21 of the Complaint, NSC admits that it is subject to the jurisdiction of this court; as to the allegation that other insurers is subject to this court's jurisdiction NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

22.     In response to allegation in paragraph 22 of the Complaint, NSC admits that it is subject to the jurisdiction of this court; as to the allegation that other insurers are subject to this court's jurisdiction NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

23.     NSC admits the allegation in paragraph 23 of the Complaint.

Filed in District C
State of Minnes
9/21/2018 3:04

24.     In response to the allegations in paragraph 24 of the Complaint, NSC admits only that it contracted with the Diocese to provide insurance coverage in a certain policy year, subject to the terms, provisions, conditions, exclusions, and limitations in the applicable contract of insurance, and NSC denies any allegation in paragraph 24 that is inconsistent with or contradicted by the language of the insurance contract.  As to the allegation regarding other insurers' contractual obligations, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same

25.     In response to the allegations in paragraph 25 of the Complaint, NSC admits that it contracted with the Diocese to provide insurance coverage in a certain policy year, subject to the terms, provisions, conditions, exclusions, and limitations in the applicable contract of insurance, and NSC denies any allegation in paragraph 25 that is inconsistent with or contradicted by the language of the insurance contract.  As to the allegation regarding other insurers' contractual obligations, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

26.     In response to the allegations in paragraph 26 of the Complaint, NSC admits that it contracted with the Diocese to provide insurance coverage in a certain policy year, subject to the terms, provisions, conditions, exclusions, and limitations in the applicable contract of insurance, and NSC denies any allegation in paragraph 26 that is inconsistent with or contradicted by the language of the insurance contract.  As to the allegation regarding other insurers' contractual obligations, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

27.     In response to the allegations in paragraph 27 of the Complaint, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

28.     In response to the allegations in paragraph 28 of the Complaint, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

29.     In response to the allegations in paragraph 29 of the Complaint, NSC denies that it has been informed of any Underlying Actions and Claims.  As to the allegation that the Diocese has fully cooperated with NSC's requests NSC states that it has made no such requests, due to the fact it has not been notified of any Underlying Actions and Claims.  As to the allegation in paragraph 29 regarding the Diocese's notification of other insurers, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

30.     NSC denies the allegations in paragraph 30 to the extent such allegations pertain to NSC.  To the extent the allegations in paragraph 30 pertain to other insurers, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

31.     NSC denies the allegations in paragraph 31 to the extent such allegations pertain to NSC.  To the extent the allegations in paragraph 31 pertain to other insurers, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

32.     NSC denies the allegations in paragraph 32 to the extent such allegations pertain to NSC.  To the extent the allegations in paragraph 32 pertain to other insurers, NSC states

pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

33.    NSC admits the allegations in paragraph 33 to the extent such allegations pertain to NSC; further, NSC denies that the contract of insurance between it and the Diocese provides coverage for the Underlying Actions and Claims.  To the extent the allegations in paragraph 33 pertain to other insurers, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

34.    In response to the allegations in paragraph 34, NSC incorporates paragraphs 1-33 of its Answer, above, as if fully set forth herein.

35.    NSC admits the allegations in paragraph 35 to the extent such allegations pertain to NSC; further, NSC denies that the contract of insurance between it and the Diocese provides coverage for the Underlying Actions and Claims.

36.    NSC denies the allegations in paragraph 36 to the extent such allegations pertain to NSC; further, NSC denies that the contract of insurance between it and the Diocese provides coverage for the Underlying Actions and Claims.  To the extent the allegations in paragraph 36 pertain to other insurers, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

37.    NSC denies the allegations in paragraph 37 of the Complaint to the extent such allegations pertain to NSC.  To the extent the allegations in paragraph 37 pertain to other insurers, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

38.    In response to the allegations in paragraph 38 of the Complaint, NCS denies that the Diocese has demanded that NSC provide coverage, but NSC admits that it disputes that it has any coverage obligation with respect to the Diocese.  To the extent the allegations in paragraph

Filed in District C
State of Minnes
9/21/2018 3:04

38 pertain to other insurers, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge

or information sufficient to enable it to form a belief as to the truth or falsity of the same.

39.    In response to the allegations in paragraph 39 of the Complaint, NCS denies that

the Diocese has demanded that NSC provide coverage, but NSC admits that it disputes that it has

any coverage obligation with respect to the Diocese.   As to the allegations regarding any

positions taken by other insurers, NSC states pursuant to Minn. R. Civ. P. 8.02 that it lacks

knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the

same.

40.    In response to the allegations in paragraph 40 of the Complaint, NSC denies that

the Diocese has objected or could object to actions taken or positions asserted by NSC, since the

Diocese has not previously made any coverage demands or requests to NSC, but NSC admits

that it disputes that it has any coverage obligation with respect to the Diocese.   As to the

allegations regarding the Diocese's reaction to any positions taken by other insurers, NSC states

pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to

form a belief as to the truth or falsity of the same.   NSC admits that the Diocese is seeking a

declaration(s) in this action, but denies that the Diocese is entitled to the declaration(s) sought by

the Diocese.

41.    NSC denies each and every allegation, matter and thing set forth in the First

Amended Complaint except as otherwise expressly admitted, qualified or answered in

paragraphs 1-40, above.

## AFFIRMATIVE DEFENSES

42.    The Complaint fails to state any claim on which relief can be granted.

43.    The Diocese's claims in this matter are barred, in whole or in part, by its failure to

give timely notice of the Underlying Actions and Claims to NSC.

Filed in District C
State of Minnes
9/21/2018 3:04

44.     The Diocese's claims in this matter are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata, given the final decisions in *Diocese of Winona v. Interstate Fire & Cas. Co.*, 89 F.3d 1386 (8th Cir. 1996) and *U.S. Fire Ins. Co. v. Diocese of Winona*, 504 F.Supp.2d 1129 (D.Minn. 2007).

45.     The Diocese's claims in this matter are barred to the extent it has failed to name all necessary, indispensable, and/or proper parties to this litigation.

46.     The Diocese's claims in this matter are barred, in whole or in part, by its failure to comply with the terms, provisions, conditions, exclusions, and limitations in the applicable contract of insurance.

47.     The Diocese's claims in this matter are barred, in whole or in part, to the extent that the Underlying Actions and Claims arise out of course of conduct by the Diocese that is uninsurable and/or violates the basic doctrines of insurability and fortuity, and to the extent the Diocese controlled the risk sought to be insured.

48.     The Diocese's claims in this matter are barred, in whole or in part, to the extent that insurance coverage for the allegations and/or damages in the Underlying Actions and Claims is barred by any other of the terms, provisions, conditions, exclusions, and limitations in the applicable contract of insurance.

49.     The Diocese's claims in this matter are barred, in whole or in part, by the Diocese's inability to show that some or all of the Underlying Actions and Claims do not involve "occurrences" within the meaning of the applicable contract of insurance.

50.     The Diocese's claims in this matter are barred, in whole or in part, to the extent that the Diocese intended or expected the damages alleged in the Underlying Actions and Claims.

Filed in District Court
State of Minnes
9/21/2018 3:04

51.     The Diocese's claims in this matter are barred, in whole or in part, to the extent that any of the Underlying Actions and Claims are made against persons or entities that are not insureds, additional insureds, or otherwise entitled to insurance coverage under the applicable contract of insurance.

52.     The Diocese's claims in this matter are barred, in whole or in part, to the extent that the Diocese cannot show that the damages alleged in the Underlying Actions and Claims exceed or exhaust the limits of the coverage available from underlying applicable contract of insurance.

53.     The Diocese's claims in this matter are barred, in whole or in part, to the extent that the damages alleged in the Underlying Actions and Claims did not occur during the coverage of the applicable contract of insurance.

54.     The Diocese's claims in this matter are barred, in whole or in part, to the extent that the damages alleged in the Underlying Actions and Claims include punitive and/or exemplary damages.

55.     The Diocese's claims in this matter are barred, in whole or in part, to the extent that the exclusions in the applicable insurance contract exclude coverage for the damages alleged in the Underlying Actions and Claims.

56.     NSC's coverage obligation, if any, may be limited and/or defined by applicable law on issues such as number of occurrences, allocation of coverage, and other matters.

57.     NSC reserve the right to assert any other and further affirmative defenses that may become apparent during investigation and discovery.

WHEREFORE, National Surety Company requests that Plaintiff take nothing by its First Amended Complaint, that the same be dismissed with prejudice, that National Surety Company

recover its reasonable costs and disbursements, and such further and other relief as the Court deems equitable.

## COUNTERCLAIM

National Surety Company ("NSC"), for its Counterclaim against plaintiff Diocese of Winona-Rochester, states and allege as follows:

1.     NSC incorporates and re-alleges paragraphs 1-57 of its Answer to the Diocese's First Amended Complaint ("Complaint"), above, as if fully set forth herein.

2.     NSC contracted with the Diocese to provide excess insurance, subject to the terms, provisions, conditions, exclusions, and limitations in the applicable contract of insurance (the "NSC Insurance Contract").  NSC has not located, and the Diocese has not provided, a complete copy of the NSC Insurance Contract.

3.     The Underlying Actions and Claims allege that various persons were sexually abused or otherwise subjected to wrongful conduct by a number of priests employed by and/or under the control of the Diocese, including (but not limited to) Fr. Thomas Adamson.

4.     Before filing the above-referenced action, the Diocese did not notify NSC of any of the Underlying Actions and Claims.

5.     Upon information and belief, the Underlying Actions and Claims raise a number of coverage issues under the NSC Insurance Contract as to which an actual controversy exists between NSC and the Diocese, including (but not necessarily limited to):

    a.     Whether the Diocese timely notified NSC of the Underlying Actions and Claims.

    b.     Whether the holdings of the federal courts in *Diocese of Winona v. Interstate Fire & Cas. Co.*, 89 F.3d 1386 (8th Cir. 1996) and *U.S. Fire Ins. Co. v. Diocese of Winona*, 504 F.Supp.2d 1129 (D. Minn. 2007) preclude any claim by the Diocese for coverage with respect to Underlying Actions and Claims arising out of the conduct of Fr. Thomas Adamson.

11

c.      The existence, nature, and extent of any obligation by NSC to reimburse the Diocese for any costs incurred in responding to or defending against the Underlying Actions and Claims.

d.      Whether, and to what extent, the damages and injuries alleged in any of the Underlying Actions and Claims were caused by an "occurrence" within the meaning of the NSC Insurance Contract.

e.      Whether the Diocese withheld or concealed any material facts or circumstances when applying for coverage under the NSC Insurance Contract, such that the Diocese is not entitled to coverage.

f.      Whether the conduct, damages and injuries alleged in any of the Underlying Actions and Claims were known and/ in progress, or otherwise not fortuitous, at the time of the inception of any of the NSC Insurance Contract, such that the Diocese is not entitled to coverage.

g.      Whether the Diocese controlled the risk with respect to the conduct, damages and injuries alleged in any of the Underlying Actions and Claims, such that the Diocese is not entitled to coverage.

h.      Whether, and to what extent, the damages and injuries alleged in the Underlying Actions and Claims occurred before or after the years in which the NSC Insurance Contract were in effect.

i.      Whether, and to what extent, the damages and injuries alleged in the Underlying Actions and Claims constitute "personal injuries" arising out of an "occurrence."

j.      Whether, and to what extent, any "personal injuries" resulted from an "assault and battery" within the meaning of the NSC Insurance Contract, such that coverage is excluded.

k.      Whether, and to what extent, any of the Underlying Actions and Claims are asserted against persons or entities that are insureds, additional insureds, or otherwise entitled to insurance coverage under the NSC Insurance Contract.

l.      Whether, and to what extent, the damages alleged in the Underlying Actions and Claims are within the level of coverage (if any) afforded by the NSC Insurance Contract.

6.      NSC is entitled to a declaratory judgment from this Court regarding the issues identified and noted above.

WHEREFORE, defendant and counterclaimant National Surety Company seeks judgment from this Court, as follows:

1.    Declaring that NSC has no obligation to provide coverage to the Diocese for any damages claimed in the Underlying Actions and Claims arising out of the actions of Fr. Thomas Adamson.

2.    Declaring that NSC has no obligation to provide coverage to the Diocese for any .damages claimed in the Underlying Actions and Claims; in the alternative, declaring the respective rights and obligations (if any) of NSC and of the Diocese with respect to the Underlying Actions and Claims.

3.    An award of NSC's reasonable costs and disbursements incurred herein.

4.    For such other and further relief as the Court may deem proper and equitable.

MOSS & BARNETT
A Professional Association

Dated: September 21, 2018

By _s/Charles E. Jones_____
    Charles E. Jones (MN #0202708)
150 South Fifth Street, Suite 1200
Minneapolis MN 55402
Telephone: (612) 877-5000
Charles.Jones@lawmoss.com

ATTORNEYS FOR DEFENDANT
National Surety Company

4243195v1

13

**STATE OF MINNESOTA**                              **DISTRICT COURT**

**COUNTY OF WINONA**                    **THIRD JUDICIAL DISTRICT COURT**
                                                              Civil Action

---

DIOCESE OF WINONA-ROCHESTER;

     Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation; CERTAIN
UNDERWRITERS AT LLOYD'S, a foreign
insurance syndicate; INTERSTATE FIRE &
CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; 21ST CENTURY
CENTENNIAL INSURANCE COMPANY (f/k/a
COLONIAL PENN INSURANCE COMPANY), a
Pennsylvania corporation; ST. PAUL SURPLUS
LINES INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL
INTERNATIONAL INSURANCE COMPANY
LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company; SOMPO
JAPAN NIPPONKOA INSURANCE COMPANY
OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO. LTD., a U.K. private limited

Court File No.: **85-CV-18-1439**
Judge: Hon. Nancy Buytendorp

1

company; CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company; STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company; SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, formerly ST. KATHERINE INSURANCE CO. PLC, a U.K. public limited company; ASSICURAZIONI GENERALI SPA, an Italy corporation.

        Defendants.

## FIRST AMENDED AFFIDAVIT OF COMPLIANCE

I, Christopher W. Coon, being first duly sworn upon oath, state and depose as follows:

1.      I am an attorney licensed to practice law in the State of Minnesota, the State of Iowa, and the Federal District of Minnesota.

2.      I am one of the attorneys for Plaintiff Diocese of Winona-Rochester and represent the Diocese of Winona-Rochester in the above captioned matter.

3.      Pursuant to Minn. Stat. § 45.028 subd. 2 (2017), I submit this First Amended Affidavit of Compliance in support of Plaintiff, Diocese of Winona-Rochester's Amended Complaint for Declaratory Judgment.

4.      On June 28, 2018 I caused to be served by certified mail the Diocese of Winona-Rochester's Summons and Complaint in this matter upon the Minnesota Commissioner of Commerce at the following address:

> Minnesota Commissioner of Commerce
> Consumer Protection and Education Division
> 85 7th Place East, Suite 280
> Saint Paul, MN 55101

5.    On June 28, 2018 I caused to be served by certified mail the Diocese of Winona-Rochester's Summons and Complaint upon each Defendant herein named at their last known address according to the service list attached herewith as Exhibit A.

6.    On July 27, 2018, I caused to be served by certified mail the Diocese of Winona-Rochester's Summons and Complaint in this matter upon the Minnesota Commissioner of Commerce at the following address:

> Minnesota Commissioner of Commerce
> Consumer Protection and Education Division
> 85 7th Place East, Suite 280
> Saint Paul, MN 55101

7.    On July 27, 2018, I caused to be served by certified mail the Diocese of Winona-Rochester's Summons and Complaint upon Defendant Interstate Fire and Casualty Company at its last known address.

8.    On August 9, 2018, I caused the Plaintiff Diocese of Winona-Rochester's Amended Complaint to be served on Defendants by sending a copy of said Complaint to the Minnesota Commissioner of Commerce by certified mail, and by certified mail to each Defendant at their last known address.

9.    The following Defendants were served directly at their last known address: Interstate Fire & Casualty Company, Sphere Drake Insurance Limited, St. Paul Fire and Marine Insurance Company, 21st Century Centennial Insurance Company, and National Surety Corporation.

10.    As of the date of the service of the Amended Complaint, certain Defendants had either appeared in this action via counsel, or counsel for such Defendants had notified Plaintiff of their representation.  Service of process of Plaintiff's Amended Complaint was made via Acceptance of Service signed by Defense counsel as to all other Defendants not identified in the preceding paragraph.

11.    By doing the acts above described, Plaintiff the Diocese of Winona-Rochester has met the service requirements set forth under Minn. Stat. § 45.028 (2017).

12.    Pursuant to Minn. Stat. § 358.116, I declare, on this 20th day of September, 2018 in Olmsted County, Minnesota, under penalty of perjury, that everything stated in this document is true and correct.

Dated:   September 20, 2018

_____
Christopher W. Coon

# EXHIBIT A

**Service List**

| | |
|---|---|
| United States Fire Insurance Company<br>305 Madison Avenue<br>Morristown, NJ 07962;<br><br><br>Amy J. Woodworth (#026166X)<br>awoodworth@meagher.com<br>Meagher & Geer, P.L.L.P.<br>33 South Sixth Street, Suite 4400<br>Minneapolis, MN 55402<br>(612) 338-0661<br>Attorneys for United States Fire<br>Insurance Company<br><br>Pamela J. Tillman<br>pjt@mtfn.com<br>Michael J. Cohen<br>mjc@mtfn.com<br>Meissner Tierney Fisher & Nichols S.C.<br>111 East Kilbourn Ave., 19th Floor<br>Milwaukee, WI 53202<br>Attorneys for United States Fire<br>Insurance Company | Interstate Fire & Casualty Company<br>33 West Monroe Street<br>Chicago IL 60603<br><br>National Surety Corporation<br>225 W. Washington Street, Suite 1800<br>Chicago, IL 60606-3458<br><br><br>Charles E. Jones<br>Charles.Jones@lawmoss.com<br>Moss & Barnett<br>150 South Fifth Street, Suite 1200<br>Minneapolis, MN 55402<br>Attorney for Interstate Fire and Casualty<br>Company and National Surety Corporation |
| Certain Underwriters at Lloyd's, Mendes &<br>Mount<br>750 Seventh Avenue<br>New York, NY 10019<br><br>Markel International Insurance Company<br>Limited<br>20 Fenchurch Street<br>London EC3M 3AZ<br>United Kingdom<br><br>Catalina Holdings U.K. Limited<br>1 Alie Street,<br>London, E1 8DE<br>United Kingdom | |

Sphere Drake Insurance Limited
Park Gate,
Brighton BN1 6AU
United Kingdom

Sompo Japan Nipponkoa Insurance Company
of Europe Limited
1st Floor, 6 Devonshire Square,
London, EC2M 4YE
United Kingdom
Dominion Insurance Co. Ltd.
Midas House, 2 Knoll Rise,
Orpington, BR6 0NX
United Kingdom

CX Reinsurance Company Ltd.
1 Royal Exchange Avenue, Suite 306
London, EC3V 3LT
United Kingdom

Strong Hold Insurance Co. Ltd.
Norwich Winterthur House, Rose Lane
Norwich, NR1 1JY
United Kingdom

Assicurazioni Generali SPA,
Piazza Duca degli Abruzzi,
2 P.O. Box 538 34132
Trieste, Italy


Gerald H. Bren
Fisher, Bren, & Sheridan LLP
920 Second Avenue South
Suite 975
Minneapolis, MN 55402
Telephone: (612) 332-0100
Attorneys for the Above Named Defendants

21st Century Centennial Insurance Company
(f/k/a Colonial Penn Insurance Company)
Legal Department
3 Beaver Valley Road
4th Floor
Wilmington, DE  19803

Eric E. Caugh (#026703x)
ecaugh@zelle.com
Rolf E. Gilbertson (#34769)
rgilbertson@zelle.com
Zelle LLP
500 Washington Ave. S.
Suite 4000
Minneapolis, MN 55415
Attorneys for Defendant Swiss Reinsurance
America Corporation as Administrator for 21st
Century Centennial Insurance Company f/k/a
Colonial Penn Insurance Company

| | |
|---|---|
| Catalina J. Sugayan<br>Catalina.sugayan@clydeco.us<br>Peter Horst<br>Peter.horst@clydeco.us<br>Robert E. Sweeney, Jr.<br>Robert.Sweeney@clydeco.us<br>Clyde & CO. US LLP<br>55 W. Monroe St., Suite 3000<br>Chicago, IL 60603<br>312-635-7000<br>Attorneys for the Above Named Defendants | |
| Northwestern National Insurance Company of Milwaukee, Wisconsin<br>8200 Beckett Park Drive, Suite 201<br>West Chester, OH 45069<br><br>Eric D. Suben<br>Traub Lieberman Straus & Shrewsberry LLP<br>7 Skyline Drive<br>Hawthorne, NY 10532<br>esuben@tlsslaw.com<br>Attorney for Northwestern National Insurance Company | |
| St. Paul Surplus Lines Insurance Company<br>One Tower Square<br>Hartford, CT 06183<br><br>St. Paul Fire and Marine Insurance Company<br>One Tower Square<br>Hartford, CT 06183<br><br>Lance D. Meyer<br>O'Meara Leer Wagner & Kohl, P.A.<br>7401 Metro Blvd, Suite 600<br>Minneapolis, MN  55439-3034<br>Attorneys for St. Paul Surplus Lines Insurance Company and St. Paul Fire and Marine Insurance Company | |

Filed in District C
State of Minne:
9/21/2018 3:05

STATES OF MINNESOTA

COUNTY OF WINONA

DISTRICT COURT

THIRD JUDICIAL DISTRICT

CASE TYPE: Civil Other/Misc.

COURT FILE NO.: 85-CV-18-1439
Honorable Nancy L. Buytendorp

Diocese of Winona-Rochester,

Plaintiff,

v.

United States Fire Insurance Company, et al.,

Defendants.

**INTERSTATE FIRE & CASUALTY
COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT and
COUNTERCLAIM**

Defendant Interstate Fire & Casualty Company ("IFC"), for its Answer to Plaintiff's First

Amended Complaint ("Complaint"), states as follows:

1.    To the extent the statements in paragraph 1 of the Complaint can be said to

require a response, IFC admits only that the Diocese is seeking declaratory relief with respect to

the rights and obligations under certain contracts of insurance, and denies that the Diocese is

entitled to such relief in its favor with respect to IFC.

2.    IFC admits the allegation in paragraph 2 of the Complaint.

3.    In response to the allegations in paragraph 3 of the Complaint, IFC admits that the

Diocese has received multiple claims and lawsuits (the "Underlying Actions and Claims"); as to

the other allegations in paragraph 3 IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks

knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the

same.

4.    IFC admits the allegations in paragraph 4 of the Complaint.

5.    As the allegations in paragraph 5 of the Complaint do not pertain to IFC, IFC is

not required to respond; to the extent a response may be deemed to be required IFC states

Filed in District C
State of Minnes
9/21/2018 3:05

pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

6.      As the allegations in paragraph 6 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

7.      IFC admits the allegations in the first sentence of paragraph 7 of the Complaint. In response to the allegations in the second sentence of paragraph 7, IFC admits only that it contracted with the Diocese to provide insurance coverage in certain years, subject to the terms, provisions, conditions, exclusions, and limitations in the applicable contracts of insurance, and IFC denies any allegation in paragraph 7 that is inconsistent with or contradicted by the language of the insurance contracts.

8.      As the allegations in paragraph 8 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

9.      As the allegations in paragraph 9 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

10.     As the allegations in paragraph 10 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states

Filed in District C
State of Minnes
9/21/2018 3:05

pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

11.    As the allegations in paragraph 11 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

12.    As the allegations in paragraph 12 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

13.    As the allegations in paragraph 13 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

14.    As the allegations in paragraph 14 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

15.    As the allegations in paragraph 15 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

Filed in District C
State of Minnes
9/21/2018 3:05

16.     As the allegations in paragraph 16 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

17.     As the allegations in paragraph 17 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

18.     As the allegations in paragraph 18 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

19.     As the allegations in paragraph 19 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

20.     As the allegations in paragraph 20 of the Complaint do not pertain to IFC, IFC is not required to respond; to the extent a response may be deemed to be required IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

21.     In response to allegation in paragraph 21 of the Complaint, IFC admits that it is subject to the jurisdiction of this court; as to the allegation that other insurers is subject to this

court's jurisdiction IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

22.     In response to allegation in paragraph 22 of the Complaint, IFC admits that it is subject to the jurisdiction of this court; as to the allegation that other insurers is subject to this court's jurisdiction IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

23.     IFC admits the allegation in paragraph 23 of the Complaint.

24.     In response to the allegations in paragraph 24 of the Complaint, IFC admits only that it contracted with the Diocese to provide insurance coverage in certain policy years, subject to the terms, provisions, conditions, exclusions, and limitations in the applicable contracts of insurance, and IFC denies any allegation in paragraph 24 that is inconsistent with or contradicted by the language of the insurance contracts.  As to the allegation regarding other insurers' contractual obligations, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same

25.     In response to the allegations in paragraph 25 of the Complaint, IFC admits that it contracted with the Diocese to provide insurance coverage in certain policy years, subject to the terms, provisions, conditions, exclusions, and limitations in the applicable contracts of insurance, and IFC denies any allegation in paragraph 25 that is inconsistent with or contradicted by the language of the insurance contracts.  As to the allegation regarding other insurers' contractual obligations, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

26.     In response to the allegations in paragraph 26 of the Complaint, IFC admits that it contracted with the Diocese to provide insurance coverage in certain policy years, subject to the

terms, provisions, conditions, exclusions, and limitations in the applicable contracts of insurance, and IFC denies any allegation in paragraph 26 that is inconsistent with or contradicted by the language of the insurance contracts.  As to the allegation regarding other insurers' contractual obligations, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

27.     In response to the allegations in paragraph 27 of the Complaint, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

28.     In response to the allegations in paragraph 28 of the Complaint, IFC admits that allegations have been made against the Diocese (and others) in pleadings in the Underlying Actions and Claims and denies any allegation in paragraph 28 that is inconsistent with or contradicted by the language of such pleadings.

29.     In response to the allegations in paragraph 29 of the Complaint, IFC admits only that it has been informed of certain Underlying Actions and Claims, and denies the allegation that the Diocese has fully cooperated with IFC's requests.  As to the allegation in paragraph 29 regarding the Diocese's notification of other insurers, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

30.     IFC denies the allegations in paragraph 30 to the extent such allegations pertain to IFC.  To the extent the allegations in paragraph 30 pertain to other insurers, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

31.    IFC denies the allegations in paragraph 31 to the extent such allegations pertain to IFC.  To the extent the allegations in paragraph 31 pertain to other insurers, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

32.    IFC denies the allegations in paragraph 32 to the extent such allegations pertain to IFC.  To the extent the allegations in paragraph 32 pertain to other insurers, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

33.    IFC admits the allegations in paragraph 33 to the extent such allegations pertain to IFC; further, IFC denies that the contracts of insurance between it and the Diocese provide coverage for the Underlying Claims.  To the extent the allegations in paragraph 33 pertain to other insurers, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

34.    In response to the allegations in paragraph 34, IFC incorporates paragraphs 1-33 of its Answer, above, as if fully set forth herein.

35.    IFC admits the allegations in paragraph 35 to the extent such allegations pertain to IFC; further, IFC denies that the contracts of insurance between it and the Diocese provide coverage for the Underlying Actions and Claims.

36.    IFC denies the allegations in paragraph 36 to the extent such allegations pertain to IFC; further, IFC denies that the contracts of insurance between it and the Diocese provide coverage for the Underlying Actions and Claims.  To the extent the allegations in paragraph 36 pertain to other insurers, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

State of Minne
9/21/2018 3:05

37.     IFC denies the allegations in paragraph 37 of the Complaint to the extent such allegations pertain to IFC.  To the extent the allegations in paragraph 37 pertain to other insurers, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

38.     In response to the allegations in paragraph 38 of the Complaint, IFC states that it has responded to the Diocese's tender of certain of the Underlying Actions and Claims.  IFC admits that the allegations in paragraph 38 are generally consistent with positions taken by IFC in its responses, but IFC denies that paragraph 38 fully characterizes IFC's response and denies any allegation in paragraph 38 that is inconsistent with or denied by the language of its correspondence with the Diocese.  IFC specifically denies any allegation that any position it has taken has been unsupported or wrongful in any respect or degree.  As to the allegations regarding any positions taken by other insurers, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

39.     In response to the allegations in paragraph 39 of the Complaint, IFC states that it has responded to the Diocese's tender of certain of the Underlying Actions and Claims.  IFC admits that the allegations in paragraph 39 are generally consistent with positions taken by IFC in its responses, but IFC denies that paragraph 39 fully characterizes IFC's response and denies any allegation in paragraph 39 that is inconsistent with or denied by the language of its correspondence with the Diocese.  IFC specifically denies any allegation that any position it has taken has been unsupported or wrongful in any respect or degree.  As to the allegations regarding any positions taken by other insurers, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks

Filed in District Court
State of Minnes
9/21/2018 3:05

knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.

40.     In response to the allegations in paragraph 40 of the Complaint, IFC admits that the Diocese objects to actions taken or positions asserted by IFC.  As to the allegations regarding the Diocese's reaction to any positions taken by other insurers, IFC states pursuant to Minn. R. Civ. P. 8.02 that it lacks knowledge or information sufficient to enable it to form a belief as to the truth or falsity of the same.  IFC admits that the Diocese is seeking a declaration(s) in this action, but denies that the Diocese is entitled to the declaration(s) sought by the Diocese.

41.     IFC denies each and every allegation, matter and thing set forth in the First Amended Complaint except as otherwise expressly admitted, qualified or answered in paragraphs 1-40, above.

## AFFIRMATIVE DEFENSES

42.     The Complaint fails to state any claim on which relief can be granted.

43.     The Diocese's claims in this matter are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata, given the final decisions in *Diocese of Winona v. Interstate Fire & Cas. Co.*, 89 F.3d 1386 (8th Cir. 1996) and *U.S. Fire Ins. Co. v. Diocese of Winona*, 504 F.Supp.2d 1129 (D. Minn. 2007).

44.     The Diocese's claims in this matter are barred to the extent it has failed to name all necessary, indispensable, and/or proper parties to this litigation.

45.     The Diocese's claims in this matter are barred, in whole or in part, by its failure to comply with the terms, provisions, conditions, exclusions, and limitations in the applicable contracts of insurance.

State of Minnes
9/21/2018 3:05

46.    The Diocese's claims in this matter are barred, in whole or in part, to the extent that the Underlying Actions and Claims arise out of course of conduct by the Diocese that is uninsurable and/or violates the basic doctrines of insurability and fortuity, and to the extent the Diocese controlled the risk sought to be insured.

47.    The Diocese's claims in this matter are barred, in whole or in part, to the extent that insurance coverage for the allegations and/or damages in the Underlying Actions and Claims is barred by any other of the terms, provisions, conditions, exclusions, and limitations in the applicable contracts of insurance.

48.    The Diocese's claims in this matter are barred, in whole or in part, by the Diocese's inability to show that some or all of the Underlying Actions and Claims do not involve "occurrences" within the meaning of the applicable contracts of insurance.

49.    The Diocese's claims in this matter are barred, in whole or in part, to the extent that the Diocese intended or expected the damages alleged in the Underlying Actions and Claims.

50.    The Diocese's claims in this matter are barred, in whole or in part, to the extent that any of the Underlying Actions and Claims are made against persons or entities that are not insureds, additional insureds, or otherwise entitled to insurance coverage under the applicable contracts of insurance.

51.    The Diocese's claims in this matter are barred, in whole or in part, to the extent that the Diocese cannot show that the damages alleged in the Underlying Actions and Claims exceed or exhaust the limits of the coverage available from underlying applicable contracts of insurance.

Filed in District C
State of Minnes
9/21/2018 3:05

52.    The Diocese's claims in this matter are barred, in whole or in part, to the extent that the damages alleged in the Underlying Actions and Claims did not occur during the coverage of the applicable contracts of insurance.

53.    The Diocese's claims in this matter are barred, in whole or in part, to the extent that the damages alleged in the Underlying Actions and Claims include punitive and/or exemplary damages.

54.    The Diocese's claims in this matter are barred, in whole or in part, to the extent that the exclusions in the applicable insurance contracts exclude coverage for the damages alleged in the Underlying Actions and Claims.

55.    In at least one of the insurance coverage periods, the contract between IFC and the Diocese expressly excludes any coverage for failure to control or prevent any acts of sexual or physical abuse or molestation of any person; thus, even if the Diocese were otherwise to establish that it is entitled to coverage (which IFC denies), IFC's coverage obligations would be precluded by this exclusion.

56.    IFC's coverage obligation, if any, may be limited and/or defined by applicable law on issues such as number of occurrences, allocation of coverage, and other matters.

57.    IFC reserve the right to assert any other and further affirmative defenses that may become apparent during investigation and discovery.

WHEREFORE, Interstate Fire & Casualty Company requests that Plaintiff take nothing by its First Amended Complaint, that the same be dismissed with prejudice, that Interstate Fire & Casualty Company recover its reasonable costs and disbursements, and such further and other relief as the Court deems equitable.

Filed in District C
State of Minnes
9/21/2018 3:05

## COUNTERCLAIM

Interstates Fire & Casualty Company ("IFC"), for its Counterclaim against plaintiff Diocese of Winona-Rochester, states and allege as follows:

1.       IFC incorporates and re-alleges paragraphs 1-57 of its Answer to the Diocese's First Amended Complaint ("Complaint"), above, as if fully set forth herein.

2.       IFC contracted with the Diocese to provide excess indemnity insurance, subject to the terms, provisions, conditions, exclusions, and limitations in the applicable contracts of insurance (the "IFC Indemnity Contracts").   IFC has not located, and the Diocese has not provided, complete copies of the IFC Indemnity Contracts.

3.       The Underlying Actions and Claims allege that various persons were sexually abused or otherwise subjected to wrongful conduct by a number of priests employed by and/or under the control of the Diocese, including (but not limited to) Fr. Thomas Adamson.

4.       Before filing the above-referenced action, the Diocese indicated it would seek insurance coverage from IFC with respect to approximately 20 of the Underlying Actions and Claims, and IFC responded with various reservations of rights and/or coverage denial letters. IFC also requested additional information from the Diocese, and received partial responses to its requests.

5.       The Underlying Actions and Claims raise a number of coverage issues under the IFC Indemnity Contracts as to which an actual controversy exists between IFC and the Diocese, including (but not necessarily limited to):

    a.       Whether the holdings of the federal courts in *Diocese of Winona v. Interstate Fire & Cas. Co.*, 89 F.3d 1386 (8th Cir. 1996) and *U.S. Fire Ins. Co. v. Diocese of Winona*, 504 F.Supp.2d 1129 (D. Minn. 2007) preclude any claim by the Diocese for coverage with respect to Underlying Actions and Claims arising out of the conduct of Fr. Thomas Adamson.

b. The existence, nature, and extent of any obligation by IFC to reimburse the Diocese for any costs incurred in responding to or defending against the Underlying Actions and Claims.

c. Whether, and to what extent, the damages and injuries alleged in any of the Underlying Actions and Claims were caused by an "occurrence" within the meaning of the IFC Indemnity Contracts.

d. Whether the Diocese withheld or concealed any material facts or circumstances when applying for coverage under the IFC Indemnity Contracts, such that the Diocese is not entitled to coverage.

e. Whether the conduct, damages and injuries alleged in any of the Underlying Actions and Claims were known and/ in progress, or otherwise not fortuitous, at the time of the inception of any of the IFC Indemnity Contracts, such that the Diocese is not entitled to coverage.

f. Whether the Diocese controlled the risk with respect to the conduct, damages and injuries alleged in any of the Underlying Actions and Claims, such that the Diocese is not entitled to coverage.

g. Whether, and to what extent, the damages and injuries alleged in the Underlying Actions and Claims occurred before or after the years in which the IFC Indemnity Contracts were in effect.

h. Whether, and to what extent, the damages and injuries alleged in the Underlying Actions and Claims constitute "personal injuries" arising out of an "occurrence."

i. Whether, and to what extent, any "personal injuries" resulted from an "assault and battery" within the meaning of the IFC Indemnity Contracts, such that coverage is excluded.

j. Whether, and to what extent, any of the Underlying Actions and Claims are asserted against persons or entities that are insureds, additional insureds, or otherwise entitled to insurance coverage under the IFC Indemnity Contracts.

k. Whether, and to what extent, the damages alleged in the Underlying Actions and Claims are within the level of coverage (if any) afforded by the IFC Indemnity Contracts.

6. IFC is entitled to a declaratory judgment from this Court regarding the issues identified and noted above.

13

Filed in District C
State of Minnes
9/21/2018 3:05

WHEREFORE, defendant and counterclaimant Interstate Fire & Casualty Company seeks judgment from this Court, as follows:

1.      Declaring that IFC has no obligation to provide coverage to the Diocese for any damages claimed in the Underlying Actions and Claims arising out of the actions of Fr. Thomas Adamson.

2.      Declaring that IFC has no obligation to provide coverage to the Diocese for any .damages claimed in the Underlying Actions and Claims; in the alternative, declaring the respective rights and obligations (if any) of IFC and of the Diocese with respect to the Underlying Actions and Claims.

3.      An award of IFC's reasonable costs and disbursements incurred herein.

4.      For such other and further relief as the Court may deem proper and equitable.

MOSS & BARNETT
A Professional Association

Dated: September 21, 2018

By _s/Charles E. Jones_____
        Charles E. Jones (MN #0202708)
150 South Fifth Street, Suite 1200
Minneapolis  MN  55402
Telephone:  (612) 877-5000
Charles.Jones@lawmoss.com

ATTORNEYS FOR DEFENDANT
Interstate Fire & Casualty Company

4230422v1

14

85-CV-18-1439

Filed in District Court
State of Minnesota
9/20/2018 2:47 PM

**STATE OF MINNESOTA**

**DISTRICT COURT**

**COUNTY OF WINONA**

**THIRD JUDICIAL DISTRICT COURT**
Civil Action

---

DIOCESE OF WINONA-ROCHESTER;

     Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation; CERTAIN
UNDERWRITERS AT LLOYD'S, a foreign
insurance syndicate; INTERSTATE FIRE &
CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; 21ST CENTURY
CENTENNIAL INSURANCE COMPANY (f/k/a
COLONIAL PENN INSURANCE COMPANY), a
Pennsylvania corporation; ST. PAUL SURPLUS
LINES INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL
INTERNATIONAL INSURANCE COMPANY
LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company; SOMPO
JAPAN NIPPONKOA INSURANCE COMPANY
OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO. LTD., a U.K. private limited

Court File No.: **85-CV-18-1439**
Judge: Hon. Nancy Buytendorp

1

Filed in District Court
State of Minnesota
9/20/2018 2:47 PM

company; CX REINSURANCE COMPANY LTD.,
a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K.
private limited company;   STRONG HOLD
INSURANCE CO. LTD., a U.K. private limited
company; SPHERE DRAKE INSURANCE PLC
(N/K/A   SPHERE   DRAKE   INSURANCE
LIMITED), a U.K. public limited company; ST.
PAUL   FIRE   AND   MARINE   INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public   limited   company;   ASSICURAZIONI
GENERALI SPA, an Italy corporation.

Defendants.

## FIRST AMENDED AFFIDAVIT OF COMPLIANCE

I, Christopher W. Coon, being first duly sworn upon oath, state and depose as follows:

1. I am an attorney licensed to practice law in the State of Minnesota, the State of Iowa, and the Federal District of Minnesota.

2. I am one of the attorneys for Plaintiff Diocese of Winona-Rochester and represent the Diocese of Winona-Rochester in the above captioned matter.

3. Pursuant to Minn. Stat. § 45.028 subd. 2 (2017), I submit this First Amended Affidavit of Compliance in support of Plaintiff, Diocese of Winona-Rochester's Amended Complaint for Declaratory Judgment.

4. On June 28, 2018 I caused to be served by certified mail the Diocese of Winona-Rochester's Summons and Complaint in this matter upon the Minnesota Commissioner of Commerce at the following address:

Filed in District Court
State of Minnesota
9/20/2018 2:47 PM

Minnesota Commissioner of Commerce
Consumer Protection and Education Division
85 7th Place East, Suite 280
Saint Paul, MN 55101

5.    On June 28, 2018 I caused to be served by certified mail the Diocese of Winona-Rochester's Summons and Complaint upon each Defendant herein named at their last known address according to the service list attached herewith as Exhibit A.

6.    On July 27, 2018, I caused to be served by certified mail the Diocese of Winona-Rochester's Summons and Complaint in this matter upon the Minnesota Commissioner of Commerce at the following address:

Minnesota Commissioner of Commerce
Consumer Protection and Education Division
85 7th Place East, Suite 280
Saint Paul, MN 55101

7.    On July 27, 2018, I caused to be served by certified mail the Diocese of Winona-Rochester's Summons and Complaint upon Defendant Interstate Fire and Casualty Company at its last known address.

8.    On August 9, 2018, I caused the Plaintiff Diocese of Winona-Rochester's Amended Complaint to be served on Defendants by sending a copy of said Complaint to the Minnesota Commissioner of Commerce by certified mail, and by certified mail to each Defendant at their last known address.

9.    The following Defendants were served directly at their last known address: Interstate Fire & Casualty Company, Sphere Drake Insurance Limited, St. Paul Fire and Marine Insurance Company, 21st Century Centennial Insurance Company, and National Surety Corporation.

Filed in District Court
State of Minnesota
9/20/2018 2:47 PM

10.    As of the date of the service of the Amended Complaint, certain Defendants had either appeared in this action via counsel, or counsel for such Defendants had notified Plaintiff of their representation. Service of process of Plaintiff's Amended Complaint was made via Acceptance of Service signed by Defense counsel as to all other Defendants not identified in the preceding paragraph.

11.    By doing the acts above described, Plaintiff the Diocese of Winona-Rochester has met the service requirements set forth under Minn. Stat. § 45.028 (2017).

12.    Pursuant to Minn. Stat. § 358.116, I declare, on this 20th day of September, 2018 in Olmsted County, Minnesota, under penalty of perjury, that everything stated in this document is true and correct.

Dated:   September 20, 2018

Christopher W. Coon

4

Filed in District Court
State of Minnesota
9/20/2018 2:47 PM

# EXHIBIT A

## Service List

| | |
|---|---|
| United States Fire Insurance Company<br>305 Madison Avenue<br>Morristown, NJ 07962;<br><br><br>Amy J. Woodworth (#026166X)<br>awoodworth@meagher.com<br>Meagher & Geer, P.L.L.P.<br>33 South Sixth Street, Suite 4400<br>Minneapolis, MN 55402<br>(612) 338-0661<br>Attorneys for United States Fire<br>Insurance Company<br><br>Pamela J. Tillman<br>pjt@mtfn.com<br>Michael J. Cohen<br>mjc@mtfn.com<br>Meissner Tierney Fisher & Nichols S.C.<br>111 East Kilbourn Ave., 19th Floor<br>Milwaukee, WI 53202<br>Attorneys for United States Fire<br>Insurance Company | Interstate Fire & Casualty Company<br>33 West Monroe Street<br>Chicago IL 60603<br><br>National Surety Corporation<br>225 W. Washington Street, Suite 1800<br>Chicago, IL 60606-3458<br><br><br>Charles E. Jones<br>Charles.Jones@lawmoss.com<br>Moss & Barnett<br>150 South Fifth Street, Suite 1200<br>Minneapolis, MN 55402<br>Attorney for Interstate Fire and Casualty<br>Company and National Surety Corporation |
| Certain Underwriters at Lloyd's, Mendes &<br>Mount<br>750 Seventh Avenue<br>New York, NY 10019<br><br>Markel International Insurance Company<br>Limited<br>20 Fenchurch Street<br>London EC3M 3AZ<br>United Kingdom<br><br>Catalina Holdings U.K. Limited<br>1 Alie Street,<br>London, E1 8DE<br>United Kingdom | |

Filed in District Court
State of Minnesota
9/20/2018 2:47 PM

Sphere Drake Insurance Limited
Park Gate,
Brighton BN1 6AU
United Kingdom

Sompo Japan Nipponkoa Insurance Company
of Europe Limited
1st Floor, 6 Devonshire Square,
London, EC2M 4YE
United Kingdom
Dominion Insurance Co. Ltd.
Midas House, 2 Knoll Rise,
Orpington, BR6 0NX
United Kingdom

CX Reinsurance Company Ltd.
1 Royal Exchange Avenue, Suite 306
London, EC3V 3LT
United Kingdom

Strong Hold Insurance Co. Ltd.
Norwich Winterthur House, Rose Lane
Norwich, NR1 1JY
United Kingdom

Assicurazioni Generali SPA,
Piazza Duca degli Abruzzi,
2 P.O. Box 538 34132
Trieste, Italy


Gerald H. Bren
Fisher, Bren, & Sheridan LLP
920 Second Avenue South
Suite 975
Minneapolis, MN 55402
Telephone: (612) 332-0100
Attorneys for the Above Named Defendants

21st Century Centennial Insurance Company
(f/k/a Colonial Penn Insurance Company)
Legal Department
3 Beaver Valley Road
4th Floor
Wilmington, DE  19803

Eric E. Caugh (#026703x)
ecaugh@zelle.com
Rolf E. Gilbertson (#34769)
rgilbertson@zelle.com
Zelle LLP
500 Washington Ave. S.
Suite 4000
Minneapolis, MN 55415
Attorneys for Defendant Swiss Reinsurance
America Corporation as Administrator for 21st
Century Centennial Insurance Company f/k/a
Colonial Penn Insurance Company

Filed in District Court
State of Minnesota
9/20/2018 2:47 PM

| | |
|---|---|
| Catalina J. Sugayan<br>Catalina.sugayan@clydeco.us<br>Peter Horst<br>Peter.horst@clydeco.us<br>Robert E. Sweeney, Jr.<br>Robert.Sweeney@clydeco.us<br>Clyde & CO. US LLP<br>55 W. Monroe St., Suite 3000<br>Chicago, IL 60603<br>312-635-7000<br>Attorneys for the Above Named Defendants | |
| Northwestern National Insurance Company of Milwaukee, Wisconsin<br>8200 Beckett Park Drive, Suite 201<br>West Chester, OH 45069<br><br>Eric D. Suben<br>Traub Lieberman Straus & Shrewsberry LLP<br>7 Skyline Drive<br>Hawthorne, NY 10532<br>esuben@tlsslaw.com<br>Attorney for Northwestern National Insurance Company | |
| St. Paul Surplus Lines Insurance Company<br>One Tower Square<br>Hartford, CT 06183<br><br>St. Paul Fire and Marine Insurance Company<br>One Tower Square<br>Hartford, CT 06183<br><br>Lance D. Meyer<br>O'Meara Leer Wagner & Kohl, P.A.<br>7401 Metro Blvd, Suite 600<br>Minneapolis, MN 55439-3034<br>Attorneys for St. Paul Surplus Lines Insurance Company and St. Paul Fire and Marine Insurance Company | |

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 269 of 430

Filed in District Court
State of Minnesota
9/25/2018 8:29 AM

# Fisher Bren & Sheridan LLP

**Attorneys at Law**

---

**Gerald H. Bren**
920 Second Ave. S, Suite 975
Minneapolis, MN 55402
gbren@fisherbren.com

Direct: 612.902.2747
Office: 612.332.0100
Facsimile: 612.332.9951

September 25, 2018

## VIA EFILE & ESERVE THROUGH ODYSSEY

Winona County District Court
Attn: Judge Nancy Buytendorp
171 West Third Street
Winona, MN 55987

RE:    Diocese of Winona-Rochester v. United States Fire Insurance Company, et al.
       Court File No. 85-CV-18-1439
       Our File No. 12898.2

Dear Judge Buytendorp:

We are saddened to notify the Court and counsel that Attorney Peter Horst recently passed away. Please update your service lists to reflect the following counsel for the parties listed in our Notice of Appearance, efiled August 7, 2018:  Catalina J. Sugayan, Robert E. Sweeney, Jr. and Gerald H. Bren.

Thank you.

Sincerely,

Gerald H. Bren

/tk

cc:    All Counsel of Record (via eservice through Odyssey)

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

STATE OF MINNESOTA

COUNTY OF WINONA

Diocese of Winona-Rochester,

Plaintiff,

vs.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; 21ST CENTURY
CENTENNIAL INSURANCE COMPANY
(f/k/a COLONIAL PENN INSURANCE
COMPANY), a Pennsylvania corporation;
ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN
NATIONAL INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a Wisconsin
corporation, formerly BELLEFONTE
INSURANCE COMPANY, a Kentucky
corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a
U.K. private limited company, formerly
TERRA NOVA INSURANCE CO. LTD., a
U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private
limited company, formerly EXCESS
INSURANCE CO. LTD., a U.K. private
limited company; SOMPO JAPAN
NIPPONKOA INSURANCE COMPANY
OF EUROPE LIMITED, a U.K. private
limited company, formerly YASUDA FIRE
AND MARINE INSURANCE CO. (U.K.)
LTD., a U.K. private limited company;
DOMINION INSURANCE CO. LTD., a
U.K. private limited company; CX
REINSURANCE COMPANY LTD., a
private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Court File No. 85-CV-18-1439
Case Type: Civil Other/Misc.

**DEFENDANTS ST. PAUL SURPLUS
LINES INSURANCE COMPANY AND ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY'S ANSWER AND
ADDITIONAL DEFENSES TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DECLARATORY
JUDGMENT**

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 271 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

U.K. private limited company; STRONG
HOLD INSURANCE CO. LTD., a U.K.
private limited company; SPHERE DRAKE
INSURANCE PLC (N/K/A SPHERE
DRAKE INSURANCE LIMITED), a U.K.
public limited company; ST. PAUL FIRE
AND MARINE INSURANCE COMPANY,
a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a
U.K. public liability company;
ASSICURAZIONI GENERALI SPA, an
Italy corporation,

Defendants.

Defendants St. Paul Surplus Lines Insurance Company and St. Paul Fire and Marine Insurance Company (collectively, "St. Paul"), by and through their undersigned attorneys, and for their Answer and Additional Defenses to Plaintiff Diocese of Winona-Rochester's First Amended Complaint for Declaratory Judgment, states and alleges as follows:

## ANSWER

### BACKGROUND

1.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 1 constitute legal conclusions as to the nature of Plaintiff's lawsuit to which no response is required, but to the extent any response is required, St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 1 and therefore denies the same, putting Plaintiff to its strict proof thereof.

2.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 2 constitute legal conclusions to which no response is required, but to the extent any response is required, St. Paul alleges the Minnesota Child Victims Act speaks for itself and denies the allegations in First Amended Complaint Paragraph 2 to the extent they are in conflict with the Act.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 272 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

3.      St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 3 and therefore denies the same, putting Plaintiff to its strict proof thereof.

<u>THE PARTIES</u>

4.      St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 4 and therefore denies the same, putting Plaintiff to its strict proof thereof.

5.      St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 5 and therefore denies the same, putting Plaintiff to its strict proof thereof.

6.      St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 6 and therefore denies the same, putting Plaintiff to its strict proof thereof.

7.      St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 7 and therefore denies the same, putting Plaintiff to its strict proof thereof.

8.      St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 8 and therefore denies the same, putting Plaintiff to its strict proof thereof.

9.      St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 9 and therefore denies the same, putting Plaintiff to its strict proof thereof.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
                    Document    Page 273 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

10.    In response to the allegations contained in First Amended Complaint Paragraph 10, St. Paul admits that St. Paul Surplus is a Delaware corporation with its principle place of business in Hartford, Connecticut, that it operates in the State of Minnesota, and that, upon information and belief, it sold an excess, claims-made-and-reported liability policy to Plaintiff that was in effect from July 1, 1986 to July 1, 1988 (the "St. Paul Surplus Policy"), but denies the remaining allegations contained in First Amended Complaint Paragraph 10, including any allegation that the St. Paul Surplus Policy or any other insurance policy issued by St. Paul Surplus provides coverage to Plaintiff for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in First Amended Complaint Paragraph 10 or otherwise.  The St. Paul Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul Surplus Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.  St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under the St. Paul Surplus Policy for any of the Underlying Actions and Claims that are allegedly at issue in this action.  Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus for any of the Underlying Actions and Claims that are allegedly at issue in this action.

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

11.   St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 11 and therefore denies the same, putting Plaintiff to its strict proof thereof.

12.   St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 12 and therefore denies the same, putting Plaintiff to its strict proof thereof.

13.   St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 13 and therefore denies the same, putting Plaintiff to its strict proof thereof.

14.   St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 14 and therefore denies the same, putting Plaintiff to its strict proof thereof.

15.   St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 15 and therefore denies the same, putting Plaintiff to its strict proof thereof.

16.   St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 16 and therefore denies the same, putting Plaintiff to its strict proof thereof.

17.   St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 17 and therefore denies the same, putting Plaintiff to its strict proof thereof.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 275 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

18.    St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 18 and therefore denies the same, putting Plain Plaintiff to its strict proof thereof.

19.    In response to the allegations contained in First Amended Complaint Paragraph 19, St. Paul admits that St. Paul Fire is a Connecticut corporation with its principle place of business in Hartford, Connecticut, that it operates in the State of Minnesota, and that, upon information and belief, Underwriters at Lloyd's, London, St. Katherine Insurance Co. PLC, and two other insurers, were participants in an excess, claims-made liability policy that was issued to Plaintiff for the period of July 1, 1986 to July 1, 1987 (the "Lloyd's Policy"), but denies the remaining allegations contained in First Amended Complaint Paragraph 19, including the allegation that St. Paul Fire acquired responsibility for the Lloyd's Policy through a corporate transaction with St. Katherine or otherwise and any allegation that the Lloyd's Policy or any insurance policy issued by St. Paul Fire provides coverage to Plaintiff for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in First Amended Complaint Paragraph 11 or otherwise.  The Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.  St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under the Lloyd's Policy, much less against St. Paul Fire, for any of the Underlying Actions and Claims that are allegedly at issue in this action.  Furthermore, St. Paul is not aware of any insurance policies that

6

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 276 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any insurance policy issued by St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action.

20.     St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 20 and therefore denies the same, putting Plaintiff to its strict proof thereof.

<u>JURISDICTION AND VENUE</u>

21.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 21 constitute legal conclusions as to which no response is required, but to the extent any response is required, St. Paul is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 21 and therefore denies the same, putting Plaintiff to its strict proof thereof.

22.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 22 constitute legal conclusions as to which no response is required, but to the extent any response is required, St. Paul is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 22 and therefore denies the same, putting Plaintiff to its strict proof thereof.

23.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 23 constitute legal conclusions as to which no response is required, but to the extent any response is required, St. Paul is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 23 and therefore denies the same, putting Plaintiff to its strict proof thereof.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 277 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

THE INSURANCE POLICIES AND CERTIFICATES PURCHASED BY THE DIOCESE

24.     In response to the allegations contained in First Amended Complaint Paragraph 24, St. Paul admits upon information and belief that St. Paul Surplus sold the St. Paul Surplus Policy to Plaintiff and that St. Katherine was a participant in the Lloyd's Policy, which was sold to Plaintiff, denies that St. Paul Surplus sold any other insurance policies to Plaintiff, denies that St. Paul Fire sold any insurance policies to Plaintiff or acquired any responsibility for the Lloyd's Policy, and alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 24 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.  St. Paul specifically denies that Plaintiff has stated a claim for coverage under the St. Paul Surplus Policy, the Lloyd's Policy, or any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action.

25.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 25 constitute legal conclusions as to which no response is required, but to the extent any response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 25 to the extent they mischaracterize the coverage provided to Plaintiff by the St. Paul Surplus Policy and the Lloyd's Policy and allege that St. Paul Surplus and St. Paul Fire are legally obligated to provide coverage to Plaintiff under the St. Paul Surplus Policy, the Lloyd's Policy, or any other insurance policy allegedly issued to Plaintiff.  The St. Paul Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 278 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

Surplus Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.  Similarly, the Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.  St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under either the St. Paul Surplus Policy or the Lloyd's Policy for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in First Amended Complaint Paragraph 25 or otherwise.  Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action.  St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 25 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.

26.    St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 26 constitute legal conclusions as to which no response is required, but to the extent any response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 26 to the extent they mischaracterize the coverage provided to Plaintiff by the St. Paul Surplus Policy and the Lloyd's Policy and allege that St. Paul Surplus and St. Paul Fire are

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
                Document      Page 279 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

legally obligated to provide coverage to Plaintiff under the St. Paul Surplus Policy, the Lloyd's Policy, or any other insurance policy allegedly issued to Plaintiff. The St. Paul Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul Surplus Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted. Similarly, the Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted. St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under either the St. Paul Surplus Policy or the Lloyd's Policy for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in First Amended Complaint Paragraph 26 or otherwise. Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action. St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 26 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 280 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

27.     St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 27 and therefore denies the same, putting Plaintiff to its strict proof thereof.

## THE UNDERLYING ACTIONS

28.     St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 28 and therefore denies the same, putting Plaintiff to its strict proof thereof.  St. Paul alleges that the St. Paul Surplus Policy and the Lloyd's Policy do not provide coverage for any Underlying Actions and Claims that allege injuries resulting from sexual abuse as the St. Paul Surplus Policy and the Lloyd's Policy contain sexual abuse exclusions.  Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action.

29.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 29 constitute legal conclusions as to which no response is required, but to the extent any response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 29 to the extent they allege that Plaintiff timely notified St. Paul Surplus or St. Paul Fire of any Underlying Actions and Claims that were first brought or made while the St. Paul Surplus Policy or Lloyd's Policy, for which St. Paul Fire has no responsibility, were in effect or otherwise.  Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action.  St. Paul alleges it is

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 281 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 29 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.

30.    St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 30 constitute legal conclusions as to which no response is required, but to the extent any response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 30 to the extent they allege that Plaintiff has fulfilled all of its duties and conditions under the St. Paul Surplus Policy and the Lloyd's Policy, for which St. Paul Fire has no responsibility, with respect to the Underlying Actions and Claims.  Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action.  St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 30 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.

31.    St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 31 constitute legal conclusions as to which no response is required, but to the extent any response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 31 to the extent they allege that the Underlying Actions and Claims are covered by the St. Paul Surplus Policy, the Lloyd's Policy, or any other insurance policy issued to Plaintiff by St. Paul Surplus or St. Paul Fire and that Plaintiff is entitled to all benefits thereunder.  The St.

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

Paul Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul Surplus Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted. Similarly, the Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted. St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under either the St. Paul Surplus Policy or the Lloyd's Policy for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in First Amended Complaint Paragraph 31 or otherwise. Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action. St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 31 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
                    Document      Page 283 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

32.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 32 constitute legal conclusions as to which no response is required, but to the extent any response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 32 to the extent they refer to St. Paul Surplus and St. Paul Fire.  The St. Paul Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul Surplus Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.  Similarly, the Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.  St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under either the St. Paul Surplus Policy or the Lloyd's Policy for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in First Amended Complaint Paragraph 32 or otherwise.  Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action.  St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 284 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

Amended Complaint Paragraph 32 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.

33.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 33 constitute legal conclusions as to which no response is required, but to the extent any response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 33 to the extent they allege that an actual and justiciable claim exists as to St. Paul Surplus and St. Paul Fire.  The St. Paul Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul Surplus Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted. Similarly, the Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.  St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under either the St. Paul Surplus Policy or the Lloyd's Policy for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in First Amended Complaint Paragraph 33 or otherwise.  Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action.  St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 33 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.

<u>COUNT I – DECLARATORY JUDGMENT AGAINST ALL INSURERS</u>

34.    St. Paul alleges no response is required to the allegations contained in First Amended Complaint Paragraph 34, but to the extent any response is required, St. Paul restates and realleges its Answer Paragraphs 1 through 33 above as if fully set forth herein.

35.    St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 35 constitute legal conclusions as to the nature of Plaintiff's lawsuit to which no response is required, but to the extent any response is required, St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 35 and therefore denies the same, putting Plaintiff to its strict proof thereof. St. Paul specifically denies that Plaintiff has stated a claim for coverage under the St. Paul Surplus Policy, the Lloyd's Policy, or any other insurance policies issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in Plaintiff's First Amended Complaint or otherwise.  The St. Paul Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul Surplus Policy was in effect, that any such Underlying Actions and Claims involve

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 286 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted. Similarly, the Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted. Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff

36.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 36 constitute legal conclusions to which no response is required, but to the extent any response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 36 to the extent they are directed at St. Paul Surplus and St. Paul Fire. The St. Paul Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul Surplus Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted. Similarly, the Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 287 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

molestation, or that the applicable limits of underlying insurance have been exhausted.  St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under either the St. Paul Surplus Policy or the Lloyd's Policy for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in Plaintiff's First Amended Complaint or otherwise. Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action.  St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 36 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.

37.    St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 37 constitute legal conclusions to which no response is required, but to the extent any response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 37 to the extent they mischaracterize the coverage provided to Plaintiff by the St. Paul Surplus Policy and Lloyd's Policy and St. Paul Surplus and St. Paul Fire's respective obligations thereunder.  The St. Paul Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul Surplus Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 288 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

Similarly, the Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted. St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under either the St. Paul Surplus Policy or the Lloyd's Policy for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in Plaintiff's First Amended Complaint or otherwise. Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action. St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 37 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.

38.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 38 constitute legal conclusions to which no response is required, but to the extent any response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 38 to the extent they mischaracterize the coverage provided to Plaintiff by the St. Paul Surplus Policy and Lloyd's Policy, St. Paul Surplus and St. Paul Fire's respective obligations thereunder, and the grounds on which St. Paul Surplus and St. Paul Fire dispute coverage for any of the Underlying Actions and Claims that are allegedly at issue in this action. The St. Paul

85-CV-18-1439

Case 18-03094 Doc 1 Filed 12/03/18 Entered 12/03/18 12:26:01 Desc Main
Document Page 289 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul Surplus Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted. Similarly, the Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted. St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under either the St. Paul Surplus Policy or the Lloyd's Policy for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in Plaintiff's First Amended Complaint or otherwise. Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action. St. Paul alleges it is without sufficient information or belief to admit or deny the allegations in First Amended Complaint Paragraph 38 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its proof thereof.

39. St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 39 constitute legal conclusions to which no response is required, but to the extent any

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 290 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 39 to the extent they mischaracterize the coverage provided to Plaintiff by the St. Paul Surplus Policy and Lloyd's Policy, St. Paul Surplus and St. Paul Fire's respective obligations thereunder, and the grounds on which St. Paul Surplus and St. Paul Fire dispute coverage for any of the Underlying Actions and Claims that are allegedly at issue in this action.  The St. Paul Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul Surplus Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.  Similarly, the Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.  St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under either the St. Paul Surplus Policy or the Lloyd's Policy for any of the Underlying Actions and Claims that are allegedly at issue in this action as alleged in Plaintiff's First Amended Complaint or otherwise. Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action.  St. Paul alleges it is

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 291 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 39 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.

40.     St. Paul alleges that the allegations contained in First Amended Complaint Paragraph 40 constitute legal conclusions as to the nature of Plaintiff's lawsuit to which no response is required, but to the extent any response is required, St. Paul denies the allegations contained in First Amended Complaint Paragraph 40 to the extent they mischaracterize the coverage provided to Plaintiff by the St. Paul Surplus Policy and Lloyd's Policy and St. Paul Surplus and St. Paul Fire's respective obligations thereunder.  The St. Paul Surplus Policy is an excess, claims-made-and-reported liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made, much less reported to St. Paul Surplus, while the St. Paul Surplus Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.  Similarly, the Lloyd's Policy, for which St. Paul Fire has no responsibility, is an excess, claims-made liability policy that contains a sexual abuse exclusion, and Plaintiff does not allege that any of the Underlying Actions and Claims for which it is seeking coverage were first brought or made while the Lloyd's Policy was in effect, that any such Underlying Actions and Claims involve losses that do not arise out of sexual abuse or molestation, or that the applicable limits of underlying insurance have been exhausted.  St. Paul therefore specifically denies that Plaintiff has stated a claim for coverage under either the St. Paul Surplus Policy or the Lloyd's Policy for any of the Underlying Actions and Claims that are allegedly at issue in this

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 292 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

action as alleged in Plaintiff's First Amended Complaint or otherwise. Furthermore, St. Paul is not aware of any other insurance policies that St. Paul Surplus or St. Paul Fire issued to Plaintiff and thus specifically denies that Plaintiff is entitled to coverage under any other insurance policy issued by St. Paul Surplus or St. Paul Fire for any of the Underlying Actions and Claims that are allegedly at issue in this action. St. Paul alleges it is without sufficient information or belief to admit or deny the allegations contained in First Amended Complaint Paragraph 40 to the extent they are directed at Defendants other than St. Paul Surplus and St. Paul Fire and therefore denies the same, putting Plaintiff to its strict proof thereof.

<u>PRAYER FOR RELIEF</u>

41.    St. Paul specifically denies Plaintiff is entitled to any of the relief sought from St. Paul in its Prayer for Relief.

**<u>ADDITIONAL DEFENSES</u>**

Without assuming any burden of proof or persuasion that would otherwise rest on Plaintiff, St. Paul asserts the following additional defenses:

42.    St. Paul generally denies each and every allegation, matter and statement in Plaintiff's First Amended Complaint except as specifically admitted, qualified, or otherwise responded.

43.    Plaintiff's First Amended Complaint fails to state a claim in whole or in part against St. Paul Surplus or St. Paul Fire upon which relief may be granted.

44.    The allegations and other factual contentions in Plaintiff's First Amended Complaint lack evidentiary support.

45.    Coverage under the St. Paul Surplus Policy is contractually governed by the St. Paul Surplus Policy's terms, conditions, provisions, definitions, limitations, exclusions and

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
          Document     Page 293 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

endorsements, all of which speak for themselves, and St. Paul alleges St. Paul Surplus has no obligation to defend or indemnify Plaintiff in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action as coverage is not provided or is otherwise excluded, including without limitation as follows:

a.      St. Paul Surplus has no obligation to defend Plaintiff in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action as the St. Paul Surplus Policy is an excess indemnity policy only;

b.      St. Paul Surplus has no obligation to indemnify Plaintiff in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent any such Underlying Actions and Claims do not involve a loss as that term is defined in the St. Paul Surplus Policy;

c.      St. Paul Surplus has no obligation to indemnify Plaintiff in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent any such Underlying Actions and Claims involve loss arising out of injury that occurred prior to the St. Paul Surplus Policy's retroactive date;

d.      St. Paul Surplus has no obligation to indemnify Plaintiff in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent any such Underlying Actions and Claims were not first brought or made during the policy period of the St. Paul Surplus Policy;

e.      St. Paul Surplus has no obligation to indemnify Plaintiff in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent any such Underlying Actions and Claims were first brought or made during the policy period of the St. Paul Surplus Policy but not reported in writing to St. Paul Surplus

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 294 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

or Gallagher Bassett Services, Inc. during the policy period of the St. Paul Surplus Policy or any applicable extended reporting period;

f.      St. Paul Surplus has no obligation to indemnify Plaintiff in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent any such Underlying Actions and Claims involve a loss that is excluded by the St. Paul Surplus Policy's "Sexual Abuse or Molestation" exclusion, which excludes coverage for "loss arising out of sexual abuse or molestation of any person or child by an insured person, volunteer worker or independent contractor"; and

g.      St. Paul Surplus has no obligation to indemnify Plaintiff in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent the applicable limits of underlying insurance and any retentions have not been exhausted.

46.    Coverage under the Lloyd's Policy, for which St. Paul Fire has not responsibility, is contractually governed by Lloyd's Policy's terms, conditions, provisions, definitions, limitations, exclusions and endorsements, all of which speak for themselves, and St. Paul alleges Plaintiff is not entitled to coverage under the Lloyd's Policy in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action as coverage is not provided or is otherwise excluded, including without limitation as follows:

a.      Plaintiff is not entitled to a defense in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action as the Lloyd's Policy is an excess indemnity policy only;

b.      Plaintiff is not entitled to indemnity in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent any

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 295 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

such Underlying Actions and Claims do not involve bodily injury resulting from an accident, as those terms are defined in the Lloyd's Policy;

c.    Plaintiff is not entitled to indemnity in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent any such Underlying Actions and Claims involve an accident that first commenced prior to the Lloyd's Policy's retroactive date;

d.    Plaintiff is not entitled to indemnity in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent any such Underlying Actions and Claims were not first made in writing during the policy period of the Lloyd's Policy;

e.    Plaintiff is not entitled to indemnity in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent any such Underlying Actions and Claims involve liability that is excluded by the Lloyd's Policy's "Sexual or Physical Abuse or Molestation" exclusion, which excludes coverage for "liability arising out of sexual or physical abuse or molestation of any person by the Assurd, any employee of the Assurd, or any volunteer worker"; and

f.    St. Plaintiff is not entitled to indemnity in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent any underlying insurance and retentions have not been exhausted.

47.    St. Paul Surplus and St. Paul Fire have no obligation to defend or indemnify Plaintiff in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action under any other purported policies as alleged in Plaintiff's First Amended Complaint or otherwise to the extent such policies were never issued or are lost such that

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

Plaintiff cannot sustain its burden of establishing that it is entitled to insurance coverage for any of the Underlying Actions and Claims that are allegedly at issue in this action.

48.    St. Paul alleges that to the extent an additional policy or policies may exist as alleged in Plaintiff's First Amended Complaint or otherwise, Plaintiff's claims fail to the extent Plaintiff fails to satisfy its burdens of proof to establish that coverage exists in connection with the Underlying Actions and Claims that are allegedly at issue in this action.

49.    St. Paul alleges that to the extent an additional policy or policies may exist as alleged in Plaintiff's First Amended Complaint or otherwise, coverage under any such policy is contractually governed by the purported policy's/policies' terms, conditions, provisions, definitions, limitations, exclusions and endorsements, all of which would speak for themselves, and coverage may not be provided, may be limited, or may otherwise be excluded under one or more of the policy's terms, conditions, provisions, definitions, limitations, exclusions and endorsements.

50.    St. Paul alleges Plaintiff is not entitled to coverage under the St. Paul Surplus Policy, the Lloyd's Policy, or any other policy or policies issued by St. Paul Surplus or St. Paul Fire in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent requiring coverage would violate public policy, including but not limited to the extent any damages at issue constitute punitive damages.

51.    St. Paul alleges Plaintiff is not entitled to coverage under the St. Paul Surplus Policy, the Lloyd's Policy, or any other policy or policies issued by St. Paul Surplus or St. Paul Fire in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent Plaintiff may have concealed or misrepresented any material fact or circumstance concerning the policy or the subject thereof, either before or after issuance.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 297 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

52.    St. Paul alleges Plaintiff is not entitled to coverage under the St. Paul Surplus Policy, the Lloyd's Policy, or any other policy or policies issued by St. Paul Surplus or St. Paul Fire in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent of the applicability of Minn. Stat. § 60A.08 subd. 9.

53.    St. Paul alleges Plaintiff is not entitled to coverage under the St. Paul Surplus Policy, the Lloyd's Policy, or any other policy or policies issued by St. Paul Surplus or St. Paul Fire in connection with any of the Underlying Actions and Claims that are allegedly at issue in this action to the extent Plaintiff's obligation to pay has not been finally determined.

54.    St. Paul alleges that it may not be fully appraised of all facts and matters with regard to the Underlying Actions and Claims that are allegedly at issue in this action and therefore is entitled to examine all such facts and matters to then determine whether coverage exists under any policy and to what extent and to seek the Court's declarations of the respective rights, duties and obligations of the parties under any such policy.

55.    Plaintiff's claims are barred to the extent Plaintiff lacks standing to proceed against St. Paul.

56.    Plaintiff's claims are barred to the extent no actual or justiciable controversy exists between the parties.

57.    Plaintiff's claims are barred to the extent some or all claims are not ripe for adjudication and/or are non-justiciable.

58.    St. Paul has no obligation to provide coverage to or for Plaintiff to the extent Plaintiff's claims against St. Paul are barred by the equitable doctrines of unclean hands, laches, waiver, estoppel and/or all other equitable defenses.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
            Document        Page 298 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

59.    Plaintiff's claims are barred to the extent of the applicability of the statute of frauds.

60.    St. Paul has no obligation to provide coverage to or for Plaintiff to the extent Plaintiff's claims against St. Paul are barred by the applicable statute of limitations and/or statute or repose.

61.    Plaintiff's claims are barred to the extent of the applicability of the doctrines of res judicata, collateral estoppel, judicial estoppel and/or issue preclusion, release, accord and satisfaction and/or ratification.

62.    St. Paul has no obligation to provide coverage to or for Plaintiff to the extent Plaintiff failed to mitigate its damages, if any.

63.    St. Paul has no obligation to provide coverage to or for Plaintiff to the extent Plaintiff, by its acts and conduct or the acts and conduct of its agents, has waived and/or abandoned any and all claims or is estopped from asserting such claims.

64.    St. Paul is entitled to a declaration pursuant to Minn. Stat. § 555.01 et seq., determining the scope of the parties' respective rights, duties and obligations, if any, under any purported policy or policies referred to in Plaintiff's First Amended Complaint or otherwise with regard to the Underlying Actions and Claims that are allegedly at issue in this action to the extent an actual controversy exists and a judicial declaration is necessary.

65.    To assure non-waiver of defenses, St. Paul alleges the affirmative defenses set forth in Minn. R. Civ. P. 8.03 as if fully set forth herein and preserve the right to further plead said defenses based upon development of facts and information in discovery.

85-CV-18-1439

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

66.     St. Paul has insufficient information and belief at this time upon which to recite all potentially applicable additional defenses and therefore reserves the right to amend this pleading to assert applicable additional defenses as developed during discovery.

**WHEREFORE,** St. Paul respectfully requests this Court order relief in St. Paul's favor as follows:

A.     The Court dismiss Plaintiff's First Amended Complaint on its merits and with prejudice;

B.     The Court declare St. Paul Surplus has no obligation to defend, indemnify or otherwise provide coverage to or on behalf of Plaintiff under any purported policy or policy in connection with the Underlying Actions and Claims that are allegedly at issue in this action;

C.     The Court declare St. Paul Fire has no obligation to defend, indemnify or otherwise provide coverage to or on behalf of Plaintiff under any purported policy or policy in connection with the Underlying Actions and Claims that are allegedly at issue in this action;

D.     The Court award St. Paul its reasonable costs and disbursements incurred in this action, including reasonable attorney's fees if applicable; and

D.     The Court provide such other and further relief that the Court deems just and proper pursuant to Minn. R. Civ. P. 57 and Minn. Stat. § 555.01 et seq., or otherwise.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
          Document       Page 300 of 430

Filed in District Court
State of Minnesota
10/8/2018 3:00 PM

Respectfully submitted,

O'MEARA, LEER, WAGNER & KOHL, P.A.

Date: October 8, 2018          s/ Lance D. Meyer
                               Dale O. Thornsjo (#162048)
                               Lance D. Meyer (#393073)
                               7401 Metro Boulevard, Suite 600
                               Minneapolis, MN 55439-3034
                               Telephone: (952) 831-6544
                               Facsimile: ((952) 893-8398
                               Email: DOThornsjo@OLWKLaw.com
                                      LDMeyer@olwklaw.com

                               *Attorneys for Defendants St. Paul Surplus Lines*
                               *Insurance Company and St. Paul Fire and Marine*
                               *Insurance Company*


ACKNOWLEDGMENT REQUIRED BY
MINN. STAT. § 549.211

       The undersigned hereby acknowledges that sanctions may be imposed pursuant to Minn.

Stat. § 549.211.

                               s/ Lance D. Meyer
                                    Lance D. Meyer (# 393073)

2345701 (003)

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

STATE OF MINNESOTA

COUNTY OF WINONA

Diocese of Winona-Rochester,

Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; COLONIAL PENN
INSURANCE COMPANY, a Pennsylvania
corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN
NATIONAL INSURANCE COMPANY OF
MILWAUKEE, WISCONSIN, a Wisconsin
corporation, formerly BELLEFONTE
INSURANCE COMPANY, a Kentucky
corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K.
private limited company, formerly TERRA
NOVA INSURANCE CO. LTD., a U.K.
private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private
limited company, formerly EXCESS
INSURANCE CO. LTD., a U.K. private
limited company; SOMPO JAPAN
NIPPONKOA INSURANCE COMPANY OF
EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a
U.K. private limited company; DOMINION
INSURANCE CO., LTD., a U.K. private
limited company; CX REINSURANCE
COMPANY LTD., a private limited
company, formerly CNA REINSURANCE
OF LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE

DISTRICT COURT

THIRD JUDICIAL DISTRICT

Court File No. 85-CV-18-1439
Case Type:  Civil Other/Misc.
Judge Nancy L. Buytendorp

**LONDON MARKET INSURERS
ANSWER TO FIRST AMENDED
COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM**

1

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 302 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

CO. LTD., a U.K. private limited company;
SPHERE DRAKE INSURANCE PLC
(N/K/A SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited company;
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, a Minnesota
corporation, formerly ST. KATHERINE
INSURANCE CO. PLC, a U.K. public
limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation,

                    Defendants.

_____

        Defendants Certain Underwriters at Lloyd's, London, subscribing to Policies SL 3402, SL

3703, ISL 3087, ISL 3520, ISL 3822, ISL 4060, ISL 4282, SL 3403, GHV 147/194, and ISL

4282 (incorrectly named in the First Amended Complaint as "CERTAIN UNDERWRITERS AT

LLOYD'S, a foreign insurance syndicate"); RiverStone Insurance (UK) Limited (formerly

known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton,

East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as

successor in interest to Markel International Insurance Company Limited ("Markel") (formerly

Terra Nova Insurance Company Limited) under the terms of a transfer under Part VII Financial

Services and Markets Act 2000 with effect from 31 March 2017 (incorrectly named in the First

Amended Complaint as "MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED,

a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K.

private limited company"); Catalina Worthing Insurance Ltd f/k/a HFPI (as Part VII transferee of

(Excess Insurance Company Ltd and/or London & Edinburgh Insurance Company Ltd as

successor to London & Edinburgh General Insurance Company Ltd)) (incorrectly named in the

First Amended Complaint as "CATALINA HOLDINGS U.K. LIMITED, a private limited

company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company");

RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK)

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number

01167327 (RIUK) on its own behalf and as successor in interest to Sphere Drake Insurance

Limited ("SDI") (formerly known as Odyssey Re (London) Limited, Sphere Drake Insurance

Plc, Sphere Insurance Plc, Sphere Insurance Company Limited, The Sterling Insurance Company

Limited and The Drake Insurance Company Limited ) in respect of business transferred by SDI

to RIUK under the terms of a transfer under Part VII Financial Services and Markets Act 2000

with effect from 31 December 2004 and 1 October 2005 (incorrectly named in the First

Amended Complaint as "SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE

INSURANCE LIMITED), a U.K. public limited company"); Sompo Japan Nipponkoa Insurance

Company of Europe Limited (formerly known as The Yasuda Fire & Marine Insurance

Company of Europe Ltd. and also known as Yasuda Fire & Marine Insurance Company (U.K.))

(incorrectly named in the First Amended Complaint as "SOMPO JAPAN NIPPONKOA

INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly

YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited

company"); Dominion Insurance Company Ltd. (incorrectly named in the First Amended

Complaint as "DOMINION INSURANCE CO., LTD., a U.K. private limited company"); CX

Reinsurance Company Ltd. (formerly known as CNA Reinsurance of London Ltd.) (incorrectly

named in the First Amended Complaint as "CX REINSURANCE COMPANY LTD., a private

limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited

company"); Stronghold Insurance Company Limited (incorrectly named in the First Amended

Complaint as "STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company");

Assicurazioni Generali S.p.A. (incorrectly named in the First Amended Complaint as

"ASSICURAZIONI GENERALI SPA, an Italy corporation") (all of the aforementioned

3

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 304 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

Defendants will be collectively referred to herein as "London Market Insurers" or "LMI") having subscribed severally and not jointly as their interests may appear with respect to one or more insurance policies, for their Answer to Plaintiff's First Amended Complaint for Declaratory Judgment state as follows:

## **BACKGROUND**

1.      LMI admit that Plaintiff is seeking a declaratory judgment, but LMI deny that any LMI "sold" insurance policies or certificates to the Diocese.  Certain LMI instead subscribed, severally and not jointly, to certain policies as they were presented by the Diocese's agent/broker. LMI further deny that Plaintiff has specified "certain insurance policies and certificates sold by the Insurers or for which the Insurers otherwise acquired responsibility".  Plaintiff in fact has not specifically identified a single insurance contract in the First Amended Complaint.  LMI therefore deny all remaining allegations in Paragraph 1.

2.      LMI admit that the Minnesota legislature passed said Act, but LMI are not required to respond to Plaintiff's legal conclusions regarding the Act.

3.      LMI admit that "multiple claims and lawsuits have been received by the Diocese". LMI lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 3 and, therefore, deny them.

## **THE PARTIES**

4.      LMI lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, deny them.

5.      LMI lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, deny them.

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

6.      LMI deny that an entity called Lloyd's "sold" insurance policies or certificates to the Diocese.  Lloyd's is instead a market in which certain underwriters chose to subscribe, severally and not one for the other, as their interests may appear, to certain insurance policies as they were presented by the Diocese's agent/broker.  LMI admit that certain of those insurance policies were effective during certain time periods during which certain of the underlying claimants were allegedly abused.  LMI deny that Lloyd's is a "foreign insurance syndicate" and further deny the remaining allegations in Paragraph 6.

7.      LMI lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, deny them.

8.      LMI lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, deny them.

9.      LMI lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, deny them.

10.     LMI lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, deny them.

11.     LMI lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, deny them.

12.     LMI have informed Plaintiff that an Appearance in this lawsuit was filed on behalf of RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Markel International Insurance Company Limited ("Markel") (formerly Terra Nova Insurance Company Limited) under the terms of a transfer under Part VII Financial Services and Markets Act 2000

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

with effect from 31 March 2017 (incorrectly named in the First Amended Complaint as "MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company"). LMI deny that this company "issued" insurance policies to the Diocese. Instead, this company subscribed, severally and not jointly, as its interest may appear, to certain policies as they were presented by the Diocese's agent/broker. LMI lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 12 and, therefore, deny them.

13.      LMI have informed Plaintiff that an Appearance in this lawsuit was filed on behalf of Catalina Worthing Insurance Ltd f/k/a/ HFPI (as Part VII transferee of (Excess Insurance Company Ltd and/or London & Edinburgh Insurance Company Ltd as successor to London & Edinburgh General Insurance Company Ltd)) (incorrectly named in the First Amended Complaint as "CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company"). LMI deny that this company "issued" insurance policies to the Diocese. Instead, this company subscribed, severally and not jointly, as its interest may appear, to certain policies as they were presented by the Diocese's agent/broker. LMI lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 13 and, therefore, deny them.

14.      LMI have informed Plaintiff that an Appearance in this lawsuit was filed on behalf of Sompo Japan Nipponkoa Insurance Company of Europe Limited (formerly known as The Yasuda Fire & Marine Insurance Company of Europe Ltd. and also known as Yasuda Fire & Marine Insurance Company (U.K.)) (incorrectly named in the First Amended Complaint as "SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.)

6

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 307 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

Ltd., a U.K. private limited company"). LMI deny that this company "issued" insurance policies to the Diocese. Instead, this company subscribed, severally and not jointly, as its interest may appear, to certain policies as they were presented by the Diocese's agent/broker. LMI lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 14 and, therefore, deny them.

15.     LMI have informed Plaintiff that an Appearance in this lawsuit was filed on behalf of Dominion Insurance Company Ltd. (incorrectly named in the First Amended Complaint as "DOMINION INSURANCE CO., LTD., a U.K. private limited company". LMI deny that this company "issued" insurance policies to the Diocese. Instead, this company subscribed, severally and not jointly, as its interest may appear, to certain policies as they were presented by the Diocese's agent/broker. LMI lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 15 and, therefore, deny them.

16.     LMI have informed Plaintiff that an Appearance in this lawsuit was filed on behalf of CX Reinsurance Company Ltd. (formerly known as CNA Reinsurance of London Ltd.) (incorrectly named in the First Amended Complaint as "CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company"). LMI deny that this company "issued" insurance policies to the Diocese. Instead, this company subscribed, severally and not jointly, as its interest may appear, to certain policies as they were presented by the Diocese's agent/broker. LMI lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 16 and, therefore, deny them.

17.     LMI have informed Plaintiff that an Appearance in this lawsuit was filed on behalf of Stronghold Insurance Company Limited (incorrectly named in the First Amended

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 308 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

Complaint as "STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company"). LMI deny that this company "issued" insurance policies to the Diocese. Instead, this company subscribed, severally and not jointly, as its interest may appear, to certain policies as they were presented by the Diocese's agent/broker. LMI lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 17 and, therefore, deny them.

18.     LMI have informed Plaintiff that an Appearance in this lawsuit was filed on behalf of RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Sphere Drake Insurance Limited ("SDI") (formerly known as Odyssey Re (London) Limited, Sphere Drake Insurance Plc, Sphere Insurance Plc, Sphere Insurance Company Limited, The Sterling Insurance Company Limited and The Drake Insurance Company Limited) in respect of business transferred by SDI to RIUK under the terms of a transfer under part VII Financial Services and Markets Act 2000 with effect from 31 December 2004 and 1 October 2005 (incorrectly named in the First Amended Complaint as "SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company"). LMI deny that this company "issued" insurance policies to the Diocese. Instead, this company subscribed, severally and not jointly, as its interest may appear, to certain policies as they were presented by the Diocese's agent/broker. LMI lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 18 and, therefore, deny them.

19.     LMI lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, deny them.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 309 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

20.      LMI have informed Plaintiff that an Appearance in this lawsuit was filed on behalf of Assicurazioni Generali S.p.A. (incorrectly named in the First Amended Complaint as ASSICURAZIONI GENERALI SPA, an Italy corporation").   LMI deny that this company "issued" insurance policies to the Diocese.   Instead, this company subscribed, severally and not jointly, as its interest may appear, to certain policies as they were presented by the Diocese's agent/broker.  LMI lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 20, and, therefore, deny them.

## JURISDICTION AND VENUE

21.      LMI are not required to respond to Plaintiff's conclusions of law regarding jurisdiction.  LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 21 and, therefore, deny them.

22.      LMI are not required to respond to Plaintiff's conclusions of law regarding jurisdiction.  LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, deny them.

23.      LMI are not required to respond to Plaintiff's conclusions of law regarding venue. LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 and, therefore, deny them.

## THE INSURANCE POLICIES AND CERTIFICATES PURCHASED BY THE DIOCESE

24.      LMI admit that certain LMI subscribed, severally and not one for the other, to certain insurance policies on which the Diocese of Winona is a named insured.  Such policies speak for themselves regarding the effective dates, terms, conditions, exclusions, limitations, and the particular LMI providing security.  LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24, and, therefore, deny them.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 310 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

25.     LMI are not required to respond to Plaintiff's characterizations as to the legal meaning of the certain policies subscribed by LMI. Such policies speak for themselves. LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, deny them.

26.     LMI are not required to respond to Plaintiff's characterizations as to the legal meaning of the certain policies subscribed by LMI. Such policies speak for themselves. LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26 and, therefore, deny them.

27.     LMI lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, deny them.

## THE UNDERLYING ACTIONS

28.     LMI lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, deny them.

29.     LMI lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, deny them.

30.     LMI deny the allegations of Paragraph 30 inasmuch as they pertain to LMI. LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30 and, therefore, deny them.

31.     LMI deny the allegations of Paragraph 31 inasmuch as they pertain to LMI. LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31 and, therefore, deny them.

32.     LMI are not required to respond to Plaintiff's conclusions of law. LMI have provided their coverage position to Plaintiff with respect to any specific LMI insurance policies

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 311 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

identified by Plaintiff with regard to any specific Underlying Actions and Claims. LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, deny them.

33.    LMI are not required to respond to Plaintiff's conclusions of law. LMI have provided their coverage position to Plaintiff with respect to any specific LMI insurance policies identified by Plaintiff with regard to any specific Underlying Actions and Claims. LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, deny them.

## COUNT I – DECLARATORY JUDGMENT AGAINST ALL INSURERS

34.    LMI incorporates by reference all of its responses to Paragraphs 1-33 above.

35.    LMI admit that Plaintiff is purportedly seeking an adjudication of the rights and duties of the parties to certain insurance contracts but Plaintiff's pleading has failed to specify any particular insurance contracts. LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 35 and, therefore, deny them.

36.    LMI are not required to respond to Plaintiff's conclusions of law regarding the meaning of insurance contracts, and Plaintiff has not in its pleading specified a single insurance contract under which it is purportedly claiming coverage. LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 36 and, therefore, deny them.

37.    LMI deny the allegations of Paragraph 37. LMI have advised Plaintiff of the LMI coverage position with respect to any specific LMI insurance policies identified by Plaintiff with regard to any specific Underlying Actions and Claims. LMI lack sufficient knowledge or

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 312 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

information to form a belief as to the truth of the remaining allegations in Paragraph 37 and, therefore, deny them.

38.    LMI have advised Plaintiff of the LMI coverage position with respect to any specific LMI insurance policies identified by Plaintiff with regard to any specific Underlying Actions and Claims.   Those letters speak for themselves.   LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38 and subparts (a)-(f) and, therefore, deny them.

39.    LMI have advised Plaintiff of the LMI coverage position with respect to any specific LMI insurance policies identified by Plaintiff with regard to any specific Underlying Actions and Claims.   Those letters speak for themselves.   LMI lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 39 and subparts (a)-(f) and, therefore, deny them.

40.    LMI lack sufficient knowledge or information to form a belief or to the truth of the allegations in Paragraph 40 and, therefore, deny them.

WHEREFORE, LMI deny that Plaintiff is entitled to a Judgment in its favor or to costs or attorney's fees or any other relief sought in the First Amended Complaint.  LMI prays that this court instead grant Judgment in favor of LMI and against Plaintiff, and for any other relief the court deems just and proper.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 313 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

## AFFIRMATIVE DEFENSES OF LONDON MARKET INSURERS

LMI, as previously described and set forth herein, state the following affirmative defenses, and reserve the right to assert other defenses as additional information and discovery becomes available.

### First Affirmative Defense

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff bears the burden of proof with respect to establishing coverage under insurance contracts, and Plaintiff's First Amended Complaint is defective in that it does not specifically identify even a single insurance contract, or attach a contract, or quote from a contract and, consequently, Plaintiff cannot meet its burden of proving that certain LMI entities subscribed to certain contracts and that coverage is owed under any contracts.

### Third Affirmative Defense

Plaintiff's First Amended Complaint fails, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations contained in the various LMI insurance policies issued to the Diocese. The terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations are incorporated herein by reference.

### Fourth Affirmative Defense

The LMI insurance policies issued to the Diocese are excess indemnity policies with no duty to defend or settle.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 314 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

### Fifth Affirmative Defense

There is no coverage for any entity or person that does not qualify as an Assured or Named Assured under the LMI insurance policies.

### Sixth Affirmative Defense

The LMI insurance policies do not provide coverage to the Diocese to the extent the allegations in the Underlying Actions and Claims do not meet the policy definition of "Occurrence" which requires "an accident or a happening or event . . . which unexpectedly and unintentionally results in personal injury . . . during the policy period."

### Seventh Affirmative Defense

Based on the policy definition of an "Occurrence" there is no coverage for any ultimate net loss incurred in connection with any allegations of misrepresentation, recklessness, fraud or intentional conduct by the Diocese in the Underlying Actions and Claims.

### Eighth Affirmative Defense

There is no coverage for any ultimate net loss incurred in connection with any allegations in the Underlying Actions and Claims that the Diocese caused damages as a result of misrepresentation, recklessness, fraud and intentional conduct because any such loss would not constitute a fortuitous loss and/or would be prohibited under Minnesota public policy.

### Ninth Affirmative Defense

There is no coverage arising from Underlying Actions and Claims which involve claimants who previously asserted claims that were litigated to conclusion, settled, or otherwise resolved by the Diocese.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 315 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

### Tenth Affirmative Defense

Upon information and belief, prior to purchasing the LMI insurance policies, the Diocese was aware that certain of its priests had committed sexual assaults that could result in claims against the Diocese.  There can be no coverage under the LMI policies to the extent that the Diocese omitted to inform LMI, or misrepresented these facts, before purchasing insurance policies subscribed by LMI.

### Eleventh Affirmative Defense

The LMI insurance policies do not provide coverage to the Diocese unless there is an occurrence which unexpectedly and unintentionally results in personal injury during one of the periods of coverage provided by LMI.

### Twelfth Affirmative Defense

All or some of the incidents of abuse alleged in the Underlying Actions and Claims pre-date or post-date the policies to which LMI subscribed.

### Thirteenth Affirmative Defense

The insurance policies do not provide coverage to the Diocese to the extent an alleged fraud or misrepresentation by the Diocese predated the inception of insurance coverage provided by LMI.

### Fourteenth Affirmative Defense

The insurance policies do not provide coverage to the Diocese to the extent the conduct of the Diocese gives rise to a single occurrence that entirely pre or post-dates LMI coverage.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 316 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

### Fifteenth Affirmative Defense

The insurance policies do not provide coverage to the Diocese for any portion of expense, loss, or damage that is allocable to periods or years of coverage other than the periods of coverage of the LMI policies.

### Sixteenth Affirmative Defense

LMI are not obligated to indemnify the Diocese for payments made despite there being no "liability imposed by law" as required by the insurance policies since certain of the Underlying Actions and Claims are barred by the statute of limitations and/or there is no legal liability for the claims.

### Seventeenth Affirmative Defense

The LMI insurance policies do not provide coverage to the Diocese to the extent that allegations in the Underlying Actions and Claims do not meet the policy definition of "Personal Injury" or "Bodily Injury".

### Eighteenth Affirmative Defense

The LMI insurance policies do not provide coverage to the Diocese to the extent that any payments by the Diocese in connection with the Underlying Actions and Claims do not meet the policy definition of "Ultimate Net Loss."

### Ninteenth Affirmative Defense

The LMI insurance policies attach, if at all, only after self-insured retentions have been exhausted and/or after the Limit(s) of Liability of any applicable underlying insurance and/or any applicable underlying limits have been exhausted regardless of the exhaustion or unavailability of such underlying insurance and/or underlying limits.

85-CV-18-1439

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

### Twentieth Affirmative Defense

There is no coverage for any claim known to be false or fraudulent, and coverage under the LMI insurance policies shall become void, and all claims thereunder shall be forfeited, if any such claim is made.

### Twenty-First Affirmative Defense

Certain of the LMI insurance policies contain a Loss Payable Condition that provides: "Liability under this policy with respect to any occurrence shall not attach unless or until the Assured or Assured's underlying insurer, shall have paid the amount of the underlying limits…." This Condition also requires that "the Assured's liability shall have been fixed and rendered certain either by final judgment against the Assured after actual trial or by written agreement of the Assured, the claimant and Underwriters."

### Twenty-Second Affirmative Defense

Under certain of the LMI insurance policies, liability attaches only after the Underlying Insurers have paid, or have been held liable to pay, the full amount of their respective ultimate net loss liability.

### Twenty-Third Affirmative Defense

Any available LMI insurance coverage would be subject to the per occurrence and any aggregate limits in the policy.

### Twenty-Fourth Affirmative Defense

Coverage for certain of the claims against the Diocese may be excluded in whole or in part by reason of an Exclusion in the policy for "liability of any Assured hereunder for assault and battery committee by or at the direction of such Assured…."

17

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 318 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

### Twenty-Fifth Affirmative Defense

Punitive damages are excluded from coverage under the definition of "occurrence", and under Minnesota law and public policy and, therefore, any portion of any settlement or verdict covering the Diocese's exposure to punitive damages is not covered.

### Twenty-Sixth Affirmative Defense

Coverage for the ultimate net loss paid by the Diocese as a result of Underlying Actions and Claims may be excluded in whole or in part if any ultimate net loss payments are not properly allocated among covered and uncovered claims.

### Twenty-Seventh Affirmative Defense

Coverage for the Underlying Actions and Claims against the Diocese may be excluded in whole or part by reason of the fact that the Diocese failed to allow LMI to become associated with the Diocese in the defense and control of the claims as required by the Policies.

### Twenty-Eighth Affirmative Defense

Coverage for the Underlying Actions and Claims against the Diocese may be excluded in whole or in part by reason of the fact that the Diocese failed to cooperate with LMI "in all things in the defense of[the] claim[s]" as required by the Policies.

### Twenty-Ninth Affirmative Defense

Coverage for the Underlying Actions and Claims against the Diocese may be barred in whole or in part by reason of an "Other Insurance" Condition in the insurance policies.

### Thirtieth Affirmative Defense

Coverage for the Underlying Actions and Claims against the Diocese may be barred in whole or in part by reason of the fact that any ultimate net loss paid by the Diocese is unreasonable.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 319 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

### Thirty-First Affirmative Defense

Coverage for the Underlying Actions and Claims against the Diocese may be barred in whole or in part by reason of a "Maintenance of Underlying Insurances" Condition.

### Thirty-Second Affirmative Defense

Coverage for the Underlying Actions and Claims against the Diocese may be barred in whole or in part by reason of a "Notice of Occurrence" Condition.

### Thirty-Third Affirmative Defense

Coverage for the Underlying Actions and Claims against the Diocese may be barred in whole or in part by reason of a "Loss Payable" Condition.

### Thirty-Fourth Affirmative Defense

The insurance coverage claims against LMI are barred by the doctrines of waiver, estoppel and laches.

### Thirty-Fifth Affirmative Defense

The insurance coverage claims against LMI are barred, in whole or in part, to the extent that the Diocese agreed to make voluntary settlement payments relating to the Underlying Actions and Claims.

### Thirty-Sixth Affirmative Defense

The liability of any individual LMI under any particular policy is limited to its respective proportion of liability, if any, is as set forth in the policy.

### Thirty-Seventh Affirmative Defense

The claims against LMI may be barred in whole or in part by reason of lack of justiciability.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 320 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

### Thirty-Eighth Affirmative Defense

The First Amended Complaint fails, in whole or in part, because this matter is not ripe for adjudication at this time – thus not satisfying the requirement for adjudication of "actual" cases and controversies under Article III Section 2 of the United States Constitution -- as the Plaintiffs' do not allege that LMI have a duty to defend.  The insurance policies are excess indemnity policies with no duty to defend.  The Underlying Actions and Claims against the Diocese are ongoing and remain unresolved.

### Thirty-Ninth Affirmative Defense

Coverage for the Underlying Actions and Claims against the Diocese may be barred in whole or in part by reason of accord and satisfaction, payment or release.

### Fortieth Affirmative Defense

The insurance coverage claims against LMI may be barred, in whole or in part, to the extent that the Diocese has failed to include in its lawsuit all necessary and indispensable parties.

### Forty-First Affirmative Defense

The insurance coverage claims against LMI may be barred in whole or in part by reason of failure of consideration.

### Forty-Second Affirmative Defense

The insurance coverage claims against LMI may be barred in whole or in part by reason of res judicata, collateral estoppel, issue preclusion, or claim preclusion.

### Forty-Third Affirmative Defense

The insurance coverage claims against LMI may be barred by reason of a Sexual Misconduct Exclusion in the LMI policy.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document       Page 321 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

### Forty-Fourth Affirmative Defense

Insurance coverage claims under LMI claims-made policies may be barred unless the claim against the Assured was made during the policy period and the alleged wrongful act took place on or after the Retroactive Date set forth in the Policy.

### Forty-Fifth Affirmative Defense

LMI reserve the right to raise additional affirmative defenses which cannot be set forth at this time due to the general nature of Plaintiffs' claims and the failure of Plaintiff to specify the insurance policies under which it is purportedly claiming.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendants and Counter-Plaintiffs Certain Underwriters at Lloyd's, London, subscribing severally, and not one for the other, as their interests may appear, to Policies SL 3402, SL 3703, ISL 3087, ISL 3520, ISL 3822, ISL 4060, ISL 4282, SL 3403, GHV 147/194, and ISL 4282 (incorrectly named in the First Amended Complaint as "CERTAIN UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate"); RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Markel International Insurance Company Limited ("Markel") (formerly Terra Nova Insurance Company Limited) under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 31 March 2017 (incorrectly named in the First Amended Complaint as "MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company"); Catalina Worthing Insurance Ltd f/k/a HFPI (as Part VII transferee of (Excess Insurance Company Ltd and/or London & Edinburgh Insurance Company Ltd as

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 322 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

successor to London & Edinburgh General Insurance Company Ltd)) (incorrectly named in the First Amended Complaint as "CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company"); RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Sphere Drake Insurance Limited ("SDI") (formerly known as Odyssey Re (London) Limited, Sphere Drake Insurance Plc, Sphere Insurance Plc, Sphere Insurance Company Limited, The Sterling Insurance Company Limited and The Drake Insurance Company Limited ) in respect of business transferred by SDI to RIUK under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 31 December 2004 and 1 October 2005 (incorrectly named in the First Amended Complaint as "SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company"); Sompo Japan Nipponkoa Insurance Company of Europe Limited (formerly known as The Yasuda Fire & Marine Insurance Company of Europe Ltd. and also known as Yasuda Fire & Marine Insurance Company (U.K.)) (incorrectly named in the First Amended Complaint as "SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company"); Dominion Insurance Company Ltd. (incorrectly named in the First Amended Complaint as "DOMINION INSURANCE CO., LTD., a U.K. private limited company"); CX Reinsurance Company Ltd. (formerly known as CNA Reinsurance of London Ltd.) (incorrectly named in the First Amended Complaint as "CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited

22

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 323 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

company"); Stronghold Insurance Company Limited (incorrectly named in the First Amended Complaint as "STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company"); Assicurazioni Generali S.p.A. (incorrectly named in the First Amended Complaint as "ASSICURAZIONI GENERALI SPA, an Italy corporation") (all of the aforementioned Defendants and Counter-Plaintiffs being collectively referred to herein as "London Market Insurers" or "LMI") having subscribed severally and not jointly as their interests may appear with respect to one or more insurance policies, for their Counterclaim against Plaintiff and Counter-Defendant, the Diocese of Winona-Rochester ("Diocese"), state as follows:

## BACKGROUND

1.      The Diocese initiated Declaratory Judgment litigation in this court, seeking a finding that various insurers owe obligations concerning "Underlying Actions and Claims".

2.      The Complaint and First Amended Complaint submitted by the Diocese purportedly seek relief against various insurers "from at least 1967 to the present" but no specific policies were identified anywhere in the Complaint or First Amended Complaint.

3.      London Market Insurers ("LMI") incorporate in this Counterclaim, as though fully set forth herein, all parts of the LMI Answer and Affirmative Defenses in this case.

4.      London Market Insurers bring this Counterclaim pursuant to Minn. Stat. § 555.01, *et seq.*

## THE PARTIES

5.      Defendants and Counter-Plaintiffs, those certain Underwriters at Lloyd's, London subscribing severally, and not one for the other, as their interests may appear, to Policies SL 3402, SL 3703, ISL 3087, ISL 3520, ISL 3822, ISL 4060, ISL 4282, SL 3403, GHV 147/194,

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document    Page 324 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

and ISL 4282 are members of an Association with a principal place of business in London, England.

6.      Defendants and Counter-Plaintiffs RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Markel International Insurance Company Limited ("Markel") (formerly Terra Nova Insurance Company Limited) under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 31 March 2017 (incorrectly named in the First Amended Complaint as "MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company"); Catalina Worthing Insurance Ltd f/k/a HFPI (as Part VII transferee of (Excess Insurance Company Ltd and/or London & Edinburgh Insurance Company Ltd as successor to London & Edinburgh General Insurance Company Ltd)) (incorrectly named in the First Amended Complaint as "CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company"); RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Sphere Drake Insurance Limited ("SDI") (formerly known as Odyssey Re (London) Limited, Sphere Drake Insurance Plc, Sphere Insurance Plc, Sphere Insurance Company Limited, The Sterling Insurance Company Limited and The Drake Insurance Company Limited ) in respect of business transferred by SDI to RIUK under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 31 December 2004 and 1 October 2005 (incorrectly named in the First

24

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document     Page 325 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

Amended Complaint as "SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a U.K. public limited company"); Sompo Japan Nipponkoa Insurance Company of Europe Limited (formerly known as The Yasuda Fire & Marine Insurance Company of Europe Ltd. and also known as Yasuda Fire & Marine Insurance Company (U.K.)) (incorrectly named in the First Amended Complaint as "SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company"); Dominion Insurance Company Ltd. (incorrectly named in the First Amended Complaint as "DOMINION INSURANCE CO., LTD., a U.K. private limited company"); CX Reinsurance Company Ltd. (formerly known as CNA Reinsurance of London Ltd.) (incorrectly named in the First Amended Complaint as "CX REINSURANCE COMPANY LTD., a private limited company, formerly CNA REINSURANCE OF LONDON LTD., a U.K. private limited company"); Stronghold Insurance Company Limited (incorrectly named in the First Amended Complaint as "STRONG HOLD INSURANCE CO. LTD., a U.K. private limited company"); Assicurazioni Generali S.p.A. (incorrectly named in the First Amended Complaint as "ASSICURAZIONI GENERALI SPA, an Italy corporation") (collectively referred to herein as "London Market Companies") are foreign insurance corporations.

7.       Defendants and Counter-Plaintiffs, those certain Underwriters at Lloyd's subscribing to the aforesaid insurance policies and the aforementioned London Market Companies (hereafter collectively referred to as the "London Market Insurers" or "LMI"), subscribed severally and not jointly, as their interests may appear, to one or more insurance policies presented by the agent/broker acting on behalf of the Diocese of Winona.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document    Page 326 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

8.      Upon information and belief, Plaintiff and Counter-Defendant Diocese of Winona ("Diocese") is a religious corporation organized under the laws of the State of Minnesota and is located in Winona County, Minnesota.

## THE UNDERLYING ACTIONS AND CLAIMS

9.      A number of claimants have alleged that they suffered sexual abuse due to the conduct of priests and other personnel affiliated with the Diocese during certain periods of time.

10.      Upon information and belief, the Diocese has been named as a defendant in the Underlying Actions and Claims.  Particular parishes within the Diocese, and schools and other entities affiliated with the Diocese, have sometimes also been named as defendants.

11.      The alleged perpetrators of the sexual abuse in the Underlying Actions and Claims include priests, teachers and boy scout leaders.

12.      It has been alleged in the Underlying Actions and Claims that the Diocese, based on tort and other theories, should be liable for the damages arising from the sexual abuse.

## THE INSURANCE POLICIES

13.      The Diocese, prior to initiating declaratory judgment litigation in July 2018, provided claim notices to certain LMI with respect to certain policies effective during July 1, 1978 to July 1, 1986.

14.      In its Complaint and Amended Complaint, the Diocese is allegedly seeking to establish coverage under policies issued on behalf of various insurers "from at least 1967 to the present."

15.      The Complaint and Amended Complaint submitted by the Diocese did not specifically identify any insurance policies or attach any insurance policies or provide any details about any insurance policies.

26

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 327 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

16.    The Diocese, as the party wanting to establish that insurance coverage exists, has the burden of proving the identity of the alleged insurers and the terms, conditions, limitations, and effective dates for each and every policy.

17.    Upon information and belief, some LMI subscribed to certain Combined Property, Casualty and Crime insurance policies during periods from July 1, 1978 to July 1, 1986.

18.    Upon information and belief, some LMI subscribed to certain Combined Property Casualty and Crime insurance policies incepting during periods subsequent to July 1, 1986.

19.    Upon information and belief, some LMI subscribed to certain excess insurance policies during the 1980s.

20.    Upon information and believe, some LMI subscribed to certain policies during the 1990s.

21.    Upon information and belief, certain LMI policies in the 1980s and 1990s were written on a claims-made basis rather than an "occurrence" basis.

22.    Upon information and belief, certain LMI policies in the 1980s and 1990s specifically excluded coverage for sexual misconduct.

## COUNT I – DECLARATORY JUDGMENT

23.    The Underlying Actions and Claims against the Diocese raise a number of insurance contract interpretation issues for which an actual controversy exists between LMI and the Diocese.  These issues include (but are not limited to) the following:

A)    There is no insurance coverage available under the LMI policies unless there was an "occurrence" as defined by the LMI occurrence-based policies;

27

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 328 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

B)      There is no insurance coverage available under the LMI policies unless an "occurrence", plus a "Bodily Injury" or "Personal Injury", happened during the effective periods of the LMI occurrence-based policies;

C)      There is no insurance coverage available under the LMI policies if the damages for which coverage is sought was expected or intended by the Diocese;

D)      There is no coverage under the LMI claims-made insurance policies unless the claim against an Assured was first made during the effective dates of the policy;

E)      There is no coverage under the LMI claims-made policies unless the wrongful act that allegedly caused damages happened on or after the Retroactive Date in the policy;

F)      There is no insurance coverage available for damages relating to sexual abuse if the LMI policy contained a policy exclusion for sexual misconduct;

G)      There is no insurance coverage available under the LMI occurrence-based policies for any damages arising from sexual abuse outside the effective dates of the LMI policies;

H)      There is no insurance coverage available under the LMI policies if the Diocese failed in its obligation to reveal its known sexual abuse exposures at the time of applying for the insurance;

I)      To the extent that there may be coverage under an LMI insurance policy for damages that spanned several years, the exposure to the LMI policy must be calculated using a pro rata time-on-the-risk formula;

J)      The liability of any specific LMI subscribing to any specific LMI policy is limited to that specific subscriber's agreed proportion of the risk as set forth in the policy.

K)      The LMI policies do not include an obligation to defend or settle the Underlying Actions and Claims;

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
            Document    Page 329 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

L)      There is no obligation under the LMI insurance policies to indemnify the Diocese for payments made in the absence of "liability imposed by law" upon the Diocese;

M)      There is no insurance coverage available under the LMI policies with respect to damages arising from the conduct of Father Thomas Adamson because the Diocese was aware of his pattern of wrongful conduct before the LMI policies incepted.

24.      A number of the claimants in the Underlying Actions and Claims have not yet provided sufficient factual information to the Diocese, and/or the Diocese has not yet provided sufficient factual information to LMI, to allow LMI to fully determine whether coverage is owed under insurance policies subscribed by LMI and, therefore, LMI reserve the right to amend and supplement this Counterclaim as more information becomes available.

## PRAYER FOR RELIEF

WHEREFORE, London Market Insurers deny that Plaintiff is entitled to a Declaratory Judgment in its favor, or any other judgment in favor of Plaintiff. London Market Insurers pray that their Counterclaim for Declaratory Judgment be granted. London Market Insurers pray for the following relief:

1.      A declaration that LMI have no obligation to provide any coverage to the Diocese for any portion of the Underlying Actions and Claims;

2.      In the alternative, a declaration of the specific rights and obligations of all parties to the LMI Policies, and a declaration of the extent of any LMI obligations to provide indemnification related to the Underlying Actions and Claims;

3.      An award to LMI for their attorney's fees, costs and disbursements; and

4.      Such other and further relief as the Court may deem just and proper.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 330 of 430

Filed in District Court
State of Minnesota
10/9/2018 2:58 PM

## JURY DEMAND

LMI hereby demand a trial by jury of all issues so triable.

**FISHER BREN & SHERIDAN, LLP**

Dated:  <u>10/9/2018</u>

By:  <u>s/ Gerald H. Bren</u>
Gerald H. Bren (#174737)
920 Second Avenue South, Suite 975
Minneapolis, MN 55402
Telephone:    612-332-0100
Facsimile:    612-332-9951
gbren@fisherbren.com

-and-

CLYDE & CO US LLP
Catalina J. Sugayan (#6191764)
Robert E. Sweeney, Jr. (#3128528)
55 West Monroe Street, Suite 3000
Chicago, IL  60603
Telephone:    312-635-7000
Facsimile:    312-635-6950
catalina.sugayan@clydeco.us
robert.sweeney@clydeco.us

ATTORNEYS FOR DEFENDANTS LMI

## ACKNOWLEDGMENT

I acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

By:  <u>s/ Gerald H. Bren</u>
Gerald H. Bren (#174737)

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

**STATE OF MINNESOTA**                                    **DISTRICT COURT**

**COUNTY OF WINONA**                              **THIRD JUDICIAL DISTRICT**

---

DIOCESE OF WINONA-ROCHESTER,                Court File no. 85-cv-18-1439
                                            Hon. Nancy L. Buytendorp
v.                              Plaintiff,   Case Type: Civil Other

UNITED STATES FIRE INSURANCE COMPANY, a
Delaware corporation; CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate; INTERSTATE
FIRE & CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a Delaware
corporation; COLONIAL PENN INSURANCE COMPANY,
a Pennsylvania corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL INSURANCE COMPANY
OF MILWAUKEE, WISCONSIN, a Wisconsin corporation,
formerly BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K. private limited
company, formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA HOLDINGS
U.K. LIMITED, a private limited company, formerly
EXCESS INSURANCE CO. LTD., a U.K. private insurance
company; SOMPO JAPAN NIPPONKOA INSURANCE
COMPANY OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND MARINE
INSURANCE CO. (U.K.) LTD., a U.K. private limited
company; DOMINION INSURANCE CO. LTD., a U.K.
private limited company; CX REINSURANCE COMPANY
LTD., a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE CO. LTD., a U.K.
private limited company; SPHERE DRAKE INSURANCE
PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a
U.K. public limited company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a Minnesota
corporation, formerly ST. KATHERINE INSURANCE CO.
PLC, a U.K. public limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation,

                                    Defendants.

1

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
            Document     Page 332 of 430

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

## ANSWER OF NORTHWESTERN NATIONAL INSURANCE COMPANY

Defendant NORTHWESTERN NATIONAL INSURANCE COMPANY, formerly BELLEFONTE INSURANCE COMPANY (collectively, "Northwestern National" or "Answering Defendant"), by its attorneys, as and for its Answer to the First Amended Complaint for Declaratory Judgment ("Complaint") in this matter, alleges as follows:

### BACKGROUND

1.      Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 1 of the Complaint.

2.      To the extent paragraph 2 of the Complaint purports to state legal conclusions, no response is required.   To the extent paragraph 2 purports to state factual allegations, Northwestern National denies knowledge or information sufficient to form a belief regarding the truth or falsity of such allegations.

3.      Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 3 of the Complaint.

### THE PARTIES

4.      Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 7 of the Complaint.

2

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 333 of 430

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

8. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 18 of the Complaint.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 334 of 430

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

19.     Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 20 of the Complaint.

## JURISDICTION AND VENUE

21.     To the extent paragraph 21 of Plaintiff's Complaint purports to state legal conclusions, no response is required.  To the extent paragraph 21 purports to state factual allegations, Northwestern National denies knowledge or information sufficient to form a belief regarding the truth or falsity of such allegations.

22.     To the extent paragraph 22 of the Complaint purports to state legal conclusions, no response is required.  To the extent paragraph 22 purports to state factual allegations, Northwestern National denies knowledge or information sufficient to form a belief regarding the truth or falsity of such allegations.

23.     To the extent paragraph 23 of the Complaint purports to state legal conclusions, no response is required.  To the extent paragraph 23 purports to state factual allegations, Northwestern National denies knowledge or information sufficient to form a belief regarding the truth or falsity of such allegations.

## THE INSURANCE POLICIES AND CERTIFICATES PURCHASED BY THE DIOCESE

24.     Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 24 of the Complaint.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 335 of 430

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

25.    To the extent the allegations of paragraph 25 are asserted against Northwestern National, denies the truth of the allegations set forth in paragraph 25 of the Complaint. To the extent asserted against the other defendants, denies knowledge or information sufficient to form a belief regarding the truth of such allegations.

26.    To the extent the allegations of paragraph 26 are asserted against Northwestern National, denies the truth of the allegations set forth in paragraph 26 of the Complaint. To the extent asserted against the other defendants, denies knowledge or information sufficient to form a belief regarding the truth of such allegations.

27.    Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 27 of the Complaint.

## THE UNDERLYING ACTIONS

28.    Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 28 of the Complaint.

29.    Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 29 of the Complaint.

30.    Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 30 of the Complaint.

31.    To the extent the allegations of paragraph 31 are asserted against Northwestern National, denies the truth of the allegations set forth in paragraph 31 of the Complaint.   To the extent asserted against the other defendants, denies knowledge or information sufficient to form a belief regarding the truth of such allegations.

32.    To the extent the allegations of paragraph 32 are asserted against Northwestern National, denies the truth of the allegations set forth in paragraph 32 of the Complaint.   To the

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 336 of 430

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

extent asserted against the other defendants, denies knowledge or information sufficient to form a belief regarding the truth of such allegations.

33.    To the extent the allegations of paragraph 33 are asserted against Northwestern National, denies the truth of the allegations set forth in paragraph 33 of the Complaint.   To the extent asserted against the other defendants, denies knowledge or information sufficient to form a belief regarding the truth of such allegations.

## COUNT I—DECLARATORY JUDGMENT AGAINST ALL INSURERS

34.    Answering paragraph 34 of the Complaint, Northwestern National repeats, reiterates and re-alleges its responses to paragraphs 1 through 33 of the Complaint as if set forth fully herein.

35.    To the extent asserted against Northwestern National, denies the truth of the allegations set forth in paragraph 36 of the Complaint.   To the extent asserted against the other defendants, denies knowledge or information sufficient to form a belief regarding the truth of such allegations.

36.    To the extent asserted against Northwestern National, denies the truth of the allegations set forth in paragraph 36 of the Complaint.   To the extent asserted against the other defendants, denies knowledge or information sufficient to form a belief regarding the truth of such allegations.

37.    To the extent asserted against Northwestern National, denies the truth of the allegations set forth in paragraph 37 of the Complaint.   To the extent asserted against the other defendants, denies knowledge or information sufficient to form a belief regarding the truth of such allegations.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 337 of 430

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

38.    Denies knowledge or information sufficient to for a belief regarding the truth of the allegations set forth in paragraph 38 of the Complaint.

39.    Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 39 of the Complaint.

40.    Denies knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 40 of the Complaint, and specifically denies that Plaintiff is entitled to the declaration it seeks.

## NORTHWESTERN NATIONAL'S AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Any claims which Plaintiff may have against Northwestern National are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of issue preclusion, res judicata, and/or judicial estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not the named insured or an additional insured identified in the policy at issue, and as such does not qualify for coverage.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document    Page 338 of 430

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

## SIXTH AFFIRMATIVE DEFENSE

To the extent coverage applies under the Northwestern National policy at issue (which is denied), Northwestern National is responsible only for its quota share of coverage under such policy.

## SEVENTH AFFIRMATIVE DEFENSE

Coverage, if any at all, under the Northwestern National policy is excess "ultimate net loss," defined as amounts determined by adjudication and compromise, which is not alleged.

## EIGHTH AFFIRMATIVE DEFENSE

Coverage is barred by the exclusion applicable to assault and battery.

## NINTH AFFIRMATIVE DEFENSE

Coverage is barred by the "criminal acts" exclusion.

## TENTH AFFIRMATIVE DEFENSE

To the extent the Northwestern National policy applies at all, which is denied, it is excess over all other insurance available to the insured for the underlying claims.

## ELEVENTH AFFIRMATIVE DEFENSE

The Northwestern National policy is not a "duty to defend" policy.

## TWELFTH AFFIRMATIVE DEFENSE

The captioned action is precluded by Plaintiff's failure to institute the action within twenty-seven months of the date upon which loss occurred, a violation of the "Litigation Proceedings" clause.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims against Plaintiff are not covered "occurrences" within the meaning of that term as it pertains to any policy allegedly issued by Northwestern National

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 339 of 430

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

## FOURTEENTH AFFIRMATIVE DEFENSE

A covered "occurrence," if there was one, did not take place during the policy period of any policy allegedly issued by Northwestern National.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff breached a condition of any policy allegedly issued by Northwestern National in that Plaintiff failed to give Northwestern National due and timely notice of any alleged occurrence, claim, or suit likely to involve any alleged Northwestern National policy, and Northwestern National is, therefore, relieved of its obligations, if any, to provide coverage thereunder.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the claims for which Plaintiff seeks coverage are not based on any accident, covered occurrence, or fortuitous event, but rather arise as the result of intentional actions on the part of Plaintiff and/or others, and/or the claimed injuries were or should have been expected by Plaintiff, Northwestern National has no obligation to indemnify Plaintiff, or to contribute to the payment of defense or indemnity costs associated with the claims referred to in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the claims against Plaintiff seek punitive damages, fines, or penalties, any policy allegedly issued by Northwestern National does not provide coverage therefor.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Northwestern National's obligations to Plaintiff, if any, are limited by the terms, definitions, exclusions, conditions, and limits of any policy allegedly issued by Northwestern National and the policies to which they follow from, including without limitation, any conditions

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 340 of 430

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

precedent, deductibles, self-insured retentions, policy periods, notice requirements, limits of liability, and exclusions contained therein.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff against Northwestern National are barred to the extent that the acts or omissions which gave rise to the claims asserted against Plaintiff constituted a violation of law and/or public policy by Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

The obligations of Northwestern National, if any, to pay the defense and/or indemnity costs under any policy allegedly issued by Northwestern National are subject to and limited by the defense and indemnity obligations of Plaintiff's other insurers.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Coverage under any alleged Northwestern National policy is barred to the extent Plaintiff has failed to perform all its obligations under any policy allegedly issued by Northwestern National, including conditions precedent and/or conditions subsequent, that are prerequisites to coverage for claims under any such policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any alleged liabilities constituted or resulted from known risks, known losses, losses in progress, non-fortuitous events, and/or uninsurable risks.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not describe the claims made against Northwestern National with sufficient particularity to enable Northwestern National to determine all defenses it may have in response to Plaintiff's claims.   Northwestern National, therefore, reserves its right to

10

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 341 of 430

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

assert additional defenses available under the terms of Northwestern National's alleged policies, or available at law or equity upon discovery of further information concerning Plaintiff's claims, or upon the development of other relevant information, including information discovered during the course of the litigation and information discovered outside the discovery process of this litigation.

WHEREFORE, Northwestern National demands judgment dismissing Plaintiff's complaint with prejudice, and granting Northwestern National such other and further relief the Court shall deem just and proper, together with reasonable attorney's fees and the costs and disbursements of this action.

Dated: October 9, 2018

**LARSON · KING, LLP**

By ___*/s/Bradley R. Prowant*_____
Keith A. Dotseth   (210304)
Bradley R. Prowant (0396079)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN   55101
Tel:   (651) 312-6500
Fax:   (651) 312-6618
kdotseth@larsonking.com
bprowant@larsonking.com

-And-

Stephen D. Straus (*pro hac vice pending*)
Eric D. Suben (*pro hac vice pending*)
TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY   10532
Tel:   (914) 347-2600
Fax:   (914) 347-8898

*Counsel to Northwestern National Insurance Company*

11

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 342 of 430

Filed in District Court
State of Minnesota
10/9/2018 3:17 PM

# ACKNOWLEDGEMENT

The undersigned hereby acknowledges that pursuant to Minnesota Statute Section 549.211, subdivision 2, costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserting a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

*/s/ Bradley R. Prowant*
Bradley R. Prowant

**STATE OF MINNESOTA**                                         **DISTRICT COURT**

**COUNTY OF WINONA**                                  **THIRD JUDICIAL DISTRICT**

---

DIOCESE OF WINONA-ROCHESTER,                    Court File no. 85-cv-18-1439
                                                Hon. Nancy L. Buytendorp
                        Plaintiff,                 Case Type: Civil Other

v.

UNITED STATES FIRE INSURANCE COMPANY, a
Delaware corporation; CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate; INTERSTATE
FIRE & CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a Delaware
corporation; COLONIAL PENN INSURANCE COMPANY,
a Pennsylvania corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware corporation;
NORTHWESTERN NATIONAL INSURANCE COMPANY
OF MILWAUKEE, WISCONSIN, a Wisconsin corporation,
formerly BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K. private limited
company, formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA HOLDINGS
U.K. LIMITED, a private limited company, formerly
EXCESS INSURANCE CO. LTD., a U.K. private insurance
company; SOMPO JAPAN NIPPONKOA INSURANCE
COMPANY OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND MARINE
INSURANCE CO. (U.K.) LTD., a U.K. private limited
company; DOMINION INSURANCE CO. LTD., a U.K.
private limited company; CX REINSURANCE COMPANY
LTD., a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE CO. LTD., a U.K.
private limited company; SPHERE DRAKE INSURANCE
PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED), a
U.K. public limited company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a Minnesota
corporation, formerly ST. KATHERINE INSURANCE CO.
PLC, a U.K. public limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation,

                        Defendants.

1

## MOTION FOR ADMISSION OF ERIC D SUBEN PRO HAC VICE

STATE OF MINNESOTA    )
                                              ) SS
COUNTY OF RAMSEY     )

I, Bradley R. Prowant, an active member in good standing of the bar of the State of Minnesota, move that this Court admit *pro hac vice* Eric D Suben an attorney admitted to practice in the trial courts of New York, but not admitted to the bar of this Court, who will be counsel for Defendant Northwestern National Insurance Company in this case. I am aware that Rule 5 of the Minnesota General Rules of Practice requires me to (1) sign all pleadings in this case, (2) be present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

I declare under penalty of perjury that everything I have stated in this document is true and correct.   Minn. Stat. § 358.116.

Dated: October 9, 2018                              By    */s/Bradley R. Prowant*
                                                                    Bradley R. Prowant (0396079)
                                                                    LARSON · KING, LLP
                                                                    2800 Wells Fargo Place
                                                                    30 E. Seventh Street
                                                                    St. Paul, MN   55101
                                                                    Tel:   (651) 312-6500
                                                                    Fax:   (651) 312-6618
                                                                    bprowant@larsonking.com

2

## Affidavit of Proposed Admittee

STATE OF NEW YORK )
) SS
COUNTY OF WESTCHESTER )

I, Eric D. Suben, am currently admitted to practice and in good standing in the trial courts of the following jurisdiction(s), but not admitted to the bar of this Court:

| State | License # | Status | Admission Date |
|-------|-----------|--------|----------------|
| New York | 2728640 | Active | August 19, 1996 |
| | | | |

I understand that if this Court grants me admission pro hac vice, Rule 5 of the Minnesota General Rules of Practice requires the Minnesota lawyer bringing this Motion to (1) sign all pleadings in this case, (2) be present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

I also understand that Rule 5 of the Minnesota General Rules of Practice specifies that by appearing pursuant to that rule I am subject to the disciplinary rules and regulations governing Minnesota lawyers and that by applying to appear or appearing in any action I am subject to the jurisdiction of the Minnesota courts.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.611

Dated: October 9, 2018

Eric D. Suben
TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY  10532
Tel:   (914) 347-2600
Fax:   (914) 347-8898

SWORN TO BEFORE
ME THIS 9TH DAY
OF OCTOBER, 2018.

*Claudine Pironti*

CLAUDINE PIRONTI
NOTARY PUBLIC, State Of New York
No. 01P16171987
Qualified In Westchester County
Commission Expires Aug 06, 2019

3

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF WINONA                                  THIRD JUDICIAL DISTRICT

---

DIOCESE OF WINONA-ROCHESTER,                    Court File no. 85-cv-18-1439
                                                Hon. Nancy L. Buytendorp

Plaintiff,                    Case Type: Civil Other
v.

UNITED STATES FIRE INSURANCE COMPANY, a
Delaware corporation; CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate; INTERSTATE
FIRE & CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a Delaware
corporation; COLONIAL PENN INSURANCE
COMPANY, a Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a Kentucky
corporation; MARKEL INTERNATIONAL INSURANCE
COMPANY LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD., a U.K.
private limited company; CATALINA HOLDINGS U.K.
LIMITED, a private limited company, formerly EXCESS
INSURANCE CO. LTD., a U.K. private insurance
company; SOMPO JAPAN NIPPONKOA INSURANCE
COMPANY OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND MARINE
INSURANCE CO. (U.K.) LTD., a U.K. private limited
company; DOMINION INSURANCE CO. LTD., a U.K.
private limited company; CX REINSURANCE COMPANY
LTD., a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K. private
limited company; STRONG HOLD INSURANCE CO.
LTD., a U.K. private limited company; SPHERE DRAKE
INSURANCE PLC (N/K/A SPHERE DRAKE
INSURANCE LIMITED), a U.K. public limited company;
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K. public
limited company; ASSICURAZIONI GENERALI SPA, an
Italy corporation,

                    Defendants.

**ORDER GRANTING MOTION FOR ADMISSION OF ERIC D SUBEN
PRO HAC VICE**

The above-entitled matter came before this Court on motion for admission pro hac vice of

Eric D. Suben, an attorney admitted to practice before the courts of the State of New York, but

not admitted to the bar of this Court, and who will be counsel for Defendant Northwestern

National Insurance Company in this matter. The motion was accompanied by the sworn

statement of Bradley R. Prowant, an attorney admitted to practice before the courts of Minnesota

and of the firm Larson King, LLP, 30 East Seventh Street, Saint Paul, Minnesota.

Based upon the filings, records, and proceedings herein,

1.      The motion for admission of Eric D. Suben pro hac vice is GRANTED.

2.      This Order shall be filed with the Court Administrator immediately.

BY THE COURT:


Dated: _____              _____

                                                          Hon. Nancy L. Buytendorp



Dated: _____               _____

                                                          Court Administrator

October 9, 2018

STATE OF MINNESOTA                         DISTRICT COURT

COUNTY OF WINONA                           THIRD JUDICIAL DISTRICT

---

DIOCESE OF WINONA-ROCHESTER,                    Court File no. 85-cv-18-1439
                                                Hon. Nancy L. Buytendorp

Plaintiff,                    Case Type: Civil Other
v.

UNITED STATES FIRE INSURANCE COMPANY, a
Delaware corporation; CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate; INTERSTATE
FIRE & CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a Delaware
corporation; COLONIAL PENN INSURANCE
COMPANY, a Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a Kentucky
corporation; MARKEL INTERNATIONAL INSURANCE
COMPANY LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD., a U.K.
private limited company; CATALINA HOLDINGS U.K.
LIMITED, a private limited company, formerly EXCESS
INSURANCE CO. LTD., a U.K. private insurance
company; SOMPO JAPAN NIPPONKOA INSURANCE
COMPANY OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND MARINE
INSURANCE CO. (U.K.) LTD., a U.K. private limited
company; DOMINION INSURANCE CO. LTD., a U.K.
private limited company; CX REINSURANCE COMPANY
LTD., a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K. private
limited company; STRONG HOLD INSURANCE CO.
LTD., a U.K. private limited company; SPHERE DRAKE
INSURANCE PLC (N/K/A SPHERE DRAKE
INSURANCE LIMITED), a U.K. public limited company;
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K. public
limited company; ASSICURAZIONI GENERALI SPA, an
Italy corporation,

                    Defendants.

**ORDER GRANTING MOTION FOR ADMISSION OF ERIC D SUBEN
PRO HAC VICE**

The above-entitled matter came before this Court on motion for admission pro hac vice of

Eric D. Suben, an attorney admitted to practice before the courts of the State of New York, but

not admitted to the bar of this Court, and who will be counsel for Defendant Northwestern

National Insurance Company in this matter. The motion was accompanied by the sworn

statement of Bradley R. Prowant, an attorney admitted to practice before the courts of Minnesota

and of the firm Larson King, LLP, 30 East Seventh Street, Saint Paul, Minnesota.

Based upon the filings, records, and proceedings herein,

1.      The motion for admission of Eric D. Suben pro hac vice is GRANTED.

2.      This Order shall be filed with the Court Administrator immediately.

BY THE COURT:


Dated: _____        _____
                                        Hon. Nancy L. Buytendorp



Dated: _____          _Karrie Espinoza_____
                                        Court Administrator

State of Minnesota
Winona County

District Court
Third District

| Court File Number: **85-CV-18-1439** |
| --- |
| Case Type: Civil Other/Misc. |

FILE COPY

**Notice of:**

| X | **Filing of Order** |
| --- | --- |
| | **Entry of Judgment** |
| | **Docketing of Judgment** |

---

The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY, Catalina Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount, Sompo Japan Nipponkoa Insurance Company of Europe Limited, Interstate Fire & Casualty Company et. al.

You are hereby notified that the following occurred regarding the above-entitled matter:

| X | An Order was filed on October 09, 2018. |
| --- | --- |
| | Judgment was entered on . |
| | You are notified that judgment was docketed on |

at  in the amount of $. Costs and interest will accrue on this amount from the date of entry until the judgment is satisfied in full.

Dated: October 10, 2018

Karrie Espinoza
Court Administrator
Winona County District Court
171 West Third Street
Winona MN  55987
507-457-6385

cc:   THOMAS RAYMOND BRAUN
       AMY J WOODWORTH
       GERALD H BREN
       CHARLES EDWIN JONES
       ERIC EDWARD CAUGH
       DALE O THORNSJO
       KEITH A. DOTSETH

A true and correct copy of this Notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

**STATE OF MINNESOTA**                                    **DISTRICT COURT**
**COUNTY OF WINONA**                                **THIRD JUDICIAL DISTRICT**
_____                      Court File No. 85-CV-18-1439

The Diocese of Winona-Rochester                              **Civil:** Civil Other
                                    Plaintiffs,

v.                                                    **SCHEDULING ORDER**

United States Fire Insurance Company,
Catalina Holdings U.K. Limited, Certain
Underwriters at Lloyd's, Mendes & Mount,
Sompo Japan Nipponkoa Insurance Company
of Europe Limited, Interstate Fire & Casualty
Company et. al.
                                    Defendants.
_____

       Based upon review of the Court File and any Informational Statements timely submitted, the Court now makes this Scheduling Order.

**1.**      **ALTERNATIVE DISPUTE RESOLUTION:** The parties shall discuss Alternative Dispute Resolution (ADR) alternatives. **Within one month of the filing date of this Order**, the parties shall file a Joint ADR Proposal describing the method of ADR chosen by the parties, as well as specific procedures to be employed, including such issues as bearing of costs, timeliness, and the role of the Court, if any.  The ADR process must be completed within one week of the Pre-trial Conference date set forth herein.

**2.**      **JOINDER OF ADDITIONAL PARTIES:**  **April 17, 2019**, is the last day on which additional parties may be joined.

**3.**      **DISCOVERY DEADLINE:**  Discovery, including depositions, must be conducted in accordance with the governing rules and completed by **May 17, 2019**.  All examinations and evaluations relative to disputed issues must also be complete by that date, including Independent Medical Examinations, Independent Psychological Evaluations, and other similar procedures conducted pursuant to Rule 35 of the Minnesota Rules of Civil Procedure.

**4.**      **EXPERT DISCLOSURE:**  In addition to disclosures required by Rule 26 of the Minnesota Rules of Civil Procedure, all expert disclosures shall be made by **June 3, 2019** or, if the evidence is intended solely to contradict or rebut the evidence on the same subject matter identified by another party to specifically provide testimony in the case, within 30 days after disclosure made by the other party.

      a.    SUBSTANCE OF DISCLOSURE: The disclosure of any expert testimony shall be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the

witness has testified as an expert at trial or by deposition within the preceding four years.

**5.    FORMAL DISCOVERY CONFERENCE:** No formal discovery conference will be held except upon motion, which must be served and filed early enough so that the discovery conference can be held prior to the discovery cut-off date set out in Paragraph Three herein.

**6.    MOTION DEADLINES:  June 17, 2019** is the last day on which a dispositive or non-dispositive motion may be heard, except as provided herein.

**7.    PRETRIAL CONFERENCE:** A Pretrial Settlement Conference is scheduled for **July 17, 2019 at 1:30 p.m.** at the Winona County Courthouse, 171 W 3rd St., Winona, Minnesota.

**8.    TRIAL:** This matter is scheduled for a jury trial on **August 12, 2019 at 9:00 a.m.** at the Winona County Courthouse, 171 W 3rd St., Winona, Minnesota.  The parties have estimated that this matter will require ten days of trial time.

**9.    NO LATER THAN JULY 12, 2019:**
    a.  The parties shall file a Separate Statement of the Case; and

    b.  Each party shall provide opposing parties and the Court with a witness list containing the names, addresses, telephone numbers of anticipated witnesses and with respect to each, a brief description of expected testimony, and an exhibit/display list containing brief descriptions of any exhibits expected to be offered and displays/graphics intended to be used.

    c.  Each party shall serve opposing counsel and file with the court trial briefs, if any, proposed jury instructions, proposed special verdict forms, and any trial motions, including motions in limine.

**10.    AMENDMENTS:** This Scheduling Order may be amended upon motion for good cause shown.  Any motion to extend any deadline contained in this Scheduling Order must be heard before the expiration of that deadline.  Motions to amend and general questions regarding this Scheduling Order, together with any questions regarding pretrial and trial dates, should be addressed to Court Administration at 507-457-6385.

**11.    CONTINUANCES:** Requests for continuances shall be made by written request to the Court, with copies to all parties, or by stipulation signed by all parties.  Stipulations for continuance are subject to the Court's approval.

**12.    SETTLEMENT NOTIFICATION:** If the case is settled or otherwise disposed of prior to trial, counsel shall immediately notify Court Administration, 507-457-6385.

**13.**      **NOTIFICATION OF ORDER:**  The Court Administrator shall mail a copy of this Order to counsel of record for the parties, and to any party without counsel of record.  Said mailing shall constitute due and proper notice of this Order for all purposes.


BY THE COURT:


_____

Nancy L. Buytendorp
Judge of Minnesota District Court

State of Minnesota

District Court

Winona County

Third District

| Court File Number: **85-CV-18-1439** |
| --- |

Case Type: Civil Other/Misc.

FILE COPY

**Notice of:**

[X] **Filing of Order**

[ ] **Entry of Judgment**

[ ] **Docketing of Judgment**

The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY, Catalina Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount, Sompo Japan Nipponkoa Insurance Company of Europe Limited, Interstate Fire & Casualty Company et. al.

You are hereby notified that the following occurred regarding the above-entitled matter:

[X] An Order was filed on October 29, 2018.

[ ] Judgment was entered on .

[ ] You are notified that judgment was docketed on
at  in the amount of $. Costs and interest will accrue on this amount from the date of entry until the judgment is satisfied in full.

Dated: October 30, 2018

Karrie Espinoza
Court Administrator
Winona County District Court
171 West Third Street
Winona MN  55987
507-457-6385

cc:   THOMAS RAYMOND BRAUN
ST Paul Fire and Marine Insurance Company
AMY J WOODWORTH
GERALD H BREN
CHARLES EDWIN JONES
ERIC EDWARD CAUGH
DALE O THORNSJO
KEITH A. DOTSETH

A true and correct copy of this Notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

Filed in District Court
State of Minnesota
10/31/2018 12:37 PM

**STATE OF MINNESOTA**                              **DISTRICT COURT**

**COUNTY OF WINONA**                    **THIRD JUDICIAL DISTRICT COURT**
                                                                    Civil Action

---

DIOCESE OF WINONA-ROCHESTER;

      Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation; CERTAIN
UNDERWRITERS AT LLOYD'S, a foreign
insurance syndicate; INTERSTATE FIRE &
CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; COLONIAL PENN
INSURANCE COMPANY, a Pennsylvania
corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL
INTERNATIONAL INSURANCE COMPANY
LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company; SOMPO
JAPAN NIPPONKOA INSURANCE COMPANY
OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO. LTD., a U.K. private limited
company; CX REINSURANCE COMPANY LTD.,

Court File No.: 85-CV-18-1439
The Hon. Nancy Buytendorp

1

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 356 of 430

Filed in District Court
State of Minnesota
10/31/2018 12:37 PM

a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K.
private limited company; STRONG HOLD
INSURANCE CO. LTD., a U.K. private limited
company; SPHERE DRAKE INSURANCE PLC
(N/K/A SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited company; ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation.

      Defendants.

## MOTION FOR ADMISSION OF MICHELLE THURBER CZAPSKI PRO HAC VICE

I, Christopher W. Coon, an active member in good standing of the bar of the State of
Minnesota, mote that his Court admit pro hac vice Michelle Thurber Czapski, an attorney admitted
to practice in the trial courts of the State of Michigan, but not admitted to the bar of this Court, who
will be counsel for the Plaintiff Diocese of Winona-Rochester in this case. I am aware that Rule 5 of
the Minnesota General Rules of Practice requires me to (1) sign all pleadings in this case, (2) be
present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present
in person or by telephone at all subsequent proceedings in this case unless the Court, in its
discretion, conducts the proceedings without the presence of Minnesota counsel. Pursuant to Minn.
Stat. § 358.116, I declare, on this 31st day of October, 2018 in Olmsted County, Minnesota, under
penalty of perjury, that everything stated in this document is true and correct.

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 357 of 430

Filed in District Court
State of Minnesota
10/31/2018 12:37 PM

Respectfully submitted,

Dated: October 31, 2018

**RESTOVICH  BRAUN & ASSOCIATES**

By:  _____

Thomas R. Braun (#350631)
Christopher W. Coon (#390083)
117 East Center Street
Rochester, MN 55904
(507) 288-4840
thomas@restovichlaw.com
christopher@restovichlaw.com

*Attorneys for Plaintiff Diocese of Winona-Rochester*

3

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 358 of 430

Filed in District Court
State of Minnesota
10/31/2018 12:37 PM

### Affidavit of Proposed Admittee

I, Michelle Thurber Czapski, am currently admitted to practice and in good standing in the trial courts of the following jurisdictions, but not admitted to the bar of this Court:

| State | License No. | Status | Admission Date |
|---|---|---|---|
| Michigan | P47267 | Good Standing | December 1992 |

I understand that if this Court grants me admission pro hac vice, Rule 5 of the Minnesota General Rules of Practice requires the Minnesota lawyer bringing this motion to (1) sign all pleadings in this case, (2) be present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

I also understand that Rule 5 of the Minnesota General Rules of Practice specifies that by appearing pursuant to that rule I am subject to the disciplinary rules and regulations governing Minnesota lawyers and that by applying to appear or appearing in any action I am subject to the jurisdiction of the Minnesota courts.

Pursuant to Minn. Stat. § 358.116, I declare under penalty of perjury that everything I have stated in this document is true and correct.

**BODMAN PLC**

Dated: October 31, 2018

By: _/s/ Michelle Thurber Czapski_____
    Michelle Thurber Czapski (P47267)
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
mczapski@bodmanlaw.com

**STATE OF MINNESOTA**                    **DISTRICT COURT**

**COUNTY OF WINONA**              **THIRD JUDICIAL DISTRICT COURT**
                                                    Civil Action

---

DIOCESE OF WINONA-ROCHESTER;

          Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation; CERTAIN
UNDERWRITERS AT LLOYD'S, a foreign
insurance syndicate; INTERSTATE FIRE &
CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; COLONIAL PENN
INSURANCE COMPANY, a Pennsylvania
corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL
INTERNATIONAL INSURANCE COMPANY
LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company; SOMPO
JAPAN NIPPONKOA INSURANCE COMPANY
OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO. LTD., a U.K. private limited
company; CX REINSURANCE COMPANY LTD.,

Court File No.: 85-CV-18-1439
The Hon. Nancy Buytendorp

a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K.
private limited company;    STRONG HOLD
INSURANCE CO. LTD., a U.K. private limited
company; SPHERE DRAKE INSURANCE PLC
(N/K/A    SPHERE    DRAKE    INSURANCE
LIMITED), a U.K. public limited company; ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public    limited    company;    ASSICURAZIONI
GENERALI SPA, an Italy corporation.

   Defendants.

## ORDER FOR ADMISSION OF MICHELLE THURBER CZAPSKI PRO HAC VICE

   Based on the forgoing motion and the entirety of the file, Plaintiff's Motion for the

Admission of Michelle Thurber Czapski Pro Hac Vice is hereby GRANTED.

          **BY THE COURT**

Dated:_____    _____
                The Hon. Nancy Buytendorp
                Judge of District Court

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 361 of 430

Filed in District Court
State of Minnesota
10/31/2018 12:37 PM

**STATE OF MINNESOTA**

**DISTRICT COURT**

**COUNTY OF WINONA**

**THIRD JUDICIAL DISTRICT COURT**
Civil Action

---

DIOCESE OF WINONA-ROCHESTER;

      Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation; CERTAIN
UNDERWRITERS AT LLOYD'S, a foreign
insurance syndicate; INTERSTATE FIRE &
CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; COLONIAL PENN
INSURANCE COMPANY, a Pennsylvania
corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL
INTERNATIONAL INSURANCE COMPANY
LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company; SOMPO
JAPAN NIPPONKOA INSURANCE COMPANY
OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO. LTD., a U.K. private limited
company; CX REINSURANCE COMPANY LTD.,

Court File No.: 85-CV-18-1439
The Hon. Nancy Buytendorp

85-CV-18-1439

Case 18-03094     Doc 1     Filed 12/03/18     Entered 12/03/18 12:26:01     Desc Main
Document        Page 362 of 430

Filed in District Court
State of Minnesota
10/31/2018 12:37 PM

a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K.
private limited company; STRONG HOLD
INSURANCE CO. LTD., a U.K. private limited
company; SPHERE DRAKE INSURANCE PLC
(N/K/A SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited company; ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation.

       Defendants.

---

## MOTION FOR ADMISSION OF DONOVAN ASMAR PRO HAC VICE

---

     I, Christopher W. Coon, an active member in good standing of the bar of the State of

Minnesota, mote that his Court admit pro hac vice Donovan Asmar, an attorney admitted to practice

in the trial courts of the State of Michigan, but not admitted to the bar of this Court, who will be

counsel for the Plaintiff Diocese of Winona-Rochester in this case. I am aware that Rule 5 of the

Minnesota General Rules of Practice requires me to (1) sign all pleadings in this case, (2) be present

in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in

person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion,

conducts the proceedings without the presence of Minnesota counsel. Pursuant to Minn. Stat. §

358.116, I declare, on this 31st day of October, 2018 in Olmsted County, Minnesota, under penalty

of perjury, that everything stated in this document is true and correct.

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
        Document      Page 363 of 430

Filed in District Court
State of Minnesota
10/31/2018 12:37 PM

Respectfully submitted,

Dated: October 31, 2018          **RESTOVICH  BRAUN & ASSOCIATES**

By: _____

　　Thomas R. Braun (#350631)
　　Christopher W. Coon (#390083)
117 East Center Street
Rochester, MN 55904
(507) 288-4840
thomas@restovichlaw.com
christopher@restovichlaw.com

*Attorneys for Plaintiff Diocese of Winona-Rochester*

3

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 364 of 430

Filed in District Court
State of Minnesota
10/31/2018 12:37 PM

## Affidavit of Proposed Admittee

I, Donovan Asmar, am currently admitted to practice and in good standing in the trial courts of the following jurisdictions, but not admitted to the bar of this Court:

| State | License No. | Status | Admission Date |
|-------|-------------|--------|----------------|
| Michigan | P77951 | Good Standing | December 2013 |

I understand that if this Court grants me admission pro hac vice, Rule 5 of the Minnesota General Rules of Practice requires the Minnesota lawyer bringing this motion to (1) sign all pleadings in this case, (2) be present in person or by telephone at the proceeding at which this Motion is heard, and (3) be present in person or by telephone at all subsequent proceedings in this case unless the Court, in its discretion, conducts the proceedings without the presence of Minnesota counsel.

I also understand that Rule 5 of the Minnesota General Rules of Practice specifies that by appearing pursuant to that rule I am subject to the disciplinary rules and regulations governing Minnesota lawyers and that by applying to appear or appearing in any action I am subject to the jurisdiction of the Minnesota courts.

Pursuant to Minn. Stat. § 358.116, I declare under penalty of perjury that everything I have stated in this document is true and correct.

**BODMAN PLC**

Dated: October 31, 2018

By: ___/s/  Donovan Asmar_____
    Donovan Asmar (P77951)
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
dasmar@bodmanlaw.com

**STATE OF MINNESOTA**                    **DISTRICT COURT**

**COUNTY OF WINONA**                    **THIRD JUDICIAL DISTRICT COURT**
                                        Civil Action

---

DIOCESE OF WINONA-ROCHESTER;

      Plaintiff,

v.

UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation; CERTAIN UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; NATIONAL SURETY CORPORATION, a Delaware corporation; COLONIAL PENN INSURANCE COMPANY, a Pennsylvania corporation; ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Delaware corporation; NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, a Wisconsin corporation, formerly BELLEFONTE INSURANCE COMPANY, a Kentucky corporation; MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company; CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company; SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company; DOMINION INSURANCE CO. LTD., a U.K. private limited company; CX REINSURANCE COMPANY LTD.,

Court File No.:85-CV-18-1439
The Hon. Nancy Buytendorp

1

a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K.
private limited company; STRONG HOLD
INSURANCE CO. LTD., a U.K. private limited
company; SPHERE DRAKE INSURANCE PLC
(N/K/A SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited company; ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation.

        Defendants.

---

## ORDER FOR ADMISSION OF DONOVAN ASMAR PRO HAC VICE

---

        Based on the forgoing motion and the entirety of the file, Plaintiff's Motion for the

Admission of Donovan Asmar Pro Hac Vice is hereby GRANTED.

                                   **BY THE COURT**

Dated:_____     _____

                                               The Hon. Nancy Buytendorp
                                               Judge of District Court

**STATE OF MINNESOTA**                      **DISTRICT COURT**

**COUNTY OF WINONA**                **THIRD JUDICIAL DISTRICT COURT**
                                                          Civil Action

---

DIOCESE OF WINONA-ROCHESTER;

                                                  Court File No.: 85-CV-18-1439
            Plaintiff,                      The Hon. Nancy Buytendorp

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation; CERTAIN
UNDERWRITERS AT LLOYD'S, a foreign
insurance syndicate; INTERSTATE FIRE &
CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; COLONIAL PENN
INSURANCE COMPANY, a Pennsylvania
corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL
INTERNATIONAL INSURANCE COMPANY
LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company; SOMPO
JAPAN NIPPONKOA INSURANCE COMPANY
OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO. LTD., a U.K. private limited
company; CX REINSURANCE COMPANY LTD.,

1

85-CV-18-1439

a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K.
private limited company; STRONG HOLD
INSURANCE CO. LTD., a U.K. private limited
company; SPHERE DRAKE INSURANCE PLC
(N/K/A SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited company; ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation.

Defendants.

## ORDER FOR ADMISSION OF MICHELLE THURBER CZAPSKI PRO HAC VICE

Based on the forgoing motion and the entirety of the file, Plaintiff's Motion for the

Admission of Michelle Thurber Czapski Pro Hac Vice is hereby GRANTED.

**BY THE COURT**

Dated:_____          _____
                                         The Hon. Nancy Buytendorp
                                         Judge of District Court

2

State of Minnesota

District Court

Winona County

Third District

| Court File Number: **85-CV-18-1439** |
| --- |

Case Type: Civil Other/Misc.

FILE COPY

**Notice of:**

| X | **Filing of Order** |
| --- | --- |
|  | **Entry of Judgment** |
|  | **Docketing of Judgment** |

The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY, Catalina Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount, Sompo Japan Nipponkoa Insurance Company of Europe Limited, Interstate Fire & Casualty Company et. al.

You are hereby notified that the following occurred regarding the above-entitled matter:

| X | An Order was filed on November 05, 2018. |
| --- | --- |
|  | Judgment was entered on . |
|  | You are notified that judgment was docketed on |

at  in the amount of $. Costs and interest will accrue on this amount from the date of entry until the judgment is satisfied in full.

Dated: November 5, 2018

Karrie Espinoza
Court Administrator
Winona County District Court
171 West Third Street
Winona MN  55987
507-457-6385

cc:    THOMAS RAYMOND BRAUN
ST Paul Fire and Marine Insurance Company
AMY J WOODWORTH
GERALD H BREN
CHARLES EDWIN JONES
ERIC EDWARD CAUGH
DALE O THORNSJO
KEITH A. DOTSETH

A true and correct copy of this Notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

**STATE OF MINNESOTA**                **DISTRICT COURT**

**COUNTY OF WINONA**           **THIRD JUDICIAL DISTRICT COURT**
                                                          Civil Action

---

DIOCESE OF WINONA-ROCHESTER;

                                                          Court File No.:85-CV-18-1439
           Plaintiff,                                     The Hon. Nancy Buytendorp

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation; CERTAIN
UNDERWRITERS AT LLOYD'S, a foreign
insurance syndicate; INTERSTATE FIRE &
CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; COLONIAL PENN
INSURANCE COMPANY, a Pennsylvania
corporation; ST. PAUL SURPLUS LINES
INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL
INTERNATIONAL INSURANCE COMPANY
LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company; SOMPO
JAPAN NIPPONKOA INSURANCE COMPANY
OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO. LTD., a U.K. private limited
company; CX REINSURANCE COMPANY LTD.,

1

a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K.
private limited company; STRONG HOLD
INSURANCE CO. LTD., a U.K. private limited
company; SPHERE DRAKE INSURANCE PLC
(N/K/A SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited company; ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation.

       Defendants.

---

## **ORDER FOR ADMISSION OF DONOVAN ASMAR PRO HAC VICE**

---

       Based on the forgoing motion and the entirety of the file, Plaintiff's Motion for the

Admission of Donovan Asmar Pro Hac Vice is hereby GRANTED.

                        **BY THE COURT**

Dated:_____       _____
                                  The Hon. Nancy Buytendorp
                                  Judge of District Court

State of Minnesota

District Court

Winona County

Third District

Court File Number: **85-CV-18-1439**

Case Type: Civil Other/Misc.

FILE COPY

**Notice of:**

| X | **Filing of Order** |
| | **Entry of Judgment** |
| | **Docketing of Judgment** |

---

The Diocese of Winona-Rochester vs UNITED STATES FIRE INSURANCE COMPANY, Catalina Holdings U.K. Limited, Certain Underwriters at Lloyd's, Mendes & Mount, Sompo Japan Nipponkoa Insurance Company of Europe Limited, Interstate Fire & Casualty Company et. al.

You are hereby notified that the following occurred regarding the above-entitled matter:

| X | An Order was filed on November 05, 2018. |
| | Judgment was entered on . |
| | You are notified that judgment was docketed on |

at  in the amount of $. Costs and interest will accrue on this amount from the date of entry until the judgment is satisfied in full.

Dated: November 5, 2018

Karrie Espinoza
Court Administrator
Winona County District Court
171 West Third Street
Winona MN  55987
507-457-6385

cc:    THOMAS RAYMOND BRAUN
ST Paul Fire and Marine Insurance Company
AMY J WOODWORTH
GERALD H BREN
CHARLES EDWIN JONES
ERIC EDWARD CAUGH
DALE O THORNSJO
KEITH A. DOTSETH

A true and correct copy of this Notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

**STATE OF MINNESOTA**

**COUNTY OF WINONA**

**DISTRICT COURT**

**THIRD JUDICIAL DISTRICT COURT**
Civil Action

---

DIOCESE OF WINONA-ROCHESTER;

      Plaintiff,

v.

UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation; CERTAIN UNDERWRITERS AT LLOYD'S, a foreign insurance syndicate; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; NATIONAL SURETY CORPORATION, a Delaware corporation; 21ST CENTURY CENTENNIAL INSURANCE COMPANY (f/k/a COLONIAL PENN INSURANCE COMPANY), a Pennsylvania corporation; ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Delaware corporation; NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, a Wisconsin corporation, formerly BELLEFONTE INSURANCE COMPANY, a Kentucky corporation; MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company; CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company; SOMPO JAPAN NIPPONKOA INSURANCE COMPANY OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company; DOMINION INSURANCE CO. LTD., a U.K. private limited

Court File No.:85-CV-18-1439
Judge The Hon. Nancy Buytendorp

1

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 374 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

company; CX REINSURANCE COMPANY LTD.,
a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K.
private limited company;    STRONG HOLD
INSURANCE CO. LTD., a U.K. private limited
company; SPHERE DRAKE INSURANCE PLC
(N/K/A    SPHERE    DRAKE    INSURANCE
LIMITED), a U.K. public limited company; ST.
PAUL   FIRE   AND   MARINE   INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public    limited    company;    ASSICURAZIONI
GENERALI SPA, an Italy corporation.

     Defendants.

---

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

---

     Plaintiff the Diocese of Winona-Rochester (f/k/a the Diocese of Winona) (the "Diocese"),

by and through its attorneys, states as follows for its complaint against Defendants United States

Fire Insurance Company ("U.S. Fire"), Certain Underwriters at Lloyd's  ("Lloyd's"), Interstate

Fire & Casualty Company ("Interstate Fire"), National Surety Corporation ("National Surety"),

21st Century Centennial Insurance Company (f/k/a Colonial Penn Insurance Company) ("21st

Century"), St. Paul Surplus Lines Insurance Company ("St. Paul Surplus"), Northwestern

National Insurance Company (formerly Bellefonte Insurance Company) ("Northwestern"),

Markel International Insurance Company Limited, (formerly Terra Nova Insurance Co. Ltd.)

("Markel"), Catalina Holdings UK Limited (formerly Excess Insurance Co. Ltd.) ("Catalina

Holdings"), Sompo Japan Nipponkoa Insurance Company of Europe Limited (formerly Yasuda

Fire And Marine Insurance Co. (U.K.) Ltd.) ("Sompo"), Dominion Insurance Co. Ltd.

("Dominion"), CX Reinsurance Company Ltd. (formerly CNA Reinsurance of London Ltd.)

Detroit_15596364_2

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 375 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

("CX Reinsurance"), Strong Hold Insurance Co. Ltd. ("Strong Hold"), Sphere Drake Insurance

PLC (N/K/A Sphere Drake Insurance Limited) ("Sphere Drake"), St. Paul Fire and Marine

(formerly St. Katherine Insurance Co. PLC) ("St. Paul Fire"), and Assicurazioni Generali SpA

(collectively, the "Insurers"):

## BACKGROUND

1.    This is an action for declaratory judgment, seeking an adjudication of the rights,

duties and liabilities of the parties regarding certain insurance policies and certificates sold by the

Insurers or for which the Insurers otherwise acquired responsibility.  Further, this is an action

seeking declaratory relief to determine the extent of the rights of the Diocese in said insurance

policies and certificates.

2.    Effective May 25, 2013, the Minnesota Legislature enacted the Minnesota Child

Victims Act, Minn. Stat. § 541.073, which allowed for previously time-barred claims alleging

sexual abuse to be filed until May 25, 2016.

3.    As a result of that legislation, multiple claims and lawsuits have been received by

the Diocese (the "Underlying Actions and Claims").

## THE PARTIES

4.    The Diocese is a Roman Catholic Diocese in Minnesota, with the episcopal see in

the County of Winona, Minnesota.  The Diocese was established on November 26, 1889 by Pope

Leo XIII and encompasses twenty counties in southern Minnesota.

5.    Upon information and belief, U.S. Fire is a corporation organized under the laws

of Delaware with its principal place of business in Morristown, New Jersey.  Upon further

information and belief, U.S. Fire operates in the State of Minnesota and sold insurance policies

Detroit_15596364_2

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 376 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

6.      Upon information and belief, Lloyd's is a foreign insurance syndicate with its principal place of business in London, England.  Upon further information and belief, Lloyd's operates in the State of Minnesota and sold insurance policies underwritten by its syndicates providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

7.      Upon information and belief, Interstate Fire is a corporation organized under the laws of Illinois with its principal place of business in Chicago, Illinois.  Upon further information and belief, Interstate Fire operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

8.      Upon information and belief, National Surety is a corporation organized under the laws of Delaware with its principal place of business in Chicago, Illinois.   Upon further information and belief, National Surety operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

9.      Upon information and belief, 21st Century is a Pennsylvania corporation with its principal place of business in Wilmington, Delaware.  Upon further information and belief, 21st Century operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

10.      Upon information and belief, St. Paul Surplus is a corporation organized under the laws of Delaware with its principal place of business in Hartford, Connecticut.   Upon further

4

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 377 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

information and belief, St. Paul Surplus operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

11.     Upon information and belief, Northwestern is a corporation organized under the laws of Wisconsin with its principal place of business in West Chester, Ohio.  Upon further information and belief, Northwestern operates in the State of Minnesota and, through a corporate transaction between Bellefonte Insurance Company and Northwestern, acquired responsibility for insurance policies issued to the Diocese by Bellefonte Insurance Company for certain time periods during which the underlying claimants allege abuse.

12.     Upon information and belief, Markel is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.  Upon further information and belief, Markel operates in the State of Minnesota and, through a corporate transaction with Terra Nova Insurance Co. Ltd., it acquired responsibility for insurance policies issued to the Diocese by Terra Nova Insurance Co. Ltd. for certain time periods during which the underlying claimants allege abuse.

13.     Upon information and belief, Catalina Holdings is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.  Upon further information and belief, Catalina Holdings operates in the State of Minnesota and, through a corporate transaction with The Hartford Financial Services Group, acquired responsibility for insurance policies issued to the Diocese by Excess Insurance Co. Ltd. for certain time periods during which the underlying claimants allege abuse.

14.     Upon information and belief, Sompo is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United

5

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

Kingdom. Upon further information and belief, Sompo operates in the State of Minnesota and, through a corporate transaction between with Yasuda Fire and Marine Insurance Co. (U.K.) Ltd., it acquired responsibility for insurance policies issued to the Diocese by Yasuda Fire and Marine Insurance Co. (U.K.) Ltd. for certain time periods during which the underlying claimants allege abuse.

15.     Upon information and belief, Dominion is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom. Upon further information and belief, Dominion operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

16.     Upon information and belief, CX Reinsurance is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom. Upon further information and belief, CX Reinsurance operates in the State of Minnesota and, through a corporate transaction between Tawa Associates Limited and CNA Reinsurance of London Ltd., it acquired responsibility for insurance policies issued to the Diocese by CNA Reinsurance of London Ltd. for certain time periods during which the underlying claimants allege abuse.

17.     Upon information and belief, Strong Hold is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom. Upon further information and belief, Strong Hold operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

Detroit_15596364_2

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

18.     Upon information and belief, Sphere Drake is a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.  Upon further information and belief, Sphere Drake Insurance PLC operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

19.     Upon information and belief, St. Paul Fire is a corporation organized under the laws of Connecticut, with its principal place of business in Hartford, Connecticut.  Upon further information and belief, St. Paul Fire operates in the State of Minnesota and, through a corporate transaction with St. Katherine Insurance Co. PLC, it acquired responsibility for insurance policies issued to the Diocese by St. Katherine Insurance Co. PLC for certain time periods during which the underlying claimants allege abuse.

20.     Upon information and belief, Assicurazioni Generali SpA is a corporation organized under the laws of Italy with its principal place of business in Italy.  Upon further information and belief, Assicurazioni Generali SpA operates in the State of Minnesota and sold insurance policies providing coverage to the Diocese for certain time periods during which the underlying claimants allege abuse.

## JURISDICTION AND VENUE

21.     This Court has jurisdiction over all parties and claims set forth herein pursuant to Minn. Stat. § 484.01.

22.     This Court has personal jurisdiction over each Defendant pursuant to Minn. Stat. § 543.19 because, upon information and belief, each Defendant has and/or is transacting business within the state.

7

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 380 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

23.     Venue in this Court is proper pursuant to Minn. Stat. § 542.09 because this cause of action arises in the County of Winona, Minnesota.

## THE INSURANCE POLICIES AND CERTIFICATES PURCHASED BY THE DIOCESE

24.     Upon information and belief, on various dates from at least 1967 to the present, in consideration of premiums paid by the Diocese, the Insurers sold insurance policies and certificates to the Diocese, as well as certain umbrella and/or excess liability policies and certificates (the "Insurance Policies and Certificates").

25.     Upon information and belief, each of the Insurance Policies and Certificates requires the Insurers to pay to or on behalf of the Diocese all sums that the Diocese becomes legally obligated to pay as a result of covered claims, as long as any part of the alleged injury took place during the applicable policy period.

26.     Upon information and belief, each of the Insurance Policies and Certificates also requires the Insurers to pay all defense costs and expenses, including attorney's fees, incurred by the Diocese in its investigation and defense of the Underlying Actions and Claims.  This obligation applies even if the allegations against the Diocese are ultimately determined to be groundless, false, or fraudulent.

27.     The Diocese timely and fully paid all premiums due under the Insurance Policies and Certificates.

## THE UNDERLYING ACTIONS

28.     The Underlying Actions and Claims include allegations against the Diocese.  The claimants in the Underlying Actions and Claims allege that they suffered injuries resulting from alleged sexual abuse, and that such injuries were caused by negligence of the Diocese.

8

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 381 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

29.     The Diocese timely notified Defendants of the Underlying Actions and Claims and at all times has fully cooperated with the Insurers' reasonable requests.

30.     The Diocese has fulfilled all of its duties and conditions under each of the Insurance Policies and Certificates with respect to the Underlying Actions and Claims.

31.     The Underlying Actions and Claims are covered by the Insurance Policies and Certificates, and the Diocese is entitled to all benefits thereunder.

32.     The Insurers have failed to acknowledge their full coverage obligations in connection with the Underlying Actions and Claims.

33.     By failing to acknowledge their full coverage obligations in connection with the Underlying Actions and Claims, an actual and justiciable claim exists as to all Insurers named as Defendants herein.

## COUNT I – DECLARATORY JUDGMENT AGAINST ALL INSURERS

34.     The Diocese repeats each allegation contained in paragraphs 1 through 33.

35.     The Diocese seeks an adjudication of the rights and duties of the Diocese and the Insurers related to the Underlying Actions and Claims and the Insurance Policies and Certificates.

36.     Pursuant to the terms of the Insurance Policies and Certificates, each of the Insurers is obligated to cover the expenditures made by the Diocese to defend itself against the Underlying Actions and Claims, as well as any amounts incurred to settle or satisfy any judgment in connection with the Underlying Actions and Claims.

37.     The Insurers have refused to accept their legal obligations with respect to the Underlying Actions and Claims.

Detroit_15596364_2

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

38.   Specifically, certain Insurers dispute coverage as demanded by the Diocese, on grounds including but not limited to the following:

a.   That the conduct alleged in the Underlying Actions and Claims does not constitute an "occurrence" under various insurance policies issued by the Insurers.

b.   That the injuries alleged in the Underlying Actions and Claims do not constitute "bodily injury" under various insurance policies issued by the Insurers.

c.   That the injuries alleged in the Underlying Actions and Claims do not constitute "personal injuries" under various insurance policies issued by the Insurers.

d.   That the conduct alleged in the Underlying Actions and Claims was not within the periods of coverage of the various insurance policies.

e.   That the Diocese did not provide timely and adequate notice of the Underlying Actions and Claims to the Insurers.

f.   That the Diocese's claims with respect to Father Thomas Adamson are barred by collateral estoppel.

39.   Certain Insurers have also asserted defenses to coverage related to the aggregation of claims and policy periods, allocation of liability across insurers and policies, calculation of the exhaustion of policy limits, and self-insured retentions.

40.   The Diocese objects to actions taken by the Insurers in refusing to fully cover the Underlying Actions and Claims, and seeks a declaration that the Insurers are liable for the Underlying Actions and Claims ae required by the terms of the Insurance Policies and Certificates.

## **PRAYER FOR RELIEF**

WHEREFORE, the Diocese requests judgment as follows:

Detroit_15596364_2

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 383 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

1.      Declaratory judgment in favor of the Diocese against each of the Insurers,

including, but not limited to, an adjudication of the issues delineated above in paragraphs 38 and

39;

2.      Judgment in favor of the Diocese against each of the Insurers for all costs incurred

in bringing this action, including attorney's fees; and

3.      The Diocese requests such other and further relief as this Court may deem just

and proper.

## **JURY DEMAND**

The Diocese requests a trial by jury on any issue so triable.


Respectfully submitted,

RESTOVICH  BRAUN & ASSOCIATES

By:   /s/ Thomas R. Braun
      Thomas R. Braun (#350631)
      Christopher W. Coon (#390083)
117 East Center Street
Rochester, MN 55904
(507) 216-8652
thomas@restovichlaw.com
christopher@restovichlaw.com

BODMAN PLC
Thomas Van Dusen (P30602)
Michelle Thurber Czapski (P47267)
Donovan S. Asmar (P77951)
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
tvandusen@bodmanlaw.com
mczapski@bodmanlaw.com
dasmar@bodmanlaw.com
*Attorneys for Plaintiff Diocese of Winona-Rochester*

Dated:  August 3, 2018

Detroit_15596364_2

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document      Page 384 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

**STATE OF MINNESOTA**

**COUNTY OF WINONA**

**DISTRICT COURT**

**THIRD JUDICIAL DISTRICT**
Civil Action

DIOCESE OF WINONA-ROCHESTER;

      Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY COMPANY,
an Illinois corporation; NATIONAL SURETY
CORPORATION, a Delaware corporation,
21ST CENTURY CENTENNIAL INSURANCE
COMPANY (f/k/a COLONIAL PENN INSURANCE
COMPANY), a Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE COMPANY,
a Delaware corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K. private
limited company, formerly TERRA NOVA INSURANCE
CO. LTD., a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited company,
formerly EXCESS INSURANCE CO. LTD., a U.K.
private limited company; SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE LIMITED, a U.K.
private limited company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION INSURANCE CO.
LTD., a U.K. private limited company; CX REINSURANCE
COMPANY LTD., a private limited company, formerly CAN
REINSURANCE OF LONDON LTD., a U.K. private limited
company;  STRONG HOLD INSURANCE CO. LTD., a
U.K. private limited company; SPHERE DRAKE INSURANCE
PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED),

Case No. 85-CV-18-1439
Judge Nancy L. Buytendorp

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 385 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

a U.K. public limited company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a Minnesota corporation,
formerly ST. KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI GENERALI SPA,
an Italy corporation.

       Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF UNITED STATES FIRE INSURANCE COMPANY

---

Now comes Plaintiff/Counter-Defendant, Diocese of Winona-Rochester, through its counsel, and for its Answer and Affirmative Defenses to Counterclaim of United States Fire Insurance Company, states as follows:

### NATURE OF THE CASE

1.    The Diocese filed its First Amended Complaint for Declaratory Judgment (the "Complaint") against U.S. Fire and numerous other insurers which seeks a declaration that the insurance policies allegedly issued by the defendant insurers provide coverage for the Underlying Abuse Claims.

**ANSWER:** The Diocese of Winona-Rochester (the "Diocese") admits that it filed a First Amended Complaint for Declaratory Judgment seeking an adjudication of the rights and duties of the Diocese and the defendant insurers related to the Underlying Actions and Claims and the Insurance Policies and Certificates. Answering further, the Diocese objects to U.S. Fire's use of the phrase "Underlying Abuse Claims" throughout the entirety of U.S. Fire's Counterclaim because the phrase is undefined and vague. The Diocese assumes that U.S. Fire means the "Underlying Actions and Claims" as that term is defined in the Diocese's complaint. For every allegation containing the phrase "Underlying Abuse Claims," the Diocese will respond as if U.S.

Detroit_15695723_2

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 386 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

Fire meant the "Underlying Actions and Claims" as that term is defined in the Diocese's complaint.

2.      U.S. Fire repeats, realleges and incorporates herein by reference as though fully set forth, each of its admissions, denials, statements, allegations and affirmative and other defenses as contained in its foregoing Answer and Affirmative and Other Defenses.

**ANSWER:** The Diocese repeats, realleges, and reincorporates by reference the allegations contained in its First Amended Complaint.

3.      U.S. Fire brings these Counterclaims against the Diocese for declaratory relief pursuant to Minn. Stat. § 555.01, *et seq.*

**ANSWER:** The Diocese lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 3 and therefore denies them.

## PARTIES

4.      U.S. Fire is a Delaware corporation with its principal place of business in Morrison, New Jersey.  U.S. First is authorized to, and does, transact business in the State of Minnesota and allegedly issued certain primary and excess umbrella insurance policies to the Diocese for the periods between July 1, 1967 to July 1 1978 (as further outlined in Paragraphs 12 to 21, *infra*).

**ANSWER:** The Diocese admits the allegations in paragraph 4.

5.      Upon information and belief, the Diocese is a not-for-profit corporation organized pursuant to the laws of the State of Minnesota, and at all times relevant hereto was doing business in Winona, Minnesota.  The Diocese has been named as a defendant in the Underlying Abuse Claims, which involve allegations of sexual abuse by one or more of approximately eighteen (18) priests, teachers or lay personnel allegedly employed by the Diocese.

Detroit_15695723_2

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 387 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

**ANSWER:** The Diocese denies that it is a not-for-profit corporations organized pursuant to the laws of the State of Minnesota and affirmatively states and alleges that it is a Religious Corporation organized pursuant to Minn. Stat. 315 et. seq. The Diocese admits that it conducts business in Winona, Minnesota, and that it has been named as a defendant in the Underlying Actions and Claims, which speak for themselves.

## THE UNDERLYING ABUSE CLAIMS

6.      Besides the Diocese, various local parishes, schools and other Catholic entities have also been named as defendants in most of the Underlying Abuse Claims.

**ANSWER:** The Diocese admits the allegations contained in paragraph 6.

7.      The Underlying Abuse Claims allege individual claimants were students, parishioners and/or participants in various church activities or programs and that they met and came into contact with the perpetrators by virtue of their positions with the Diocese.

**ANSWER:** The Diocese admits that the claimants in the Underlying Actions and Claims allege that they suffered injuries resulting from alleged sexual abuse, and that such injuries were caused by negligence of the Diocese.  Answering further, the Diocese denies as untrue the remaining allegations in paragraph 7.

8.      The Underlying Abuse Claims assert causes of action against the Diocese for general negligence, negligent supervision and/or negligent retention.  Specifically, they alleged, *inter alia*, the Diocese learned or should have learned that the priest or perpetrator was not fit to work with children, and knew or should have known that the priest or perpetrator was a danger to children before the claimant was abused, but otherwise failed to take necessary action to protect the children and prevent the abuse.

**ANSWER:** The Diocese admits that the claimants in the Underlying Actions and Claims allege that they suffered injuries resulting from alleged sexual abuse, and that such injuries are alleged

Detroit_15695723_2

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 388 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

to have been caused by negligence of the Diocese.  Answering further, the Diocese denies as untrue the remaining allegations in paragraph 8.

9.      One of the alleged perpetrators of sexual abuse was Father Thomas Adamson, who served as a priest in various parishes and schools within the Diocese from approximately 1958 to 1975.  It is alleged that Father Adamson abused numerous children during the time he served in the Diocese, and that the Diocese learned of his propensity to abuse minors long before he was transferred out of the Diocese and into the Archdiocese of St. Paul and Minneapolis.

**ANSWER:** The Diocese admits that former priest of the Diocese, Thomas Adamson, served as a priest in various parishes and schools within the Diocese.  The Diocese denies the remaining allegations in Paragraph 9 and puts U.S. Fire to its strict burden of proof thereof.

10.      In addition to Father Adamson, the Underlying Abuse Claims name other perpetrators of sexual abuse including one or more of the following individuals:  Tom Borek, Fr. Sylvester Brown, Fr. Joseph Cashman, Fr. William Curtis, Fr. Thomas Duane, Fr. John Richard Feiten, Fr. Thomas Fitzgerald, Richard Hokanson, Br. Gene Hubert, Fr Michael Juisle, Dennis Ludwig, Fr. Harold Mountain, Fr. James Nickel, Fr. Raymond Redder, Marvin Rouse, Fr. Leland Smith, and Fr. Robert Taylor.

**ANSWER:** The Diocese denies that any of the Underlying Actions and Claims asserted against the Diocese alleges sexual abuse perpetrated by Richard Hokanson.  The Diocese admits the allegations contained in paragraph 10.

11.      The Diocese tendered to U.S. Fire approximately seventy-five (75) of the Underlying Abuse Claims for coverage under the policies issued or allegedly issued by U.S. Fire. Currently, U.S. Fire is defending the Diocese under a complete reservation of rights in approximately forty (40) of the Underlying Abuse Claims.  U.S. Fire has denied coverage to the

Detroit_15695723_2

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

Diocese for all claims that allege abuse by Father Thomas Adamson based upon earlier coverage litigation between the Diocese and U.S. Fire in *U.S. Fire v. Diocese of Winona, Inc.*, 503 F.Supp.2d 1129 (D. Minn. 2007), in which this Court [*sic*] held that the Diocese was collaterally estopped from re-litigating the issue that Fr. Adamson's abuse was "expected" from the standpoint of the Diocese for purposes of determining whether there was an "occurrence" under the U.S. Fire Policies (as further discussed in Paragraphs 22 to 27, *infra*).

**ANSWER:** The Diocese admits that it tendered to U.S. Fire several claims for coverage under policies issued by U.S. Fire. Answering further, the Diocese admits that U.S. Fire has taken the positions stated, but denies that such positions have merit. The Diocese denies as untrue the remaining allegations in paragraph 11.

### THE U.S. FIRE INSURANCE POLICIES

12.    U.S. Fire issued or is alleged to have issued five (5) primary policies to the Diocese with the following numbers and policy periods.

| NAMED INSURED | POLICY NUMBER | POLICY PERIOD |
|---|---|---|
| Diocese of Winona | ML ▇2768 | 7/1/1967-7/1/1970 |
| Diocese of Winona | ML ▇6766 | 7/1/1970-7/1/1973 |
| Diocese of Winona | ML ▇5245 | 7/1/1973-7/1/1976 |
| Diocese of Winona | ML ▇6050 | 7/1/1976-7/1/1977 |
| Diocese of Winona | ML ▇7409 | 7/1/1977-7/1/1987 |

("U.S. Fire Primary Policies"). The Diocese has not provided U.S. Fire with complete copies of all of the U.S. Fire Primary Policies.

Detroit_15695723_2

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

**ANSWER:** The Diocese admits that it alleges that U.S. Fire issued five policies to the Diocese during the above time periods. Answering further, the Diocese states that U.S. Fire already has copies of these policies in its possession.

13.     The U.S. Fire Primary Policies, in general, contain a Comprehensive General Liability Coverage Form that agrees to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence." *See* Form MLB-202 (Ed. 10-66).

**ANSWER:** The Diocese lacks knowledge or information sufficient to form a belief as to what U.S. Fire policies "in general" contain, therefore, it denies the allegations in paragraph 13. Answering further, the Diocese states that the plain language of the policies at issue speak for themselves.

14.     The terms "occurrence" is defined in the U.S. Fire Primary Policies as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

**ANSWER:** The Diocese lacks knowledge or information sufficient to form a belief as to what U.S. Fire policies "in general" contain, therefore, it denies the allegations in paragraph 14. Answering further, the Diocese states that the plain language of the policies at issue speak for themselves.

15.     The term "bodily injury" is defined in the U.S. Fire Primary Policies as "bodily injury, sickness or disease sustained by any person which occurs within the policy period."

**ANSWER:** The Diocese lacks knowledge or information sufficient to form a belief as to what U.S. Fire policies "in general" contain, therefore, it denies the allegations in paragraph 15.

Detroit_15695723_2

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

Answering further, the Diocese states that the plain language of the policies at issue speak for themselves.

16.     One or more of the U.S. Fire Primary Policies contain Specialty Multi-Peril Liability Coverage that agrees, in general, to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises." *See* Form MLB-200 (Ed. 10-66)

**ANSWER:** The Diocese lacks knowledge or information sufficient to form a belief as to what U.S. Fire policies "in general" contain, therefore, it denies the allegations in paragraph 13. Answering further, the Diocese states that the plain language of the policies at issue speak for themselves.

17.     One or more of the U.S. Fire Primary Policies also contains, in general, the following Amendment of Limits of Liability provision:

> Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows:

> Coverage A—This limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the declaration as applicable to "each occurrence."

> *         *         *

> Bodily Injury and Property Damage Liability – For the purpose of determining the limit of the Company's liability all bodily injury and property damage arising out of continuous or repeated

8

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

*See* Form MLB-21 (Ed. 10-66) or CF-21 600.0.207.

**ANSWER:** The Diocese lacks knowledge or information sufficient to form a belief as to what U.S. Fire policies "in general" contain, therefore, it denies the allegations in paragraph 13. Answering further, the Diocese states that the plain language of the policies at issue speak for themselves.

18.    One or more of the U.S. Fire Policies also contains a Concealment of Fraud provision that provides "the entire policy shall be void if, whether before a loss, the insured has willfully or after a loss, the insured as willfully and with intent to defraud, concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof, or the interests of the insured therein."

**ANSWER:** The Diocese lacks knowledge or information sufficient to form a belief as to what U.S. Fire policies "in general" contain, therefore, it denies the allegations in paragraph 13. Answering further, the Diocese states that the plain language of the policies at issue speak for themselves.

19.    U.S. Fire also issued the following two (2) excess umbrella policies to the Diocese:

| NAMED INSURED | POLICY NUMBER | POLICY PERIOD |
|---|---|---|
| Diocese of Winona | ████686 5 | 7/1/1976-7/1/1977 |
| Diocese of Winona | ████405 4 | 7/1/1977-7/1/1978 |

(the "U.S. Fire Excess Policies").

**ANSWER:** The Diocese admits that U.S. Fire issued two excess umbrella policies.

9

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 393 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

20.     Under the U.S. Fire Excess Policies, U.S. Fire agrees to pay the "ultimate net loss" in excess of the "retained limit" (with the "retained limit" being defined to include "the applicable limits of the underlying policies listed in Schedule A hereof, and the applicable limits of any other underlying insurance collectible by the insured.").

**ANSWER:** The Diocese lacks knowledge or information sufficient to form a belief as to what U.S. Fire policies "in general" contain, therefore, it denies the allegations in paragraph 13. Answering further, the Diocese states that the plain language of the policies at issue speak for themselves.

21.     The term "Personal Injury" is defined in the U.S. Fire Excess Policies to include "bodily injury, sickness, disease, disability, shock, mental anguish and mental injury …"

**ANSWER:** The Diocese lacks knowledge or information sufficient to form a belief as to what U.S. Fire policies "in general" contain, therefore, it denies the allegations in paragraph 13. Answering further, the Diocese states that the plain language of the policies at issue speak for themselves.

### THE UNITED STATES DISTRICT COURT'S HOLIDNG IN *U.S. FIRE V. DIOCESE OF WINONA*, 503 F.SUPP.2D 1129 (D. MINN. 2007)

22.     On May 31, 2005, U.S. Fire initiated an action for declaratory judgment against the Diocese entitled *U.S. Fire v. Diocese of Winona, Inc., et al*., Case No. 05-cv-01043, in this District Court (the "2005 Coverage Action") that sought, *inter alia*, a declaration that U.S. Fire had no duty to defend or indemnify the Diocese in connection with a bodily injury lawsuit filed by a sexual abuse claimant, John Doe 76B (the "John Doe 76B Action").

**ANSWER:** The Diocese admits that U.S. Fire initiated the referenced lawsuit.  The Diocese denies U.S. Fire's characterization of the claims asserted therein, however, and states the allegations in the pleadings filed in that matter speak for themselves.

10

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document    Page 394 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

23.     John Doe 76B brought claims against the Diocese alleging that he was sexually abused by Father Thomas Adamson in the 1970s.  The John Doe 76B Action alleged that Father Adamson had engaged in "unpermitted, harmful and offensive sexual contact" with him and that the Diocese had wrongfully continued to employ Adamson after it knew that he had sexually abused children.  In fact, John Don 76B alleged that between 1964 and December 1974 the Diocese had knowledge that Father Adamson was sexually abusing other boys on numerous occasions.

**ANSWER:** The Diocese admits that the John Doe 76B Action was the Underlying Claim for the 2005 Coverage Action.  The Diocese denies U.S. Fire's characterization of John Doe 76B's claims, however, and states the allegations in the pleadings filed in that matter speak for themselves.

24.     In the 2005 Coverage Action, U.S. Fire cited to and relied upon the Eighth Circuit's decision in *Diocese of Winona v. Interstate Fire & Casualty Co.*, 89 F.3d 1386 (8th Cir. 1996), that held there were a number of uncontested facts related to the Diocese's knowledge of Father Adamson's propensity to abuse minors, including but not limited to the following:

a.     Father Adamson's admitted abuse of minors began in 1961.

b.     In 1964, the Diocese first learned that Adamson attempted to sexually molest a boy on fix or six occasions.  Adamson admitted this to the Vicar General of the Diocese.

c.     In 1966, the Diocese learned of another incident in which Adamson asked two boys to disrobe.  The boys reported the incident to a priest in the Diocese, and Adamson admitted it.  Diocesan officials placed Adamson in counseling for a short time and then transferred him to a new parish.

Detroit_15695723_2

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document    Page 395 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

d.   In 1973, Adamson tried to grab a boy's genitals while swimming.  The boy told a priest, who in turn told the Bishop of the Diocese.  At the same time, the Bishop received an anonymous phone call about Adamson's association with boys.  Adamson against admitted the attempted abuse.

e.   In 1974, while sitting in a sauna or swimming pool, Adamson touched another boy's genitals.  This boy told others and the Diocese's Bishop learned of this incident.  The Bishop confronted Adamson, and Adamson admitted to the incident.  The Diocese's Bishop also learned that Adamson had been sexually abusing a boy for over ten years.  In response to this report by the victim's brother, Adamson admitted to sexually abusing the youth, and also admitted there had been another problem with a younger person in the early 1960s.  The Diocese also received additional reports that Adamson had sexually abused over twenty children since 1964.  The Personnel Board of the Diocese also noted that Adamson was having a recurring problem and needed in-patient treatment.

f.   In 1975, the Bishop of the Diocese concluded that there were questions about Adamson's relationship with boys in each of the communities in which he had served.

**ANSWER:** The Diocese denies U.S. Fire's characterization of the claims and evidence in *U.S. Fire v. Diocese of Winona, Inc.*, 503 F.Supp.2d 1129 (D. Minn. 2007) and  *Diocese of Winona v. Interstate Fire & Casualty Co.*, 89 F.3d 1386 (8th Cir. 1996), denies the allegations of Paragraph 24, and states these opinions speak for themselves.

Detroit_15695723_2

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document       Page 396 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

25.     Through the 2005 Coverage Action, U.S. Fire sought a declaration that because of these facts, the alleged bodily injury was "expected or intended" by the Diocese and, therefore, there was no "occurrence" under the U.S. Fire Policies and U.S. Fire had no duty to defend or indemnify the Diocese for the John Doe 76B Action.

**ANSWER:** The Diocese admits that U.S. Fire took the position stated, but denies that it had any merit.

26.     On January 29, 2007, the District Court granted summary judgment to U.S. Fire and found that the underlying facts regarding the Diocese's knowledge of Adamson's propensity of abuse had previously been litigated, and held that the Diocese was collaterally estopped from re-litigating whether there was an "occurrence" under the U.S. Fire Policies.  Based upon this, the court determined there was no coverage for the Diocese under the U.S. Fire Policies at issue because the alleged bodily injury was "expected or intended" by the Diocese.  *See U.S. Fire v. Diocese of Winona, Inc.*, 503 F.Supp.2d 1129 (D. Minn. 2007).

**ANSWER:** The Diocese admits that the District Court granted summary judgment to U.S. Fire. The Diocese denies U.S. Fire's characterization of the reasoning in *U.S. Fire v. Diocese of Winona, Inc.*, 503 F.Supp.2d 1129 (D. Minn. 2007), and therefore denies the remaining allegations of paragraph 26.

27.     The Court's holding in *U.S. Fire v. Diocese of Winona* became a final judgment that was fully adjudicated, has not been vacated or overturned and remains good law.

**ANSWER:** The Diocese admits that *U.S. Fire v. Diocese of Winona, Inc.*, 503 F.Supp.2d 1129 (D. Minn. 2007) has not been vacated or overturned. The Diocese denies the remaining allegations contained in paragraph 27.

Detroit_15695723_2

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 397 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

## FIRST CAUSE OF ACTION
### (Declaratory Judgment:  Collateral Estoppel/Issue Preclusion)

27.   U.S. Fire incorporates by reference the above allegations as if fully set forth in this paragraph.

**ANSWER:** The Diocese incorporates its responses to the above allegations as if fully set forth herein.

28.   Based upon the holdings of the United States District Court in *U.S. Fire v. Diocese of Winona* and the Eighth Circuit in *Diocese of Winona v. Interstate Fire & Casualty Co.*, the Diocese is collaterally estopped from contesting the facts regarding the Diocese's knowledge of Father Adamson's propensity for abuse that it knew prior to the inception of the U.S. Fire Policies.

**ANSWER:** The Diocese denies as untrue the allegations contained in paragraph 29.

29.   The present issues are identical to those in the 2005 Coverage Action involving the Diocese's knowledge of Father Adamson's propensity to abuse minors.

**ANSWER:** The Diocese denies as untrue the allegations contained in paragraph 30.

30.   There was a final judgment on the merits rendered in *U.S. Fire v. Diocese of Winona, Inc., et al.*, 503 F.Supp.2d 1129 (D. Minn. 2007), which involved the exact same parties, with each given a full and fair opportunity to be heard on the adjudicated issues.

**ANSWER:** The Diocese denies as untrue the allegations contained in paragraph 31.

31.   Accordingly, U.S. Fire is entitled to a declaration that it has no obligation to provide coverage to the Diocese for any portion of the Underlying Abuse Claims involving alleged sexual abuse by Father Thomas Adamson, on the grounds that the Diocese's claims for coverage under the U.S. Fire Policies are barred by the doctrines of collateral estoppel/issue preclusion, and/or the law of the case doctrine.

14

Detroit_15695723_2

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 398 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

**ANSWER:** The Diocese denies as untrue the allegations contained in paragraph 32.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment:  Various Coverage Issues Under the U.S. Fire Policies)

32.    U.S. Fire incorporates by reference the above allegations as if fully set forth in this paragraph.

**ANSWER:** The Diocese incorporates its responses to the above allegations as if fully set forth herein.

33.    The Underlying Abuse Claims against the Diocese raise a number of coverage issues under the U.S. Fire Policies for which an actual controversy presently exists between U.S. Fire and the Diocese, including but not limited to:

a.    The damages or injuries alleged in the Underlying Abuse Claims were expected and/or intended from the standpoint of the Diocese;

b.    The damages or injuries alleged in the Underlying Abuse Claims were not caused by an "accident" or "occurrence";

c.    The Diocese "willfully and with intent to defraud, concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof" when applying for the U.S. Fire Policies;

d.    There is no coverage for any claim that was known, or in progress, or otherwise not fortuitous at the time any of the U.S. Fire Policies were issued to the Diocese;

e.    There is no coverage for any acts of sexual abuse that occurred outside of the policy periods of the U.S. Fire Policies;

f.    If coverage is available, which is denied, there is no coverage for any damages that do not constitute "bodily injury" caused by an "occurrence";

15

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

g.      If coverage is available, which is denied, any obligation is subject to the limits of liability provisions set forth in the U.S. Fire Policies;

h.      If coverage is available, which is denied, the limits of any applicant 3-year U.S. Fire Policies are calculated on a single policy-period basis and not an annualized basis;

i.      If coverage is available, which is denied, the available limits are limited based on the number of occurrences.

j.      The Diocese must bear all defenses and/or indemnity costs incurred with respect to any of the Underlying Abuse Claims to the extent such costs arise from sexual abuse attributable to periods during which the Diocese was self-insured, uninsured, there is no coverage under the U.S. Fire Policies, or the U.S. Fire Policies are exhausted;

k.      Under Minnesota's pro rata allocation law, U.S. Fire cannot be held to indemnify the Diocese for any portion of the Underlying Abuse Claims in excess of that calculated using a *pro rata* time on the risk approach;

l.      The Diocese failed to provide prompt notice of an accident or occurrence, and that U.S. Fire was prejudiced as a result of said untimely notice;

m.      If coverage is available, which is denied, there is no coverage under the U.S. Fire Umbrella Policies for any damages that do not constitute "personal injury"; and

n.      If coverage is available, which is denied, there is no coverage under the U.S. Fire Umbrella Policies for damages that are not in excess of the underlying limits.

Detroit_15695723_2

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 400 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

**ANSWER:** The Diocese denies as untrue the allegations contained in paragraph 32 and all its subparts.

33.    [sic]    Additionally, to the extent that the Underlying Abuse Claims do not describe any claims at issue with sufficient particularity to enable U.S. Fire to determine all of its applicable bases for non-coverage, or if facts revealed during investigation or in discovery show additional bases for non-coverage, U.S. Fire reserves its rights to amend this pleading after the precise nature of the claims are ascertained.

**ANSWER:** The Diocese denies as untrue the allegations contained in paragraph 32.

34.    [sic]    U.S. Fire is entitled to declaratory judgment because there is an actual justiciable controversy regarding coverage under the U.S. Fire Policies, and U.S. Fire has no adequate remedy other than that requested herein to determine the rights of the parties.

**ANSWER:** The Diocese denies as untrue the allegations contained in paragraph 32.

WHEREFORE, the Diocese requests that U.S. Fire's counterclaim be dismissed and that the Court grant such other relief to which the Diocese may be entitled, including attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

1.    U.S. Fire's claims are barred, in whole or in part, by the doctrines of estoppel, judicial estoppel, laches, wavier, and/or unclean hands or other equitable defenses.

2.    U.S. Fire's claims fail because it failed to state a claim against the Diocese for which relief may be granted.

3.    U.S. Fire has failed to mitigate any alleged damages.

4.    The Diocese reserves the right to add or amend its affirmative defenses if any become known throughout the course of this litigation.

Detroit_15695723_2

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 401 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

WHEREFORE, the Diocese requests that U.S. Fire's counterclaim be dismissed with prejudice and that the Court grant such other relief to which the Diocese may be entitled, including attorneys' fees and costs.


Dated:  November 7, 2018                    Respectfully submitted,

**RESTOVICH  BRAUN & ASSOCIATES**


By:  _____
       Thomas R. Braun (#350631)
       Christopher W. Coon (#390083)
117 East Center Street
Rochester, MN 55904
(507) 216-8652
thomas@restovichlaw.com
christopher@restovichlaw.com

**BODMAN PLC**

       Thomas Van Dusen (P30602)
       Michelle Thurber Czapski (P47267)
       Amanda J. Frank (P76741)
       Donovan S. Asmar (P77951)
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
tvandusen@bodmanlaw.com
mczapski@bodmanlaw.com
afrank@bodmanlaw.com
dasmar@bodmanlaw.com
*Attorneys for Plaintiff Diocese of Winona-Rochester*

Detroit_15695723_2

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 402 of 430

Filed in District Court
State of Minnesota
11/7/2018 5:03 PM

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney

and witness fees may be awarded pursuant to Minnesota Statutes, Section 549.21,

Subdivision 2, to the party against whom the allegations in this pleading are asserted.

Dated: November 7, 2018                **RESTOVICH BRAUN & ASSOCIATES**

By _____

Christopher W. Coon

Detroit_15695723_2

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

**STATE OF MINNESOTA**

**COUNTY OF WINONA**

**DISTRICT COURT**

**THIRD JUDICIAL DISTRICT**

Civil Action
Case No. 85-CV-18-1439
Judge Nancy L. Buytendorp

DIOCESE OF WINONA-ROCHESTER;

    Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY COMPANY,
an Illinois corporation; NATIONAL SURETY
CORPORATION, a Delaware corporation,
21ST CENTURY CENTENNIAL INSURANCE
COMPANY (f/k/a COLONIAL PENN INSURANCE
COMPANY), a Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE COMPANY,
a Delaware corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K. private
limited company, formerly TERRA NOVA INSURANCE
CO. LTD., a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited company,
formerly EXCESS INSURANCE CO. LTD., a U.K.
private limited company; SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE LIMITED, a U.K.
private limited company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION INSURANCE CO.
LTD., a U.K. private limited company; CX REINSURANCE
COMPANY LTD., a private limited company, formerly CAN
REINSURANCE OF LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE CO. LTD., a
U.K. private limited company; SPHERE DRAKE INSURANCE
PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED),
a U.K. public limited company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a Minnesota corporation,
formerly ST. KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI GENERALI SPA,

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 404 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

an Italy corporation.

      Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF NATIONAL SURETY COMPANY

---

Now comes Plaintiff/Counter-Defendant, Diocese of Winona-Rochester, through its counsel, and for its Answer and Affirmative Defenses to Counterclaim of National Surety Company, states as follows:

### COUNTERCLAIM

1.    NSC incorporates and re-alleges paragraphs 1-57 of its Answer to the Diocese's First Amended Complaint ("Complaint"), above, as if fully set forth herein.

**ANSWER:** The Diocese of Winona-Rochester (the "Diocese") repeats, realleges, and reincorporates by reference the allegations contained in its First Amended Complaint.

2.    NSC contracted with the Diocese to provide excess insurance, subject to the terms, provisions, conditions, exclusions, and limitations in the applicable contract of insurance (the "NSC Insurance Contract"). NSC has not located, and the Diocese has not provided, a complete copy of the NSC Insurance Contract.

**ANSWER:** Admitted that NSC issued insurance policies to the Diocese for certain periods. The Diocese continues to search for all policies. The Diocese lacks knowledge or information sufficient to form a belief about the truth as to the remaining allegations in paragraph 2 and therefore denies them.

Detroit_15756691_3

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 405 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

3.     The Underlying Actions and Claims allege that various persons were sexually abused or otherwise subjected to wrongful conduct by a number of priests employed by and/or under the control of the Diocese, including (but not limited to) Fr. Thomas Adamson.

**ANSWER:** The Diocese admits that the Underlying Actions and Claims allege sexual abuse and other wrongful conduct on the part of priests and others affiliated with the Diocese, the terms of which speak for themselves.

4.     Before filing the above-referenced action, the Diocese did not notify NSC of any of the Underlying Actions and Claims.

**ANSWER:** The Diocese denies as untrue the allegations in paragraph 4.

5.     Upon information and belief, the Underlying Actions and Claims raise a number of coverage issues under the NSC Insurance Contract as to which an actual controversy exists between NSC and the Diocese, including (but not necessarily limited to):

a.     Whether the Diocese timely notified NSC of the Underlying Actions and Claims.

b.     Whether the holdings of the federal courts in Diocese of Winona v. Interstate Fire & Cas. Co., 89 F.3d 1386 (8th Cir. 1996) and US. Fire Ins. Co. v. Diocese of Winona, 504 F.Supp.2d 1129 (D. Minn. 2007) preclude any claim by the Diocese for coverage with respect to Underlying Actions and Claims arising out of the conduct of Fr. Thomas Adamson.

c.     The existence, nature, and extent of any obligation by NSC to reimburse the Diocese for any costs incurred in responding to or defending against the Underlying Actions and Claims.

d.     Whether, and to what extent, the damages and injuries alleged in any of the Underlying Actions and Claims were caused by an "occurrence" within the meaning of the NSC Insurance Contract.

e.     Whether the Diocese withheld or concealed any material facts or circumstances when applying for coverage under the NSC Insurance Contract, such that the Diocese is not entitled to coverage.

f.     Whether the conduct, damages and injuries alleged in any of the Underlying Actions and Claims were known and/ in progress, or otherwise not fortuitous, at the time of the inception of any of the NSC Insurance Contract, such that the Diocese is not entitled to coverage.

Detroit_15756691_3

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document      Page 406 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

g.    Whether the Diocese controlled the risk with respect to the conduct, damages and injuries alleged in any of the Underlying Actions and Claims, such that the Diocese is not entitled to coverage.

h.    Whether, and to what extent, the damages and injuries alleged in the Underlying Actions and Claims occurred before or after the years in which the NSC Insurance Contract were in effect.

i.    Whether, and to what extent, the damages and injuries alleged in the Underlying Actions and Claims constitute "personal injuries" arising out of an "occurrence."

j.    Whether, and to what extent, any "personal injuries" resulted from an "assault and battery" within the meaning of the NSC Insurance Contract, such that coverage is excluded.

k.    Whether, and to what extent, any of the Underlying Actions and Claims are asserted against persons or entities that are insureds, additional insureds, or otherwise entitled to insurance coverage under the NSC Insurance Contract.

l.    Whether, and to what extent, the damages alleged in the Underlying Actions and Claims are within the level of coverage (if any) afforded by the NSC Insurance Contract.

**ANSWER:** The Diocese admits that an actual controversy exists which necessitated that the Diocese file a Complaint and a First Amended Complaint for Declaratory Judgment seeking an adjudication of the rights and duties of the Diocese and the defendant insurers related to the Underlying Actions and Claims and the Insurance Policies and Certificates. The Diocese denies as  untrue the remaining allegations in paragraph 5 and its subparts.

6.    NSC is entitled to a declaratory judgment from this Court regarding the issues

identified and noted above.

**ANSWER:** The Diocese denies as untrue the allegations in paragraph 6.

4

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 407 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

## AFFIRMATIVE DEFENSES

1.      NSC's claims are barred, in whole or in part, by the doctrines of estoppel, judicial estoppel, laches, wavier, and/or unclean hands or other equitable defenses.

2.      NSC's claims fail because it failed to state a claim against the Diocese for which relief may be granted.

3.      NSC has failed to mitigate any alleged damages.

4.      The Diocese reserves the right to add or amend its affirmative defenses if any become known throughout the course of this litigation.

5.

## PRAYER FOR RELIEF

WHEREFORE, the Diocese requests that NSC's counterclaim be dismissed and that the Court grant such other relief to which the Diocese may be entitled, including attorneys' fees and costs.

Respectfully submitted,

RESTOVICH BRAUN & ASSOCIATES

By: /s/ Thomas R. Braun
    Thomas R. Braun (#350631)
    Christopher W. Coon (#390083)
117 East Center Street
Rochester, MN 55904
(507) 216-8652
thomas@restovichlaw.com
christopher@restovichlaw.com

Detroit_15756691_3

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 408 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

BODMAN PLC

By: /s/ Michelle Thurber Czapski
      Michelle Thurber Czapski (P47267)
      Donovan S. Asmar (P77951)
*Admitted Pro Hac Vice*
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
mczapski@bodmanlaw.com
dasmar@bodmanlaw.com
*Attorneys for Plaintiff Diocese of Winona-Rochester*

Dated: November 28, 2018

Detroit_15756691_3

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document   Page 409 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

**STATE OF MINNESOTA**                    **DISTRICT COURT**

**COUNTY OF WINONA**                    **THIRD JUDICIAL DISTRICT**

|  | Civil Action |
|---|---|
| DIOCESE OF WINONA-ROCHESTER; | Case No. 85-CV-18-1439 |
| | Judge Nancy L. Buytendorp |
| Plaintiff, | |
| v. | |

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY COMPANY,
an Illinois corporation; NATIONAL SURETY
CORPORATION, a Delaware corporation,
21ST CENTURY CENTENNIAL INSURANCE
COMPANY (f/k/a COLONIAL PENN INSURANCE
COMPANY), a Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE COMPANY,
a Delaware corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K. private
limited company, formerly TERRA NOVA INSURANCE
CO. LTD., a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited company,
formerly EXCESS INSURANCE CO. LTD., a U.K.
private limited company; SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE LIMITED, a U.K.
private limited company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION INSURANCE CO.
LTD., a U.K. private limited company; CX REINSURANCE
COMPANY LTD., a private limited company, formerly CAN
REINSURANCE OF LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE CO. LTD., a
U.K. private limited company; SPHERE DRAKE INSURANCE
PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED),
a U.K. public limited company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a Minnesota corporation,
formerly ST. KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI GENERALI SPA,

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 410 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

an Italy corporation.

Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF LONDON MARKET INSURERS

---

Now comes Plaintiff/Counter-Defendant, Diocese of Winona-Rochester, through its counsel, and for its Answer and Affirmative Defenses to Counterclaim of London Market Insurers, states as follows:

### BACKGROUND

1.      The Diocese initiated Declaratory Judgment litigation in this court, seeking a finding that various insurers owe obligations concerning "Underlying Actions and Claims".

**ANSWER:** The Diocese of Winona-Rochester (the "Diocese") admits that it filed a First Amended Complaint for Declaratory Judgment seeking an adjudication of the rights and duties of the Diocese and the defendant insurers related to the Underlying Actions and Claims and the Insurance Policies and Certificates.

2.      The Complaint and First Amended Complaint submitted by the Diocese purportedly seek relief against various insurers "from at least 1967 to the present" but no specific policies were identified anywhere in the Complaint or First Amended Complaint.

**ANSWER:** Denied as untrue.

3.      London Market Insurers ("LMI") incorporate in this Counterclaim, as though fully set forth herein, all parts of the LMI Answer and Affirmative Defenses in this case.

**ANSWER:** The Diocese repeats, realleges, and reincorporates by reference the allegations contained in its First Amended Complaint.

4.      London Market Insurers bring this Counterclaim pursuant to Minn. Stat. § 555.01, et seq.

Detroit_15756384_3

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document       Page 411 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

**ANSWER:** The Diocese lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies them.

## THE PARTIES

5.     Defendants and Counter-Plaintiffs, those certain Underwriters at Lloyd's, London subscribing severally, and not one for the other, as their interests may appear, to Policies SL 3402, SL 3703, ISL 3087, ISL 3520, ISL 3822, ISL 4060, ISL 4282, SL 3403, GHV 147/194, and ISL 4282 are members of an Association with a principal place of business in London, England.

**ANSWER:** The Diocese lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore denies them.

6.     Defendants and Counter-Plaintiffs RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK) Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number 01167327 (RIUK) on its own behalf and as successor in interest to Markel International Insurance Company Limited ("Markel") (formerly Terra Nova Insurance Company Limited) under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with effect from 31 March 2017 (incorrectly named in the First Amended Complaint as "MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, a U.K. private limited company, formerly TERRA NOVA INSURANCE CO. LTD., a U.K. private limited company"); Catalina Worthing Insurance Ltd f/k/a HFPI (as Part VII transferee of (Excess Insurance Company Ltd and/or London & Edinburgh Insurance Company Ltd as successor to London & Edinburgh General Insurance Company Ltd)) (incorrectly named in the First Amended Complaint as "CATALINA HOLDINGS U.K. LIMITED, a private limited company, formerly EXCESS INSURANCE CO. LTD., a U.K. private limited company"); RiverStone Insurance (UK) Limited (formerly known as Dai Tokyo Insurance Company (UK)

3

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

Limited) of 161-163 Preston Road, Brighton, East Sussex, BN1 6AU with Company Number

01167327 (RIUK) on its own behalf and as successor in interest to Sphere Drake Insurance

Limited ("SDI") (formerly known as Odyssey Re (London) Limited, Sphere Drake Insurance

Plc, Sphere Insurance Plc, Sphere Insurance Company Limited, The Sterling Insurance Company

Limited and The Drake Insurance Company Limited) in respect of business transferred by SDI to

RIUK under the terms of a transfer under Part VII Financial Services and Markets Act 2000 with

effect from 31 December 2004 and 1 October 2005 (incorrectly named in the First Amended

Complaint as "SPHERE DRAKE INSURANCE PLC (N/K/A SPHERE DRAKE INSURANCE

LIMITED), a U.K. public limited company"); Sompo Japan Nipponkoa Insurance Company of

Europe Limited (formerly known as The Yasuda Fire & Marine Insurance Company of Europe

Ltd. and also known as Yasuda Fire & Marine Insurance Company (U.K.)) (incorrectly named in

the First Amended Complaint as "SOMPO JAPAN NIPPONKOA INSURANCE COMPANY

OF EUROPE LIMITED, a U.K. private limited company, formerly YASUDA FIRE AND

MARINE INSURANCE CO. (U.K.) LTD., a U.K. private limited company"); Dominion

Insurance Company Ltd. (incorrectly named in the First Amended Complaint as "DOMINION

INSURANCE CO., LTD., a U.K. private limited company"); CX Reinsurance Company Ltd.

(formerly known as CNA Reinsurance of London Ltd.) (incorrectly named in the First Amended

Complaint as "CX REINSURANCE COMPANY LTD., a private limited company, formerly

CNA REINSURANCE OF LONDON LTD., a U.K. private limited company"); Stronghold

Insurance Company Limited (incorrectly named in the First Amended Complaint as "STRONG

HOLD INSURANCE CO. LTD., a U.K. private limited company"); Assicurazioni Generali

S.p.A. (incorrectly named in the First Amended Complaint as "ASSICURAZIONI

Detroit_15756384_3

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 413 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

GENERAL!SPA, an Italy corporation") (collectively referred to herein as "London Market Companies") are foreign insurance corporations.

**ANSWER:** The Diocese lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and therefore denies them.

7.      Defendants and Counter-Plaintiffs, those certain Underwriters at Lloyd's subscribing to the aforesaid insurance policies and the aforementioned London Market Companies (hereafter collectively referred to as the "London Market Insurers" or "LMI"), subscribed severally and not jointly, as their interests may appear, to one or more insurance policies presented by the agent/broker acting on behalf of the Diocese of Winona.

**ANSWER:** The Diocese lacks knowledge or information sufficient to form a belief as to the allegation.

8.      Upon information and belief, Plaintiff and Counter-Defendant Diocese of Winona ("Diocese") is a religious corporation organized under the laws of the State of Minnesota and is located in Winona County, Minnesota.

**ANSWER:** The Diocese admits that it is a religious corporation organized under the laws of the State of Minnesota, and that it conducts its ministry from its chancery offices in Winona, Minnesota.

### THE UNDERLYING ACTIONS AND CLAIMS

9.      A number of claimants have alleged that they suffered sexual abuse due to the conduct of priests and other personnel affiliated with the Diocese during certain periods of time.

**ANSWER:** The Diocese admits that the claimants in the Underlying Actions and Claims allege that they suffered injuries resulting from alleged sexual abuse by priests and other personnel affiliated with the Diocese during certain periods of time.  Answering further, the Diocese denies as untrue the remaining allegations in paragraph 9.

Detroit_15756384_3

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 414 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

10.    Upon information and belief, the Diocese has been named as a defendant in the Underlying Actions and Claims. Particular parishes within the Diocese, and schools and other entities affiliated with the Diocese, have sometimes also been named as defendants.

**ANSWER:** Admitted.

11.    The alleged perpetrators of the sexual abuse in the Underlying Actions and Claims include priests, teachers and boy scout leaders.

**ANSWER:** Admitted.

12.    It has been alleged in the Underlying Actions and Claims that the Diocese; based on tort and other theories, should be liable for the damages arising from the sexual abuse.

**ANSWER:** The Diocese admits that the claimants in the Underlying Actions and Claims allege that they suffered injuries resulting from alleged sexual abuse, and that such injuries were caused by negligence of the Diocese.  Answering further, the Diocese denies as untrue the remaining allegations in paragraph 12.

## THE INSURANCE POLICIES

13.    The Diocese, prior to initiating declaratory judgment litigation in July 2018, provided claim notices to certain LMI with respect to certain policies effective during July 1, 1978 to July 1, 1986.

**ANSWER:** The Diocese admits that it tendered to LMI several claims for coverage under policies issued by LMI.

14.    In its Complaint and Amended Complaint, the Diocese is allegedly seeking to establish coverage under policies issued on behalf of various insurers "from at least 1967 to the present."

**ANSWER:** The Diocese admits that it filed a Complaint and First Amended Complaint for Declaratory Judgment seeking an adjudication of the rights and duties of the Diocese and the defendant insurers related to the Underlying Actions and Claims and the Insurance Policies and Certificates.

Detroit_15756384_3

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document     Page 415 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

15.     The Complaint and Amended Complaint submitted by the Diocese did not specifically identify any insurance policies or attach any insurance policies or provide any details about any insurance policies.

**ANSWER:** Admitted that the Diocese did not attach any insurance policies to the Complaint or First Amended Complaint. The Diocese denies as untrue the remaining allegations in paragraph 15.

16.     The Diocese, as the party wanting to establish that insurance coverage exists, has the burden of proving the identity of the alleged insurers and the terms, conditions, limitations, and effective dates for each and every policy.

**ANSWER:** The Diocese neither admits nor denies the allegations in paragraph 16 because the same call for a legal conclusion.

17.     Upon information and belief, some LMI subscribed to certain Combined Property, Casualty and Crime insurance policies during periods from July 1, 1978 to July 1, 1986. ·

**ANSWER:** The Diocese lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies them.

18.     Upon information and belief, some LMI subscribed to certain Combined Property Casualty and Crime insurance policies incepting during periods subsequent to July 1, 1986.

**ANSWER:** The Diocese lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore denies them.

19.     Upon information and belief, some LMI subscribed to certain excess insurance policies during the 1980s.

Detroit_15756384_3

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

**ANSWER:** The Diocese lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore denies them.

20.    Upon information and belief, some LMI subscribed to certain policies during the 1990s.

**ANSWER:** The Diocese lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore denies them.

21.    Upon information and belief, certain LMI policies in the 1980s and 1990s were written on a claims-made basis rather than an "occurrence" basis.

**ANSWER:** The Diocese lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies them.

22.    Upon information and belief, certain LMI policies in the 1980s and 1990s specifically excluded coverage for sexual misconduct.

**ANSWER:** The Diocese lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies them.

### COUNT I - DECLARATORY JUDGMENT

23.    The Underlying Actions and Claims against the Diocese raise a number of insurance contract interpretation issues for which an actual controversy exists between LMI and the Diocese. These issues include (but are not limited to) the following:

A)    There is no insurance coverage available under the LMI policies unless there was an "occurrence" as defined by the LMI occurrence-based policies;

B)    There is no insurance coverage available under the LMI policies unless an "occurrence", plus a "Bodily Injury" or "Personal Injury", happened during the effective periods of the LMI occurrence-based policies;

Detroit_15756384_3

85-CV-18-1439

Case 18-03094   Doc 1   Filed 12/03/18   Entered 12/03/18 12:26:01   Desc Main
Document    Page 417 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

C)      There is no insurance coverage available under the LMI policies if the damages for which coverage is sought was expected or intended by the Diocese;

D)      · There is no coverage under the LMI claims-made insurance policies unless the claim against an Assured was first made during the effective dates of the policy;

E)      There is no coverage under the LMI claims-made policies unless the wrongful act that allegedly caused damages happened on or after the Retroactive Date in the policy;

F)      There is no insurance coverage available for damages relating to sexual abuse if the LMI policy contained a policy exclusion for sexual misconduct;

G)      There is no insurance coverage available under the LMI occurrence-based policies for any damages arising from sexual abuse outside the effective dates of the LMI policies;

H)      There is no insurance coverage available under the LMI policies if the Diocese failed in its obligation to reveal its known sexual abuse exposures at the time of applying for the insurance;

I)      To the extent that there may be coverage under an LMI insurance policy for damages that spanned several years, the exposure to the LMI policy must be calculated using a pro rata time-on-the-risk formula;

J)      The liability of any specific LMI subscribing to any specific LMI policy is limited to that specific subscriber's agreed proportion of the risk as set forth in the policy.

K)      The LMI policies do not include an obligation to defend or settle the Underlying Actions and Claims;

9

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 418 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

L)    There is no obligation under the LMI insurance policies to indemnify the Diocese for payments made in the absence of "liability imposed by law" upon the Diocese;

M)    There is no insurance coverage available under the LMI policies with respect to damages arising from the conduct of Father Thomas Adamson because the Diocese was aware of his pattern of wrongful conduct before the LMI policies incepted.

**ANSWER:** The Diocese denies as untrue the allegations contained in paragraph 23 and all its subparts.

24.    A number of the claimants in the Underlying Actions and Claims have not yet provided sufficient factual information to the Diocese, and/or the Diocese has not yet provided sufficient factual information to LMI, to allow LMI to fully determine whether coverage is owed under insurance policies subscribed by LMI and, therefore, LMI reserve the right to amend and supplement this Counterclaim as more information becomes available.

**ANSWER:** The Diocese denies as untrue the allegations contained in paragraph 24. Answering further, the Diocese reserves the right to amend its answer to the Counterclaim as more information becomes available.

### AFFIRMATIVE DEFENSES

1.    LMI's claims are barred, in whole or in part, by the doctrines of estoppel, judicial estoppel, laches, wavier, and/or unclean hands or other equitable defenses.

2.    LMI's claims fail because it failed to state a claim against the Diocese for which relief may be granted.

3.    LMI has failed to mitigate any alleged damages.

4.    The Diocese reserves the right to add or amend its affirmative defenses if any become known throughout the course of this litigation.

Detroit_15756384_3

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 419 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

## PRAYER FOR RELIEF

WHEREFORE, the Diocese requests that LMI's counterclaim be dismissed and that the

Court grant such other relief to which the Diocese may be entitled, including attorneys' fees and

costs.

Respectfully submitted,

RESTOVICH BRAUN & ASSOCIATES

By: /s/ Thomas R. Braun
   Thomas R. Braun (#350631)
   Christopher W. Coon (#390083)
117 East Center Street
Rochester, MN 55904
(507) 216-8652
thomas@restovichlaw.com
christopher@restovichlaw.com


BODMAN PLC

By: /s/ Michelle Thurber Czapski
   Michelle Thurber Czapski (P47267)
   Donovan S. Asmar (P77951)
*Admitted Pro Hac Vice*
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
mczapski@bodmanlaw.com
dasmar@bodmanlaw.com
*Attorneys for Plaintiff Diocese of Winona-Rochester*


Dated: November 28, 2018

Detroit_15756384_3

85-CV-18-1439

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

**STATE OF MINNESOTA**

**COUNTY OF WINONA**

**DISTRICT COURT**

**THIRD JUDICIAL DISTRICT**

Civil Action
Case No. 85-CV-18-1439
Judge Nancy L. Buytendorp

DIOCESE OF WINONA-ROCHESTER;

    Plaintiff,

v.

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation;
CERTAIN UNDERWRITERS AT
LLOYD'S, a foreign insurance syndicate;
INTERSTATE FIRE & CASUALTY COMPANY,
an Illinois corporation; NATIONAL SURETY
CORPORATION, a Delaware corporation,
21ST CENTURY CENTENNIAL INSURANCE
COMPANY (f/k/a COLONIAL PENN INSURANCE
COMPANY), a Pennsylvania corporation; ST. PAUL
SURPLUS LINES INSURANCE COMPANY,
a Delaware corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED, a U.K. private
limited company, formerly TERRA NOVA INSURANCE
CO. LTD., a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited company,
formerly EXCESS INSURANCE CO. LTD., a U.K.
private limited company; SOMPO JAPAN NIPPONKOA
INSURANCE COMPANY OF EUROPE LIMITED, a U.K.
private limited company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION INSURANCE CO.
LTD., a U.K. private limited company; CX REINSURANCE
COMPANY LTD., a private limited company, formerly CAN
REINSURANCE OF LONDON LTD., a U.K. private limited
company; STRONG HOLD INSURANCE CO. LTD., a
U.K. private limited company; SPHERE DRAKE INSURANCE
PLC (N/K/A SPHERE DRAKE INSURANCE LIMITED),
a U.K. public limited company; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY, a Minnesota corporation,
formerly ST. KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI GENERALI SPA,

Detroit_15756579_3

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document    Page 421 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

an Italy corporation.

      Defendants.

---

### ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF INTERSTATE FIRE & CASUALTY COMPANY

---

Now comes Plaintiff/Counter-Defendant, Diocese of Winona-Rochester, through its counsel, and for its Answer and Affirmative Defenses to Counterclaim of Interstate Fire & Casualty Company, states as follows:

### COUNTERCLAIM

1.    IFC incorporates and re-alleges paragraphs 1-57 of its Answer to the Diocese's First Amended Complaint ("Complaint"), above, as if fully set forth herein.

**ANSWER:** The Diocese of Winona-Rochester (the "Diocese") repeats, realleges, and reincorporates by reference the allegations contained in its First Amended Complaint.

2.    IFC contracted with the Diocese to provide excess indemnity insurance, subject to the terms, provisions, conditions, exclusions, and limitations in the applicable contracts of insurance (the "IFC Indemnity Contracts"). IFC has not located, and the Diocese has not provided, complete copies of the IFC Indemnity Contracts.

**ANSWER:** Admitted that IFC issued insurance policies to the Diocese for certain periods. The Diocese continues to search for all policies. The Diocese lacks knowledge or information sufficient to form a belief about the truth as to the remaining allegations in paragraph 2 and therefore denies them.

3.    The Underlying Actions and Claims allege that various persons were sexually abused or otherwise subjected to wrongful conduct by a number of priests employed by and/or under the control of the Diocese, including (but not limited to) Fr. Thomas Adamson.

Detroit_15756579_3

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document     Page 422 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

**ANSWER:** The Diocese admits that the Underlying Actions and Claims allege sexual abuse and other wrongful conduct on the part of priests and others affiliated with the Diocese, the terms of which speak for themselves.

4.       Before filing the above-referenced action, the Diocese indicated it would seek insurance coverage from IFC with respect to approximately 20 of the Underlying Actions and Claims, and IFC responded with various reservations of rights and/or coverage denial letters. IFC also requested additional information from the Diocese, and received partial responses to its requests.

**ANSWER:** Admitted that the Diocese sought insurance coverage from IFC and that IFC responded with various letters. The Diocese denies the remaining allegations in paragraph 4 as untrue.

5.       The Underlying Actions and Claims raise a number of coverage issues under the IFC Indemnity Contracts as to which an actual controversy exists between IFC and the Diocese, including (but not necessarily limited to):

a.       Whether the holdings of the federal courts in Diocese of Winona v. Interstate Fire & Cas. Co., 89 F.3d 1386 (8th Cir. 1996) and US. Fire Ins. Co. v. Diocese of Winona, 504 F.Supp.2d 1129 (D. Minn. 2007) preclude any claim by the Diocese for coverage with respect to Underlying Actions and Claims arising out of the conduct of Fr. Thomas Adamson.

b.       The existence, nature, and extent of any obligation by IFC to reimburse the Diocese for any costs incurred in responding to or defending against the Underlying Actions and Claims.

c.       Whether, and to what extent, the damages and injuries alleged in any of the Underlying Actions and Claims were caused by an "occurrence" within the meaning of the IFC Indemnity Contracts.

d.       Whether the Diocese withheld or concealed any material facts or circumstances when applying for coverage under the IFC Indemnity Contracts, such that the Diocese is not entitled to coverage.

e.       Whether the conduct, damages and injuries alleged in any of the Underlying Actions and Claims were known and/ in progress, or otherwise

3

85-CV-18-1439

Case 18-03094    Doc 1    Filed 12/03/18    Entered 12/03/18 12:26:01    Desc Main
Document        Page 423 of 430

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

not fortuitous, at the time of the inception of any of the IFC Indemnity Contracts, such that the Diocese is not entitled to coverage.

f.    Whether the Diocese controlled the risk with respect to the conduct, damages and injuries alleged in any of the Underlying Actions and Claims, such that the Diocese is not entitled to coverage.

g.    Whether, and to what extent, the damages and injuries alleged in the Underlying Actions and Claims occurred before or after the years in which the IFC Indemnity Contracts were in effect.

h.    Whether, and to what extent, the damages and injuries alleged in the Underlying Actions and Claims constitute "personal injuries" arising out of an "occurrence."

i.    Whether, and to what extent, any "personal injuries" resulted from an "assault and battery" within the meaning of the IFC Indemnity Contracts, such that coverage is excluded.

j.    Whether, and to what extent, any of the Underlying Actions and Claims are asserted against persons or entities that are insureds, additional insureds, or otherwise entitled to insurance coverage under the IFC Indemnity Contracts.

k.    Whether, and to what extent, the damages alleged in the Underlying Actions and Claims are within the level of coverage (if any) afforded by the IFC Indemnity Contracts.

**ANSWER:** The Diocese admits that an actual controversy exists which necessitated that the Diocese file a Complaint and a First Amended Complaint for Declaratory Judgment seeking an adjudication of the rights and duties of the Diocese and the defendant insurers related to the Underlying Actions and Claims and the Insurance Policies and Certificates. The Diocese denies as untrue the remaining allegations in paragraph 5 and its subparts.

6.    IFC is entitled to a declaratory judgment from this Court regarding the issues identified and noted above.

**ANSWER:** Denied as untrue.

### AFFIRMATIVE DEFENSES

4

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

1.      IFC's claims are barred, in whole or in part, by the doctrines of estoppel, judicial estoppel, laches, wavier, and/or unclean hands or other equitable defenses.

2.      IFC's claims fail because it failed to state a claim against the Diocese for which relief may be granted.

3.      IFC has failed to mitigate any alleged damages.

4.      The Diocese reserves the right to add or amend its affirmative defenses if any become known throughout the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, the Diocese requests that IFC's counterclaim be dismissed and that the Court grant such other relief to which the Diocese may be entitled, including attorneys' fees and costs.

Respectfully submitted,

RESTOVICH BRAUN & ASSOCIATES

By: /s/ Thomas R. Braun
        Thomas R. Braun (#350631)
        Christopher W. Coon (#390083)
117 East Center Street
Rochester, MN 55904
(507) 216-8652
thomas@restovichlaw.com
christopher@restovichlaw.com

5

Detroit_15756579_3

Filed in District Court
State of Minnesota
11/28/2018 4:23 PM

BODMAN PLC

By: /s/ Michelle Thurber Czapski
     Michelle Thurber Czapski (P47267)
     Donovan S. Asmar (P77951)
*Admitted Pro Hac Vice*
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
mczapski@bodmanlaw.com
dasmar@bodmanlaw.com
*Attorneys for Plaintiff Diocese of Winona-Rochester*

Dated: November 28, 2018

Detroit_15756579_3

**EXHIBIT B**
**NOTICE OF FILING OF NOTICE OF REMOVAL**

Detroit_15783170_1

**STATE OF MINNESOTA**                     **DISTRICT COURT**

**COUNTY OF WINONA**                **THIRD JUDICIAL DISTRICT**
Civil Action

---

DIOCESE OF WINONA-ROCHESTER;          Court File No.: 85-CV-18-1439
                                      The Hon. Nancy L. Buytendorp
        Plaintiff,

                                      **NOTICE OF FILING OF**
v.                                    **NOTICE OF REMOVAL**

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation; CERTAIN
UNDERWRITERS AT LLOYD'S, a foreign
insurance syndicate; INTERSTATE FIRE &
CASUALTY COMPANY, an Illinois corporation;
NATIONAL SURETY CORPORATION, a
Delaware corporation; 21ST CENTURY
CENTENNIAL INSURANCE COMPANY (f/k/a
COLONIAL PENN INSURANCE COMPANY), a
Pennsylvania corporation; ST. PAUL SURPLUS
LINES INSURANCE COMPANY, a Delaware
corporation; NORTHWESTERN NATIONAL
INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, a Wisconsin corporation, formerly
BELLEFONTE INSURANCE COMPANY, a
Kentucky corporation; MARKEL
INTERNATIONAL INSURANCE COMPANY
LIMITED, a U.K. private limited company,
formerly TERRA NOVA INSURANCE CO. LTD.,
a U.K. private limited company; CATALINA
HOLDINGS U.K. LIMITED, a private limited
company, formerly EXCESS INSURANCE CO.
LTD., a U.K. private limited company; SOMPO
JAPAN NIPPONKOA INSURANCE COMPANY
OF EUROPE LIMITED, a U.K. private limited
company, formerly YASUDA FIRE AND
MARINE INSURANCE CO. (U.K.) LTD., a U.K.
private limited company; DOMINION
INSURANCE CO. LTD., a U.K. private limited
company; CX REINSURANCE COMPANY LTD.,
a private limited company, formerly CNA
REINSURANCE OF LONDON LTD., a U.K.

private limited company; STRONG HOLD
INSURANCE CO. LTD., a U.K. private limited
company; SPHERE DRAKE INSURANCE PLC
(N/K/A SPHERE DRAKE INSURANCE
LIMITED), a U.K. public limited company; ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation, formerly ST.
KATHERINE INSURANCE CO. PLC, a U.K.
public limited company; ASSICURAZIONI
GENERALI SPA, an Italy corporation.

       Defendants.

---

## NOTICE OF FILING NOTICE OF REMOVAL

---

TO:    Clerk of the Court
        Third Judicial District Court, County of Winona

       **PLEASE TAKE NOTICE** that the Notice of Removal of the above-captioned

action from the Third Judicial District Court of Minnesota to the United States

Bankruptcy Court for the District of Minnesota, a copy of which is attached hereto, was

electronically filed on December 3, 2018, in the United States Bankruptcy Court for the

District of Minnesota.

                    Respectfully submitted,

                    RESTOVICH  BRAUN & ASSOCIATES

                    By: /s/ Thomas R. Braun
                    Thomas R. Braun (#350631)
                    Christopher W. Coon (#390083)
                    117 East Center Street
                    Rochester, MN 55904
                    (507) 216-8652
                    thomas@restovichlaw.com
                    christopher@restovichlaw.com

                    and

BODMAN PLC

Michelle Thurber Czapski (P47267)
Admitted Pro Hac Vice
Michigan License #P47267

Donovan S. Asmar (P77951)
Admitted Pro Hac Vice
Michigan License #P77951

201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
mczapski@bodmanlaw.com
dasmar@bodmanlaw.com
*Attorneys for Plaintiff Diocese of Winona-
Rochester*

Dated:  December 3, 2018

## CERTIFICATE OF SERVICE

The undersigned, under penalty of perjury, hereby states that he is an attorney of record for the Plaintiff and Counter-Defendant Diocese of Winona-Rochester, and that on the 3rd day of December, 2018, he served a copy of Notice of Filing Notice of Removal and this Certificate of Service, upon:

Gerald H. Bren
Fisher Bren & Sheridan, LLP
920 Second Avenue South, Suite 975
Minneapolis, MN 55402

Catalina J. Sugayan
Robert E. Sweeney, Jr.
Clyde & Co. US LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603

Charles E. Jones
Moss & Barnett
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402

3

Keith A. Dotseth
Bradley R. Prowant
Larmon King LLP
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN 55101

Stephen D. Straus
Eric D. Suben
Traub Lieberman Straus & Shrewsberry LLP
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10532

Dale O. Thornsjo
Lance D. Meyer
O'Meara, Leer, Wagner & Kohl, P.A.
7401 Metro Boulevard, Suite 600
Minneapolis, MN 55439-3034

Amy J. Woodworth
Meagher & Geer, PLLC
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402

Michael J. Cohen
Pamela J. Tillman
Meissner Tierney Fisher & Nichols S.C.
111 E. Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202

Eric E. Caugh
Rolf E. Gilbertson
Zelle LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415

Electronically via the Minnesota Judicial Branch eFS.

/s/Christopher W. Coon
Christopher W. Coon

Detroit_15783104_1